UNITED STATES DISTRICT COURT
DISTRICT OF WASHINGTON, D.C.

FILED
APR - 5 2016
Clerk, U.S. District and
Bankruptcy Courts

James A. Simon

10727-027  2/2

Federal Medical Center

PMB 4000

Rochester, MN 55903-4000

        Petitioner

        Case: 1:16-cv-00671
        Assigned To : Mehta, Amit P.
v.        Assign. Date : 4/5/2016
        Description: FOIA/Privacy Act (I Deck)

Department of Justice,

Executive Office of U.S. Attorneys

600 E. Street, N.W.

Bicentennial Building, Suite 7300

Washington, DC. 20520-0001

        Defendant

RECEIVED
Mail Room
MAR 3 1 2016
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

COMPLAINT

  Plaintiff James A. Simon, brings this action, pro se, against Defendant the Executive Office of U.S. Attorneys ("EOUSA") a componet of the Department of Justice and an agency of the United States government - to compel compliance

/

with the Freedom of Information Act, 5 U.S.C. § 522("FOIA").
As grounds therefore, Plaintiff alleges as follows:

JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.§ 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

PARTIES

3. Plaintiff is incarcerated in the BOP's Federal Medical Center, 2110 East Center Street, Rochester, Minnesota 55904 ("FMC")  He is 65 years old and has completed 57 months of a 72 month sentence, having been sentenced in 2011 for filing false tax returns, mail fraud, public education fraud, and failure to file FBAR information reports.  Plaintiff works as a tutor in the prison education department and has incurred no disciplinary action during his 57 months of incarceration. Plaintiff has a 2255 motion pending, now for nearly 11 months, in the Seventh Circuit Northern District of Indiana district court (Simon v. USA, Cause Number: 3:10-CR-0056-RIM (2014)). Plaintiff's projected release date, net of good conduct credit, is September 2, 2016.

4. Defendant, Executive Office of U.S. Attorneys, is a componet of the Department of Justice and an agency of the United State Government, with offices located at 600 E. Street, N.W., Bicentennial Building, Suite 7300, Washington DC

20520-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

STATEMENT OF FACTS

5. On June 25, 2015, Plaintiff sent seventeen FOIA requests ("Initial Requests") to the Defendant seeking access to records about James A. Simon, his deceased wife, DOJ prosecutions, and DOJ/IRS policies (See example, Exhibit A).

6. On August 10, 2015, 46 days after filing the seventeen requests, Plaintiff wrote Defendant requesting to be informed of:

    a. the date our requests were receive,

    b. current processing status, and

    c. when responsive records are expected to be received. (See Exhibit B).

7. On September 11, 2015, Plaintiff wrote Defendant informing Plaintiff

    a. had not received any response to the Initial Filings, nor his August 10, 2015 letter;

    b. had sent copies of the Initial Requests to the FOIA/PA Mail Referral Office of the Justice Management Division requesting processing; and,

    c. in addition to the reporting of RememberDenise.Org responsive records will be "...used:

        (1) in upcoming court proceedings considering the reversal and setting aside of James A. Simon's criminal conviction (and his release from prison), and

(2) in support [of] a [sic] civil court filings to reinstate a dismissed Federal Torts Claim Act action. Further Plaintiff requested immediate update on the status of the filings and pointed out 65 days had passed since the Initial Filings were received. (See Exhibit C).

8. On September 29, 2015, Plaintiff wrote, by certified mail (No. 7009 1680 0000 3284 7014), to Defendant, again pointing out EOUSA failure to process the Initial Requests and the fact 97 days had passed since the Initial Requests were filed. Plaintiff also detailed the previous letters Plaintiff sent Defendant, again requesting to be informed on the processing status of the June 25th requests (Initial Requests). Plaintiff enclosed copies of Plaintiff's letters to Defendant dated, August 10, September 11, and September 29, 2015. (See Exhibit D).

9. On October 9, 2015, Plantiff wrote Defendant listing and summerizing Plaintiff's prior unanswered correspondence and requesting a status update, asurance the filings have or are being processed, and to provide responsiver records without further delay. Plaintiff wrote, "105 days have now passed since we initially filed the severntee FOIA requests (the Filings), and over 94 days have passed since your office likely received them...". (See Exhibit E).

10. On October 15, 2015, Plaintiff filed twelve additional requests with Defendant.

11. On October 21, 2015, Plaintiff filed eight additional requests with Defendant.

12. On October 23, 2015 Plaintiff filed twelve additional requests with Defendant.

13. On October 29, 2015, Plaintiff wrote Defendant by certified mail (No. 7009 1680 0000 3284 7014) about the Initial Filings, reviewing in detail all previous letters to Defendant, pointing out that 105 days "have now passed since we initially filed the seventeen FOIA requests", stating that their failure to respond to the Initial Filing and many letters, "give an appearance the DOJ is knowingly and intentionally not complying [with the FOIA]." (See Exhibit F).

14. On November 16, 2015, Defendant, for the very first time since the Initial Filings were mailed on June 25th, wrote Plaintiff, showing an assigned tracking number of 2015-03598 and presenting a form letter with certain boxes "x"ed. Specifically:

a. A requester must provide a notarized example of his/her signature or a certification of identity under penalty of perjury. This insures that information pertaining to an individual is released only to that person. A form is enclosed for your use "AS TO EACH PERSON" [capitalized text added to boiler plate text].

b. The files and records of United States Attorney are maintained in over one hundred separate office throughout the United States. Please identify the specific United States Attorney's office(s) where you believe records may be located. This would be primarily the district(s) in which a prosecution or litigation occurred.

c. A request must describe the records sought in sufficient detail to allow location of the records with a reasonable amount of effort (i.e. processing the request

should not require an unduly burdensome effort or be disruptive of Department operations). Please provide more specific information about the records you seek, such as appropriate dates, locations, names nature of records, etc.. PLEASE CONSOLIDATE YOUR REQUEST. [Capitalized text added to boiler plate text].

Further, Defendants letter additionally stated, "Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new correct request, we will open a new file for you. Please send your new, corrected request to the address above." (See Exhibit G).

15. On December 18, 2015, Plaintiff wrote Defendant, acknowledging receipt of Defendants November 16 2015 letter and:

    a. explaining because Defendant did not identify by date or Plaintiff's control number (as requested) what "request" or "requests" were being referred to, Plaintiff could not "discern to which request(s) you refer." And, "Because your November 16th letter does not refer to ANY of our FOIA Request Number(s) or provide the date(s) of the request(s), or even refer to the description of the records requested, we simply are left to guessing as to which request(s) of ours you are writing about."

    b. clarifying 17 requests had been sent Defendant on June 15, 2015 (Initial Requests), an additional 12 requests had been sent Defendant on October 15, 2015, an additional 8 requests had been sent Defendant on October 21, 2015, and an

6

additional 12 requests had been sent Defendant on October 23, 2015.

 c. informing Defendant, "...without you informing us as to which of our request(s) you are writing, we are now even precluded from knowing which of the Requests remain open from your perspective. PLEASE INFORM US TO WHICH OF OUR REQUEST(S) YOU ARE REFERRING TO IN YOUR LETTER OF NOVEMBER 16, 2015. [Note: Even assuming EOUSA actions were administratively appealable, EOUSA precluded Plaintiff appealing because Plaintiff had no way of knowing which request(s) were effected by EOUSA's actions.

 d. informing Defendant that Plaintiff's requests were NOT deficient by showing:

 (1) plaintiff's requests were notarized in compliance with law;

 (2) plaintiff was unsure what Defendant meant by the phrase "AS TO EACH PARTY";

 (3) plaintiff could not find in § 16.3 "Requirements for making requests" any language requiring a request contain notarizations of third party authorizations in order for the request itself to constitute "a valid (non-deficient) request" and requesting EOUSA point to specific regulation or court case that supports its position;

 (4) plaintiff did indeed identify where records could be found in paragraphs 3, 8, and 12 of each request when he stated that requested records may be found in files related to James A. Simon's specific criminal case and in specific civil cases brought against the IRS and various IRS agents and referenced several other references in the requests to

criminal records, and provided the criminal case cite, (10 Cr. 56(RIM), U.S. Dist ct. for the Norther District of Indiana.) Plaintiff pointed out that a quick look-up in DOJ case records utilizing the cited criminal and civil cases would have revealed that a search in Fort Wayne, Indiana and/or South Bend, Indiana would likely uncover responsive documents, and that "records may also be found in DOJ offices that deal with criminal tax matters,";

      (5) plaintiff did describe with specificity the records sought by describing on page one of each request the "date range" and the "nature of the records" and when combined with information in paragraphs 3, 8, and 12 of each request, "are more than sufficient to "allow location" of responsive records. Further Plaintiff offered to elaborate to EOUSA satisfaction if EOUSA would provide Plaintiff's "Our FOIA Request Number(s), but at present "stand lost as to which of the Request you seek more "specific information"; and,

      (6) plaintiff does not know how anyone can consolidate a single request, because Defendant refers to a "request" as opposed to "requests" and fails to identify which of the 61 requests filed Defendant wants to see consolidated. Further, Plaintiff "find[s] no requirement in the FOIA or the DOJ FOIA regulations that require one or more request be "consolidated" by the requestor." [Plaintiff understands there is FOIA regulation that allows Defendant to consolidate requests from differing requesters, but none exist for consolidation of multiple requests from a single requestor.] And, it has been Plaintiff's "experience when submitting requests seeking access to diverse records ...[consolidated

8

styled requests][requestors] frequently receive responses claiming ...[requestor has] not described records with sufficient specificity ...which in turn requires ..[submission of] additional request[s]..." Plaintiff stated, "Even though a consolidation of the Requests might streamline your processing, we believe consolidation of the Requests will result in under production of records, necessitate repeated/duplicated submissions, and waste time and effort." However, Plaintiff also expressed desire to "help where we can" and provided Defendant with an exhibit that detailed all the records requested in his requests D15-1 through D15-49 (all requests then filed) and attached such exhibit to his letter. (See Exhibit H-21 through H-32);

    e. expressing pleasure that Defendant had written, but also disappointment it took more than five months and many letters to elicit a response,

    f. pointing out, once again, the important use to which the requested records will be put, and,

    g. requesting Defendant "...re-open the closed request(s) (whichever ones they may be) and process the Requests with all due haste. Delay is preventing use of the records in news reporting and important legal proceedings to reverse and set aside Simon's criminal conviction and secure his release from custody, to reinstate a dismiss Federal Tort Claim action, and to preserve a Biven action."

Plaintiff has not received a response to his December 18, 2015 letter. (See Exhibit H).

16. On December 29, 2015, Defendant wrote Plaintiff acknowledging receipt "of your Freedom of Information

Act/Privacy Act request dated December 17, 2015. and received in the Executive Office for United States Attorneys (EOUSA) on December 17, 2015, and assigning a tracking number of FOIA-2016-00796. (See Exhibit I).

17. On January 6, 2016, Plaintiff wrote Defendant in response to Defendant's letter of December 29, 2015 informing that Plaintiff "did not file a December 17 2015 FOIA request with your offices ..., however we did write on December 18, 2015, in response to your November 16, 2015 letter (referenceing you Request Number FOIA-2015-03598), copy enclosed. Nonetheless it makes no sense to us that a December 18th letter could arrive your offices on December 17th. Consequently, we are confused. Confusion can be avoided if you will simply reference our Request Number when corresponding." Plaintiff told, that there was no intention on Plaintiff's part for his December 18th letter to "substitute/or consolidate any of the Previous Requests [49 in total at that point in time]. Lastly, Plaintiff's informed Defendant, "because there seems to be no progress in the processing of our Previous Requests (17 of which are now approaching a six month outstanding status) we have contacted the offices of Senators Klobuschar and Fanken for assistance. We hope all difficulties will be quickly resolved and the important records we seek will be promptly produced. (See Exhibit J).

18. On January 15, 2016, in an effort to see Plaintiff's requests processed, Plaintiff sent duplicates of his D15-1 through D15-4 requests to the U.S. Attorney Office - U.S. Department of Justice, 1300 S. Harrison St, Suite 3128, Fort

Wayne, Indiana 46802. On January 26, Plaintiff also sent duplicates of his D15-5 through D15-25 requests to the same office.

19. On January 15, 2016, in an effort to see Plaintiff's requests processed, Plaintiff sent duplicates of his D15-1 through D15-4 requests to the U.S. Attorney Office - U.S. Department of Justice, 204 S. Main Street, Grant Federal Building, South Bend, Indiana 46601. On January 26, Plaintiff also sent duplicates of his D15-5 through D15-25 requests to the same office.

20. On February 12, 2016, Plaintiff wrote Defendant stating:

   a. "As of today, more than 37 days later, we have not received a response [to our January 6, 2016 letter]",

   b. "As of today,

   (1) we have not received one responsive record in response to any of our 61 total submitted requests,

   (2) we have not been informed that any exemptions you deem applicable to any requested record,

   (3) we received no evidence any searches have been conducted, and,

   (4) we see no evidence you forwarded any of our requests to another office for processing. From all appearances you have simply failed to put any serious effort into processing our request, or you are deliberately not acting...Please provide us a thoughtful and sincere response to our letter of January 6, 2016, ...and process the 61 requests we have filed with you."

As of the date of this complaint, Plaintiff has not received

a response to his February 12, 2016, letter. (See Exhibit K).

21. On February 22, 2016, Prosecutor Jesse M. Barrett, Assistant United States Attorney, and Plaintiff's prosecutor, wrote Plaintiff and informed that his office had "received your requests January 25-February 11, 2016. They have been forwarded to the Freedom of Information (FOIA) Unit in the Executive Office for the United States Attorneys." Like EOUSA, Prosecutor Barrett also failed to identify sufficiently which of Plaintiff's requests he refered so Plaintiff can discern with certainty which of his 25 requests sent to the South Bend office of the DOJ were sent to the EOUSA. Mr. Barrett's letter is likely related to paragraph 19 above. (See Exhibit L). No response has been received regarding Plaintiff's requests sent to Fort Wayne, Indiana referred to in paragraph 18 above.

22. As of the date of this Complaint, Defendant has failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or notify Plaintiff of his right to appeal any adverse determination to the head of the agency. Nor has Defendant produced any responsive records, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

23. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to his FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

COUNT 1

24. Plaintiff realleges paragraphs 1-23 as if fully stated herein.

25. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

26. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

RELIEF

27. Plaintiff respectfully requests the Court:

    a. Expedite Plaintiff's request;

    b. Order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests (D15-1 through D15-61) and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests;

    c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption;

    d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

  e. Grant Plaintiff an award of litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), and;

  f. Grant Plaintiff such other relief as the Court deems just and proper.

Date: March 23, 2016

Respectfully submitted,

*/s/ James A. Simon*

James A. Simon

10711-027 2/2

Federal Medical Center

PMB 4000

Rochester, MN 55903-4000

CERTIFICATE OF SERVICE

For Pro Se Documents

On, the 22 Day of March, 2016, I, James A. Simon, hereby state, under penalty of perjury, I served the original of the forgoing Freedom of Information Complaint on:

>U.S. District Court, District of Washing, D.C.
>
>ATTN: Clerk of Court
>
>Prettyman United States Court House
>
>333 Constitution Avenue, N.W.
>
>Room 5523
>
>Washington, D.C. 20001

and

>The Executive Office of U.S. Attorneys
>
>600 E. Street N.W.
>
>Bicentennial Building, Suite 7300
>
>Washington D.C.

by delivering a copy through the U.S. Mail, first-class postage prepaid, using the institution Mail System, addressed to:

>U.S. District Court, District of Washing, D.C.
>
>ATTN: Clerk of Court
>
>Prettyman United States Court House
>
>333 Constitution Avenue, N.W.
>
>Room 5523
>
>Washington, D.C. 20001

James A. Simon