Exhibit 38

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Oct 21,* 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: *D15-36*

IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "FOIA Request Number" when corresponding, so
there is no confusion about which FOIA/PA request you are
responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since *1 Jan 09* to *15 Oct 15*, related in any way
to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of
RememberDenise.org, in legal proceedings to reverse and set
aside the criminal conviction of James A. Simon, in
reinstating the dismissal of a Federal Tort Claim Act suit
filed against the U.S. Government, and in preserving a pending
Bivens action against certain IRS agents and other
individuals.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee
wavier as provided for under the FOIA (§ 304.9 (Fees)).
RememberDenise.Org is focused, reporting, and informing on,
how government works in investigating and prosecuting
criminal tax cases, the horror that can occur when government
acts wrongfully, and how law and government can be improved.
It is currently investigating and reporting on the IRS's
November 2007 search of James and Denise Simon's home and the
resulting death of taxpayer Denise Simon, subsequent wrongful
death litigation against the IRS (and various individuals),
and the following IRS/DOJ criminal prosecution of James Simon;
all to show the public government activities and how
government works.  When its investigation is complete,
RememberDenise.org will report and inform the public on the
IRS's compliance, and/or non-compliance, with its own search
warrant policy (how government works), which has concerned
Constitution rights advocates and Congress for more than a
decade.

To qualify as "news media" the requester must show the
requester is "person or entity that gathers information of

*[OVER]*

3

4

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements.  It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience.  (Please review RememberDenise.org)  Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, nor their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

5

6

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works.   RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted).   Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports.   Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing.   Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4)   Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding.   Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies.   If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works.   It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation.   The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status.   Moreover, early 2015 testimony

(OVER)

7. <u>Prior Requests.</u>

. This request is not intended to duplicate any prior request considered by us to be satisfied.  Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8. <u>Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.</u>

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request.  Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9. <u>Records Created by Another Agency or Constituent Unit of the Department of Justice.</u>

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10. <u>Misdirected Request.</u>

. If you are not the official (or designee), inside of the DOJ

or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11. <u>If responsive Records Are Electronic Records.</u>

It may be requested records are maintained in one or more co mputers and such "electronic" records are not considered "paper" records by the DOJ.  The DOJ, must make reasonable efforts to search for records.  With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12. <u>Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.</u>

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RLM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN.  The court is currently considering a motion for re-trial.  The records

sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

13. Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007. Consequentially she is afforded no privacy in regard to this request. Please find enclosed a copy of her death certificate.

14. Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that

information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance. Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation. Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

15. Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records. Therefore, you should not direct us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

16. Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA. Additionally, please provide us with an estimate volume count of the denied records.

17. Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request. However, all electronic, video, audio and other non-paper records should be sent to: Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

(OVER)

*15*

*16*

18. Applicable Circuit Law.

If the undersigned seek judicial relief in connection with this request, they anticipate doing so in the district court of the District of Columbia.  Consequently, when determining application of exemptions and circuit law differs, you should apply District of Columbia Circuit law.  If you make determinations by applying another circuit's law, please inform us.

19.  Certification.

I certify that I am James A. Simon, I am the publisher of RememberDenise.org, I was born on 12 July 1950 in Fort Wayne, Allen County, Indiana, I am a U.S. Citizen, and my social security number is 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.

Thank you for your consideration of this important matter.  We look forward to quick resolution of any problems you may encounter in fulfilling this request, and receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:

- Attached Schedule
- Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date forth in the acknowledgement below.

STATE OF MINNESOTA

:ss

COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me, JAMES A. SIMON, the person who executed this instrument for the purposes within, this 31st day of Oct, 2015.

Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE

Requested Records          *17*

FOIA/PA Request Number: *O15-36*

*Oct 21*, 201*5*

1.  Show criticism, concerns, problems, weaknesses, errors,
and/or flaws about or pertaining to the James A. Simon
indictment, and/or charges, handed down by the South Bend,
Indiana grand jury.

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

*18*

(This Page Intentionally Blank)

Date _1/16/15_

*19*

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

Rebecca Lynette Thomas

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne   1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2015
Commission # 11983853

Date: _5/11/2015_

*20*

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon

(OVER)

*21*

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

_Sandra S. Simon_

Sandra Simon
Guardian



*22*

January ____, 2015

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to rele
any and all information about, pertaining to, or concernin
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, b
or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington

County of Pierce

Subscribed and sworn/affirmed to before me this 12th day of Jan.
20 15 by Richard Wilson

Notary Public

My Commission Expires 02-25-2016

DYLAN SWENSEN
COMMISSION EXPIRES
02-25-16
NOTARY
PUBLIC
STATE OF WASHINGTON

23

34

STATE OF INDIANA ,
COUNTY OF ALLEN

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D08-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP

OF

RACHEL A. SIMON, a minor.

LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 16th day of June 2011.

Clerk, Allen Superior Court

TRACE.MJ

4.   Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5.   The Petition for the appointment of a guardian filed in this matter is unconnected by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6.   Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7.   All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1.   Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2.   Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3.   Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4.   Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy to Sandy without any limitations as the guardian is

(OVER)

STATE OF INDIANA ,
COUNTY OF ALLEN

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D08-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP

OF

RACHEL A. SIMON, a minor.

ORDER APPOINTING GUARDIAN OVER
PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the testimony of Tracy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being duly advised in the premises, now finds that the allegations contained in said petition are true, and that:

1.   Rachel is over 14 years of age and has consented to the guardianship proceeding as evidenced by her consent on file with the Court.

2.   Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3.   Rachel, a resident of Allen County, Indiana, residing at 1922 Simon Road, Huntertown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law,

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5.   That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this _16_ day of June 2011.

Judge, Allen Superior Court

NOTICE TO BE SERVED:
___ COURT ___ CLERK _X_ PARTY ___ OTHER
___ COURT ___ CLERK ___ PARTY ___ OTHER
RESET OR NOTICE UNDER TRIAL RULE 72(D):

A copy of this entry was served either by mail to the address of record, deposited in the Court's attorney's distribution box, distributed personally upon the person and/or filed as listed below:

Mark E. Wissel, Beckman Lawson, LLP, Box 27
Tracy L. Troyer, Beeghin, Troyer & Gernelet, P.C., 7321 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE of NOTICE: _____

INITIALS OF PERSON WHO NOTIFIED PARTIES: ___ COURT ___ CLERK ___ PARTY ___ OTHER

25

26

CERTIFIED COPY ISSUED BY ALLEN COUNTY          65797

**INDIANA STATE DEPARTMENT OF HEALTH**

Local No. 002915          CERTIFICATE OF DEATH          State No. _____

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1, 19-3     15

Denise     Jane     Simon          Female     10:22 pm     November 9, 2007

10607 Monte Vista Court

Married     James A. Simon     Homemaker Extraordinaire     Home

Indiana     Allen     Fort Wayne     10607 Monte Vista Court

Hispanic     USA

James A. Simon

November 19, 2007          10607 Monte Vista Ct., Fort Wayne, IN 46814

Northern Indiana Crematory          Fort Wayne, Indiana

CARBON MONOXIDE POISONING

REBECCA STUETLE  1 W. SUPERIOR ST. ROOM 213 FORT WAYNE, INDIANA 468021

DEPUTY CORONER          NOVEMBER 15, 2007

NOV 19 2007

UNDILUTED CARBON MONOXIDE

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public - Seal
State of Indiana
My Commission Expires Nov 18, 2019
County of Wayne  7/5/14

27

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE )
OF )
DENISE J. SIMON, Deceased. )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this _21st_ day of March, 2014.

Clerk, Allen Superior Court
JB.

30U6168

---

28

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE )
OF )
DENISE J. SIMON, Deceased. )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March _21_, 2014.

Judge, Allen Superior Court

30U6168

(OVER)

*29*

August 20, 2014

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd., a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December 11, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon   Dec 11,'12
Sandra Simon
Managing Director

*30*

December 17th, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Hopp
Managing Director

ID 45-3762289

December 3, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1924452) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 37

JAMES A. SIMON

.10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Oct 21*, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020.

Subject: Our FOIA Request Number: *D15-37*

IMPORTANT: Other FOIA requests submitted by us may
bear the same date as this request. Consequently, please
refer to our "FOIA Request Number" when corresponding, so
there is no confusion about which FOIA/PA request you are
responding.

Dear FOIA/PA Official:

1. This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act. Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since *1 Jan 70* to *15 Oct 11*, related in any way
to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of
RememberDenise.org, in legal proceedings to reverse and set
aside the criminal conviction of James A. Simon, in
reinstating the dismissal of a Federal Tort Claim Act suit
filed against the U.S. Government, and in preserving a pending
Bivens action against certain IRS agents and other
individuals.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee
wavier as provided for under the FOIA (§ 304.9 (Fees)).
RememberDenise.Org is focused, reporting, and informing on,
how government works in investigating and prosecuting
criminal tax cases, the horror that can occur when government
acts wrongfully, and how law and government can be improved.
It is currently investigating and reporting on the IRS's.
November 2007 search of James and Denise Simon's home and the
resulting death of taxpayer Denise Simon, subsequent wrongful
death litigation against the IRS (and various individuals),
and the following IRS/DOJ criminal prosecution of James Simon;
all to show the public government activities and how
government works. When its investigation is complete,
RememberDenise.org will report and inform the public on the
IRS's compliance, and/or non-compliance, with its own search
warrant policy (how government works), which has concerned
Constitution rights advocates and Congress for more than a
decade.

To qualify as "news media" the requester must show the
requester is "person or entity that gathers information of

*[OVER]*

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements.  It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience.  (Please review RememberDenise.org)  Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

·The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies. If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony

*(OVER)*

before Congress revealed IRS employees intentionally erased
blackberry text files of information pertinent to Congress'
investigation, ...after the investigation began, suggesting
obstruction of justice. Further, national and Internet media
reported in 2014 that the same IRS employees accused of wrong
doing in the 501(c)(3) controversy illegally provided a
treasure trove of personal tax payer information to political
operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees
were prosecuted for continuing to collect state unemployment
benefits after returning to their IRS jobs having been
recalled from agency layoff. And, in early 2015, it was
reported IRS employees involved in the 501(c)(3) controversy
considered use of punitive prosecution to deal with certain
individuals, a tactic that conceivably may have driven the
prosecution of RememberDenise.Org's publisher James A. Simon,
given RememberDenise.org was publishing its concerns about IRS
criminal division employee wrong doing substantially before
Simon was indicted.

The report is haunting because RememberDenise.Org's
publisher, James Simon, is a registered Republican, and
RememberDenise.Org believes the IRS Chief Counsel, one of only
two presidential appointee to the IRS, who quickly resigned
when the 501(c)(3) controversy exploded, is the same Chief
Counsel who signed off on the IRS' recommendation to prosecute
Simon.

Law makers have expressed grave concerns there may be a
culture of wrong doing inside the IRS. It would not be the
first time a "culture of wrong doing" existed in the IRS. We
know today that the FBI (an agency within the DOJ) for years

while led by J. Edgar Hoover, clandestinely requested and was
illegally passed, by the IRS, personal taxpayer information on
over 500,000 U.S. citizens, and the IRS even hid its illegal
actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is,
RememberDenise.org has no information to believe any prior
wrong doing resulted in the death of a taxpayer. It is likely
exposure of well documented IRS criminal division wrong doing
that led to the death of a taxpayer, with records/information
obtained through the FOIA, will capture the attention of law
makers and Congressional investigators who are currently
investigating IRS wrong doing; and will greatly raise the
level of public understanding of IRS misconduct, and how
government within the IRS and DOJ is really working. There
should be little doubt that the disclosure requested, when
reported by RememberDenise.Org will significantly enhance the
public's understanding, of how government works and how the
IRS criminal division and DOJ works to investigate and
prosecute tax matters, well beyond the public's currently
understanding.

B.  The existence and magnitude of any commercial interest,
is not greater in magnitude than a public interest when the
public interest standard is satisfied.  A fee waiver is
justified where the public interest standard is satisfied and
the public interest in disclosure is greater in magnitude than
that of any identified commercial interest. (The government
agency processing the request is to presume that where a news-
media requester has satisfied the public interest standard,
the public interest will be the interest primarily served by
disclosure.) RememberDenise.Org is non-profit and, along with

9

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

    C. <u>Conclusion</u>. Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4. We Commitment to Pay Fees If Fee Waiver Denied.

    If you deny the fee waiver grant requested above, we AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request. If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find. We will then consider increasing the amount of our commitment to pay search and copy fees.

    We understand that payment for search fees may be required to be made even if no documents are located or released. In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

10

search fees. These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

5. Not Requesting Any and All Records.

    Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested. Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6. Not Seeking Research, Analysis of Data or Creation of Records.

    We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

    We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

*(OVER)*

7. <u>Prior Requests.</u>

This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8. <u>Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.</u>

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9. <u>Records Created by Another Agency or Constituent Unit of the Department of Justice.</u>

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10. <u>Misdirected Request.</u>

If you are not the official (or designee), inside of the DOJ

or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11. <u>If responsive Records Are Electronic Records.</u>

It may be requested records are maintained in one or more co mputers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12. <u>Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.</u>

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RIM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records

sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

13.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequentially she is afforded no privacy in regard to this request.  Please find enclosed a copy of her death certificate.

14.  Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that

information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance.  Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation.  Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

15.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records.  Therefore, you should not direct us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

16.  Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

17.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

(OVER)

15

16

18.  Applicable Circuit Law.

If the undersigned seek judicial relief in connection with
this request, they anticipate doing so in the district court
of the District of Columbia.  Consequently, when determining
application of exemptions and circuit law differs, you should
apply District of Columbia Circuit law.  If you make
determinations by applying another circuit's law, please
inform us.

19.  Certification.

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for your consideration of this important matter.  We
look forward to quick resolution of any problems you may
encounter in fulfilling this request, and receipt of all
responsive records.

Respectfully,

James A. Simon

Publisher RememberDenise.org, and
Individual

Enclosures:

- Attached Schedule
- Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA

                              :ss

COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 31st day of Oct, 2015.

Shelley S Haag            Seal:
Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: _D15-37_   *17*

_Oct 21_ , 201_5_

1.  Sufficient to show the "oath of office" taken, or likely
taken, by Jesse Barrett (prosecutor in the James A. Simon
criminal trial) when he (Barrett) was sworn into to office as
a federal prosecutor.

Note:

A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

(This Page Intentionally Blank)

*19*

Date 1/16/15

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

*Rebecca Lynette Thomas*

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019
County of Wayne 1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2016
Commission # 11693683

Date: 5/11/2015

*20*

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER).

*21*

Date: *May 14, 2015*

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra Simon
Guardian



*22*

January ___, 2015

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to rele
any and all information about, pertaining to, or concernin
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, b
or affiliated organization of any government.

Richard Wilson

Managing Director

state of Washington
County of Pierce

Subscribed and sworn/affirmed to before me this 12 day of Jan

20 15  by  Richard Wilson

Notary Public

My Commission Expires  02-25-2016

23

24

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-9??

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

**LETTERS OF GUARDIANSHIP**

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

**SANDRA SIMON**

the authority to administer the guardianship of

**RACHEL A. SIMON.**

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitation of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June, 2011.

_____
Clerk, Allen Superior Court

---

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any informed party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is as appointed without any limitations as to her duties, responsibilities, or powers as set as in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

8. It has been further determined that Rachel only has assets of capital value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1105-GU-9??

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

**ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR**

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the testimony of Tracy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1922 Simone Road, Hometown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

adjudicated to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5. That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June, 2011.

_____
Judge, Allen Superior Court

NOTICE IS TO BE GIVEN:
COURT ___ CLERK _X_ PARTY ___ OTHER
PROOF OF NOTICE UNDER TRIAL RULE 5(D):

A copy of this entry was served either by mail or in the inbox of record, deposited in the Court's attorney's distribution box, distributed personally, or sent by fax to the persons below filed on this record:

Mark E. Wiener, Professor Lawson, LLP, Box 47
Tracy L. Troyer, Braylie, Troyer & Garrett, P.C. 7211 West Jefferson Boulevard, Fort Wayne, IN 46804
DATE OF NOTICE: _____
INITIALS OF PERSON WHO NOTIFIED PARTIES: ___ COURT ___ CLERK ___ PARTY ___ OTHER

.25

26

CERTIFIED COPY ISSUED BY ALLEN COUNTY        65797

INDIANA STATE DEPARTMENT OF HEALTH

Local No. 002913        CERTIFICATE OF DEATH        State No.

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1-13-9   15

Denise        Jane        Simon        Female        10:22 pm        November 5, 2007

6556-52-3444        Married        April 25, 1955        Warren, Illinois

N/A

10607 Monte Vista Court        Fort Wayne        Allen

Married        James A. Simon        Homemaker Extraordinaire        Home

Indiana        Allen        Fort Wayne        10607 Monte Vista Court

November 19, 2007

Northern Indiana Crematory        Fort Wayne, Indiana

N/A

CARBON MONOXIDE POISONING

DEPUTY CORONER        NOVEMBER 15, 2007

REBECCA STUTTLE        ) Jr. SUPERIOR ST. ROOM D13 FORT WAYNE, INDIANA 46821        NOV 1 9 2007

LICENSED CARBON MONOXIDE

FORT WAYNE, INDIANA

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne        9/5/14

27

STATE OF INDIANA )
                 ) SS:
COUNTY OF ALLEN  )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE )
                OF          )
DENISE J. SIMON, Deceased.  )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST day of March, 2014.

Clerk, Allen Superior Court

38U6168

---

28

STATE OF INDIANA )
                 ) SS:
COUNTY OF ALLEN  )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE )
                OF          )
DENISH J. SIMON, Deceased.  )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

T.S. Houk
Judge, Allen Superior Court

38U6168

(OVER)

August 20, 2014

*29*

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd., a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December *11*, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon  *Dec 11, '12*

Sandra Simon
Managing Director

December *17*, 2012

*30*

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Hopp

Managing Director

*ID 45-3762289*

December *3*, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID *35-1982456*) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 38

JAMES A. SIMON

. 10711-027   2/2

Federal Medical Center

. P.O. Box 4000

Rochester, MN 55903-4000

*Oct 23* , 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020.

Subject:   Our FOIA Request Number: *D/5-38*

        IMPORTANT:  Other FOIA requests submitted by us may .

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which FOIA/PA request you are

responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy .

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since *1 Jan 15* to *15 Oct 15*, related in any way

to James A. Simon or Denise J. Simon, which:

                (SEE ATTACHED SCHEDULE)

2.  Use of Records.

    The requested records will be used in the news reporting of

RememberDenise.org, in legal proceedings to reverse and set

aside the criminal conviction of James A. Simon, in

reinstating the dismissal of a Federal Tort Claim Act suit

filed against the U.S. Government, and in preserving a pending

Bivens action against certain IRS agents and other

individuals.

3.  News Media Status and Request for Fee Waiver.

    RememberDenise.org is a "news media" requester and seeks fee

wavier as provided for under the FOIA (§ 304.9 (Fees)).

RememberDenise.Org is focused, reporting, and informing on,

how government works in investigating and prosecuting

criminal tax cases, the horror that can occur when government

acts wrongfully, and how law and government can be improved.

It is currently investigating and reporting on the IRS's.

November 2007 search of James and Denise Simon's home and the

resulting death of taxpayer Denise Simon, subsequent wrongful

death litigation against the IRS (and various individuals),

. and the following IRS/DOJ criminal prosecution of James Simon;

all to show the public government activities and how

government works.  When its investigation is complete,

RememberDenise.org will report and inform the public on the

IRS's compliance, and/or non-compliance, with its own search

warrant policy (how government works), which has concerned

Constitution rights advocates and Congress for more than a.

decade.

    To qualify as "news media" the requester must show the

requester is "person or entity that gathers information of

*(OVER)*

potential interest to a segment of the public, uses its
editorial skills to turn the raw materials into a distinct
work and distributes that work to an audience."
RememberDenise.Org satisfies these requirements.  It gathers
information of potential interest, uses it to turn it into a
distinct work, and distributes the distinct work to an
audience.  (Please review RememberDenise.org)  Because it uses
the Internet to distribute its "distinct work"
RememberDenise.Org qualifies as "alternative media" and
"alternative media shall be considered to be news-media
entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first
show the disclosure of the requested information is in the
public interest because disclosure is "likely to significantly
contribute to public understanding of operations or activities
of the government"; and second show "disclosure is not
primarily in the commercial interest of the requester."
RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public
interest.

(1)  The subject records directly and clearly "concern
the operations and the activities of the government," in
particularly the operations of the federal government through
the IRS and the DOJ.  The requested records are in the hands
of the of government agency to which the request has been
made, the agency generated or received the records in
fulfilling its mission and conducting its day to day
operations, and the agency maintains the records as part of
its continuing operations and activities.  The requested
records will show how government works.

(2)  The "informative value" of the information to be
disclosed is "likely to contribute" to the understanding of
government operations and activities.  Most Americans are not
aware and do not understand how the DOJ functions, and/or how
it works with other government agencies to achieve its and
their objectives, how their objectives may contend and
conflict with taxpayer/individual rights under the law, and
how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful
information" and "likely to contribute" to an "increased
understanding" of IRS and DOJ operations and activities.  The
records/information requested is meaningful because it is
informative of, and related to, government operations, and a
historical real life example of government operations that
resulted in the death of a taxpayer (Denise Simon), and the
vast majority of taxpayers are not informed about such
operations, nor informed of the possible deadly consequences
that can occur when armed flak jacketed IRS agents execute a
search warrant.  Disclosure of the facts surrounding the
specific death of Denise Simon will enhance public understand
of how the IRS and the DOJ investigate and prosecute tax
related matters, how these agencies comply or fail to comply
with stated public and/or agency policy, and how these
agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to
"contribute to an understanding" of how the DOJ and IRS work
to prosecute tax cases and is "likely to contribute" to a
"broad audience" of persons interested in the subject.  The
records/information requested relate to how government works
and is not likely known, in general, by the public.

5

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works.  RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted).  Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports.  Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing.  Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

6

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4)  Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding.  Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies.  If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works.  It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation.  The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status.  Moreover, early 2015 testimony

7

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years

8

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working. There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B. The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied. A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest. (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.) RememberDenise.Org is non-profit and, along with

its publisher, James Simon, has not profited from past FOIA
disclosures and has no intention to commercially profit now
from the disclosure (records/information) herein requested.
Therefore, public interest exceeds non-existent commercial
interest and RememberDenise.Org has satisfied the second fee
waiver requirement.

  C. Conclusion.  Because RememberDenise.Org satisfies both
the public interest standard, and there is no commercial
interest, RememberDenise.Org should be granting fee waiver.


4.  We Commitment to Pay Fees If Fee Waiver Denied.

  If you deny the fee waiver grant requested above, we  AGREE
to pay fees up to $10 for search and copy fees to find and
copy for us the described records in the Attached Schedule of
this request.  If you reasonably estimate that fees will
exceed this amount, we request you: (1) conduct up to two
hours of searching for the narrowly described records in the
Attached Schedule and provide to us copies of the first 100
responsive (and releasable) records you find, and (2) if you
have not then completed a reasonable search, inform us
expeditiously as to what is your considered and informed
estimate (having then completed two hours of searching) of the
number of hours required to complete your reasonable search
and the number of remaining responsive records you believe you
may find.  We will then consider increasing the amount of our
commitment to pay search and copy fees.

  We understand that payment for search fees may be required
to be made even if no documents are located or released.  In
the event documents are located and released, we understand we
may be required to pay duplication fees charged in addition to

search fees.  These statements are made so if you do deny the
request for wavier of fees, your search, in response to this
FOIA request, will expeditiously move forward, and NOT BE
DELAYED because of a concern for payment of fees, a denial of
fee wavier, an appeal of a denial of fee waiver, or any
related litigation.


5.  Not Requesting Any and All Records.

  Not any and ALL records in connection with the government
investigation of James Simon and/or Denise Simon, and/or
related to the prosecution of them, are herein being
requested.  Nor is this request a request for any and ALL
records in his or her "criminal administrative file".


6.  Not Seeking Research, Analysis of Data or Creation of
Records.

  We understand that the FOIA does not require the IRS to
research, analyze data or create paper records, but only to
release EXISTING records.  Nevertheless we understand that
there is an EXCEPTION, as noted above (See paragraph 11 "If
Records Are Electronic Records.), applies when searching and
producing electronic records.

  We request that if your search does not find responsive
records that you will plainly inform us that you failed to
find responsive records and not respond with declaration that
you are not required to research, analyze data, or create
records.  We make this request so there is no misunderstanding
as to exactly why responsive records are not being provided.

                                              (OVER)

//

7.  Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied.  Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8.  Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request.  Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9.  Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, we immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10.  Misdirected Request.

If you are not the official (or designee), inside of the DOJ

12

or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11.  If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ.  The DOJ, must make reasonable efforts to search for records.  With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records.  However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12.  Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RIM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN.  The court is currently considering a motion for re-trial.  The records

*13*

sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

13.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequentially she is afforded no privacy in regard to this request.  Please find enclosed a copy of her death certificate.

14.  Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that

*14*

information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance.  Your statements will help us and our counsel to decide whether to appeal an adverse determination.  Thus, your agency's written justification might help avoid unnecessary litigation.  Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

15.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records.  Therefore, you should not direct us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

16.  Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

17.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

*(OVER)*

15                                                                                    16

18.  Applicable Circuit Law.

If the undersigned seek judicial relief in connection with
this request, they anticipate doing so in the district court
of the District of Columbia.  Consequently, when determining
application of exemptions and circuit law differs, you should
apply District of Columbia Circuit law.  If you make
determinations by applying another circuit's law, please
inform us.

19.  Certification.

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for your consideration of this important matter.  We
look forward to quick resolution of any problems you may
encounter in fulfilling this request, and receipt of all
responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:

- Attached Schedule
- Authorizations

                                   NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                   :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 23rd day of October 2015.

_____  Seal:
Notary Public

_____
Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *D15-38*          *17*

*Oct 23*, 201*5*

1.  Show communication(s) (inclusive of, but not limited to
letters, meeting notes, email, and phone calls), pertaining to
James A. Simon's proposed June 3-4, 2015 local social furlough
(from Rochester FMC), inclusive of, but not limited to:

   (1) communications within U.S. Probation South Bend
("USPSB"), and/or

   (2) communications between USPSB and other
organizations/offices within the Department of Justice,
inclusive but not limited to the Assistant U.S. Attorney
(and/or his office) and/or the BOP, and/or

   (3) communications between the Assistant U.S. Attorney and
the BOP.

Note:

  A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

  B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

(This Page Intentionally Blank)

*19*

Date 1/16/15

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

*Rebecca Lynette Thomas*

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne   1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2015
Commission # 11983853

Date: 5/11/2015

*2ᴰ*

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER)

21

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra L. Simon

Sandra Simon
Guardian



22

January ____, 2015

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to releas
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bod
or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington
County of Pierce

Subscribed and sworn to/signed before me this 8th day of Jan

20 15 by Richard Wilson

Notary Public

My Commission Expires: 02-25-2016

DYLAN SWENSEN
COMMISSION EXPIRES
02-25-16
NOTARY
PUBLIC
STATE OF WASHINGTON

23

STATE OF INDIANA,     )
                      ) SS:
COUNTY OF ALLEN       )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D08-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior, without approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

Rachel A. Scapula
Clerk, Allen Superior Court

4.   Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5.   The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6.   Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7.   All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1.   Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2.   Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3.   Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and any serve without bond.

4.   Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

---

24

STATE OF INDIANA,     )
                      ) SS:
COUNTY OF ALLEN       )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D08-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

ORDER APPOINTING GUARDIAN OVER
PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the testimony of Tracy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1.   Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2.   Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3.   Rachel, a resident of Allen County, Indiana, residing at 1722 Simon Road, Hoventown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law,

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5.   That the requirement to supply to this Court an Inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual incomes substantially exceeds her normal cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

Judge, Allen Superior Court

NOTICE TO BE ENTERED:
___ COURT   ___ CLERK   ___ PARTY   ___ OTHER
PROOF OF NOTICE UNDER TRIAL RULE 5(B):

A copy of this entry was served either by mail to the address of record, deposited in the Court's attorney's distribution box, distributed personally upon the persons and/or filed as listed below.

Mark R. Wenzel, Beckman Lawson, LLP, Box 57
Tracy L. Troyer, Beugia, Troyer & Gottsleig, P.C., 2111 West Reforma Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE: _____

INITIALS OF PERSON WHO NOTIFIED PARTIES: ___ COURT ___ CLERK ___ PARTY ___ OTHER

*25*



CERTIFIED COPY ISSUED BY ALLEN COUNTY

65797

INDIANA STATE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Local No. 002913                          State No. _____

THIS RECORD BE THE DEATH ARE CONFIDENTIAL PER IC 16-4-3.1-1  15

Denise Jane Simon          Female    10:22 a.m.   November 5, 2007

1060 Monte Vista Court                              Allen

Married    James A. Simon    Homemaker Extraordinaire   Home

Indiana    Allen    Fort Wayne    10607 Monte Vista Court

James A. Simon    10607 Monte Vista Ct., Ft. Wayne, IN 46814   Husband

November 19, 2007    Fort Wayne, Indiana

Northern Indiana Crematory

CARBON MONOXIDE POISONING

DEPUTY CORONER     NOVEMBER 15, 2007

REBECCA STUETTE, SUPERIOR ST. ROOM B13 FORT WAYNE, INDIANA 46801

NOV 19 2007

*26*

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public-Seal
State of Indiana
My Commission Expires Nov 19, 2019

County of Wayne    9/5/14

27

STATE OF INDIANA    )           IN THE ALLEN SUPERIOR COURT
                    ) SS:        PROBATE DIVISION
COUNTY OF ALLEN     )           CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE    )
                               )
        OF                     )
                               )
DENISE J. SIMON, Deceased.     )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST _____

Clerk, Allen Superior Court
JA.

30U6168

---

28

STATE OF INDIANA    )           IN THE ALLEN SUPERIOR COURT
                    ) SS:        PROBATE DIVISION
COUNTY OF ALLEN     )           CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE    )
                               )
        OF                     )
                               )
DENISE J. SIMON, Deceased.     )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved.  The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate.  The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

_____
Judge, Allen Superior Court

30U6168

(OVER)

August 20, 2014                                          *29*

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd, a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December _11_, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon   Dec 11, '12
Sandra Simon
Managing Director

December _17_th, 2012                                    *30*

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Hopp
Managing Director

ID 45-3762289

December _3_, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1983452) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit   39.

JAMES A. SIMON

. 10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

_Oct 23_, 201_5_

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020.

Subject:   Our FOIA Request Number: _D15-39_

IMPORTANT:   Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which FOIA/PA request you are

responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since _1 Jan 04_ to _15 Oct 15_, related in any way

to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of

RememberDenise.org, in legal proceedings to reverse and set

aside the criminal conviction of James A. Simon, in

reinstating the dismissal of a Federal Tort Claim Act suit

filed against the U.S. Government, and in preserving a pending

Bivens action against certain IRS agents and other

individuals.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee

wavier as provided for under the FOIA (§ 304.9 (Fees)).

RememberDenise.Org is focused, reporting, and informing on,

how government works in investigating and prosecuting

criminal tax cases, the horror that can occur when government

acts wrongfully, and how law and government can be improved.

It is currently investigating and reporting on the IRS's

November 2007 search of James and Denise Simon's home and the

resulting death of taxpayer Denise Simon, subsequent wrongful

death litigation against the IRS (and various individuals),

and the following IRS/DOJ criminal prosecution of James Simon;

all to show the public government activities and how

government works.  When its investigation is complete,

RememberDenise.org will report and inform the public on the

IRS's compliance, and/or non-compliance, with its own search

warrant policy (how government works), which has concerned

Constitution rights advocates and Congress for more than a

decade.

To qualify as "news media" the requester must show the

requester is "person or entity that gathers information of

_(OVER)_

potential interest to a segment of the public, uses its
editorial skills to turn the raw materials into a distinct
work and distributes that work to an audience."
RememberDenise.Org satisfies these requirements.  It gathers
information of potential interest, uses it to turn it into a
distinct work, and distributes the distinct work to an
audience.  (Please review RememberDenise.org)  Because it uses
the Internet to distribute its "distinct work"
RememberDenise.Org qualifies as "alternative media" and
"alternative media shall be considered to be news-media
entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first
show the disclosure of the requested information is in the
public interest because disclosure is "likely to significantly
contribute to public understanding of operations or activities
of the government"; and second show "disclosure is not
primarily in the commercial interest of the requester."
RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public
interest.

(1)  The subject records directly and clearly "concern
the operations and the activities of the government," in
particularly the operations of the federal government through
the IRS and the DOJ.  The requested records are in the hands
of the of government agency to which the request has been
made, the agency generated or received the records in
fulfilling its mission and conducting its day to day
operations, and the agency maintains the records as part of
its continuing operations and activities.  The requested
records will show how government works.

(2)  The "informative value" of the information to be
disclosed is "likely to contribute" to the understanding of
government operations and activities.  Most Americans are not
aware and do not understand how the DOJ functions, and/or how
it works with other government agencies to achieve its and
their objectives, how their objectives may contend and
conflict with taxpayer/individual rights under the law, and
how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful
information" and "likely to contribute" to an "increased
understanding" of IRS and DOJ operations and activities.  The
records/information requested is meaningful because it is
informative of, and related to, government operations, and a
historical real life example of government operations that
resulted in the death of a taxpayer (Denise Simon), and the
vast majority of taxpayers are not informed about such
operations, nor informed of the possible deadly consequences
that can occur when armed flak jacketed IRS agents execute a
search warrant.  Disclosure of the facts surrounding the
specific death of Denise Simon will enhance public understand
of how the IRS and the DOJ investigate and prosecute tax
related matters, how these agencies comply or fail to comply
with stated public and/or agency policy, and how these
agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to
"contribute to an understanding" of how the DOJ and IRS work
to prosecute tax cases and is "likely to contribute" to a
"broad audience" of persons interested in the subject.  The
records/information requested relate to how government works
and is not likely known, in general, by the public.

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies. If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony

(OVER)

7

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice.  Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives.  The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff.  And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS.  It would not be the first time a "culture of wrong doing" existed in the IRS.  We know today that the FBI (an agency within the DOJ) for years

8

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer.  It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B.  The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with

9

10

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C. Conclusion. Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4. We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request. If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find. We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released. In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

search fees. These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

5. Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested. Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

(OVER)

7.  Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8.  Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9.  Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10.  Misdirected Request.

If you are not the official (or designee), inside of the DOJ or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11.  If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12.  Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RIM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records

13

sought by this request, if not related purely to policy, might
be found in Mr. Simon's criminal files, OR they may be located
elsewhere in possession and/or control of DOJ employees or
agents, or IRS attorneys.

Further, responsive records may be related to civil suits
filed against the IRS, Agent Paul Muschell, Agent Linda
Porter, and Manager Alvin Patton by me, the estate of Denise
J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern
District of Indiana) and MAY be in the possession, or control,
of the before listed IRS employees; their government
attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be
restricted to a search of the Simon criminal files, or files
related to the civil suits, but should encompass ALL files in
which responsive records may reasonably be found.

13.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequently
she is afforded no privacy in regard to this request.  Please
find enclosed a copy of her death certificate.

14.  Redaction May Be Required If Exemptions Apply or Access
to Records is Denied.

In the event exemptions apply and/or access to any of the
requested records is denied, please note the FOIA provides, if
only portions of a requested file or record are exempt from
release, that you provide all non-exempt records or portions
of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material
in detail and specify the statutory basis for withholding that

14

information by itemized detail of material withheld, redacted
or deleted, as well as your specific reasons for believing
that the alleged statutory justification applies in each
specific instance.  Your statements will help us and our
counsel to decide whether to appeal an adverse determination.
Thus, your agency's written justification might help avoid
unnecessary litigation.  Notwithstanding the foregoing, our
right to appeal your withholding or redaction of any
information is reserved.

15.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to
publicly available records.  Therefore, you should not direct
us to public record sources to satisfy this request, but
rather provide directly to us all responsive paper records.

16.  Information Required if Records Denied.

If some records are denied, in whole or in part, please
specify the city or other location where the requested records
are situation and so inform us in your letter denying
disclosure in compliance with the FOIA.  Additionally, please
provide us with an estimate volume count of the denied
records.

17.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address
shown at the top of page one of this request.  However, all
electronic, video, audio and other non-paper records should be
sent to: Mr. Craig Patterson, Beckman Lawson Attorneys at
Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

(OVER)

15                                                                  16

18.  Applicable Circuit Law.

If the undersigned seek judicial relief in connection with
this request, they anticipate doing so in the district court
of the District of Columbia.  Consequently, when determining
application of exemptions and circuit law differs, you should
apply District of Columbia Circuit law.  If you make
determinations by applying another circuit's law, please
inform us.

19.  Certification.

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for your consideration of this important matter.  We
look forward to quick resolution of any problems you may
encounter in fulfilling this request, and receipt of all
responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:

- Attached Schedule
- Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                        :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 23 day of October 2015.

Shelley Haag                    Seal:
Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE                    17

Requested Records

FOIA/PA Request Number: *D15-39*

*Oct 23* , 201*5*

1.  Show all communication(s) concerning and or pertaining to
(inclusive of, but not limited to) return of; or sending of,
information or records to other government entities,
including, but not limited to, the IRS, Homeland Security, and
the CIA.)

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

(This Page Intentionally Blank)

18

21

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra L. Simon

Sandra Simon

Guardian



22

January ____, 2015

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to releas
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bod
or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington
County of Pierce

Subscribed and sworn/affirmed to before me this 12th day of Jan
20 15 by Richard Wilson

Notary Public

My Commission Expires: 02-25-2016

DYLAN SWEASON
COMMISSION EXPIRES
NOTARY
PUBLIC
02-25-16
STATE OF WASHINGTON

23

24

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02A01-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-1-4-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-1-4-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_____
Chief, Allen Superior Court

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the testimony of Tracy Troyer, Esq., the court-appointed Guardian of Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1922 Simon Road, Huntertown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is recommended by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to the guardianship of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-5-4.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate of Sandy without any limitations as the guardian is

(OVER)

authorized to examine all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-5-4.

5. That the requirement to apply to this Court an Inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,000.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

_____
Judge, Allen Superior Court

NOTICE IS TO BE GIVEN:
COURT ___ CLERK _X_ PARTY ___ OTHER

PROOF OF WITHIN NON-TRIAL, ETC (PROV):

A copy of this entry was served either by mail to the address of record, deposited in the Court's attorney's distribution area, transmitted personally upon the names under filed at listed below:

Mark R. Wenzel, ... Lawson ..., P.O. Box 27
Tracy L. Troyer, Beckman, Troyer & Ormiston, PC, 7311 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE: _____
INITIALS OF PERSON WHO NOTIFIED PARTIES ___ COURT ___ CLERK ___ PARTY ___ OTHER

.25

CERTIFIED COPY ISSUED BY ALLEN COUNTY

65797

INDIANA STATE DEPARTMENT OF HEALTH

Local No. 002913

CERTIFICATE OF DEATH

State No.

THE RECORDS OF THIS SERIES ARE CONFIDENTIAL PER IC 16-1-19-3

| Denise | Jane | Simon | Female | 10:22 pm | November 9, 2007 |

0607 Monte Vista Court         Fort Wayne         Allen

Married     James A. Simon     Homemaker Extraordinaire     Home

Indiana     Allen     Fort Wayne     10607 Monte Vista Court

James A. Simon     10608 Monte Vista Court, Fort Wayne, IN 46814

November 19, 2007     Fort Wayne, Indiana

Northern Indiana Crematory

CARBON MONOXIDE POISONING

NOVEMBER 15, 2007

REBECCA STUTTLE '1 W. SUPERIOR ST. ROOM 313 FORT WAYNE, INDIANA 46802'

DEPUTY CORONER

NOV 1 9 2007

UNDEVELOPED CARBON MONOXIDE

10607 MONTE VISTA CT.
FORT WAYNE, INDIANA

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 16, 2016

County of Wayne     9/5/14

27

STATE OF INDIANA    )  
           ) SS:  
COUNTY OF ALLEN   )

IN THE ALLEN SUPERIOR COURT  
PROBATE DIVISION  
CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE   )  
           OF          )  
                  )  
DENISE J. SIMON, Deceased.    )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST

Clerk, Allen Superior Court

JB.

30U6168

---

28

STATE OF INDIANA    )  
           ) SS:  
COUNTY OF ALLEN   )

IN THE ALLEN SUPERIOR COURT  
PROBATE DIVISION  
CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE   )  
           OF          )  
                  )  
DENISE J. SIMON, Deceased.    )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March  21, 2014..

Judge, Allen Superior Court

30U6168

(OVER)

August 20, 2014

29

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd., a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December 11, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon    Dec 11.'12
Sandra Simon
Managing Director

December 17, 2012

30

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Kopp
Managing Director

ID 45-3762289

December 3, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1922452) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exh, b, t    40

JAMES A. SIMON

. 10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

Oct 23, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: D15-40

        IMPORTANT:  Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which FOIA/PA request you are

responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since 1 JAN 08 to 1 JAN 11, related in any way

to James A. Simon or Denise J. Simon, which:

        (SEE ATTACHED SCHEDULE)

2.  Use of Records.

    The requested records will be used in the news reporting of

RememberDenise.org, in legal proceedings to reverse and set

aside the criminal conviction of James A. Simon, in

reinstating the dismissal of a Federal Tort Claim Act suit

filed against the U.S. Government, and in preserving a pending

Bivens action against certain IRS agents and other

individuals.

3.  News Media Status and Request for Fee Waiver.

    RememberDenise.org is a "news media" requester and seeks fee

wavier as provided for under the FOIA (§ 304.9 (Fees)).

RememberDenise.Org is focused, reporting, and informing on,

how government works in investigating and prosecuting

criminal tax cases, the horror that can occur when government

acts wrongfully, and how law and government can be improved.

It is currently investigating and reporting on the IRS's

November 2007 search of James and Denise Simon's home and the

resulting death of taxpayer Denise Simon, subsequent wrongful

death litigation against the IRS (and various individuals),

and the following IRS/DOJ criminal prosecution of James Simon;

all to show the public government activities and how

government works.  When its investigation is complete,

RememberDenise.org will report and inform the public on the

IRS's compliance, and/or non-compliance, with its own search

warrant policy (how government works), which has concerned

Constitution rights advocates and Congress for more than a

decade.

    To qualify as "news media" the requester must show the

requester is "person or entity that gathers information of

(OVER)

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A. Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ. The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities. The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities. Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public.

5

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works.  RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted).  Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports.  Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding."

RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing.  Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

6

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4)  Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding.  Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies.  If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works.  It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation.  The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status.  Moreover, early 2015 testimony

(OVER)

7

8

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice.  Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives.  The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff.  And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS.  It would not be the first time a "culture of wrong doing" existed in the IRS.  We know today that the FBI (an agency within the DOJ) for years

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer.  It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B.  The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C. Conclusion. Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4. We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request. If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find. We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released. In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

search fees. These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

5. Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested. Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

(OVER)

15

16

18.  Applicable Circuit Law.

   If the undersigned seek judicial relief in connection with this request, they anticipate doing so in the district court of the District of Columbia.  Consequently, when determining application of exemptions and circuit law differs, you should apply District of Columbia Circuit law.  If you make determinations by applying another circuit's law, please inform us.

19.  Certification.

   I certify that I am James A. Simon, I am the publisher of RememberDenise.org, I was born on 12 July 1950 in Fort Wayne, Allen County, Indiana, I am a U.S. Citizen, and my social security number is 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.

   Thank you for your consideration of this important matter.  We look forward to quick resolution of any problems you may encounter in fulfilling this request, and receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
   - Attached Schedule
   - Authorizations

                    NOTARY PUBLIC

.IN WITNESS HEREOF, I hereunto set my hand and seal the date forth in the acknowledgement below.

STATE OF MINNESOTA
                              :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me, JAMES A. SIMON, the person who executed this instrument for the purposes within, this 23rd day of October 2015.

_____ Seal:
Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE    *17*

Requested Records

FOIA/PA Request Number: *D15-40*

*Oct 23*, 201*5*

*) B*

(This Page Intentionally Blank)

1.   Show prior version(s) and/or draft(s) of Special Agent Muschell's Special Agent Report (SAR) that was provided by the Department of Justice to Simon's defense counsel during Simon's trial.

Note:

 A.   When reasonable to read an item (or items) above, narrowly or broadly, it (or they) should be read broadly, and in the way that produces the highest number of responsive records.

 B.   The FOIA requires exempt information, to be redacted (deleted) from responsive records so to segregate exempt portions from non-exempt portions, the non-exempt portions of the responsive records disclosed, and no responsive record be withheld solely because it contains exempted information, and that the amount of information deleted shall be indicated on the released portion of the record.

25

26

CERTIFIED COPY ISSUED BY ALLEN COUNTY    65797

INDIANA STATE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Local No. 002913    State No. 15

THE RECORDS WITHIN DEATHS ARE CONFIDENTIAL PER IC 16-1.103

| | | |
|---|---|---|
| Denise | Jane | Simon, | Female | 10:22 pm | November 9, 2007 |

10607 Monte Vista Court    Fort Wayne    Allen

Married    James A. Simon    Homemaker Extraordinaire    Mgmn

Indiana    Allen    Fort Wayne    10607 Monte Vista Court

November 19, 2007    Northern Indiana Cemetery    Fort Wayne, Indiana

CARBON MONOXIDE POISONING

REBECCA STUTTLE    1 E. SUPERIOR ST. ROOM B13 FORT WAYNE, INDIANA 46802

NOV 15 2007

I do hereby authorize any government agency to release to James A. Simon, in
response to any Freedom of Information Act (FOIA) request made by him, any and
all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public - Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne  9/5/14

27

STATE OF INDIANA   )          IN THE ALLEN SUPERIOR COURT
                    ) SS:    PROBATE DIVISION
COUNTY OF ALLEN   )          CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE   )

         OF          )

DENISE J. SIMON, Deceased.   )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST

Clerk, Allen Superior Court

30U6168

---

28

STATE OF INDIANA   )          IN THE ALLEN SUPERIOR COURT
                    ) SS:    PROBATE DIVISION
COUNTY OF ALLEN   )          CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE   )

         OF          )

DENISE J. SIMON, Deceased.   )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved.  The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate.  The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

Judge, Allen Superior Court

30U6168

(OVER)

August 20, 2014                                                29

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body
of the U.S. Government (or representative thereof) to release
any and all information about or concerning J.S. Partners,
Ltd, a Colorado partnership, to James A. Simon in response to
a Freedom of Information Act (FOIA) or Privacy Act (PA)
request(s) that James A. Simon has submitted, or does submit
to any agency, body, or affiliated body of the U.S. Government
(or representative thereof).

James A. Simon
General Partner

December 11, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning Elekta Limited to
James A. Simon in response to a Freedom of Information Act
(FOIA) request that James A. Simon has submitted, or does
submit to any agency, body, or affiliated body of the U.S.
Government.

Sandra Simon                Dec 11. '12
Sandra Simon
Managing Director

December 17th, 2012                                             30

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning ICHUA Limited to James
A. Simon in response to a Freedom of Information Act (FOIA)
request that James A. Simon has submitted, or does submit to
any agency, body, or affiliated body of the U.S. Government.

Roland Hipp                 ID 45-3762289
Managing Director

December 3, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning the Simon Family Trust
(ID 35-1923452) to James A. Simon in response to a Freedom of
Information Act (FOIA) request that James A. Simon has
submitted, or does submit, to any agency, body, or affiliated
body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 41

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Oct 23*, 201*5*

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: *D/5-41*

      IMPORTANT: Other FOIA requests submitted by us may
bear the same date as this request. Consequently, please
refer to our "FOIA Request Number" when corresponding, so
there is no confusion about which FOIA/PA request you are
responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act. Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since *1 JAN 08* to *15 Oct 15*, related in any way
to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

  The requested records will be used in the news reporting of
RememberDenise.org, in legal proceedings to reverse and set
aside the criminal conviction of James A. Simon, in
reinstating the dismissal of a Federal Tort Claim Act suit
filed against the U.S. Government, and in preserving a pending
Bivens action against certain IRS agents and other
individuals.

3.  News Media Status and Request for Fee Waiver.

  RememberDenise.org is a "news media" requester and seeks fee
wavier as provided for under the FOIA (§ 304.9 (Fees)).
RememberDenise.Org is focused, reporting, and informing on,
how government works in investigating and prosecuting
criminal tax cases, the horror that can occur when government
acts wrongfully, and how law and government can be improved.
It is currently investigating and reporting on the IRS's
November 2007 search of James and Denise Simon's home and the
resulting death of taxpayer Denise Simon, subsequent wrongful
death litigation against the IRS (and various individuals),
and the following IRS/DOJ criminal prosecution of James Simon;
all to show the public government activities and how
government works. When its investigation is complete,
RememberDenise.org will report and inform the public on the
IRS's compliance, and/or non-compliance, with its own search
warrant policy (how government works), which has concerned
Constitution rights advocates and Congress for more than a
decade.

  To qualify as "news media" the requester must show the
requester is "person or entity that gathers information of

*[OVER]*

3

4

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements.  It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience.  (Please review RememberDenise.org)  Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

5

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

6

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies. If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony

(OVER)

7

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice.  Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives.  The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff.  And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS.  It would not be the first time a "culture of wrong doing" existed in the IRS.  We know today that the FBI (an agency within the DOJ) for years

8

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer.  It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B.  <u>The existence and magnitude of any commercial interest,</u> <u>is not greater in magnitude than a public interest when the</u> <u>public interest standard is satisfied.</u>  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with

9

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C. Conclusion. Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4. We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request. If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find. We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released. In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

10

search fees. These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

5. Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested. Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

(OVER)

//

7.  Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied.  Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8.  Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request.  Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9.  Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10.  Misdirected Request.

If you are not the official (or designee), inside of the DOJ

/2

or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11.  If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ.  The DOJ, must make reasonable efforts to search for records.  With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12.  Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RLM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN.  The court is currently considering a motion for re-trial.  The records

13

sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

13.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequentially she is afforded no privacy in regard to this request.  Please find enclosed a copy of her death certificate.

14.  Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that

14

information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance.  Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation.  Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

15.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records.  Therefore, you should not direct us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

16.  Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

17.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to: Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

(OVER)

15

16

**18.   Applicable Circuit Law.**

If the undersigned seek judicial relief in connection with this request, they anticipate doing so in the district court of the District of Columbia.  Consequently, when determining application of exemptions and circuit law differs, you should apply District of Columbia Circuit law.  If you make determinations by applying another circuit's law, please inform us.

**19.   Certification.**

I certify that I am James A. Simon, I am the publisher of RememberDenise.org, I was born on 12 July 1950 in Fort Wayne, Allen County, Indiana, I am a U.S. Citizen, and my social security number is 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.

Thank you for your consideration of this important matter.  We look forward to quick resolution of any problems you may encounter in fulfilling this request, and receipt of all responsive records.

Respectfully,

James A. Simon

Publisher RememberDenise.org, and

Individual

Enclosures:

- Attached Schedule

- Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date forth in the acknowledgement below.

STATE OF MINNESOTA

                              :ss

COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me, JAMES A. SIMON, the person who executed this instrument for the purposes within, this 23-0 day of October 2015.

Shelley Haag    Seal:

Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: Ø15-44

Oct 23, 2015

1.   Show awareness that Taxpayer Inspector General for Tax
Administration, known as TIGTA, was conducting, and/or did
conduct, an investigation of Special Agents Paul Muschell,
Linda Porter, and/or Alvin Patten, regarding matters connected
to James A. Simon and/or Denise J. Simon.

Note:

A.   When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.   The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

(This Page Intentionally Blank)

Date 1/16/15

19

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

Rebecca Lynette Thomas

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of wayne   1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 28, 2015
Commission # 11663853

Date: 5/11/2015

20

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER)

*21*

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra L. Simon

Sandra Simon
Guardian



*22*

January ___, 2015

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to relea[se]
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bod[y]
or affiliated organization of any government.

Richard Wilson
Managing Director

State of Washington
County of Pierce

Subscribed and sworn/affirmed to before me this 12th day of Jan

20 15 by Richard Wilson

Notary Public

My Commission Expires: 02-25-2016

*[Notary seal: DYLAN SWENSON — COMMISSION EXPIRES 02-25-16 — NOTARY PUBLIC — STATE OF WASHINGTON]*

STATE OF INDIANA ) IN THE ALLEN SUPERIOR COURT
) SS: PROBATE DIVISION
COUNTY OF ALLEN ) CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP )
OF )
RACHEL A. SIMON, a minor. )

LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

*[signature]*
Clerk, Allen Superior Court

TMB-00590_1

STATE OF INDIANA ) IN THE ALLEN SUPERIOR COURT
) SS: PROBATE DIVISION
COUNTY OF ALLEN ) CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP )
OF )
RACHEL A. SIMON, a minor. )

ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the Petitioner having appeared in person and by counsel on the 15th day of June 2011, including the testimony of Tracy Troyer, Esq., the court-appointed Guardian ad Litem for Rachael A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1922 Simon Road, Huntertown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

23

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

8. It has been further determined that Rachel only has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5. That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

*[signature]*
Judge, Allen Superior Court

NOTICE IS TO BE GIVEN BY:
__COURT __CLERK X PARTY __OTHER

PROOF OF NOTICE UNDER TRIAL RULE 72(D):

A copy of this entry was served either by mail to the address of record, deposited in the Court's attorney's distribution box, distributed personally upon the persons and/or filed as listed below:

Mark E. Witmer, Beckman Lawson, LLP, Box 87
Tracy L. Troyer, Boeglin, Troyer & Gerardot, PC, 7321 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE:__________

INITIALS OF PERSON WHO NOTIFIED PARTIES: ___COURT ___CLERK ___PARTY ___OTHER

24

25

CERTIFIED COPY ISSUED BY ALLEN COUNTY          65797

INDIANA STATE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Local No. 002913                State No.

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1, 16-2  15

Denise    Jane    Simon          Female    10:22 pm    November 3, 2007

James A. Simon          Homemaker Extraordinaire          Home

Indiana    Allen    Fort Wayne    10607 Monta Vista Court

REBECCA STUTTLE    1 W. SUPERIOR ST. ROOM B13 FORT WAYNE, INDIANA 46802

CARBON MONOXIDE POISONING

November 19, 2007          Fort Wayne, Indiana

Northern Indiana Crematory

DEPUTY CORONER          NOVEMBER 15, 2007

NOV-19 2007

CARBON MONOXIDE

10607 MONTE VISTA CT.
FORT WAYNE, INDIANA

---

26

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 16, 2019

County of Wayne

27

STATE OF INDIANA    )          IN THE ALLEN SUPERIOR COURT
                    ) SS:     PROBATE DIVISION
COUNTY OF ALLEN    )          CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE   )

OF                )

DENISE J. SIMON, Deceased.    )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST

Clerk, Allen Superior Court

JTS.

30U6163

---

28

STATE OF INDIANA    )          IN THE ALLEN SUPERIOR COURT
                    ) SS:     PROBATE DIVISION
COUNTY OF ALLEN    )          CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE   )

OF                )

DENISE J. SIMON, Deceased.    )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

Judge, Allen Superior Court

30U6163

(OVER)

August 20, 2014

*29*

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd, a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

---

December *11* , 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon   Dec 11, '12
Sandra Simon
Managing Director

---

December *17th*, 2012

*30*

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHOA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

ID *45-3762289*

Roland Hopp
Managing Director

---

December *3* , 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID *35-1982452*) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 42

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

Oct 23, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020.

Subject:   Our FOIA Request Number: D15-42

IMPORTANT:  Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which FOIA/PA request you are

responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since 1 JAN 08 to 15 Oct 15, related in any way

to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of
RememberDenise.org, in legal proceedings to reverse and set
aside the criminal conviction of James A. Simon, in
reinstating the dismissal of a Federal Tort Claim Act suit
filed against the U.S. Government, and in preserving a pending
Bivens action against certain IRS agents and other
individuals.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee
wavier as provided for under the FOIA (§ 304.9 (Fees)).
RememberDenise.Org is focused, reporting, and informing on,
how government works in investigating and prosecuting
criminal tax cases, the horror that can occur when government
acts wrongfully, and how law and government can be improved.
It is currently investigating and reporting on the IRS's
November 2007 search of James and Denise Simon's home and the
resulting death of taxpayer Denise Simon, subsequent wrongful
death litigation against the IRS (and various individuals),
and the following IRS/DOJ criminal prosecution of James Simon;
all to show the public government activities and how
government works.  When its investigation is complete,
RememberDenise.org will report and inform the public on the
IRS's compliance, and/or non-compliance, with its own search
warrant policy (how government works), which has concerned
Constitution rights advocates and Congress for more than a
decade.

To qualify as "news media" the requester must show the
requester is "person or entity that gathers information of

[OVER]

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends. The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies. If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer-Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony

*(OVER)*

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice.  Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives.  The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff.  And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS.  It would not be the first time a "culture of wrong doing" existed in the IRS.  We know today that the FBI (an agency within the DOJ) for years

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer.  It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B.  The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with

9

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C. Conclusion. Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4. We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request. If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find. We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released. In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

10

search fees. These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

5. Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested. Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

(OVER)

7. Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8. Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9. Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10. Misdirected Request.

If you are not the official (or designee), inside of the DOJ

or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11. If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12. Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RIM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records

sought by this request, if not related purely to policy, might
be found in Mr. Simon's criminal files, OR they may be located
elsewhere in possession and/or control of DOJ employees or
agents, or IRS attorneys.

Further, responsive records may be related to civil suits
filed against the IRS, Agent Paul Muschell, Agent Linda
Porter, and Manager Alvin Patton by me, the estate of Denise
J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern
District of Indiana) and MAY be in the possession, or control,
of the before listed IRS employees, their government
attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be
restricted to a search of the Simon criminal files, or files
related to the civil suits, but should encompass ALL files in
which responsive records may reasonably be found.

13.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequentially
she is afforded no privacy in regard to this request.  Please
find enclosed a copy of her death certificate.

14.  Redaction May Be Required If Exemptions Apply or Access
to Records is Denied.

In the event exemptions apply and/or access to any of the
requested records is denied, please note the FOIA provides, if
only portions of a requested file or record are exempt from
release, that you provide all non-exempt records or portions
of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material
in detail and specify the statutory basis for withholding that

information by itemized detail of material withheld, redacted
or deleted, as well as your specific reasons for believing
that the alleged statutory justification applies in each
specific instance.  Your statements will help us and our
counsel to decide whether to appeal an adverse determination.
Thus, your agency's written justification might help avoid
unnecessary litigation.  Notwithstanding the foregoing, our
right to appeal your withholding or redaction of any
information is reserved.

15.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to
publicly available records.  Therefore, you should not direct
us to public record sources to satisfy this request, but
rather provide directly to us all responsive paper records.

16.  Information Required if Records Denied.

If some records are denied, in whole or in part, please
specify the city or other location where the requested records
are situation and so inform us in your letter denying
disclosure in compliance with the FOIA.  Additionally, please
provide us with an estimate volume count of the denied
records.

17.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address
shown at the top of page one of this request.  However, all
electronic, video, audio and other non-paper records should be
sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at
Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

(OVER)

15

16

**18.  Applicable Circuit Law.**

If the undersigned seek judicial relief in connection with this request, they anticipate doing so in the district court of the District of Columbia.  Consequently, when determining application of exemptions and circuit law differs, you should apply District of Columbia Circuit law.  If you make determinations by applying another circuit's law, please inform us.

**19.  Certification.**

I certify that I am James A. Simon, I am the publisher of RememberDenise.org, I was born on 12 July 1950 in Fort Wayne, Allen County, Indiana, I am a U.S. Citizen, and my social security number is 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.

Thank you for your consideration of this important matter.  We look forward to quick resolution of any problems you may encounter in fulfilling this request, and receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
- Attached Schedule
- Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date forth in the acknowledgement below.

STATE OF MINNESOTA

:ss

COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me, JAMES A. SIMON, the person who executed this instrument for the purposes within, this 3rd day of October 2016.

Notary Public                                Seal:

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE                    *17*

Requested Records

FOIA/PA Request Number: *D15-42*

*Oct 23* , 201*5*

1.   Show communications and/or records sent to the office, or
representative(s) of Taxpayer Inspector General for Tax
Administration, known as TIGTA, regarding individuals, and/or
matters, connected with James A. Simon and/or Denise J.
Simon.

Note:

A.   When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.   The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

(This Page Intentionally Blank)            *18*

*21*

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachal Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachal Simon or pertaining to Rachal Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.


Sandra Simon
Guardian



---

January ___, 2015

*22*

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to relea[se]
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bod[y]
or affiliated organization of any government.


Richard Wilson

Managing Director

State of Washington
County of Pierce

Subscribed and sworn/affirmed to before me the 12 by of Jan

20 15 by Richard Wilson
Notary Public

My Commission Expires 02-25-2016

DYLAN SWENSEN
COMMISSION EXPIRES
NOTARY
PUBLIC
02-25-18
STATE OF WASHINGTON

23

34

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana,
has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-3-3 and IC 29-3-8-4-4;
however, the powers referred to in paragraph no. (10) under IC § 29-3-8-4 shall require prior
written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

Michelle J. Vian
Clerk Allen Superior Court

Exhibit J

---

4.   Rachel is in need of a guardian because of her minority status, and it is in
Rachel's best interests that a guardian be appointed over her person and estate, and no other
petition for the appointment of a guardian has been filed.

5.   The Petition for the appointment of a guardian filed in this matter is uncontested
by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6.   Sandy is a suitable person to serve as guardian and is fully qualified and willing to
assume the duties and responsibilities of the guardianship.

7.   All of the requirements for the appointment of a guardian as set forth in the
Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and
estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as
set out in IC §§ 29-3-8-4-1, IC 29-3-8-2, and IC 29-3-8-4.

8.   It has been further determined that Rachel only has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1.   Rachel, by reason of her minority status, is unable to care for her person and
estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a
guardian over her person and estate is necessary.

2.   Sandy is the most qualified and suitable person available to serve as guardian and
is hereby appointed as the guardian of Rachel's person and estate.

3.   Sandy shall serve as guardian upon taking an oath before the Clerk of this Court
and may serve without bond.

4.   Upon taking such an oath, the Clerk of this Court is directed to issue Letters of
Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

ORDER APPOINTING GUARDIAN OVER
PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition
for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the
Court and part of the Court's record.

And the Court, having reviewed the Petition and having found evidence thereon and the
Petitioner having appeared in person and by counsel on the 15th day of June 2011, including the
testimony of Tracy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon
("Rachel"), and being fully advised in the premises, now finds that the allegations contained in
said petition are true, and that:

1.   Rachel is over 14 years of age and has consented to the guardianship proceedings
as evidenced by her consent on file with the Court.

2.   Notice required under the statute and by this Court has been waived by all
interested parties as evidenced by the written Waiver and Consents filed with this Court.

3.   Rachel, a resident of Allen County, Indiana, residing at 1922 Simon Road,
Huntertown, Indiana, is incapable of handling her person and financial affairs due to her minority
status and is hereby found to be an incapacitated person under Indiana law,

authorized to exercise all powers granted a guardian of the person and estate of a minor as set
forth in IC §§ 29-3-8-4-1, IC 29-3-8-2, and IC 29-3-8-4.

5.   That the requirement to supply to this Court an inventory and regular accountings
is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar
year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

Judge, Allen Superior Court

NOTICE IS REQUIRED
COURT ____ CLERK __X__ PARTY ____ OTHER

PROOF OF NOTICE UNDER TRIAL RULE 72(D)

A copy of this entry was served either by mail in the address of record, deposited in the Court's attorney's
distribution, or personally upon the person under filed as listed below:

Mark R. Wenzel, Beckman Lawson, LLP, Box PT
Tracy L. Troyer, Beckie, Troyer & Laverski, PC, 2341 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE of NOTICE: _____

INITIALS OF PERSON WHO NOTIFIED PARTIES ____ COURT ____ CLERK ____ PART ____ OTHER

.25

.26

CERTIFIED COPY ISSUED BY ALLEN COUNTY

65797

INDIANA STATE DEPARTMENT OF HEALTH

Local No. 002913

CERTIFICATE OF DEATH

State No. ............

THE RECORD OF THIS ITEM ARE CONFIDENTIAL PER IC 16-1-19.5-15

| TYPE/PRINT | 1. DECEASED-NAME | | | 2. SEX | 3a. TIME OF DEATH | 3b. DATE OF DEATH (Mo, Day, Yr) |
|---|---|---|---|---|---|---|
| | Denise | Jane | Simon | Female | 10:22 pm | November 9, 2007 |

10607 Monta Vista Court

Allen

Married

James A. Simon

Housewife Extraordinaire

Home

Indiana

Fort Wayne

10607 Monta Vista Court

Allen

James A. Simon

10607 Monta Vista CRT 18, Wayne IN 46814 Husband

November 19, 2007

Northern Indiana Crematory

Fort Wayne, Indiana

CARBON MONOXIDE POISONING

DEPUTY CORONER

NOVEMBER 15, 2007

REBECCA STUTTLE  1 N. SUPERIOR ST. ROOM 313 FORT WAYNE, INDIANA 468021

NOV 13 2007

INFLICTED CARBON MONOXIDE

10607 MONTE VISTA CT.
FORT WAYNE, INDIANA

---

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public - Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne   9/5/14

27

STATE OF INDIANA   )
                    )SS:
COUNTY OF ALLEN   )

IN THE MATTER OF THE ESTATE  )

OF          )

DENISE J. SIMON, Deceased.  )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

**PERSONAL REPRESENTATIVE'S LETTERS**

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21st

Clerk, Allen
JB.

30U6168

---

28

STATE OF INDIANA   )
                    )SS:
COUNTY OF ALLEN   )

IN THE MATTER OF THE ESTATE  )

OF          )

DENISE J. SIMON, Deceased.  )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

**ORDER APPOINTING PERSONAL REPRESENTATIVE**

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014..

T.J. Houk
Judge, Allen Superior Court

30U6168

(OVER)

August 20, 2014

*29*

To whom it may concern:

    I do hereby authorize any agency, body, or affiliated body
of the U.S. Government (or representative thereof) to release
any and all information about or concerning J.S. Partners,
Ltd, a Colorado partnership, to James A. Simon in response to
a Freedom of Information Act (FOIA) or Privacy Act (PA)
request(s) that James A. Simon has submitted, or does submit
to any agency, body, or affiliated body of the U.S. Government
(or representative thereof).

James A. Simon
General Partner

December _11_, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning Elekta Limited to
James A. Simon in response to a Freedom of Information Act
(FOIA) request that James A. Simon has submitted, or does
submit to any agency, body, or affiliated body of the U.S.
Government.

Sandra Simon   Dec 11, '12

Sandra Simon
Managing Director

December _17th_, 2012

*30*

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning ICHUA Limited to James
A. Simon in response to a Freedom of Information Act (FOIA)
request that James A. Simon has submitted, or does submit to
any agency, body, or affiliated body of the U.S. Government.

Roland Hopp
Managing Director

Ø ID  45-3762289

December _3_, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning the Simon Family Trust
(ID 35-1982457) to James A. Simon in response to a Freedom of
Information Act (FOIA) request that James A. Simon has
submitted, or does submit, to any agency, body, or affiliated
body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 43

JAMES A. SIMON

.10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Oct 23*, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020.

Subject:   Our FOIA Request Number: *D15-43*

      IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "FOIA Request Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

.1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 JAN 08* to *15 Oct 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  <u>Use of Records.</u>

  The requested records will be used in the news reporting of RememberDenise.org, in legal proceedings to reverse and set aside the criminal conviction of James A. Simon, in reinstating the dismissal of a Federal Tort Claim Act suit filed against the U.S. Government, and in preserving a pending Bivens action against certain IRS agents and other individuals.

3.  <u>News Media Status and Request for Fee Waiver.</u>

  RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)).  RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

  To qualify as "news media" the requester must show the requester is "person or entity that gathers information of

*(OVER)*

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ. The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities. The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities. Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public.

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works.  RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted).  Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports.  Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing.  Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4)  Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding.  Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies.  If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works.  It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation.  The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status.  Moreover, early 2015 testimony

(OVER)

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice.  Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives.  The DOJ has yet to prosecute anyone involved.

   In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff.  And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

   The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

   Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS.  It would not be the first time a "culture of wrong doing" existed in the IRS.  We know today that the FBI (an agency within the DOJ) for years

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

   As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer.  It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

   B.  The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with

9

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C.  Conclusion.  Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4.  We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we  AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request.  If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find.  We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released.  In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

10

search fees.  These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

5.  Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested.  Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6.  Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records.  Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records.  We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

(OVER)

7.  Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied.  Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8.  Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request.  Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9.  Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10.  Misdirected Request.

If you are not the official (or designee), inside of the DOJ

or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11.  If Responsive Records Are Electronic Records.

It may be requested records are maintained in one or more co mputers and such "electronic" records are not considered "paper" records by the DOJ.  The DOJ, must make reasonable efforts to search for records.  With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records.  However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12.  Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RIM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN.  The court is currently considering a motion for re-trial.  The records

*13*

sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

### 13. Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007. Consequentially she is afforded no privacy in regard to this request. Please find enclosed a copy of her death certificate.

### 14. Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that

*14*

information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance. Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation. Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

### 15. Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records. Therefore, you should not direct us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

### 16. Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA. Additionally, please provide us with an estimate volume count of the denied records.

### 17. Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request. However, all electronic, video, audio and other non-paper records should be sent to: Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

*(OVER)*

15

16

18.  Applicable Circuit Law.

If the undersigned seek judicial relief in connection with this request, they anticipate doing so in the district court of the District of Columbia.  Consequently, when determining application of exemptions and circuit law differs, you should apply District of Columbia Circuit law.  If you make determinations by applying another circuit's law, please inform us.

19.  Certification.

I certify that I am James A. Simon, I am the publisher of RememberDenise.org, I was born on 12 July 1950 in Fort Wayne, Allen County, Indiana, I am a U.S. Citizen, and my social security number is 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.

Thank you for your consideration of this important matter.  We look forward to quick resolution of any problems you may encounter in fulfilling this request, and receipt of all responsive records.

Respectfully,

James A. Simon

Publisher RememberDenise.org, and Individual

Enclosures:

- Attached Schedule
- Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date forth in the acknowledgement below.

STATE OF MINNESOTA
                                    :SS
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me, JAMES A. SIMON, the person who executed this instrument for the purposes within, this ___ day of October, 2015.

Shelley Haag                         Seal:
Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

*17*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: V15-43

Oct 23, 2015

1.  Show communications and/or records received from the
office, or representative(s), of Taxpayer Inspector General
for Tax Administration, known as TIGTA, regarding individuals,
and/or matters, connected with James A. Simon and/or Denise J.
Simon.

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, the FOIA
requires, "The amount of information deleted shall be
indicated on the released portion of the record ..."

   C.  Records submitted to Judge Miller's court need not be
produced in reponse to this FOIA request.

(This Page Intentionally Blank)

Date 1/16/15

*19*

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 16, 2019

County of wayne 1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2016
Commission # 11983853

Date: 5/11/2016

*20*

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



*(OVER)*

21

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra L Simon

Sandra Simon

Guardian



22

January ___, 2015

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to releas
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bo
or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington

County of Pierce

Subscribed and sworn/affirmed to before me this 12th day of Jan

20 16 by Richard Wilson

Notary Public

My Commission Expires: 02-25-2016

DYLAN SWENSON
COMMISSION EXPIRES
NOTARY
PUBLIC
02-25-18
STATE OF WASHINGTON

23

STATE OF INDIANA,       )
                        ) SS:
COUNTY OF ALLEN         )

IN THE MATTER OF THE GUARDIANSHIP

OF

RACHEL A. SIMON, a minor.

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02MO1-1004-GU-07

LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_____
Clerk Allen Superior Court

4.    Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5.    The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian of Litem for Rachel.

6.    Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7.    All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

8.    It has been further determined that Rachel only has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that

1.    Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2.    Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3.    Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4.    Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as to the guardian is

(OVER)

---

24

STATE OF INDIANA,       )
                        ) SS:
COUNTY OF ALLEN         )

IN THE MATTER OF THE GUARDIANSHIP

OF

RACHEL A. SIMON, a minor.

ORDER APPOINTING GUARDIAN OVER
PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the testimony of Tracy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1.    Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2.    Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3.    Rachel, a resident of Allen County, Indiana, residing at 1522 Simon Road, Hunterton, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5.    That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

_____
Judge, Allen Superior Court

NOTICE TO BE GIVEN:
___ COURT   ✓ PARTY   ___ OTHER

PROOF OF WITNESSES TRIAL RULE 5 FIND:

A copy of this entry was served either by mail to the address of record, deposited in the Court's attorney's distribution, or handed personally upon the persons and/or files as listed below:

Mark E. Wilson, Beckman Lawson, LLP, Box 37
Tracy L. Troyer, Beugie, Troyer & Garrison, P.C. 7223 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE:_____

INITIALS OF PERSON WHO NOTIFIED PARTIES   ___ COURT   ___ CLERK   ___ PARTY   ___ OTHER

25

CERTIFIED COPY ISSUED BY ALLEN COUNTY

65797

INDIANA STATE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Local No. 002913                                            State No.

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1-19.3    15

| Denise | Jane | Simon | Female | 10:22 pm | November 5, 2007 |

Allen        Fort Wayne        Allen

Married        James A. Simon        Homemaker Extraordinaire        Home

Indiana        Allen        Fort Wayne        10607 Monte Vista Court

James A. Simon        10607 Monte Vista Crt. Ft. Wayne, IN 46814    Husband

November 19, 2007

Northern Indiana Crematory        Fort Wayne, Indiana

CARBON MONOXIDE POISONING

DEPUTY CORONER
NOVEMBER 15, 2007

REBECCA GYUTTLE    1 E. SUPERIOR ST. ROOM 313 FORT WAYNE, INDIANA 46802

NOV 19 2007

SELF-INFLICTED CARBON MONOXIDE

10607 MONTE VISTA CT.
FORT WAYNE, INDIANA

26

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2018

County of Wayne        9/5/14

27

STATE OF INDIANA  )
        ) SS:
COUNTY OF ALLEN  )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE )
    OF      )
          )
DENISE J. SIMON, Deceased.  )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21 ST

Clerk, Allen Superior Court

36U6168

---

28

STATE OF INDIANA  )
        ) SS:
COUNTY OF ALLEN  )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE )
    OF      )
          )
DENISE J. SIMON, Deceased.  )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

Judge, Allen Superior Court

36U6168

(OVER)

August 20, 2014

*29*

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd, a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December *11*, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon  Dec 11 .'12
Sandra Simon
Managing Director

December *17th*, 2012

*30*

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

ID 45-3762289

Roland Hopp
Managing Director

December *3*, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1982457) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 44

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

_Oct 23_, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number:  _D15-44_

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "FOIA Request Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since _1 Jan 06_ to _15 Oct 15_, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of RememberDenise.org, in legal proceedings to reverse and set aside the criminal conviction of James A. Simon, in reinstating the dismissal of a Federal Tort Claim Act suit filed against the U.S. Government, and in preserving a pending Bivens action against certain IRS agents and other individuals.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)).  RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of

_(OVER)_

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements.  It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience.  (Please review RememberDenise.org)  Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works.  RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted).  Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports.  Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing.  Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4)  Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding.  Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies.  If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works.  It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation.  The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status.  Moreover, early 2015 testimony

(OVER)

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continueing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working. There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B. The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied. A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest. (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.) RememberDenise.Org is non-profit and, along with

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C. Conclusion. Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4. We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request. If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find. We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released. In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

search fees. These statements are made so if you do deny the request for waiver of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee waiver, an appeal of a denial of fee waiver, or any related litigation.

5. Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested. Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records."), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

(OVER)

7.  Prior Requests.

. This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8.  Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9.  Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10.  Misdirected Request.

. If you are not the official (or designee), inside of the DOJ

or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11.  If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12.  Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RLM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records

13

sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

13.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequently she is afforded no privacy in regard to this request.  Please find enclosed a copy of her death certificate.

14.  Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that

14

information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance.  Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation.  Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

15.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records.  Therefore, you should not direct us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

16.  Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

17.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

(OVER)

18.  Applicable Circuit Law.

   If the undersigned seek judicial relief in connection with
this request, they anticipate doing so in the district court
of the District of Columbia.  Consequently, when determining
application of exemptions and circuit law differs, you should
apply District of Columbia Circuit law.  If you make
determinations by applying another circuit's law, please
inform us.

19.  Certification.

   I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for your consideration of this important matter.  We
look forward to quick resolution of any problems you may
encounter in fulfilling this request, and receipt of all
responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
   - Attached Schedule
   - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                    :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 23rd day of October 2015.

Notary Public                                    Seal:

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

Executor

17

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: D15-茉#44

Oct 23, 2015

1.  Show curiosity, interest, concern, reaction, speculation, conclusion, reference and/or emotion, about how James A. Simon managed, or was managing, to finance and/or pay legal fees and/or living expenses.

Note:

A.  When reasonable to read an item (or items) above, narrowly or broadly, it (or they) should be read broadly, and in the way that produces the highest number of responsive records.

B.  The FOIA requires exempt information, to be redacted (deleted) from responsive records so to segregate exempt portions from non-exempt portions, the non-exempt portions of the responsive records disclosed, and no responsive record be withheld solely because it contains exempted information, and that the amount of information deleted shall be indicated on the released portion of the record.

18

(This Page Intentionally Blank)

*19*

Date 1/16/15

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

*Rebecca Lynette Thomas*

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne   1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 28, 2015
Commission # 11083653

Date: 5/11/2015

*2 D*

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER)

25

26

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

_(signature)_      9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne    7/5/14

---

CERTIFIED COPY ISSUED BY ALLEN COUNTY    65797

INDIANA STATE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Local No. 002913    State No. _____

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1, 19.1    15

TYPE/PRINT

Denise    Jane    Simon    Female    10:22 am    November 5, 2007

10607 Monte Vista Court    Allen    Fort Wayne    Allen

Married    James A. Simon    Homemaker    Extraordinaire    Home

Indiana    Allen    Fort Wayne    10607 Monte Vista Court

James A. Simon    10607 Monte Vista Ct, Ft. Wayne, IN 46814

November 19, 2007    Fort Wayne, Indiana

Northern Indiana Crematory

CARBON MONOXIDE POISONING

NOVEMBER 19, 2007

REBECCA STUTTLE   1 E. SUPERIOR ST, ROOM B13 FORT WAYNE, INDIANA 468021

DEPUTY CORONER

NOV 19 2007

INJURED    CARBON MONOXIDE
POISONING

10607 MONTE VISTA CT.
FORT WAYNE, INDIANA

27

STATE OF INDIANA    )         IN THE ALLEN SUPERIOR COURT
                     ) SS:  PROBATE DIVISION
COUNTY OF ALLEN    )         CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE   )
            OF            )
                     )
DENISE J. SIMON, Deceased.    )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST day of NOVEMBER, 

Clerk, Allen Superior Court
J.A.

30UG168

---

28

STATE OF INDIANA    )         IN THE ALLEN SUPERIOR COURT
                     ) SS:  PROBATE DIVISION
COUNTY OF ALLEN    )         CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE   )
            OF            )
                     )
DENISE J. SIMON, Deceased.    )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

Judge, Allen Superior Court

30UG168

(OVER)

August 20, 2014

*29*

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd., a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December 11, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon   Dec 11. '12
Sandra Simon
Managing Director

December 17th, 2012

*30*

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

ID 45-3762289
Roland Hopp
Managing Director

December 3, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1982452) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Douglas Miller
Trustee

Exhibit 45

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Oct 23*, 201_5_

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: *D15-45*

IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "FOIA Request Number" when corresponding, so
there is no confusion about which FOIA/PA request you are
responding.

Dear FOIA/PA Official:

1. This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since *1 Jan 08* to *15 Oct 15*, related in any way
to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2. **Use of Records.**

The requested records will be used in the news reporting of
RememberDenise.org, in legal proceedings to reverse and set
aside the criminal conviction of James A. Simon, in
reinstating the dismissal of a Federal Tort Claim Act suit
filed against the U.S. Government, and in preserving a pending
Bivens action against certain IRS agents and other
individuals.

3. **News Media Status and Request for Fee Waiver.**

RememberDenise.org is a "news media" requester and seeks fee
wavier as provided for under the FOIA (§ 304.9 (Fees)).
RememberDenise.Org is focused, reporting, and informing on,
how government works in investigating and prosecuting
criminal tax cases, the horror that can occur when government
acts wrongfully, and how law and government can be improved.
It is currently investigating and reporting on the IRS's
November 2007 search of James and Denise Simon's home and the
resulting death of taxpayer Denise Simon, subsequent wrongful
death litigation against the IRS (and various individuals),
and the following IRS/DOJ criminal prosecution of James Simon;
all to show the public government activities and how
government works.  When its investigation is complete,
RememberDenise.org will report and inform the public on the
IRS's compliance, and/or non-compliance, with its own search
warrant policy (how government works), which has concerned
Constitution rights advocates and Congress for more than a
decade.

To qualify as "news media" the requester must show the
requester is "person or entity that gathers information of

*(OVER)*

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements.  It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience.  (Please review RememberDenise.org)  Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies. If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony

(OVER)

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice.  Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives.  The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff.  And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS.  It would not be the first time a "culture of wrong doing" existed in the IRS.  We know today that the FBI (an agency within the DOJ) for years

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer.  It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B.  The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C. Conclusion.  Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4. We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above; we AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request.  If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find.  We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released.  In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

search fees.  These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

5. Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested.  Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records.  Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records.  We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

(OVER)

7. Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8. Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9. Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10. Misdirected Request.

If you are not the official (or designee), inside of the DOJ or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11. If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12. Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RLM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records

*13*

sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

13.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequentially she is afforded no privacy in regard to this request.  Please find enclosed a copy of her death certificate.

14.  Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that

*14*

information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance.  Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation.  Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

15.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records.  Therefore, you should not direct us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

16.  Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

17.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

*(OVER)*

15

18.  Applicable Circuit Law.

   If the undersigned seek judicial relief in connection with
this request, they anticipate doing so in the district court
of the District of Columbia.  Consequently, when determining
application of exemptions and circuit law differs, you should
apply District of Columbia Circuit law.  If you make
determinations by applying another circuit's law, please
inform us.

19.  Certification.

   I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for your consideration of this important matter.  We
look forward to quick resolution of any problems you may
encounter in fulfilling this request, and receipt of all
responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
   - Attached Schedule
   - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                  :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 23rd day of October 2015.

Notary Public                  Seal:

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE                        *17*

Requested Records

FOIA/PA Request Number: *D15-45*

*Oct 23*, 2015

1. <sub>∧</sub><sup>ARE</sup>Sufficient to show each instance the Department of

Justice, and/or its representative(s), in connection with

prosecuting James A. Simon, FAILED TO FIND and/or IDENTIFY any

case (other than the criminal case against James A. Simon) in

which a defendant was CONVICTED of mail fraud when the alleged

deprivation of money or property (a required element of mail

fraud) was financial aid awarded by an educational institution

in connection with a student attending the same educational

institution.


Note:

A.  When reasonable to read an item (or items) above,

narrowly or broadly, it (or they) should be read broadly, and

in the way that produces the highest number of responsive

records.

B.  The FOIA requires exempt information, to be redacted

(deleted) from responsive records so to segregate exempt

portions from non-exempt portions, the non-exempt portions of

the responsive records disclosed, and no responsive record be

withheld solely because it contains exempted information, and

that the amount of information deleted shall be indicated on

the released portion of the record.

(This Page Intentionally Blank)

Date _11/16/15_

*19*

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of wayne   11/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2015
Commission # 11983653

Date:  _5/11/2015_

*20*

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER)

21

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra F Simon

Sandra Simon

Guardian



22

January ___, 2015

To whom it may concern: I do hereby authorize any agency,
body, or affiliated organization of any government to relea
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bo
or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington

County of Pierce

Subscribed and sworn/affirmed to before me this 12 day of Jan

19 15 by Richard Wilson

Notary Public

My Commission Expires: 02-25-2018

DYLAN SWENSEN
COMMISSION EXPIRES
02-25-18
NOTARY
PUBLIC
STATE OF WASHINGTON

23

24

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-4-4 shall require prior written approval of this Court. Further limitation of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_____
Clerk, Allen Superior Court

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy") Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of this Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the Petitioner having appeared in person and by counsel on the 15th day of June 2011, including the testimony of Troy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1522 Simon Road, Huntertown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law,

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-4-1, IC 29-3-8-2, and IC 29-3-8-4.

8. It has been further determined that Sandy should only be a guardian of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-4-1, IC 29-3-8-2, and IC 29-3-8-4.

5. That the requirement to supply to this Court an Inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual incomes substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

_____
Judge, Allen Superior Court

NOTICE TO BE SUPPLIED
COURT ___ CLERK _X_ PARTY ___ OTHER ___
PROOF OF NOTICE UNDER TRIAL RULE 72(D)

A copy of this entry was served either by mail to the address of record, deposited in the Court attorney's distribution box, distributed personally upon the person and/or filed as listed below:

Mark R. Wenzel, Beckman Lawson, LLP, Box 57
Troy L. Troyer, Beeghin, Troyer & Consist, P.C., 7311 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE ___

INITIALS OF PERSON WHO NOTIFIED PARTIES ___ COURT ___ CLERK ___ PARTY ___ OTHER

.25

26

CERTIFIED COPY ISSUED BY ALLEN COUNTY          65797

INDIANA STATE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Local No. 002913          State No.

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1-19.5

Denise Jane Simon          Female     10:22 cm   November 5, 2007

10607 Monte Vista Court          Allen

Married          James A. Simon

Indiana   Allen          Fort Wayne          10607 Monte Vista Court

James A. Simon

November 19, 2007

Northern Indiana Crematory          Fort Wayne, Indiana

CARBON MONOXIDE POISONING

REBECCA STUTTLE   1 W. SUPERIOR ST. ROOM 313 FORT WAYNE, INDIANA 46802

DEPUTY CORONER          NOVEMBER 15, 2007

NOV 1 3 2007

10607 MONTE VISTA CT.
FORT WAYNE, INDIANA

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public - Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne   7/5/14

27

STATE OF INDIANA          )
                          ) SS:
COUNTY OF ALLEN           )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE          )
                                     )
          OF                         )
                                     )
DENISE J. SIMON, Deceased.           )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST

Clerk, Allen Superior Court
J.B.

30U6168

---

28

STATE OF INDIANA          )
                          ) SS:
COUNTY OF ALLEN           )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE          )
                                     )
          OF                         )
                                     )
DENISE J. SIMON, Deceased.           )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March __21__, 2014.

_____
Judge, Allen Superior Court

30U6161

(OVER)

August 20, 2014

*29*

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd, a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

---

December 11, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon      Dec 11. '12
Sandra Simon
Managing Director

---

December 17th, 2012

*30*

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Hopp      ID 45-3762289
Managing Director

---

December 3, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1924152) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 46

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

_Oct 23_, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020.

Subject:   Our FOIA Request Number: _D15-46_

          IMPORTANT:  Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which FOIA/PA request you are

responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since _1 Jan 08_ to _15 Oct 15_, related in any way

to James A. Simon or Denise J. Simon, which:

                 (SEE ATTACHED SCHEDULE)

2.  Use of Records.

   The requested records will be used in the news reporting of

RememberDenise.org, in legal proceedings to reverse and set

aside the criminal conviction of James A. Simon, in

reinstating the dismissal of a Federal Tort Claim Act suit

filed against the U.S. Government, and in preserving a pending

Bivens action against certain IRS agents and other

individuals.

3.  News Media Status and Request for Fee Waiver.

   RememberDenise.org is a "news media" requester and seeks fee

wavier as provided for under the FOIA (§ 304.9 (Fees)).

RememberDenise.Org is focused, reporting, and informing on,

how government works in investigating and prosecuting

criminal tax cases, the horror that can occur when government

acts wrongfully, and how law and government can be improved.

It is currently investigating and reporting on the IRS's

November 2007 search of James and Denise Simon's home and the

resulting death of taxpayer Denise Simon, subsequent wrongful

death litigation against the IRS (and various individuals),

and the following IRS/DOJ criminal prosecution of James Simon;

all to show the public government activities and how

government works.  When its investigation is complete,

RememberDenise.org will report and inform the public on the

IRS's compliance, and/or non-compliance, with its own search

warrant policy (how government works), which has concerned

Constitution rights advocates and Congress for more than a

decade.

   To qualify as "news media" the requester must show the

requester is "person or entity that gathers information of

_(OVER)_

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A. Disclosure of the requested information is in the public interest.

(1) The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ. The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities. The requested records will show how government works.

(2) The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities. Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3) The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public.

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies. If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony

(OVER)

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives.' The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working. There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B. The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied. A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest. (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.) RememberDenise.Org is non-profit and, along with

9

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C. Conclusion. Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4. We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request. If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find. We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released. In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

10.

search fees. These statements are made so if you do deny the request for waiver of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

5. Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested. Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

(OVER)

//

7.  Prior Requests.

This request is not intended to duplicate any prior request
considered by us to be satisfied.  Moreover, we understand the
existence of a prior request is not grounds for refusing to
treat this request as a new request and to conduct an
appropriate search for the requested records.

8.  Not All Responsive Records Have Been Provided During
Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the
discovery phase of his criminal trial, all records now sought
with this FOIA request.  Nevertheless, it makes makes NO
difference (regarding what must be disclosed via the FOIA) if
responsive records have or have not been previously provided
during the discovery phase of a criminal proceeding, or
through some other way, because such prior production does not
exempt such records from search and disclosure under FOIA.

9.  Records Created by Another Agency or Constituent Unit of
the Department of Justice.

If your agency is in possession of a copy of a requested
record (or information) that was originated by another Agency
or constituent unit of the Department of Justice, we request
that, in compliance with FOIA regulations, you immediately
forward this request to the agency or constituent unit which
originated the record (or information) for direct reply to us,
and we promptly be notified of such referral by you.

10.  Misdirected Request.

If you are not the official (or designee), inside of the DOJ

12.

or otherwise, responsible for the requested records (or
information therein), according to FOIA regulations, please
immediately forward this request to the responsible official
for direct reply to us, AND so notify us of the referral.

11.  If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more co
mputers and such "electronic" records are not considered
"paper" records by the DOJ.  The DOJ, must make reasonable
efforts to search for records.  With respect to electronic
records, this may require the application of codes or some
form of programming to retrieve the information, unless such
efforts would significantly interfere with the operation of
the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA
obligation to research, analyze data or create paper records.
However, we further understand computer records are not exempt
from FOIA searches and that during proper FOIA searches
electronic records are searched, and it is ordinary that some
computer coding and/or programming may be required, and
customary that computer records in the form of new paper
records are created and provided to the requester.

12.  Responsive Records May Be Found in Simon Criminal Files,
or Elsewhere.

Mr. Simon has been convicted of filing false tax returns
(United States v. James A. Simon, 10 Cr. 56(RlM), U.S. Dist.
Ct. for the Northern District of Indiana) and is incarcerated
in the Federal Medical Center in Rochester, MN.  The court is
currently considering a motion for re-trial.  The records

sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

13.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007. Consequentially she is afforded no privacy in regard to this request. Please find enclosed a copy of her death certificate.

14.  Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that

information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance. Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation. Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

15.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records. Therefore, you should not direct us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

16.  Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA. Additionally, please provide us with an estimate volume count of the denied records.

17.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request. However, all electronic, video, audio and other non-paper records should be sent to: Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

(OVER)

15                                                                                                     16

18.  Applicable Circuit Law.

If the undersigned seek judicial relief in connection with
this request, they anticipate doing so in the district court
of the District of Columbia.  Consequently, when determining
application of exemptions and circuit law differs, you should
apply District of Columbia Circuit law.  If you make
determinations by applying another circuit's law, please
inform us.

19.  Certification.

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for your consideration of this important matter.  We
look forward to quick resolution of any problems you may
encounter in fulfilling this request, and receipt of all
responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
  - Attached Schedule
  - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                     :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 23rd day of October 2015.

_____ Seal:
Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE                    *17.*

Requested Records

FOIA/PA Request Number: *015-46*

*Oct 23*, 201*5*

*ARE*

1. Sufficient to show each instance the Department of
Justice, and/or its representative(s), in connection with
prosecuting James A. Simon, FAILED TO FIND and/or IDENTIFY any
case (other than the criminal case against James A. Simon) in
which a defendant was CHARGED with, and not CONVICTED of, mail
fraud when the alleged deprivation of money or property (a
required element of mail fraud) was financial aid awarded by
an educational institution in connection with a student
attending the same educational institution.

Note:

A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

(This Page Intentionally Blank)

Date _1/16/15_

*19*

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

*Rebecca Lynette Thomas*

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

*County of Wayne    1/16/15*

Date: _December 27, 2012_

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

*12-27-12*

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2015
Commission # 11983853

Date: _5/11/2016_

*2D*

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



*(OVER)*

21

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra L. Simon

Sandra Simon
Guardian



22

January ___, 2015

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to relea[se]
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bod[y]
or affiliated organization of any government.

Richard Wilson
Managing Director

State of Washington
County of Pierce

Subscribed and sworn/affirmed to before me this 12th day of Jan
20 15 by Richard Wilson.

Notary Public

My Commission Expires: 02-25-2018

DYLAN SWENSEN
COMMISSION EXPIRES
02-25-18
NOTARY PUBLIC
STATE OF WASHINGTON

23

24

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02A01-1104-GU-47

IN THE MATTER OF THE GUARDIANSHIP )
)
OF )
)
RACHEL A. SIMON, a minor. )

## LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §29-3-8-4 and IC 29-3-9-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-4-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this ___ day of June 2011.

_____
Clerk, Allen Superior Court

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1105-GU-47

IN THE MATTER OF THE GUARDIANSHIP )
)
OF )
)
RACHEL A. SIMON, a minor. )

## ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the Petitioner having appeared in person and by counsel on the 15th day of June 2011, including the testimony of Tracy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1522 Simon Road, Hometown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to the duties, responsibilities, or power as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-9-4.

8. It has been further determined that Rachel only has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of the Person and Estate is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

authorized to examine all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-9-4;

5. That the requirement to supply to this Court an Inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

_____
Judge, Allen Superior Court

NOTICE TO BE OBSERVED
COURT ___ CLERK _X_ PARTY ___ OTHER ___
PROOF OF NOTICE WHEN TRIAL RULE 72(D)

A copy of this entry was served either by mail to the address of record, deposited in the Court's attorney's distribution box and/or personally upon the persons under either filed as listed below:

Mark E. Wagner, Esquire, ...
Tracy L. Troyer, Esquire, ... Fort Wayne, IN 46814

DATE OF NOTICE: _____
INITIALS OF PERSON WHO NOTIFIED PARTIES ___ COURT ___ CLERK ___ PARTY ___ OTHER

25

26

CERTIFIED COPY ISSUED BY ALLEN COUNTY    65797

INDIANA STATE DEPARTMENT OF HEALTH

CERTIFICATE OF DEATH

Local No. 002913    State No.

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-37-1-8    15

| Denise | Jane | Simon | Female | 10:22 pm | November 5, 2007 |

Married    James A. Simon    Homemaker    Extraordinaire    Home

Indiana    Allen    Fort Wayne    10607 Monte Vista Court

Randall Travis    Gladys M. Suter

James A. Simon    10607 Monte Vista Ct., Ft. Wayne, IN 46814

November 19, 2007    Fort Wayne, Indiana

Northern Indiana Crematory

CARBON MONOXIDE POISONING

DEPUTY CORONER    NOVEMBER 15, 2007

REBECCA STUTTLE, 1 OF, SUPERIOR ST. ROOM 313 FORT WAYNE, INDIANA 46802

NOV 1 9 2007

INFLICTED CARBON MONOXIDE POISONING

10607 MONTE VISTA CT.
FORT WAYNE, INDIANA

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne

27

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE MATTER OF THE ESTATE )
)
OF )
)
DENISE J. SIMON, Deceased. )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST _____

_____
Clerk, Allen Superior Court

30UG168

---

28

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE MATTER OF THE ESTATE )
)
OF )
)
DENISE J. SIMON, Deceased. )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March  21 , 2014.

_____
Judge, Allen Superior Court

30UG168

(OVER)

August 20, 2014

29

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd., a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon

General Partner

December _11_, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon   Dec 11.'12

Sandra Simon

Managing Director

December _17_, 2012

30

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Hopp   ID   45-3762289

Managing Director

December _3_, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 95-1982452) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller

Trustee

Exhibit 47

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Oct 23*, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: *D15-48*

IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "FOIA Request Number" when corresponding, so
there is no confusion about which FOIA/PA request you are
responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since *1 Jan 08* to *15 Oct 15*, related in any way
to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of
RememberDenise.org, in legal proceedings to reverse and set
aside the criminal conviction of James A. Simon, in
reinstating the dismissal of a Federal Tort Claim Act suit
filed against the U.S. Government, and in preserving a pending
Bivens action against certain IRS agents and other
individuals.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee
wavier as provided for under the FOIA (§ 304.9 (Fees)).
RememberDenise.Org is focused, reporting, and informing on,
how government works in investigating and prosecuting
criminal tax cases, the horror that can occur when government
acts wrongfully, and how law and government can be improved.
It is currently investigating and reporting on the IRS's
November 2007 search of James and Denise Simon's home and the
resulting death of taxpayer Denise Simon, subsequent wrongful
death litigation against the IRS (and various individuals),
and the following IRS/DOJ criminal prosecution of James Simon;
all to show the public government activities and how
government works.  When its investigation is complete,
RememberDenise.org will report and inform the public on the
IRS's compliance, and/or non-compliance, with its own search
warrant policy (how government works), which has concerned
Constitution rights advocates and Congress for more than a
decade.

To qualify as "news media" the requester must show the
requester is "person or entity that gathers information of

*(OVER)*

3

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ. The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities. The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities. Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public.

5

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works.  RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted).  Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports.  Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing.  Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

6

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4)  Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding.  Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies.  If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works.  It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation.  The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status.  Moreover, early 2015 testimony

(OVER)

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice.  Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives.  The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff.  And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS.  It would not be the first time a "culture of wrong doing" existed in the IRS.  We know today that the FBI (an agency within the DOJ) for years

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer.  It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B.  The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

   C.   Conclusion.  Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

   4.  We Commitment to Pay Fees If Fee Waiver Denied.

   If you deny the fee waiver grant requested above, we  AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request.  If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find.  We will then consider increasing the amount of our commitment to pay search and copy fees.

   We understand that payment for search fees may be required to be made even if no documents are located or released.  In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

search fees.  These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

   5.  Not Requesting Any and All Records.

   Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested.  Nor is this request a request for any and ALL records in his or her "criminal administrative file".

   6.  Not Seeking Research, Analysis of Data or Creation of Records.

   We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records.  Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

   We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records.  We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

                                                        (OVER)

7.  Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied.  Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8.  Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request.  Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9.  Records Created by Another Agency or Constituent Unit of the Department of Justice.

"If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10.  Misdirected Request.

.  If you are not the official (or designee), inside of the DOJ

or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11.  If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ.  The DOJ, must make reasonable efforts to search for records.  With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records.  However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12.  Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RLM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN.  The court is currently considering a motion for re-trial.  The records

sought by this request, if not related purely to policy, might
be found in Mr. Simon's criminal files, OR they may be located
elsewhere in possession and/or control of DOJ employees or
agents, or IRS attorneys.

Further, responsive records may be related to civil suits
filed against the IRS, Agent Paul Muschell, Agent Linda
Porter, and Manager Alvin Patton by me, the estate of Denise
J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern
District of Indiana) and MAY be in the possession, or control,
of the before listed IRS employees, their government
attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be
restricted to a search of the Simon criminal files, or files
related to the civil suits, but should encompass ALL files in
which responsive records may reasonably be found.

13.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequentially
she is afforded no privacy in regard to this request.  Please
find enclosed a copy of her death certificate.

14.  Redaction May Be Required If Exemptions Apply or Access
to Records is Denied.

In the event exemptions apply and/or access to any of the
requested records is denied, please note the FOIA provides, if
only portions of a requested file or record are exempt from
release, that you provide all non-exempt records or portions
of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material
in detail and specify the statutory basis for withholding that

information by itemized detail of material withheld, redacted
or deleted, as well as your specific reasons for believing
that the alleged statutory justification applies in each
specific instance.  Your statements will help us and our
counsel to decide whether to appeal an adverse determination.
Thus, your agency's written justification might help avoid
unnecessary litigation.  Notwithstanding the foregoing, our
right to appeal your withholding or redaction of any
information is reserved.

15.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to
publicly available records.  Therefore, you should not direct
us to public record sources to satisfy this request, but
rather provide directly to us all responsive paper records.

16.  Information Required if Records Denied.

If some records are denied, in whole or in part, please
specify the city or other location where the requested records
are situation and so inform us in your letter denying
disclosure in compliance with the FOIA.  Additionally, please
provide us with an estimate volume count of the denied
records.

17.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address
shown at the top of page one of this request.  However, all
electronic, video, audio and other non-paper records should be
sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at
Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

*(OVER)*

15

16

18.  **Applicable Circuit Law.**

If the undersigned seek judicial relief in connection with this request, they anticipate doing so in the district court of the District of Columbia.  Consequently, when determining application of exemptions and circuit law differs, you should apply District of Columbia Circuit law.  If you make determinations by applying another circuit's law, please inform us.

19.  **Certification.**

I certify that I am James A. Simon, I am the publisher of RememberDenise.org, I was born on 12 July 1950 in Fort Wayne, Allen County, Indiana, I am a U.S. Citizen, and my social security number is 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.

Thank you for your consideration of this important matter.  We look forward to quick resolution of any problems you may encounter in fulfilling this request, and receipt of all responsive records.

Respectfully,

James A. Simon

Publisher RememberDenise.org, and

Individual

Enclosures:

- Attached Schedule
- Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date forth in the acknowledgement below.

STATE OF MINNESOTA

:ss

COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me, JAMES A. SIMON, the person who executed this instrument for the purposes within, this 23rd day of October 2015.

Shelley Haag  seal:

Notary Public

James A. Simon

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

*17*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: _D15-48_

_Oct 23_ , 201_5_

1. Show the instances in (or about) which the Department of
Justice, and or one of its representatives, concluded a
government witness, who testified in an affidavit, and/or at
Simon's grand jury proceeding(s), pre-trial hearing(s), trial,
and/or post-trial hearing(s), may have, and/or did, testify
inaccurately, incompletely, selectively, untruthfully, less
than fully, and/or misleadingly.

Note:

A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

*) 8*

(This Page Intentionally Blank)

Date 1/16/15

19

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

Rebecca Lynette Thomas

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne   1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2015
Commission # 11983653

Date: 5/11/2015

2 D

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER)

*21*

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra L. Simon

Sandra Simon

Guardian



*22*

January ____, 2015

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to relea
any and all information about, pertaining to, or concerning
U.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bod
or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington
County of Pierce

Subscribed and sworn to before me this 12 day of Jan.

20 15 by Richard Wilson

Notary Public

My Commission Expires: 02-25-2016

DYLAN SWENSEN
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
02-25-16

23

24

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-47

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of its authority designated in IC §§ 29-3-8-4 and IC 29-3-8-4; however, this power referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_____
Clerk, Allen Superior Court

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-47

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the Petitioner having appeared in person and by counsel on the 15th day of June 2011, including the testimony of Tracy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the within Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1922 Simon Road, Hometown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

8. It has been further determined that Rachel only has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5. That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

_____
Judge, Allen Superior Court

NOTICE TO BE SIGNED:
___ COURT ___ CLERK ___ OTHER
PROOF OF NOTICE UNDER TRIAL RULE 72(D)

A copy of this entry was served either by mail in the address of record, deposited in the Court's attorney's distribution box, distributed personally upon the parties and/or filed as listed below:

Mark E. Wissner, Beckman Lawson, LLP, Box 87
Tracy L. Troyer, Beeghin, Troyer & Cromleht, PC, 1222 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE: _____
INITIALS OF PERSON WHO NOTIFIED PARTIES ___ COURT ___ CLERK ___ PARTY ___ OTHER

25

26

CERTIFIED COPY ISSUED BY ALLEN COUNTY

65797

**INDIANA STATE DEPARTMENT OF HEALTH**

**CERTIFICATE OF DEATH**

Local No. 002913       State No. _____

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL, PUBL 16-4, 19-3  15

| Denise | Jane | Simon | Female | 10:22 pm | November 5, 2007 |

Married

James A. Simon

Homemaker  Extraordinaire       Home

Indiana     Allen     Fort Wayne     10607 Monta Vista Court

James A. Simon     10607 Monte Vista Ct. Ft. Wayne, IN 46814  Husband

November 19, 2007

Northern Indiana Crematory          Fort Wayne, Indiana

CARBON MONOXIDE POISONING

Rebecca Stutti     DEPUTY CORONER       NOVEMBER 15, 2007

REBECCA STUTTLE   1 E. SUPERIOR ST. ROOM 813 FORT WAYNE, INDIANA 46802

NOV 1 3 2007

CAUSED BY SELF-INFLICTED CARBON MONOXIDE
10607 MONTE VESTA CT.
FORT WAYNE, INDIANA

---

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

Rebecca Lynette Thomas

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne   9/5/14

27

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | PROBATE DIVISION |
| COUNTY OF ALLEN | ) | CAUSE NO. 02D01–0802–EU–97 |

IN THE MATTER OF THE ESTATE )
OF )
DENISE J. SIMON, Deceased. )

## PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21 ST

Clerk, Allen Superior Court
JB.

30U6168

---

28

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | PROBATE DIVISION |
| COUNTY OF ALLEN | ) | CAUSE NO. 02D01–0802–EU–97 |

IN THE MATTER OF THE ESTATE )
OF )
DENISE J. SIMON, Deceased. )

## ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

Judge, Allen Superior Court

30U6168

(OVER)

August 20, 2014                                                    29

To whom it may concern:

   I do hereby authorize any agency, body, or affiliated body
of the U.S. Government (or representative thereof) to release
any and all information about or concerning J.S. Partners,
Ltd, a Colorado partnership, to James A. Simon in response to
a Freedom of Information Act (FOIA) or Privacy Act (PA)
request(s) that James A. Simon has submitted, or does submit
to any agency, body, or affiliated body of the U.S. Government
(or representative thereof).

James A. Simon
General Partner


December 11, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning Elekta Limited to
James A. Simon in response to a Freedom of Information Act
(FOIA) request that James A. Simon has submitted, or does
submit to any agency, body, or affiliated body of the U.S.
Government.

Sandra Simon   Dec 11.'12
Sandra Simon
Managing Director


December 17, 2012                                                  30

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning ICHOA Limited to James
A. Simon in response to a Freedom of Information Act (FOIA)
request that James A. Simon has submitted, or does submit to
any agency, body, or affiliated body of the U.S. Government.

Roland Hopp              Ø ID 45-3762289
Managing Director


December 3, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning the Simon Family Trust
(ID 35-1982152) to James A. Simon in response to a Freedom of
Information Act (FOIA) request that James A. Simon has
submitted, or does submit, to any agency, body, or affiliated
body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 48

JAMES A. SIMON

. 10711-027   2/2

Federal Medical Center

. P.O. Box 4000

Rochester, MN 55903-4000

_Oct 23_, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: _D15-49_

        IMPORTANT:  Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which FOIA/PA request you are

responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since _1 Jan 06_ to _15 Oct 15_, related in any way

to James A. Simon or Denise J. Simon, which:

            (SEE ATTACHED SCHEDULE)

2.  Use of Records.

  The requested records will be used in the news reporting of

RememberDenise.org, in legal proceedings to reverse and set

aside the criminal conviction of James A. Simon, in

reinstating the dismissal of a Federal Tort Claim Act suit

filed against the U.S. Government, and in preserving a pending

Bivens action against certain IRS agents and other

individuals.

3.  News Media Status and Request for Fee Waiver.

  RememberDenise.org is a "news media" requester and seeks fee

wavier as provided for under the FOIA (§ 304.9 (Fees)).

RememberDenise.Org is focused, reporting, and informing on,

how government works in investigating and prosecuting

criminal tax cases, the horror that can occur when government

acts wrongfully, and how law and government can be improved.

It is currently investigating and reporting on the IRS's

November 2007 search of James and Denise Simon's home and the

resulting death of taxpayer Denise Simon, subsequent wrongful

death litigation against the IRS (and various individuals),

and the following IRS/DOJ criminal prosecution of James Simon;

all to show the public government activities and how

government works.  When its investigation is complete,

RememberDenise.org will report and inform the public on the

IRS's compliance, and/or non-compliance, with its own search

warrant policy (how government works), which has concerned

Constitution rights advocates and Congress for more than a

decade.

  To qualify as "news media" the requester must show the

requester is "person or entity that gathers information of

_[OVER]_

3

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A. Disclosure of the requested information is in the public interest.

(1)   The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ. The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities. The requested records will show how government works.

(2)   The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities. Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)   The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public.

5

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works.  RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted).  Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports.  Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing.  Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

6

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4)  Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding.  Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies.  If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works.  It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation.  The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status.  Moreover, early 2015 testimony

(OVER)

7

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice.  Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives.  The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff.  And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS.  It would not be the first time a "culture of wrong doing" existed in the IRS.  We know today that the FBI (an agency within the DOJ) for years

8

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer.  It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B.   The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C. Conclusion.  Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4. We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we  AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request.  If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find.  We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released.  In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

search fees.  These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

5. Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested.  Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records.  Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records.  We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

(OVER)

7.  Prior Requests.

. This request is not intended to duplicate any prior request
considered by us to be satisfied.  Moreover, we understand the
existence of a prior request is not grounds for refusing to
treat this request as a new request and to conduct an
appropriate search for the requested records.

8.  Not All Responsive Records Have Been Provided During
Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the
discovery phase of his criminal trial, all records now sought
with this FOIA request.  Nevertheless, it makes makes NO
difference (regarding what must be disclosed via the FOIA) if
responsive records have or have not been previously provided
during the discovery phase of a criminal proceeding, or
through some other way, because such prior production does not
exempt such records from search and disclosure under FOIA.

9.  Records Created by Another Agency or Constituent Unit of
the Department of Justice.

If your agency is in possession of a copy of a requested
record (or information) that was originated by another Agency
or constituent unit of the Department of Justice, we request
that, in compliance with FOIA regulations, you immediately
forward this request to the agency or constituent unit which
originated the record (or information) for direct reply to us,
and we promptly be notified of such referral by you.

10.  Misdirected Request.

. If you are not the official (or designee), inside of the DOJ
or otherwise, responsible for the requested records (or
information therein), according to FOIA regulations, please
immediately forward this request to the responsible official
for direct reply to us, AND so notify us of the referral.

11.  If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more co
mputers and such "electronic" records are not considered
"paper" records by the DOJ.  The DOJ, must make reasonable
efforts to search for records.  With respect to electronic
records, this may require the application of codes or some
form of programming to retrieve the information, unless such
efforts would significantly interfere with the operation of
the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA
obligation to research, analyze data or create paper records.
However, we further understand computer records are not exempt
from FOIA searches and that during proper FOIA searches
electronic records are searched, and it is ordinary that some
computer coding and/or programming may be required, and
customary that computer records in the form of new paper
records are created and provided to the requester.

12.  Responsive Records May Be Found in Simon Criminal Files,
or Elsewhere.

Mr. Simon has been convicted of filing false tax returns
(United States v. James A. Simon, 10 Cr. 56(RIM), U.S. Dist.
Ct. for the Northern District of Indiana) and is incarcerated
in the Federal Medical Center in Rochester, MN.  The court is
currently considering a motion for re-trial.  The records

*13*

sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

13.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequentially she is afforded no privacy in regard to this request.  Please find enclosed a copy of her death certificate.

14.  Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that

*14*

information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance.  Your statements will help us and our counsel to decide whether to appeal an adverse determination.  Thus, your agency's written justification might help avoid unnecessary litigation.  Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

15.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records.  Therefore, you should not direct us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

16.  Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

17.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to: Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

*(OVER)*

15

16

**18.  Applicable Circuit Law.**

If the undersigned seek judicial relief in connection with this request, they anticipate doing so in the district court of the District of Columbia.  Consequently, when determining application of exemptions and circuit law differs, you should apply District of Columbia Circuit law.  If you make determinations by applying another circuit's law, please inform us.

**19.  Certification.**

I certify that I am James A. Simon, I am the publisher of RememberDenise.org, I was born on 12 July 1950 in Fort Wayne, Allen County, Indiana, I am a U.S. Citizen, and my social security number is 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.

Thank you for your consideration of this important matter.  We look forward to quick resolution of any problems you may encounter in fulfilling this request, and receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
  - Attached Schedule
  - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date forth in the acknowledgement below.

STATE OF MINNESOTA
                                    :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me, JAMES A. SIMON, the person who executed this instrument for the purposes within, this 23rd day of October 2015.

Shelley S Haag          Seal:
Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

*17*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *D15-49*

*Oct 23*, 201*5*

1.  Show the instances in (or about) which the Department of
Justice (inclusive of one or more of its representatives)
became aware a government witness (potential or otherwise), in
a matter connected with James A. Simon, could not, would not,
refused to, shyd from, and/or felt uncomfortable with/about,
testifying as preferred, requested, and/or suggested, by a
government entity, inclusive of by not limited to the
Department of Justice, and/or one or more of its
representatives.

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

*18*

(This Page Intentionally Blank)

Date _1/16/15_                                                            *19*

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made or may make to any government agencies and/or organizations.

Adam Simon

*Rebecca Lynette Thomas*

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 16, 2019

*County of Wayne* 1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2015
Commission # 11983953

Date: _5/11/2015_                                                        *20*

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER).

21

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra L Simon

Sandra Simon

Guardian



22

January ___, 2015

To whom it may concern: I do hereby authorize any agency,
body, or affiliated organization of any government to relea
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bo
or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington
County of Pierce

Subscribed and sworn/affirmed to before me this 12th day of Jan

20 15 by Richard Wilson

Notary Public

My Commission Expires: 02-25-2018

23

STATE OF INDIANA  )
                  ) SS:
COUNTY OF ALLEN   )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of:

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-4-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-4-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_____
Clerk, Allen Superior Court

---

STATE OF INDIANA  )
                  ) SS:
COUNTY OF ALLEN   )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the testimony of Troy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceeding as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1922 Simms Road, Hometown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitation as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-4-4.

8. It has been further determined that Rachel only has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

24

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-4-4.

5. That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

_____
Judge, Allen Superior Court

NOTICE TO BE GIVEN BY:
____ COURT  ____ CLERK  _X_ PARTY  ____ OTHER

PROOF OF NOTICE/NEED TRIAL RULE 5(D):

A copy of this entry was served either by mail to the address of record, deposited in the Court's attorney's distribution box, distributed personally upon the person under filed as listed below:

Mark E. Wenzel, Beckman Lawson, LLP, Box 37
Troy L. Troyer, Haught, Troyer & Garsnide, PC, 7211 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE: _____

INITIALS OF PERSON WHO NOTIFIED PARTIES: ____ COURT  ____ CLERK  ____ PARTY  ____ OTHER

25

26

CERTIFIED COPY ISSUED BY ALLEN COUNTY          65797

INDIANA STATE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Local No. 002913          State No. _____

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL. FIND IC 16-1, 18-3     15

| Denise | Jane | Simon | Female | 10:22 pm | November 5, 2007 |

10607 Monte Vista Court     Fort Wayne     Allen

Married     James A. Simon     Homemaker Extraordinaire     Illinois

Indiana     Allen     Fort Wayne     10607 Monte Vista Court

James A. Simon     10607 Monte Vista Ct. Fort Wayne, IN 46814

November 19, 2007     Northern Indiana Crematory     Fort Wayne, Indiana

N/A

CARBON MONOXIDE POISONING

REBECCA SUTTLE     DEPUTY CORONER     NOVEMBER 15, 2007

REBECCA SUTTLE, M. SUPERIOR ST. ROOM B13 FORT WAYNE, INDIANA 468021

NOV 1 9 2007

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 19, 2019

County of Wayne     9/5/14

27

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | PROBATE DIVISION |
| COUNTY OF ALLEN | ) | CAUSE NO. 02D01-0802-EU-97 |

IN THE MATTER OF THE ESTATE )
OF )
)
DENISE J. SIMON, Deceased. )

## PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21 ST _____

_____
Clerk, Allen _____

3003168

---

28

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | PROBATE DIVISION |
| COUNTY OF ALLEN | ) | CAUSE NO. 02D01-0802-EU-97 |

IN THE MATTER OF THE ESTATE )
OF )
)
DENISE J. SIMON, Deceased. )

## ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

_____
Judge, Allen Superior Court

3003168

(OVER)

August 20, 2014

*29*

To whom it may concern:

   I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd, a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December 11, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon   Dec 11. '12
Sandra Simon
Managing Director

December 17th, 2012

*30*

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Hopp
Managing Director

ID ID 45-3762289

December 3, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1982452) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 49

JAMES A. SIMON

10711-027  2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Oct 23, 2015*

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-0020

Subject:   Our FOIA Request Number: *D15-49*

IMPORTANT: Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which FOIA/PA request you are

responding.

Dear FOIA/PA Official;

1.  This *is* a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since *1 Jan 06* to *15 Oct 15*, related in any way

to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.   Use of Records.

The requested records will be used in the news reporting of

RememberDenise.org, in legal proceedings to reverse and set

aside the criminal conviction of James A. Simon, in

reinstating the dismissal of a Federal Tort Claim Act suit

filed against the U.S. Government, and in preserving a pending

Bivens action against certain IRS agents and other

individuals.

3.   News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee

wavier as provided for under the FOIA (§ 304.9 (Fees)).

RememberDenise.Org is focused, reporting, and informing on,

how government works in investigating and prosecuting

criminal tax cases, the horror that can occur when government

acts wrongfully, and how law and government can be improved.

It *is* currently investigating and reporting on the IRS's

November 2007 search of James and Denise Simon's home and the

resulting death of taxpayer Denise Simon, subsequent wrongful

death litigation against the IRS (and various individuals),

and the following IRS/DOJ criminal prosecution of James Simon;

all to show the public government activities and how

government works.  When its investigation is complete,

RememberDenise.org will report and inform the public on the

IRS's compliance, and/or non-compliance, with its own search

warrant policy (how government works), which has concerned

Constitution rights advocates and Congress for more than a

decade.

To qualify as "news media" the requester must show the

requester is "person or entity that gathers information of

*[OVER]*

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S. Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS

and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it does believe the DOJ and the IRS follow their respective stated policies and the public's Constitutional rights are protected in the law and by the agencies complying to their own establish policies. If indeed the DOJ and the IRS customarily disregards stated policies and lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony

(OVER)

*7*

before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years

*8*

while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working. There should be little doubt that the disclosure requested, when reported by RememberDenise.Org will significantly enhance the public's understanding, of how government works and how the IRS criminal division and DOJ works to investigate and prosecute tax matters, well beyond the public's currently understanding.

B. The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied. A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest. (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.) RememberDenise.Org is non-profit and, along with

9

its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

   C.  Conclusion.  Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

4.  We Commitment to Pay Fees If Fee Waiver Denied.

   If you deny the fee waiver grant requested above, we  AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request.  If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find.  We will then consider increasing the amount of our commitment to pay search and copy fees.

   We understand that payment for search fees may be required to be made even if no documents are located or released.  In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to

10

search fees.  These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

5.  Not Requesting Any and All Records.

   Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested.  Nor is this request a request for any and ALL records in his or her "criminal administrative file".

6.  Not Seeking Research, Analysis of Data or Creation of Records.

   We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records.  Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 11 "If Records Are Electronic Records.), applies when searching and producing electronic records.

   We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records.  We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

                                             (OVER)

7.   Prior Requests.

. This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

8.   Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

9.   Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

10.   Misdirected Request.

. If you are not the official (or designee), inside of the DOJ or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

11.   If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more co mputers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

12.   Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RLM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records

*13*

sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muscholl, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

### 13. Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007. Consequentially she is afforded no privacy in regard to this request. Please find enclosed a copy of her death certificate.

### 14. Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that

*14*

information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance. Your statements will help us and our counsel to decide whether to appeal such an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation. Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

### 15. Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records. Therefore, you should not direct us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

### 16. Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situated and so inform us in your letter denying disclosure in compliance with the FOIA. Additionally, please provide us with an estimate volume count of the denied records.

### 17. Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request. However, all electronic, video, audio and other non-paper records should be sent to: Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

*(OVER)*

15

16

18.  Applicable Circuit Law.

If the undersigned seek judicial relief in connection with
this request, they anticipate doing so in the district court
of the District of Columbia.  Consequently, when determining
application of exemptions and circuit law differs, you should
apply District of Columbia Circuit law.  If you make
determinations by applying another circuit's law, please
inform us.

19.  Certification.

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1956 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for your consideration of this important matter.  We
look forward to quick resolution of any problems you may
encounter in fulfilling this request, and receipt of all
responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:

  - Attached Schedule
  - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                    :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 23rd day of October 2015.

Shelley S Haag                          Seal:
Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: D15-49

Oct 23, 2015

1.  Show the instances in (or about) which the Department of
Justice (inclusive of one or more of its representatives)
became aware a government witness (potential or otherwise), in
a matter connected with James A. Simon, could not, would not,
refused to, shyd from, and/or felt uncomfortable with/about,
testifying as preferred, requested, and/or suggested, by a
government entity, inclusive of by not limited to the
Department of Justice, and/or one or more of its
representatives.

Note:

A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

(This Page Intentionally Blank)

Date __1/26/15__                                                        *19*

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

Rebecca Linette Thomas
REBECCA LINETTE THOMAS
Notary Public - Seal
State of Indiana
My Commission Expires Nov 18, 2018

County of Wayne   IN/IN

Date: __December 27, 2012__

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2013
Commission # 11083853

Date: __5/18/2015__                                                     *20*

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon
Rachel Simon



(OVER).

21

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra L. Simon
Sandra Simon
Guardian



22

January ___, 2015

To whom it may concern:   I do hereby authorize any agency,
body, or affiliated organization of any government to release
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, body
or affiliated organization of any government.

Richard Wilson
Managing Director

State of Washington
County of Pierce
Subscribed and sworn/signed to before me this 2 day of Jan
19 15 by Richard Wilson

My Commission Expires: 06-25-2018

23

24

.25

CERTIFIED COPY ISSUED BY ALLEN COUNTY

65797

Legal No. 002913

INDIANA STATE DEPARTMENT OF HEALTH

CERTIFICATE OF DEATH

State No.

.26

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

Adam J. Simon
Estate Administrator

9/5/2014

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 15, 2010

County of Wayne      State

27

STATE OF INDIANA        )
                        ) SS:       IN THE ALLEN SUPERIOR COURT
COUNTY OF ALLEN         )           PROBATE DIVISION
                                    CAUSE NO. 02D01-0802-EU-97
IN THE MATTER OF THE ESTATE )
                OF          )
DENISE J. SIMON, Deceased.  )

## PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21st

_____
(Clerk, Allen

---

28

STATE OF INDIANA        )
                        ) SS:       IN THE ALLEN SUPERIOR COURT
COUNTY OF ALLEN         )           PROBATE DIVISION
                                    CAUSE NO. 02D01-0802-EU-97
IN THE MATTER OF THE ESTATE )
                OF          )
DENISE J. SIMON, Deceased.  )

## ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March _21_, 2014.

_____
Judge, Allen Superior Court

(OVER)

August 20, 2014                                        29

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body
of the U.S. Government (or representative thereof) to release
any and all information about or concerning J.S. Partners,
Ltd., a Colorado partnership, to James A. Simon in response to
a Freedom of Information Act (FOIA) or Privacy Act (PA)
request(s) that James A. Simon has submitted, or does submit
to any agency, body, or affiliated body of the U.S. Government
(or representative thereof).

James A. Simon
General Partner

December 11, 2012

To whom it may concern: I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning Elekta Limited to
James A. Simon in response to a Freedom of Information Act
(FOIA) request that James A. Simon has submitted, or does
submit to any agency, body, or affiliated body of the U.S.
Government.

Sandra Simon    Dec. 11, '12
Sandra Simon
Managing Director

December 17, 2012                                       30

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning ICNUA Limited to James
A. Simon in response to a Freedom of Information Act (FOIA)
request that James A. Simon has submitted, or does submit to
any agency, body, or affiliated body of the U.S. Government.

D ID 45-3762289
Roland Hopp
Managing Director

December 3, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning the Simon Family Trust
(ID 95-1923HFL) to James A. Simon in response to a Freedom of
Information Act (FOIA) request that James A. Simon has
submitted, or does submit, to any agency, body, or affiliated
body of the U.S. Government.

Douglas Miller
Trustee

Exh, 6, t 50

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*JAN 26*, 2016

FOIA/PA Official

Executive Office for United States Attorneys, DOJ

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number(s): *O15-50*

IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "FOIA Request Number" when corresponding, so
there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.  FOIA/PA Request.

This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since *1 JAN 10* to *15 Oct 15*, related in any way
to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used:

A.  in the news reporting of RememberDenise.org,

B.  in legal proceedings to reverse and set aside his
criminal conviction of James A. Simon (as well as secure his
release from prison),

C.  in reinstating a dismissed Federal Tort Claim Act
suit filed against the IRS, and

D.  in preserving and advancing a pending Bivens action
filed against certain IRS agents and various other
individuals.

3.  Release of Requested Records In Public Interest and Serves
Desired Ends of Justice.

Release of the requested records will, directly and in
conjunction with our other requests, substantially serve the
public interest and the desired ends of justice.  Withholding
the requested records will place the interests of government
agencies, agents, and employees above the interests of the
public and the desired ends of justice.  Placing the interests
of government agencies, its agents and employees above the
interest of the public and the desired ends of justice is
exactly conduct the Freedom of Information Act intends to
discourage.  You should consider all the important uses to
which we will put the requested records (see paragraph 2
above) when weighing application of exemptions afforded under
the FOIA. (See paragraph 4 A. "Disclosure of the requested
information is in the public interest." below.)

*(over)*

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

20,
21.   Certification.

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for attending to this important matter.  We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
   - Attached Schedule
   - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                    :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 26 day of January 2016.

                                    Seal:
Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

*19*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: ~~DIS-50~~

~~Nov-13~~, 201~~6~~

~~Jan 26~~

1.  Show the instances in (or about) which the Department of
Justice, and/or one or more of its representatives, expressed
a concern, conclusion, and/or opinion, and/or made a writing
or statement, that Simon may not, possibly was not, likely was
not, and/or was not guilty of one or more of the counts with
which he was charged.

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

(This Page Intentionally Blank)

Exhibit 51

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

_____, 2016

FOIA/PA Official

Executive Office for United States Attorneys, DOJ

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number(s): *O15-51*

          IMPORTANT:  Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.   FOIA/PA Request.

   This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since *1 Jan 05* to *15 Oct 15*, related in any way

to James A. Simon or Denise J. Simon, which:

                    (SEE ATTACHED SCHEDULE)

2.   Use of Records.

   The requested records will be used:

   A.   in the news reporting of RememberDenise.org,

   B.   in legal proceedings to reverse and set aside the

criminal conviction of James A. Simon (as well as secure his

release from prison),

   C.   in reinstating a dismissed Federal Tort Claim Act

suit filed against the IRS, and

   D.   in preserving and advancing a pending Bivens action

filed against certain IRS agents and various other

individuals.

3.   Release of Requested Records In Public Interest and Serves

Desired Ends of Justice.

   Release of the requested records will, directly and in

conjunction with our other requests, substantially serve the

public interest and the desired ends of justice.  Withholding

the requested records will place the interests of government

agencies, agents, and employees above the interests of the

public and the desired ends of justice.  Placing the interests

of government agencies, its agents and employees above the

interest of the public and the desired ends of justice is

exactly conduct the Freedom of Information Act intends to

discourage.  You should consider all the important uses to

which we will put the requested records (see paragraph 2

above) when weighing application of exemptions afforded under

the FOIA. (See paragraph 4 A. "Disclosure of the requested

information is in the public interest." below.)

                                        (over)

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements.  It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience.  (Please review RememberDenise.org)  Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

20.
21.   Certification.

   I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.


Thank you for attending to this important matter.  We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual


Enclosures:
   - Attached Schedule
   - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                          :ss
COUNTY OF OLMSTED


Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 26 day of January 2016.

Notary Public                    Seal:


Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

*19*

*20*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *D15-51*
*Nov 13*, 2016
*Dec 16*

1.   Show the cost(s) incurred by the Department of Justice in
investigating, James A. Simon and/or Denise J. Simon.

(This Page Intentionally Blank)

Note:

   A.   When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.   The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

Exhibit 52

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

_____, 2016

FOIA/PA Official

Executive Office for United States Attorneys, DOJ

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number(s): 1015-152

         IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "FOIA Request Number" when corresponding, so
there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.  FOIA/PA Request.

  This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since 1 Jan 05 to 15 Oct 15, related in any way
to James A. Simon or Denise J. Simon, which:

                  (SEE ATTACHED SCHEDULE)

2.  Use of Records.

  The requested records will be used:

    A.  in the news reporting of RememberDenise.org,

    B.  in legal proceedings to reverse and set aside the
criminal conviction of James A. Simon (as well as secure his
release from prison),

    C.  in reinstating a dismissed Federal Tort Claim Act
suit filed against the IRS, and

    D.  in preserving and advancing a pending Bivens action
filed against certain IRS agents and various other
individuals.

3.  Release of Requested Records In Public Interest and Serves
Desired Ends of Justice.

  Release of the requested records will, directly and in
conjunction with our other requests, substantially serve the
public interest and the desired ends of justice.  Withholding
the requested records will place the interests of government
agencies, agents, and employees above the interests of the
public and the desired ends of justice.  Placing the interests
of government agencies, its agents and employees above the
interest of the public and the desired ends of justice is
exactly conduct the Freedom of Information Act intends to
discourage.  You should consider all the important uses to
which we will put the requested records (see paragraph 2
above) when weighing application of exemptions afforded under
the FOIA. (See paragraph 4 A. "Disclosure of the requested
information is in the public interest." below.)

(over)

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A. Disclosure of the requested information is in the public interest.

(1) The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ. The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities. The requested records will show how government works.

(2) The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities. Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3) The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public.

20.
21.  Certification.

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for attending to this important matter.  We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon

Publisher RememberDenise.org, and

Individual

Enclosures:

    - Attached Schedule

    - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                        :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 26 day of January, 2015.

Notary Public                                    Seal:

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE          *19*

Requested Records

FOIA/PA Request Number: *D15-52*

*Aug 13*, 201*5*

*Jap 28*

1.  Show the cost(s) incurred by the Department of Justice in
prosecuting, James A. Simon.

Note:

  A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

  B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

*20*

(This Page Intentionally Blank)

Exh, 6, t 53

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

_Jan 26_ , 2016

FOIA/PA Official

Executive Office for United States Attorneys, DOJ

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number(s): _N 15-_53_

IMPORTANT:  Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.   FOIA/PA Request.

This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since _1 Jan 04_ to _15 Oct 15_, related in any way

to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.   Use of Records.

The requested records will be used:

A.   in the news reporting of RememberDenise.org,

B.   in legal proceedings to reverse and set aside the

criminal conviction of James A. Simon (as well as secure his

release from prison),

C.   in reinstating a dismissed Federal Tort Claim Act

suit filed against the IRS, and

D.   in preserving and advancing a pending Bivens action

filed against certain IRS agents and various other

individuals.

3.   Release of Requested Records In Public Interest and Serves

Desired Ends of Justice.

Release of the requested records will, directly and in

conjunction with our other requests, substantially serve the

public interest and the desired ends of justice.  Withholding

the requested records will place the interests of government

agencies, agents, and employees above the interests of the

public and the desired ends of justice.  Placing the interests

of government agencies, its agents and employees above the

interest of the public and the desired ends of justice is

exactly conduct the Freedom of Information Act intends to

discourage.  You should consider all the important uses to

which we will put the requested records (see paragraph 2

above) when weighing application of exemptions afforded under

the FOIA. (See paragraph 4 A. "Disclosure of the requested

information is in the public interest." below.)

_(over)_

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements.  It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience.  (Please review RememberDenise.org)  Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

20.
21.   Certification.

   I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for attending to this important matter.  We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon

Publisher RememberDenise.org, and
Individual

Enclosures:
   - Attached Schedule
   - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                    :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 26 day of January, 2018.

Shelley S Haag       Seal:
Notary Public

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

*19*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *D15.753*

~~Nov 13~~, 201*6*

Jan *26*

1.   Show the Department of Justice, and/or another government
entity and/or agency (domestic or foreign), had a concern,
question, speculation, report an/or suspicion, or made a
conclusion, that James A. Simon and/or Denise J. Simon were
involved in terrorism.

(This Page Intentionally Blank)

Note:

  A.   When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

  B.   The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

Exhibit 54

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Jan 26*, 2016

FOIA/PA Official

Executive Office for United States Attorneys, DOJ

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number(s): *016-54*

         IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "FOIA Request Number" when corresponding, so
there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.  FOIA/PA Request.

   This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since *1 Jan 04* to *15 Oct 15*, related in any way
to James A. Simon or Denise J. Simon, which:

                  (SEE ATTACHED SCHEDULE)

2.  Use of Records.

   The requested records will be used:

   A.  in the news reporting of RememberDenise.org,

   B.  in legal proceedings to reverse and set aside the
criminal conviction of James A. Simon (as well as secure his
release from prison),

   C.  in reinstating a dismissed Federal Tort Claim Act
suit filed against the IRS, and

   D.  in preserving and advancing a pending Bivens action
filed against certain IRS agents and various other
individuals.

3.  Release of Requested Records In Public Interest and Serves
Desired Ends of Justice.

   Release of the requested records will, directly and in
conjunction with our other requests, substantially serve the
public interest and the desired ends of justice.  Withholding
the requested records will place the interests of government
agencies, agents, and employees above the interests of the
public and the desired ends of justice.  Placing the interests
of government agencies, its agents and employees above the
interest of the public and the desired ends of justice is
exactly conduct the Freedom of Information Act intends to
discourage.  You should consider all the important uses to
which we will put the requested records (see paragraph 2
above) when weighing application of exemptions afforded under
the FOIA.  (See paragraph 4 A. "Disclosure of the requested
information is in the public interest." below.)

                                            (over)

potential interest to a segment of the public, uses its
editorial skills to turn the raw materials into a distinct
work and distributes that work to an audience."
RememberDenise.Org satisfies these requirements.  It gathers
information of potential interest, uses it to turn it into a
distinct work, and distributes the distinct work to an
audience.  (Please review RememberDenise.org)  Because it uses
the Internet to distribute its "distinct work"
RememberDenise.Org qualifies as "alternative media" and
"alternative media shall be considered to be news-media
entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first
show the disclosure of the requested information is in the
public interest because disclosure is "likely to significantly
contribute to public understanding of operations or activities
of the government"; and second show "disclosure is not
primarily in the commercial interest of the requester."
RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public
interest.

(1)  The subject records directly and clearly "concern
the operations and the activities of the government," in
particularly the operations of the federal government through
the IRS and the DOJ.  The requested records are in the hands
of the of government agency to which the request has been
made, the agency generated or received the records in
fulfilling its mission and conducting its day to day
operations, and the agency maintains the records as part of
its continuing operations and activities.  The requested
records will show how government works.

(2)  The "informative value" of the information to be
disclosed is "likely to contribute" to the understanding of
government operations and activities.  Most Americans are not
aware and do not understand how the DOJ functions, and/or how
it works with other government agencies to achieve its and
their objectives, how their objectives may contend and
conflict with taxpayer/individual rights under the law, and
how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful
information" and "likely to contribute" to an "increased
understanding" of IRS and DOJ operations and activities.  The
records/information requested is meaningful because it is
informative of, and related to, government operations, and a
historical real life example of government operations that
resulted in the death of a taxpayer (Denise Simon), and the
vast majority of taxpayers are not informed about such
operations, nor informed of the possible deadly consequences
that can occur when armed flak jacketed IRS agents execute a
search warrant.  Disclosure of the facts surrounding the
specific death of Denise Simon will enhance public understand
of how the IRS and the DOJ investigate and prosecute tax
related matters, how these agencies comply or fail to comply
with stated public and/or agency policy, and how these
agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to
"contribute to an understanding" of how the DOJ and IRS work
to prosecute tax cases and is "likely to contribute" to a
"broad audience" of persons interested in the subject.  The
records/information requested relate to how government works
and is not likely known, in general, by the public.

understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3) The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public. Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S.

Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it believes the DOJ and the IRS protect citizens' Constitutional rights and comply with their own establish policies. If indeed the DOJ and the IRS customarily disregard their stated policies and

*(over)*

7

lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continueing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was

8

reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the

9

level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt requested records (this and other resquests), when reported by RememberDenise.Org will significantly enhance the public's understanding, of how the IRS criminal division and DOJ works to investigate and prosecute tax matters (how government works), well beyond the public's currently understanding.

B.  The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested.  Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C.  Conclusion.  Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

5.  We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we  AGREE

10

to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request.  If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find.  We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released.  In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to search fees.  These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

6.  Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested.  Nor is this request a request for any and ALL

(over)

records in his or her "criminal administrative file".

**7.  Not Seeking Research, Analysis of Data or Creation of**
**Records.**

   We understand that the FOIA does not require the IRS to
research, analyze data or create paper records, but only to
release EXISTING records.  Nevertheless we understand that
there is an EXCEPTION, as noted above (See paragraph 12 "If
Records Are Electronic Records.), applies when searching and
producing electronic records.

   We request that if your search does not find responsive
records that you will plainly inform us that you failed to
find responsive records and not respond with declaration that
you are not required to research, analyze data, or create
records.  We make this request so there is no misunderstanding
as to exactly why responsive records are not being provided.

**8.  Prior Requests.**

   This request is not intended to duplicate any prior request
considered by us to be satisfied.  Moreover, we understand the
existence of a prior request is not grounds for refusing to
treat this request as a new request and to conduct an
appropriate search for the requested records.

**9.  Not All Responsive Records Have Been Provided During**
**Discovery Phase of Criminal Prosecution.**

   We do not believe Mr. Simon was provided, during the
discovery phase of his criminal trial, all records now sought
with this FOIA request.  Nevertheless, it makes makes NO
difference (regarding what must be disclosed via the FOIA) if

responsive records have or have not been previously provided
during the discovery phase of a criminal proceeding, or
through some other way, because such prior production does not
exempt such records from search and disclosure under FOIA.

**10.  Records Created by Another Agency or Constituent Unit of**
**the Department of Justice.**

   If your agency is in possession of a copy of a requested
record (or information) that was originated by another Agency
or constituent unit of the Department of Justice, we request
that, in compliance with FOIA regulations, you immediately
forward this request to the agency or constituent unit which
originated the record (or information) for direct reply to us,
and we promptly be notified of such referral by you.

**11.  Misdirected Request.**

   If you are not the official (or designee), inside of the DOJ
or otherwise, responsible for the requested records (or
information therein), according to FOIA regulations, please
immediately forward this request to the responsible official
for direct reply to us, AND so notify us of the referral.

**12.  If responsive Records Are Electronic Records.**

   It may be requested records are maintained in one or more
computers and such "electronic" records are not considered
"paper" records by the DOJ.  The DOJ, must make reasonable
efforts to search for records.  With respect to electronic
records, this may require the application of codes or some
form of programming to retrieve the information, unless such
efforts would significantly interfere with the operation of

the DOJ's automated information system."  *13*

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

13. <u>Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.</u>

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RlM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN.  The court is currently considering a motion for re-trial.  The records sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files

related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.  *14*

14. <u>Privacy of Denise J. Simon.</u>

Denise J. Simon died in November of 2007.  Consequentially she is afforded no privacy in regard to this request.  Please find enclosed a copy of her death certificate.

15. <u>Redaction May Be Required If Exemptions Apply or Access to Records is Denied.</u>

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance.  Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation.  Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

16. <u>Publicly Available Records Not Available to Simon.</u>

Mr. Simon is incarcerated and not permitted access to publicly available records.  Therefore, you should not direct

*(over)*

15

us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

17.   Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

18.   Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

19.   Applicable Circuit Law.

If we seek judicial relief in connection with this request, we will do so in the United States District Court of the District of Columbia.  Consequently, when determining application of exemptions, and applicable circuit law, you should apply District of Columbia Circuit Court law when circuit law differs.  Please inform us what circuit law you are applying by specific determination, if you make determinations by applying circuit law that differs from District of Columbia circuit law.

16

If you contemplate withholding the requested records because of grand jury secrecy (Fed. R. Crim P6(e)), please consider paragraph 21 above and Murphy v. Executive Office for United States Attorneys, 11F.Supp. 3d 1; 2013 U.S. Dist. Lexis 172149. "In this Circuit, the grand jury exception is limited to material which, if disclosed would 'tend to reveal some secret aspect of the grand jury's investigation, such ...as the identities of witnesses or jurors, the substances of testimony the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.' Senate of P.R. v. U.S. Dep't of Justice, 823 F2d 574, 582, 262 U.S. App D.C. 166 (D.C.Cir.1897).  Simply withholding records because they are "grand jury records", as was done with 10s of thousands of previously requested records (IRS F15090-0136, pertaining to our March 26, 2015 request to the IRS) is inappropriate. The government bears the burden of "...demonstrating some 'nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." Lopez v. Dep't of Justice, 393 F.3d 1345, 1350, 364 U.S. App. D.C.274 (D.C.Cir 2005)(quoting Senate of Puerto Rico, 823 F.2d at 584). "[T]here is no per se rule against disclosure of any and all information which has reached the grand jury chambers ...." Lopez 393 F.3d at 1349; see also Stolt-Nielsen Transp. Grp. Ltd., 534 F.3d at 732 ("[T]he government may not bring information into the protection of Rule 6(e) and thereby into the protection afforded by Exemption 3 simply by submitting it as a grand jury exhibit.")

266
21.   Certification.

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for attending to this important matter.  We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
    - Attached Schedule
    - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                      :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 2C day of January 2018.

Notary Public                          Seal:

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

*19*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *D16-54*

~~*Nov 13 , 2015*~~
*Jan 26 , 2016*

1.   Show the Department of Justice, and/or another government
entity and/or agency (domestic or foreign) had concern,
question, speculation, report and/or suspicion, or made a
conclusion, that James A. Simon and/or Denise J. Simon were
involved in money laundering.

Note:

   A.   When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.   The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

*20*

(This Page Intentionally Blank)

Date ___1/16/15___

#9
21

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

Rebecca Lynnette Thomas

REBECCA LYNNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne   1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2016
Commission # 11383953

Date: 5/11/2016

22
20

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER)

27
23

Date: _May 14, 2015_

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra Simon
Guardian



24
22

January ____, 2015

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to relea
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bo
or affiliated organization of any government.

Richard Wilson

Managing Director

State of _Washington_
County of _Pierce_

Subscribed and sworn/affirmed to before me this _12th_ day of _Jan_
20 _15_ by _Richard Wilson_

_____
Notary Public

My Commission Expires _02-25-2016_

DYLAN SWENSON
COMMISSION EXP
NOTARY
PUBLIC
02-25-18
STATE OF WASHINGTON

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON.

**LETTERS OF GUARDIANSHIP**

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_Judith A. [illegible]_
Clerk, Allen Superior Court

---

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

8. It has been further determined that Rachel only has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath, before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

**ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR**

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the Petitioner having appeared in person and by counsel on the 15th day of June 2011, including the testimony of Tracy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1522 Simon Road, Hametown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law,

---

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5. That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

[signature]
Judge, Allen Superior Court

NOTICE TO BE PROVIDED:
___ COURT ___ CLERK X PARTY ___ OTHER
PROOF OF NOTICE UNDER TRIAL RULE 72(D)

A copy of this entry was served either by mail to the address of record, deposited in the Court attorney's distribution box, distributed personally upon the persons and/or filed as listed below

Matt E. Wiener, Beckman Lawson, LLP, Box 57
Tracy L. Troyer, Braglin, Troyer & Gernetze, PC, 7311 West Jefferson Boulevard, Fort Wayne, IN 46241

DATE OF NOTICE:

INITIALS OF PERSON WHO NOTIFIED PARTIES ___ COURT ___ CLERK ___ PARTY ___ OTHER

26
27

28

CERTIFIED COPY ISSUED BY ALLEN COUNTY      65797

**INDIANA STATE DEPARTMENT OF HEALTH**

Local No. 003913                    CERTIFICATE OF DEATH                    State No. _____ 15

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1-19-3

| DECEASED-NAME | | | SEX | TIME OF DEATH | DATE OF DEATH |
| Denise | Jane | Simon | Female | 10:22 pm | November 9, 2007 |

10607 Monte Vista Court

Married      James A. Simon

Homemaker Extraordinaire      None

Indiana      Allen      Fort Wayne      10607 Monte Vista Court

Deborah Travis

James A. Simon      10607 Monte Vista Ct, FW 46814

November 19, 2007

Northern Indiana Crematory      Fort Wayne, Indiana

N/A      N/A

McComb & Sons

CARBON MONOXIDE POISONING

Rebecca Stuttle      DEPUTY CORONER      NOVEMBER 15, 2007

REBECCA STUTTLE 1 W. SUPERIOR ST. ROOM B13 FORT WAYNE, INDIANA 468021

NOV 13 2007

CONFLICTED CARBON MONOXIDE POISONING

10607 MONTE VISTA      FORT WAYNE, INDIANA

---

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

_signature_      9/5/2014

Adam J. Simon
Estate Administrator

_signature_

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne      7/5/14

29

| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
|---|---|---|
| COUNTY OF ALLEN | ) SS: | PROBATE DIVISION |
| | ) | CAUSE NO. 02D01–0802–EU–97 |
| IN THE MATTER OF THE ESTATE | ) | |
| OF | ) | |
| | ) | |
| DENISE J. SIMON, Deceased. | ) | |

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21 ST day of March, 2014.

Clerk, Allen Superior Court

30U6168

---

| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
|---|---|---|
| COUNTY OF ALLEN | ) SS: | PROBATE DIVISION |
| | ) | CAUSE NO. 02D01–0802–EU–97 |
| IN THE MATTER OF THE ESTATE | ) | |
| OF | ) | |
| | ) | |
| DENISE J. SIMON, Deceased. | ) | |

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved.  The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate.  The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

Judge, Allen Superior Court

30U6168

(OVER)

August 20, 2014                                         24 (3)

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd, a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December _11_ , 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon    Dec 11. '12
Sandra Simon
Managing Director

December _17_ , 2012                              32  33

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Hopp
Managing Director

ID _45-3762289_

December _3_ , 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1982456) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 55

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Jan 26*, 2016

FOIA/PA Official

Executive Office for United States Attorneys, DOJ

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number(s): *016-55*

IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "FOIA Request Number" when corresponding, so
there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.  FOIA/PA Request.

This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since *1 Jan 06* to *15 Oct 15*, related in any way
to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used:

A.  in the news reporting of RememberDenise.org,

B.  in legal proceedings to reverse and set aside the
criminal conviction of James A. Simon (as well as secure his
release from prison),

C.  in reinstating a dismissed Federal Tort Claim Act
suit filed against the IRS, and

D.  in preserving and advancing a pending Bivens action
filed against certain IRS agents and various other
individuals.

3.  Release of Requested Records In Public Interest and Serves
Desired Ends of Justice.

Release of the requested records will, directly and in
conjunction with our other requests, substantially serve the
public interest and the desired ends of justice.  Withholding
the requested records will place the interests of government
agencies, agents, and employees above the interests of the
public and the desired ends of justice.  Placing the interests
of government agencies, its agents and employees above the
interest of the public and the desired ends of justice is
exactly conduct the Freedom of Information Act intends to
discourage.  You should consider all the important uses to
which we will put the requested records (see paragraph 2
above) when weighing application of exemptions afforded under
the FOIA. (See paragraph 4 A. "Disclosure of the requested
information is in the public interest." below.)

*(over)*

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements.  It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience.  (Please review RememberDenise.org)  Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3) The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public. Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S.

Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it believes the DOJ and the IRS protect citizens' Constitutional rights and comply with their own establish policies. If indeed the DOJ and the IRS customarily disregard their stated policies and

*(over)*

7

lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was

8

reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the

7

level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working. There should be little doubt requested records (this and other resquests), when reported by RememberDenise.Org will significantly enhance the public's understanding, of how the IRS criminal division and DOJ works to investigate and prosecute tax matters (how government works), well beyond the public's currently understanding.

B. The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied. A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest. (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.) RememberDenise.Org is non-profit and, along with its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C. Conclusion. Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

5. We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we AGREE

10

to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request. If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find. We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released. In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to search fees. These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

6. Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested. Nor is this request a request for any and ALL

(over)

records in his or her "criminal administrative file".

## 7.  Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records.  Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 12 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records.  We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

## 8.  Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied.  Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

## 9.  Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request.  Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if

responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

## 10.  Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

## 11.  Misdirected Request.

If you are not the official (or designee), inside of the DOJ or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

## 12.  If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ.  The DOJ, must make reasonable efforts to search for records.  With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of

*/3*

the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

### 13.  Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RIM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN.  The court is currently considering a motion for re-trial.  The records sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files

*/4*

related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

### 14.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequentially she is afforded no privacy in regard to this request.  Please find enclosed a copy of her death certificate.

### 15.  Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance.  Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation.  Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

### 16.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records.  Therefore, you should not direct

*( over )*

15

us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

### 17.  Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

### 18.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

### 19.  Applicable Circuit Law.

If we seek judicial relief in connection with this request, we will do so in the United States District Court of the District of Columbia.  Consequently, when determining application of exemptions, and applicable circuit law, you should apply District of Columbia Circuit Court law when circuit law differs.  Please inform us what circuit law you are applying by specific determination, if you make determinations by applying circuit law that differs from District of Columbia circuit law.

16

If you contemplate withholding the requested records because of grand jury secrecy (Fed. R. Crim P6(e)), please consider paragraph 21 above and Murphy v. Executive Office for United States Attorneys, 11F.Supp. 3d 1; 2013 U.S. Dist. Lexis 172149. "In this Circuit, the grand jury exception is limited to material which, if disclosed would 'tend to reveal some secret aspect of the grand jury's investigation, such ...as the identities of witnesses or jurors, the substances of testimony the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.' Senate of P.R. v. U.S. Dep't of Justice, 823 F2d 574, 582, 262 U.S. App D.C. 166 (D.C.Cir.1897).  Simply withholding records because they are "grand jury records", as was done with 10s of thousands of previously requested records (IRS F15090-0136, pertaining to our March 26, 2015 request to the IRS) is inappropriate. The government bears the burden of "...demonstrating some 'nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." Lopez v. Dep't of Justice, 393 F.3d 1345, 1350, 364 U.S. App. D.C.274 (D.C.Cir 2005)(quoting Senate of Puerto Rico, 823 F.2d at 584).  "[T]here is no per se rule against disclosure of any and all information which has reached the grand jury chambers ..." Lopez 393 F.3d at 1349; see also Stolt-Nielsen Transp. Grp. Ltd., 534 F.3d at 732 ("[T]he government may not bring information into the protection of Rule 6(e) and thereby into the protection afforded by Exemption 3 simply by submitting it as a grand jury exhibit.")

20.
17

21.  Certification.

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for attending to this important matter.  We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon

Publisher RememberDenise.org, and

Individual

Enclosures:

- Attached Schedule
- Authorizations

18

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA

:ss

COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 26 day of January 2016.

Seal:

Notary Public

Executor



SHELLEY S. HAAG
NOTARY PUBLIC · MINNESOTA
My Commission Expires Jan. 31, 2017

*19*

*20*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *016-55*

*Nov 13, 2015*
*Jan 26, 2016*

(This Page Intentionally Blank)

1.  Show the instances the Department of Justice, and/or any
of its representatives met or communicated "ex parte" with the
a member of the judiciary or one of its employees or
representatives about or concerning matters involving James A.
Simon and/or Denise J. Simon.

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

#921

Date 1/16/15

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

Rebecca Lynette Thomas

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of wayne   1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2016
Commission # 11983653

22

Date: 5/11/2016

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER)

*23*

Date: *May 14, 2015*

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

*Sandra L. Simon*

Sandra Simon

Guardian



*24*

January ___, 2015

To whom it may concern: I do hereby authorize any agency,
body, or affiliated organization of any government to rele
any and all information about, pertaining to, or concernin
U.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, b
or affiliated organization of any government.

Richard Wilson

Managing Director

State of *Washington*
County of *Pierce*

Subscribed and sworn to before me this *12th* day of *Jan*

20 *15* by *Richard Wilson*

*Notary Public*

My Commission Expires: *02-25-2016*

[Notary seal: DYLAN SWENSSEN / COMMISSION EXPIRES / NOTARY PUBLIC / 02-25-18 / STATE OF WASHINGTON]

25

STATE OF INDIANA    )
                    ) SS:
COUNTY OF ALLEN     )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

**LETTERS OF GUARDIANSHIP**

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_____
Clerk, Allen Superior Court

---

STATE OF INDIANA    )
                    ) SS:
COUNTY OF ALLEN     )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

**ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR**

COMES NOW Sandra Simon ("Sandy"). Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the testimony of Troy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1922 Simon Road, Huntertown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is unconcerned by any interested party and is supported by her court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

8. It has been further determined that Rachel only has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

---

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5. That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15th day of June 2011.

_____
Judge, Allen Superior Court

NOTICE TO BE GIVEN BY:
___ COURT   _X_ PARTY   ___ OTHER

PROOF OF NOTICE UNDER TRIAL RULE 5 TO BE FILED

A copy of this entry was served either by mail to the address of record, deposited in the Court's attorney's distribution box, distributed personally upon the persons and/or filed as listed below:

Mark E. Wismer, Indiana, I.D.# Box 87
Troy L. Troyer, Esq., Troyer & Gernhart, P.C., 1311 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE:
INITIALS OF PERSON WHO NOTIFIED PARTIES  ___ COURT  ___ CLERK  ___ PARTY  ___ OTHER

27.25

28

CERTIFIED COPY ISSUED BY ALLEN COUNTY    65797

INDIANA STATE DEPARTMENT OF HEALTH

CERTIFICATE OF DEATH

Local No. 002913                    State No.

Denise    Jane    Simon,    Female    10:22 pm    November 9, 2007

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

Adam J. Simon                    9/5/2014
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne    9/5/14

29

STATE OF INDIANA    )
                    ) SS:
COUNTY OF ALLEN     )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE    )
                OF             )
DENISE J. SIMON, Deceased.     )

PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST

Clerk, Allen Superior Court

---

STATE OF INDIANA    )
                    ) SS:
COUNTY OF ALLEN     )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE    )
                OF             )
DENISE J. SIMON, Deceased.     )

ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

Judge, Allen Superior Court

(OVER)

August 20, 2014

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd, a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December 11, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon    Dec 11.'12

Sandra Simon
Managing Director

December 17, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

ID 45-3762289

Roland Hopp
Managing Director

December 3, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1982452) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exh, 6, t 56

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Jan 26*, 2016

FOIA/PA Official

Executive Office for United States Attorneys, DOJ

600. E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number(s): *D16-56*

        IMPORTANT:   Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.   FOIA/PA Request.

  This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since *1 Jan 04* to *15 Oct 15*, related in any way

to James A. Simon or Denise J. Simon, which:

                (SEE ATTACHED SCHEDULE)

2.   Use of Records.

  The requested records will be used:

    A.   in the news reporting of RememberDenise.org,

    B.   in legal proceedings to reverse and set aside the

criminal conviction of James A. Simon (as well as secure his

release from prison),

    C.   in reinstating a dismissed Federal Tort Claim Act

suit filed against the IRS, and

    D.   in preserving and advancing a pending Bivens action

filed against certain IRS agents and various other

individuals.

3.   Release of Requested Records In Public Interest and Serves

Desired Ends of Justice.

  Release of the requested records will, directly and in

conjunction with our other requests, substantially serve the

public interest and the desired ends of justice.  Withholding

the requested records will place the interests of government

agencies, agents, and employees above the interests of the

public and the desired ends of justice.  Placing the interests

of government agencies, its agents and employees above the

interest of the public and the desired ends of justice is

exactly conduct the Freedom of Information Act intends to

discourage.  You should consider all the important uses to

which we will put the requested records (see paragraph 2

above) when weighing application of exemptions afforded under

the FOIA. (See paragraph 4 A. "Disclosure of the requested

information is in the public interest." below.)

                                            (over)

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ. The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities. The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities. Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public.

understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3) The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public. Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S.

Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it believes the DOJ and the IRS protect citizens' Constitutional rights and comply with their own establish policies. If indeed the DOJ and the IRS customarily disregard their stated policies and

*(over)*

7

lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continueing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was

8

reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the

level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working. There should be little doubt requested records (this and other resquests), when reported by RememberDenise.Org will significantly enhance the public's understanding, of how the IRS criminal division and DOJ works to investigate and prosecute tax matters (how government works), well beyond the public's currently understanding.

B. The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied. A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest. (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.) RememberDenise.Org is non-profit and, along with its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C. Conclusion. Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

5. We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request. If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find. We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released. In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to search fees. These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

6. Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested. Nor is this request a request for any and ALL

(over)

records in his or her "criminal administrative file".

## 7. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 12 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

## 8. Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

## 9. Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if

responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

## 10. Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

## 11. Misdirected Request.

If you are not the official (or designee), inside of the DOJ or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

## 12. If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of

the DOJ's automated information system."

*13*

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

### 13. Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RlM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

*14*

### 14. Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007. Consequentially she is afforded no privacy in regard to this request. Please find enclosed a copy of her death certificate.

### 15. Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance. Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation. Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

### 16. Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records. Therefore, you should not direct

*(over)*

15

us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

17.  Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

18.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to: Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

19.  Applicable Circuit Law.

If we seek judicial relief in connection with this request, we will do so in the United States District Court of the District of Columbia.  Consequently, when determining application of exemptions, and applicable circuit law, you should apply District of Columbia Circuit Court law when circuit law differs.  Please inform us what circuit law you are applying by specific determination, if you make determinations by applying circuit law that differs from District of Columbia circuit law.

16

If you contemplate withholding the requested records because of grand jury secrecy (Fed. R. Crim P6(e)), please consider paragraph 21 above and Murphy v. Executive Office for United States Attorneys, 11F.Supp. 3d 1; 2013 U.S. Dist. Lexis 172149. "In this Circuit, the grand jury exception is limited to material which, if disclosed would 'tend to reveal some secret aspect of the grand jury's investigation, such ...as the identities of witnesses or jurors, the substances of testimony the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.' Senate of P.R. v. U.S. Dep't of Justice, 823 F2d 574, 582, 262 U.S. App D.C. 166 (D.C.Cir.1897).  Simply withholding records because they are "grand jury records", as was done with 10s of thousands of previously requested records (IRS F15090-0136, pertaining to our March 26, 2015 request to the IRS) is inappropriate. The government bears the burden of "...demonstrating some 'nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." Lopez v. Dep't of Justice, 393 F.3d 1345, 1350, 364 U.S. App. D.C.274 (D.C.Cir 2005)(quoting Senate of Puerto Rico, 823 F.2d at 584).  "[T]here is no per se rule against disclosure of any and all information which has reached the grand jury chambers ..." Lopez 393 F.3d at 1349; see also Stolt-Nielsen Transp. Grp. Ltd., 534 F.3d at 732 ("[T]he government may not bring information into the protection of Rule 6(e) and thereby into the protection afforded by Exemption 3 simply by submitting it as a grand jury exhibit.")

*10.*
21.   _Certification._                                      17                                                                        18

   I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.


Thank you for attending to this important matter.  We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual


Enclosures:
   - Attached Schedule
   - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                    :ss
COUNTY OF OLMSTED


Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 26 day of January 2016.

                                                 Seal:
Notary Public


Executor



SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE          *19*

Requested Records

FOIA/PA Request Number: *016-56*

~~*Nov 13, 2015*~~

*Jan 26, 2016*

*P8*
*20*

1.  Show, identity, and or reflect interviews, conducted by
the government (inclusive of but not limited to the Department
of Justice) about matters involving James A. Simon, prior to
the start of the trial of James A. Simon.

Note:

  A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

  B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

(This Page Intentionally Blank)

Date _1/16/15_

21 ~~99~~

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

_Adam Simon_

_Rebecca Lynette Thomas_

**REBECCA LYNETTE THOMAS**
Notary Public- Seal
State of Indiana
My Commission Expires Nov 15, 2019

_County of Wayne_   1/16/15

---

Date: 5/11/2015

Z Z
~~200~~

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

_Rachel Simon_
Rachel Simon



---

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

_Amanda Simon_
Amanda Simon

_Glenna R. Trevino_
12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 28, 2015
Commission # 11983853

(OVER)

Date: _May 14, 2015_

21
23

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

_Sandra L. Simon_

Sandra Simon

Guardian



---

January ___, 2015

24
22

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to relea
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bod
or affiliated organization of any government.

Richard Wilson

Managing Director

State of _Washington_
County of _Pierce_

Subscribed and sworn/affirmed to before me on this _16_ day of _Jan_
20 _15_ by _Richard Wilson_

_Notary Public_

My Commission Expires: _02-25-2016_

DYLAN SWENSON
COMMISSION EXPIRES
NOTARY
PUBLIC
02-25-18
STATE OF WASHINGTON

25

＃26

STATE OF INDIANA, ) 
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-47

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

**LETTERS OF GUARDIANSHIP**

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_____
Clerk, Allen Superior Court

---

STATE OF INDIANA, )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-47

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

**ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR**

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the testimony of Troy Troyer, Esq., the court-appointed Guardian ad Litem for Rachael A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1722 Simon Road, Hometown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-2, IC 29-3-8-2, and IC 29-3-8-4.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and it, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

---

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-3-1, IC 29-3-8-2, and IC 29-3-8-4.

5. That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

_____
Judge, Allen Superior Court

**NOTICE TO BE COMPLIED:**
COURT ____ CLERK _X_PARTY ____ OTHER
PROOF OF NOTICE UNDER TRIAL RULE 5 FILED

A copy of this entry was served either by mail to the address of record, deposited in the Court's attorney's distribution box, disclosed personally upon the person and/or filed as listed below:

Mark E. Wiese, Beckman Lawson, LLP, Box 87
Troy L. Troyer, Bragdin, Troyer & Grenaled, PC, 1211 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE: _____

INITIALS OF PERSON WHO NOTIFIED PARTIES    COURT ____ CLERK ____ PARTY ____ OTHER

*28 27*

*28 26*

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne    9/5/14

---

CERTIFIED COPY ISSUED BY ALLEN COUNTY    65797

INDIANA STATE DEPARTMENT OF HEALTH

Local No. 002913          CERTIFICATE OF DEATH          State No.

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL P.H.G. 16-1, 19-3   15

Denise     Jane     Simon        Female    10:22 pm   November 3, 2007

10607 Monte Vista Court    Fort Wayne    Allen

Married    James A. Simon    Homemaker Extraordinaire

Indiana    Allen    Fort Wayne    10607 Monte Vista Court

James A. Simon    10607 Monte Vista Ct., Ft. Wayne, IN 46814   Husband

November 19, 2007    Northern Indiana Crematory    Fort Wayne, Indiana

CARBON MONOXIDE POISONING

DEPUTY CORONER          NOVEMBER 15, 2007

REBECCA STUTTLE  1 E. SUPERIOR ST. ROOM B13 FORT WAYNE, INDIANA 46802    NOV 13 2007

SELF-INFLICTED CARBON MONOXIDE POISONING

29

STATE OF INDIANA     )
                ) SS:
COUNTY OF ALLEN    )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE  )
            OF          )
                           )
DENISE J. SIMON, Deceased.    )

## PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21st day of March, 2014.

_Clerk, Allen Superior Court_
TB.

30U6168

---

STATE OF INDIANA     )
                ) SS:
COUNTY OF ALLEN    )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE  )
            OF          )
                           )
DENISE J. SIMON, Deceased.    )

28
30

## ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

_T S Houk_
Judge, Allen Superior Court

30U6168

(OVER)

August 20, 2014

31

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd., a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December 11, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon    Dec 11 '12

Sandra Simon
Managing Director

December 17, 2012

32

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Hopp    ID 45-3762289
Managing Director

December 3, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1982452) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 57

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Jan 26*, 2016

FOIA/PA Official

Executive Office for United States Attorneys, DOJ

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number(s): *D16-57*

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "FOIA Request Number" when corresponding, so there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.  FOIA/PA Request.

This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 Nov 10* to *15 Oct 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used:

A.  in the news reporting of RememberDenise.org,

B.  in legal proceedings to reverse and set aside the criminal conviction of James A. Simon (as well as secure his release from prison),

C.  in reinstating a dismissed Federal Tort Claim Act suit filed against the IRS, and

D.  in preserving and advancing a pending Bivens action filed against certain IRS agents and various other individuals.

3.  Release of Requested Records In Public Interest and Serves Desired Ends of Justice.

Release of the requested records will, directly and in conjunction with our other requests, substantially serve the public interest and the desired ends of justice.  Withholding the requested records will place the interests of government agencies, agents, and employees above the interests of the public and the desired ends of justice.  Placing the interests of government agencies, its agents and employees above the interest of the public and the desired ends of justice is exactly conduct the Freedom of Information Act intends to discourage.  You should consider all the important uses to which we will put the requested records (see paragraph 2 above) when weighing application of exemptions afforded under the FOIA. (See paragraph 4 A. "Disclosure of the requested information is in the public interest." below.)

*(over)*

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A. <u>Disclosure of the requested information is in the public interest.</u>

(1)   The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ. The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities. The requested records will show how government works.

(2)   The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities. Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)   The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public.

understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.  Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works.  RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted).  Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S.

Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries.  RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports.  Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding."  RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing.  Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS and the DOJ worked when investigating and prosecuting him.  (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4)  Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding.  Although the public may generally dislike paying taxes, it believes the DOJ and the IRS protect citizens' Constitutional rights and comply with their own establish policies.  If indeed the DOJ and the IRS customarily disregard their stated policies and

*(over)*

7

lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, '...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continueing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was

8

reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the

level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt requested records (this and other resquests), when reported by RememberDenise.Org will significantly enhance the public's understanding, of how the IRS criminal division and DOJ works to investigate and prosecute tax matters (how government works), well beyond the public's currently understanding.

B.  The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C.  Conclusion.  Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

5.  We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we  AGREE

to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request.  If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find.  We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released.  In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to search fees.  These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

6.  Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested.  Nor is this request a request for any and ALL

(over)

records in his or her "criminal administrative file".                    //

## 7.  Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records.  Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 12 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records.  We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

## 8.  Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied.  Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

## 9.  Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request.  Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if

responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

## 10.  Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

## 11.  Misdirected Request.

If you are not the official (or designee), inside of the DOJ or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

## 12.  If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ.  The DOJ, must make reasonable efforts to search for records.  With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of

the DOJ's automated information system."

*13*

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

13.  **Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.**

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RIM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files

related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

*14*

14.  **Privacy of Denise J. Simon.**

Denise J. Simon died in November of 2007. Consequentially she is afforded no privacy in regard to this request. Please find enclosed a copy of her death certificate.

15.  **Redaction May Be Required If Exemptions Apply or Access to Records is Denied.**

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance. Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation. Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

16.  **Publicly Available Records Not Available to Simon.**

Mr. Simon is incarcerated and not permitted access to publicly available records. Therefore, you should not direct

*(over)*

*15*

us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

17.  **Information Required if Records Denied.**

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

18.  **Address to Send Non-Paper Records.**

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to: Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

19.  **Applicable Circuit Law.**

If we seek judicial relief in connection with this request, we will do so in the United States District Court of the District of Columbia.  Consequently, when determining application of exemptions, and applicable circuit law, you should apply District of Columbia Circuit Court law when circuit law differs.  Please inform us what circuit law you are applying by specific determination, if you make determinations by applying circuit law that differs from District of Columbia circuit law.

*16*

If you contemplate withholding the requested records because of grand jury secrecy (Fed. R. Crim P6(e)), please consider paragraph 21 above and Murphy v. Executive Office for United States Attorneys, 11F.Supp. 3d 1; 2013 U.S. Dist. Lexis 172149. "In this Circuit, the grand jury exception is limited to material which, if disclosed would 'tend to reveal some secret aspect of the grand jury's investigation, such ...as the identities of witnesses or jurors, the substances of testimony the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.' Senate of P.R. v. U.S. Dep't of Justice, 823 F2d 574, 582, 262 U.S. App D.C. 166 (D.C.Cir.1897). Simply withholding records because they are "grand jury records", as was done with 10s of thousands of previously requested records (IRS F15090-0136, pertaining to our March 26, 2015 request to the IRS) is inappropriate. The government bears the burden of "...demonstrating some 'nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." Lopez v. Dep't of Justice, 393 F.3d 1345, 1350, 364 U.S. App. D.C.274 (D.C.Cir 2005)(quoting Senate of Puerto Rico, 823 F.2d at 584).  "[T]here is no per se rule against disclosure of any and all information which has reached the grand jury chambers ..." Lopez 393 F.3d at 1349; see also Stolt-Nielsen Transp. Grp. Ltd., 534 F.3d at 732 ("[T]he government may not bring information into the protection of Rule 6(e) and thereby into the protection afforded by Exemption 3 simply by submitting it as a grand jury exhibit.")

23.
24.  Certification.                                            17

   I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.


Thank you for attending to this important matter.  We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual


Enclosures:
   - Attached Schedule
   - Authorizations

---

                                                            18

                    NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.


STATE OF MINNESOTA
                         :SS
COUNTY OF OLMSTED


Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 26 day of January, 2016.

                                          Seal:
Notary Public


Executor



SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

*19*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: D/8-5~

~Nov 13~, ~2015~

~Jan~ 26, 2016

1.   Show and or reflect interviews, conducted by the
government (inclusive of but not limited to the Department of
Justice) about matters involving James A. Simon, after the
start of the trial of James A. Simon.

Note:

A.   When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.   The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

(This Page Intentionally Blank)

21
#9

Date __1/16/15__

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

Rebecca Lynette Thomas

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne  1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2015
Commission # 11863653

22
#10

Date: 5/11/2016

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER)

Date 1/16/15

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

Rebecca Lynette Thomas
REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019
County of Wayne  1/16/15

#9
21

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2015
Commission # 11083653

Date: 5/11/2016

22
20

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER)

27
23

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra J. Simon

Sandra Simon

Guardian



24
12

January ___, 2015

To whom it may concern:  I do hereby authorize any agency,
body, or affiliated organization of any government to releas
any and all information about, pertaining to, or concerning
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, bo
or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington
County of Pierce

Subscribed and sworn/affirmed to before me this 12 day of Jan
, 20 15, by Richard Wilson

Notary Public

My Commission Expires: 02-25-2016

DYLAN SWENSON
COMMISSION EXPIRES
NOTARY
PUBLIC
02-25-18
STATE OF WASHINGTON

25

#16

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP

OF

RACHEL A. SIMON, a minor.

**LETTERS OF GUARDIANSHIP**

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-4 and IC 29-3-4-4, however, the powers referred to in paragraph ten (10) under IC § 29-3-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_Judith J. Votaw_____
Clerk, Allen Superior Court

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP

OF

RACHEL A. SIMON, a minor.

**ORDER APPOINTING GUARDIAN OVER
PERSON AND ESTATE OF MINOR**

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the Petitioner having appeared in person and by counsel on the 15th day of June 2011, including the testimony of Tracy Troyer, Esq., the court-appointed Guardian ad Litem for Rachael A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1922 Simon Road, Huntertown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

---

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is to be appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-4-4.

8. It has been further determined that Rachel only has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

---

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5. That the requirement to supply to the Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

_[signature]_
Judge, Allen Superior Court

NOTICE IS TO BE COPIED:
____ COURT ____ CLERK X PARTY ____ OTHER

PROOF OF NOTICE UNDER TRIAL RULE 72(D):

A copy of this entry was served either by mail or in the address of record, deposited in the Court's attorney's distribution box, distributed personally upon the person and/or filed as listed below.

Mark E. Wissen, Indiana Lawyer, LLP, Box 27
Tracy L. Troyer, Broglin, Troyer & Guinvion, PC, 1311 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE: _____

INITIALS OF PERSON WHO NOTIFIED PARTIES: ____ COURT ____ CLERK ____ PARTY ____ OTHER

CERTIFIED COPY ISSUED BY ALLEN COUNTY    65797

INDIANA STATE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Local No. 002913                                    State No.

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1, 19.3    15

| Denise | Jane | Simon | Female | 10:22 pm | November 9, 2007 |

April 18, 1957    Chicago    Illinois

N/A

10607 Monte Vista Court    Fort Wayne    Allen

Married    James A. Simon    Homemaker    Extraordinaire    None

Indiana    Allen    Fort Wayne    10607 Monte Vista Court

James A. Simon    10607 Monte Vista Court, Fort Wayne, IN 46814    Husband

November 19, 2007

Northern Indiana Crematory    Fort Wayne, Indiana

N/A

D.O. McComb & Sons    1140 Lake Avenue, Fort Wayne, Indiana 46805

CARBON MONOXIDE POISONING

DUE TO FOUL & CONTAMINATION ONLY

DEPUTY CORONER    NOVEMBER 15, 2007

REBECCA STOTTLE    1 E. SUPERIOR ST. ROOM B13 FORT WAYNE, INDIANA 468021

NOV 1 3 2007

SELF-INFLICTED CARBON MONOXIDE

10607 MONTE VIST. CT.    FORT WAYNE, IN.

---

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne    7/5/14

28

August 20, 2014                                       49 31

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body
of the U.S. Government (or representative thereof) to release
any and all information about or concerning J.S. Partners,
Ltd, a Colorado partnership, to James A. Simon in response to
a Freedom of Information Act (FOIA) or Privacy Act (PA)
request(s) that James A. Simon has submitted, or does submit
to any agency, body, or affiliated body of the U.S. Government
(or representative thereof).

James A. Simon
General Partner


December 11, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning Elekta Limited to
James A. Simon in response to a Freedom of Information Act
(FOIA) request that James A. Simon has submitted, or does
submit to any agency, body, or affiliated body of the U.S.
Government.

Sandra Simon   Dec 11, '12
Sandra Simon
Managing Director


December 17, 2012                                    32 30

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning ICHUA Limited to James
A. Simon in response to a Freedom of Information Act (FOIA)
request that James A. Simon has submitted, or does submit to
any agency, body, or affiliated body of the U.S. Government.

Roland Ropp                      ID 45-3762289
Managing Director


December 3, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning the Simon Family Trust
(ID 35-1982456) to James A. Simon in response to a Freedom of
Information Act (FOIA) request that James A. Simon has
submitted, or does submit, to any agency, body, or affiliated
body of the U.S. Government.

Douglas Miller
Trustee

29

STATE OF INDIANA    )
                    ) SS:
COUNTY OF ALLEN   )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE  )
           OF            )
                         )
DENISE J. SIMON, Deceased.   )

## PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21 ST

Clerk, Allen Superior Court

30UG168

---

- 30

STATE OF INDIANA    )
                    ) SS:
COUNTY OF ALLEN   )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01–0802–EU–97

IN THE MATTER OF THE ESTATE  )
           OF            )
                         )
DENISE J. SIMON, Deceased.   )

## ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

Judge, Allen Superior Court

30UG168

(OVER)

Exhibit 58.

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*JAN 26*, 2016

FOIA/PA Official

Executive Office for United States Attorneys, DOJ

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number(s): *D16-58*

IMPORTANT:   Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "FOIA Request Number" when corresponding, so there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.   FOIA/PA Request.

This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 JAN 08* to *1 APR 10*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.   Use of Records.

The requested records will be used:

A.   in the news reporting of RememberDenise.org,

B.   in legal proceedings to reverse and set aside the criminal conviction of James A. Simon (as well as secure his release from prison),

C.   in reinstating a dismissed Federal Tort Claim Act suit filed against the IRS, and

D.   in preserving and advancing a pending Bivens action filed against certain IRS agents and various other individuals.

3.   Release of Requested Records In Public Interest and Serves Desired Ends of Justice.

Release of the requested records will, directly and in conjunction with our other requests, substantially serve the public interest and the desired ends of justice.  Withholding the requested records will place the interests of government agencies, agents, and employees above the interests of the public and the desired ends of justice.  Placing the interests of government agencies, its agents and employees above the interest of the public and the desired ends of justice is exactly conduct the Freedom of Information Act intends to discourage.  You should consider all the important uses to which we will put the requested records (see paragraph 2 above) when weighing application of exemptions afforded under the FOIA.  (See paragraph 4 A. "Disclosure of the requested information is in the public interest." below.)

*(over)*

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements.  It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience.  (Please review RememberDenise.org)  Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.

understanding" of IRS and DOJ operations and activities.  The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant.  Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject.  The records/information requested relate to how government works and is not likely known, in general, by the public.  Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works.  RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted).  Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S.

Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries.  RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports.  Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding."  RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing.  Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS and the DOJ worked when investigating and prosecuting him.  (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4)  Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding.  Although the public may generally dislike paying taxes, it believes the DOJ and the IRS protect citizens' Constitutional rights and comply with their own establish policies.  If indeed the DOJ and the IRS customarily disregard their stated policies and

(over)

7

lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, '...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was

8

reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the

9

level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working. There should be little doubt requested records (this and other resquests), when reported by RememberDenise.Org will significantly enhance the public's understanding, of how the IRS criminal division and DOJ works to investigate and prosecute tax matters (how government works), well beyond the public's currently understanding.

B.  The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C.  Conclusion.  Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

5.  We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we  AGREE

10

to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request.  If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find.  We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released.  In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to search fees.  These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

6.  Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested.  Nor is this request a request for any and ALL

(over)

records in his or her "criminal administrative file".

## 7. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 12 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

## 8. Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

## 9. Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if

responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

## 10. Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

## 11. Misdirected Request.

If you are not the official (or designee), inside of the DOJ or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

## 12. If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of

the DOJ's automated information system."

*13*

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

13. Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RLM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files

related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

*14*

14. Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007. Consequentially she is afforded no privacy in regard to this request. Please find enclosed a copy of her death certificate.

15. Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance. Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation. Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

16. Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records. Therefore, you should not direct

*(over)*

*15*

us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

17.  **Information Required if Records Denied.**

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

18.  **Address to Send Non-Paper Records.**

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

19.  **Applicable Circuit Law.**

If we seek judicial relief in connection with this request, we will do so in the United States District Court of the District of Columbia.  Consequently, when determining application of exemptions, and applicable circuit law, you should apply District of Columbia Circuit Court law when circuit law differs.  Please inform us what circuit law you are applying by specific determination, if you make determinations by applying circuit law that differs from District of Columbia circuit law.

*16*

If you contemplate withholding the requested records because of grand jury secrecy (Fed. R. Crim P6(e)), please consider paragraph 21 above and Murphy v. Executive Office for United States Attorneys, 11F.Supp. 3d 1; 2013 U.S. Dist. Lexis 172149. "In this Circuit, the grand jury exception is limited to material which, if disclosed would 'tend to reveal some secret aspect of the grand jury's investigation, such ...as the identities of witnesses or jurors, the substances of testimony the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.' Senate of P.R. v. U.S. Dep't of Justice, 823 F2d 574, 582, 262 U.S. App D.C. 166 (D.C.Cir.1897).  Simply withholding records because they are "grand jury records", as was done with 10s of thousands of previously requested records (IRS F15090-0136, pertaining to our March 26, 2015 request to the IRS) is inappropriate. The government bears the burden of "...demonstrating some 'nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." Lopez v. Dep't of Justice, 393 F.3d 1345, 1350, 364 U.S. App. D.C.274 (D.C.Cir 2005)(quoting Senate of Puerto Rico, 823 F.2d at 584).  "[T]here is no per se rule against disclosure of any and all information which has reached the grand jury chambers ..." Lopez 393 F.3d at 1349; see also Stolt-Nielsen Transp. Grp. Ltd., 534 F.3d at 732 ("[T]he government may not bring information into the protection of Rule 6(e) and thereby into the protection afforded by Exemption 3 simply by submitting it as a grand jury exhibit.")

20,
21.  Certification.

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for attending to this important matter.  We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
 - Attached Schedule
 - Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                    :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 26 day of January, 2015.

Notary Public                               Seal:

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE

Requested Records  *D16-58*

FOIA/PA Request Number: ~~D16-58~~

~~APRIL 13, 2015~~

JAN 26, 2016

(This Page Intentionally Blank)

1.   Show the indictment, inclusive of drafts and final version, submitted by the DOJ to the Fort Wayne, Indiana grand jury.

Note:

A.   When reasonable to read an item (or items) above, narrowly or broadly, it (or they) should be read broadly, and in the way that produces the highest number of responsive records.

B.   The FOIA requires exempt information, to be redacted (deleted) from responsive records so to segregate exempt portions from non-exempt portions, the non-exempt portions of the responsive records disclosed, and no responsive record be withheld solely because it contains exempted information, and that the amount of information deleted shall be indicated on the released portion of the record.

Date _1/16/15_

21
~~19~~

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

_County of wayne    1/16/15_

Date: _December 27, 2012_

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

_12-27-12_

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2015
Commission # 11883653

Date: _5/11/2016_

22
~~20~~

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon



(OVER)

#23

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra J. Simon

Sandra Simon
Guardian



24

January ____, 2015

To whom it may concern:   I do hereby authorize any agency,
body, or affiliated organization of any government to rele
any and all information about, pertaining to, or concernin
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency, b
or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington
County of Pierce

Subscribed and sworn to/affirmed to before me this 12 day of Jan.
20 15 by Richard Wilson

Notary Public

My Commission Expires: 02-25-2018

DYLAN SWENSEN
COMMISSION EXPIRES
02-25-18
NOTARY
PUBLIC
STATE OF WASHINGTON

SS:

EJ 25            #26

---

STATE OF INDIANA )
                 ) SS:
COUNTY OF ALLEN  )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_____
Clerk, Allen Superior Court

---

STATE OF INDIANA )
                 ) SS:
COUNTY OF ALLEN  )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the Petitioner having appeared in person and by counsel on the 15th day of June 2011, including the testimony of Troy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by this Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1922 Simon Road, Huntertown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

4. Rachel is in need of a guardian because of her minority issue, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

8. It has been further determined that Rachel truly has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and reliable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5. That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

_____
Judge, Allen Superior Court

NOTICE TO BE GIVEN TO:
COURT ___ CLERK _X_ PARTY ___ OTHER ___
PROOF OF NOTICE UNDER TRIAL RULE 72(D)

A copy of this entry was served either by mail to the address of record, deposited in the Court attorney's distribution box, distributed personally upon the persons and/or filed as listed below:

Mark S. Wiener, Berkman Larson, LLP, Box 87
Troy L. Troyer, Beeghe, Troyer & Gonzalez, PC, 7311 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE: _____

INITIALS OF PERSON WHO NOTIFIED PARTIES: ___ COURT ___ CLERK ___ PARTY ___ OTHER

27

28

CERTIFIED COPY ISSUED BY ALLEN COUNTY

65797

002913    State No.

INDIANA STATE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Local No. _____    State No. _____

THE RECORDS OF THIS SERIES ARE CONFIDENTIAL    15

| | | | | |
|---|---|---|---|---|
| Denise | Jane | Simon | Female | 10:22 pm | November 9, 2007 |

10607 Monte Vista Court    Fort Wayne    Allen

Married    James A. Simon    Homemaker Extraordinaire    Home

Indiana    Allen    Fort Wayne    10607 Monte Vista Court

November 19, 2007

Northern Indiana Crematory    Fort Wayne, Indiana

N/A

CARBON MONOXIDE POISONING

November 15, 2007

REBECCA STUELIN   1 E. SUPERIOR ST. ROOM 813 FORT WAYNE, INDIANA 46802

NOV. 1 3 2007

DEPUTY CORONER

SELF INFLICTED CARBON MONOXIDE

10607 MONTE VISTA CT.

RESIDENCE    FORT WAYNE, INDIANA

---

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

_signature_    9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public-Seal
State of Indiana
My Commission Expires Nov 18, 2018.

County of Wayne    9/5/14

*29*

STATE OF INDIANA    )
                     ) SS:
COUNTY OF ALLEN    )

IN THE MATTER OF THE ESTATE    )
                           )
          OF          )
                           )
DENISE J. SIMON, Deceased.    )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21 ST

Clerk, Allen Superior Court

*JB*

30U6168

---

STATE OF INDIANA    )
                     ) SS:
COUNTY OF ALLEN    )

IN THE MATTER OF THE ESTATE    )
                           )
          OF          )
                           )
DENISE J. SIMON, Deceased.    )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March _21_, 2014.

Judge, Allen Superior Court

30U6168

*(OVER)*

August 20, 2014

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd., a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

December 11 , 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon       Dec 11.'12

Sandra Simon
Managing Director

December 17 , 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Hopp
Managing Director

ID 45-3762289

December 3 , 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1982452) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 58

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

_Jan 26_, 2016

FOIA/PA Official

Executive Office for United States Attorneys, DOJ

600 E. Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number(s): _016-59_

          IMPORTANT:  Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "FOIA Request Number" when corresponding, so

there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.   FOIA/PA Request.

   This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since _1 Jan 08_ to _1 Jan 10_, related in any way

to James A. Simon or Denise J. Simon, which:

          (SEE ATTACHED SCHEDULE)

2.   Use of Records.

   The requested records will be used:

     A.  in the news reporting of RememberDenise.org,

     B.  in legal proceedings to reverse and set aside the

criminal conviction of James A. Simon (as well as secure his

release from prison),

     C.  in reinstating a dismissed Federal Tort Claim Act

suit filed against the IRS, and

     D.  in preserving and advancing a pending Bivens action

filed against certain IRS agents and various other

individuals.

3.   Release of Requested Records In Public Interest and Serves
Desired Ends of Justice.

   Release of the requested records will, directly and in

conjunction with our other requests, substantially serve the

public interest and the desired ends of justice.  Withholding

the requested records will place the interests of government

agencies, agents, and employees above the interests of the

public and the desired ends of justice.  Placing the interests

of government agencies, its agents and employees above the

interest of the public and the desired ends of justice is

exactly conduct the Freedom of Information Act intends to

discourage.  You should consider all the important uses to

which we will put the requested records (see paragraph 2

above) when weighing application of exemptions afforded under

the FOIA. (See paragraph 4 A. "Disclosure of the requested

information is in the public interest." below.)

(over)

potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A.  Disclosure of the requested information is in the public interest.

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particular the operations of the federal government through the IRS and the DOJ. The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities. The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities. Most Americans are not aware and do not understand how the DOJ functions, and/or how it works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public.

understanding" of IRS and DOJ operations and activities.  The
records/information requested is meaningful because it is
informative of, and related to, government operations, and a
historical real life example of government operations that
resulted in the death of a taxpayer (Denise Simon), and the
vast majority of taxpayers are not informed about such
operations, nor informed of the possible deadly consequences
that can occur when armed flak jacketed IRS agents execute a
search warrant.  Disclosure of the facts surrounding the
specific death of Denise Simon will enhance public understand
of how the IRS and the DOJ investigate and prosecute tax
related matters, how these agencies comply or fail to comply
with stated public and/or agency policy, and how these
agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to
"contribute to an understanding" of how the DOJ and IRS work
to prosecute tax cases and is "likely to contribute" to a
"broad audience" of persons interested in the subject.  The
records/information requested relate to how government works
and is not likely known, in general, by the public.
Therefore, disclosure of the information, is likely to
contribute to public understanding of how the IRS and DOJ
works.  RememberDenise will effectively convey the requested
information to the public as has been its practice through its
news website.

RememberDenise.Org first published news on its site in 2010
(before James Simon was indicted).  Over more than four years
its reporting (of how government works in tax investigations
and prosecutions) has been read by 10s of thousands
individuals, including readers from the IRS, the DOJ, the U.S.

Courts, national news media (some that later referenced the
site in their own reporting), and institutions of higher
learning, as well as individuals from foreign countries.
RememberDenise.Org's reports continues to be read daily
demonstrating a continued public interest in its reporting and
the subject of its reports.  Not only does
RememberDenise.Org's informing of the public clearly have
broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and
intention to convey information effectively to the public will
be considered when considering the "significance of the
contribution to the public understanding."
RememberDenise.Org's publisher, James Simon, is the widower of
Denise Simon and was prosecuted by the DOJ, at the
recommendation of the IRS, only after he brought wrongful
death litigation against the IRS and a number of its agents,
only after he founded RememberDenise.org, and only after
RememberDenise.org began publishing.  Mr. Simon is
particularly informed and able to communicate effectively,
with RememberDenise.Org, to the public, why and how the IRS
and the DOJ worked when investigating and prosecuting him.
(Note: Under FOIA it will be presumed that a representative of
the news media satisfies this consideration.)

(4)  Disclosure of the requested records/information
will significantly contribute to public understanding and will
significantly enhance current public understanding.  Although
the public may generally dislike paying taxes, it believes the
DOJ and the IRS protect citizens' Constitutional rights and
comply with their own establish policies.  If indeed the DOJ
and the IRS customarily disregard their stated policies and

*(over)*

7

lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation.  The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status.  Moreover, early 2015 testimony before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice.  Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives.  The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continuing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff.  And, in early 2015, it was

8

reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS.  It would not be the first time a "culture of wrong doing" existed in the IRS.  We know today that the FBI (an agency within the DOJ) for years while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer.  It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the

9

level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working. There should be little doubt requested records (this and other resquests), when reported by RememberDenise.Org will significantly enhance the public's understanding, of how the IRS criminal division and DOJ works to investigate and prosecute tax matters (how government works), well beyond the public's currently understanding.

   B.   The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.   A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.   (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)   RememberDenise.Org is non-profit and, along with its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

   C.   Conclusion.   Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.


5.   We Commitment to Pay Fees If Fee Waiver Denied.

   If you deny the fee waiver grant requested above, we  AGREE

10

to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request.  If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find.  We will then consider increasing the amount of our commitment to pay search and copy fees.

   We understand that payment for search fees may be required to be made even if no documents are located or released.  In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to search fees.  These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.


6.   Not Requesting Any and All Records.

   Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested.  Nor is this request a request for any and ALL

*(over)*

records in his or her "criminal administrative file".

#### 7. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 12 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

#### 8. Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

#### 9. Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if

//

responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

#### 10. Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

#### 11. Misdirected Request.

If you are not the official (or designee), inside of the DOJ or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

#### 12. If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of

/2

*13*

the DOJ's automated information system."

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

### 13.  Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RIM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN.  The court is currently considering a motion for re-trial.  The records sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files

*14*

related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

### 14.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequentially she is afforded no privacy in regard to this request.  Please find enclosed a copy of her death certificate.

### 15.  Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance.  Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation.  Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

### 16.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records.  Therefore, you should not direct

*(over)*

15

us to public record sources to satisfy this request, but
rather provide directly to us all responsive paper records.

17.  Information Required if Records Denied.

If some records are denied, in whole or in part, please
specify the city or other location where the requested records
are situation and so inform us in your letter denying
disclosure in compliance with the FOIA.  Additionally, please
provide us with an estimate volume count of the denied
records.

18.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address
shown at the top of page one of this request.  However, all
electronic, video, audio and other non-paper records should be
sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at
Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

19.  Applicable Circuit Law.

If we seek judicial relief in connection with this request,
we will do so in the United States District Court of the
District of Columbia.  Consequently, when determining
application of exemptions, and applicable circuit law, you
should apply District of Columbia Circuit Court law when
circuit law differs.  Please inform us what circuit law you
are applying by specific determination, if you make
determinations by applying circuit law that differs from
District of Columbia circuit law.

16

If you contemplate withholding the requested records because
of grand jury secrecy (Fed. R. Crim P6(e)), please consider
paragraph 21 above and Murphy v. Executive Office for United
States Attorneys, 11F.Supp. 3d 1; 2013 U.S. Dist. Lexis
172149. "In this Circuit, the grand jury exception is limited
to material which, if disclosed would 'tend to reveal some
secret aspect of the grand jury's investigation, such ...as
the identities of witnesses or jurors, the substances of
testimony the strategy or direction of the investigation, the
deliberations or questions of jurors, and the like.' Senate
of P.R. v. U.S. Dep't of Justice, 823 F2d 574, 582, 262 U.S.
App D.C. 166 (D.C.Cir.1897).  Simply withholding records
because they are "grand jury records", as was done with 10s of
thousands of previously requested records (IRS F15090-0136,
pertaining to our March 26, 2015 request to the IRS) is
inappropriate. The government bears the burden of
"...demonstrating some 'nexus between disclosure and
revelation of a protected aspect of the grand jury's
investigation." Lopez v. Dep't of Justice, 393 F.3d 1345,
1350, 364 U.S. App. D.C.274 (D.C.Cir 2005)(quoting Senate of
Puerto Rico, 823 F.2d at 584).  "[T]here is no per se rule
against disclosure of any and all information which has
reached the grand jury chambers ..." Lopez 393 F.3d at 1349;
see also Stolt-Nielsen Transp. Grp. Ltd., 534 F.3d at 732
("[T]he government may not bring information into the
protection of Rule 6(e) and thereby into the protection
afforded by Exemption 3 simply by submitting it as a grand
jury exhibit.")

*20,*
*21.* **Certification.**

I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for attending to this important matter. We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
- Attached Schedule
- Authorizations

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                                    :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 26 day of January 2016.

Notary Public                          Seal:

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE                 *19*

Requested Records

FOIA/PA Request Number: *016-59*

*Nov 13, 2015*
*Jan 26, 2016*

1.  Show the indictment, inclusive of drafts and final
version, submitted by the DOJ to the South Bend, Indiana grand
jury.

Note:

  A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

  B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

*20*

(This Page Intentionally Blank)

#23

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about Rachel Simon or pertaining to Rachel Simon, in response to any and all Freedom of Information Act / Privacy Act request(s), that have been or may be filed by James A. Simon, Rachel Simon's father.

Sandra L. Simon

Sandra Simon

Guardian



24

January ____, 2015

To whom it may concern:   I do hereby authorize any agency, body, or affiliated organization of any government to rele any and all information about, pertaining to, or concernin J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in response to any Freedom of Information Act / Privacy Act request he has submitted, or does submit, to any agency, l or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington

County of Pierce

Subscribed and sworn/affirmed to before me on this 12th day of Jan

20 15, by Richard Wilson

Notary Public

My Commission Expires: 02-25-2018

#5 25

#P 26

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1104-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## LETTERS OF GUARDIANSHIP

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-2 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

Clerk, Allen Superior Court

---

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is uncontested by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and it, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and may serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP
OF
RACHEL A. SIMON, a minor.

## ORDER APPOINTING GUARDIAN OVER
## PERSON AND ESTATE OF MINOR

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the testimony of Troy Troyer, Esq., the court-appointed Guardian ad Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the waivers of Notice and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1922 Simon Road, Hometown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

---

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5. That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this _15_ day of June 2011.

Judge, Allen Superior Court

### NOTICE TO BE OBTAINED:
____ COURT ____ CLERK _X_ PARTY ____ OTHER
### PROOF OF NOTICE UNDER TRIAL RULE FIVE

A copy of this entry was served either by mail or to the address of record, deposited in the Court's attorney's distribution box, distributed personally upon the person and/or filed as listed below:

Mark E. Wisser, Beckman Lawson, LLP, Box 27
Troy L. Troyer, Esquire, Troyer & Goetzke, P.C., 7311 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE: _____

INITIALS OF PERSON WHO NOTIFIED PARTIES ____ COURT ____ CLERK ____ PARTY ____ OTHER

27

28

CERTIFIED COPY ISSUED BY ALLEN COUNTY          65797

**INDIANA STATE DEPARTMENT OF HEALTH**
CERTIFICATE OF DEATH

Local No. 002913          State No. .............................

THIS RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1-19.5    15

| TYPE/PRINT | 1. DECEASED - NAME (First, Middle, Last) | 2. SEX | 3a. TIME OF DEATH | 3b. DATE OF DEATH (Month, Day, Yr) |
| --- | --- | --- | --- | --- |
| | Denise    Jane    Simon | Female | 10:22 pm | November 9, 2007 |

James A. Simon

10607 Monte Vista Court          Fort Wayne          Allen

Married          James A. Simon          Homemaker Extraordinaire          Home

Indiana          Allen          Fort Wayne          10607 Monte Vista Court

James A. Simon          10602 Monte Vista Crt.  Ft. Wayne  IN 46814  Husband

November 19, 2007          Northern Indiana Crematory          Fort Wayne, Indiana

N/A

McComb & Sons  ... Lake, Fort Wayne, Indiana 46805

CARBON MONOXIDE POISONING

DEPUTY CORONER          NOVEMBER 15, 2007

REBECCA STUTTLE 1 W. SUPERIOR ST. ROOM B13 FORT WAYNE, INDIANA 46821

NOV 1 3 2007

SELF-INFLICTED CARBON MONOXIDE

11/09/2007          ... 10607 MONTE VISTA CT.  FORT WAYNE, INDIANA

---

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne          9/5/14

29

STATE OF INDIANA    )
                ) SS:
COUNTY OF ALLEN   )

IN THE MATTER OF THE ESTATE   )
            OF                 )
DENISE J. SIMON, Deceased.   )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST ~~~~~~~~~~

Clerk, Allen Superior Court

30U6168

---

STATE OF INDIANA    )
                ) SS:
COUNTY OF ALLEN   )

IN THE MATTER OF THE ESTATE   )
            OF                 )
DENISE J. SIMON, Deceased.   )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

Judge, Allen Superior Court

30U6168

(OVER)

August 20, 2014

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body
of the U.S. Government (or representative thereof) to release
any and all information about or concerning J.S. Partners,
Ltd, a Colorado partnership, to James A. Simon in response to
a Freedom of Information Act (FOIA) or Privacy Act (PA)
request(s) that James A. Simon has submitted, or does submit
to any agency, body, or affiliated body of the U.S. Government
(or representative thereof).

James A. Simon
General Partner

---

December 11, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning Elekta Limited to
James A. Simon in response to a Freedom of Information Act
(FOIA) request that James A. Simon has submitted, or does
submit to any agency, body, or affiliated body of the U.S.
Government.

Sandra Simon                Dec 11. '12

Sandra Simon
Managing Director

---

December 17th, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning ICHUA Limited to James
A. Simon in response to a Freedom of Information Act (FOIA)
request that James A. Simon has submitted, or does submit to
any agency, body, or affiliated body of the U.S. Government.

Roland Hopp

Managing Director

ID 45-3762289

---

December 3, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning the Simon Family Trust
(ID 95-1982452) to James A. Simon in response to a Freedom of
Information Act (FOIA) request that James A. Simon has
submitted, or does submit, to any agency, body, or affiliated
body of the U.S. Government.

Douglas Miller

Trustee

Exh. 6, 7        6D

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*JAN 26*, 201*6*

FOIA/PA Referral Official

FOIA/PA Mail Referral Unit (For Appropriate Referral)

Justice Management Division, DOJ

950 Pennsylvania Avenue, N.W.

Washington, DC 20530

Subject:   Our FOIA Request Number(s): *016-60*

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "FOIA Request Number" when corresponding, so there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.   FOIA/PA Request.

This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 JAN 04* to *15 Oct 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.   Use of Records.

The requested records will be used:

A.  in the news reporting of RememberDenise.org,

B.  in legal proceedings to reverse and set aside the criminal conviction of James A. Simon (as well as secure his release from prison),

C.  in reinstating a dismissed Federal Tort Claim Act suit filed against the IRS, and

D.  in preserving and advancing a pending Bivens action filed against certain IRS agents and various other individuals.

3.   Release of Requested Records In Public Interest and Serves Desired Ends of Justice.

Release of the requested records will, directly and in conjunction with our other requests, substantially serve the public interest and the desired ends of justice.  Withholding the requested records will place the interests of government agencies, agents, and employees above the interests of the public and the desired ends of justice.  Placing the interests of government agencies, its agents and employees above the interest of the public and the desired ends of justice is exactly conduct the Freedom of Information Act intends to discourage.  You should consider the all the important uses to which we will put the requested records (see paragraph 2 above) when weighing application of exemptions afforded under the FOIA. (See paragraph 4 A. "Disclosure of the requested information is in the public interest." below.)

*(over)*

4. News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)). RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved. It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works. When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements. It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience. (Please review RememberDenise.org) Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media

entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A. Disclosure of the requested information is in the public interest.

(1) The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ. The requested records are in the hands of the government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities. The requested records will show how government works.

(2) The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities. Most Americans are not aware and do not understand how the DOJ functions, and works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased

understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3)  The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public. Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S.

Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4)  Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it believes the DOJ and the IRS protect citizens' Constitutional rights and comply with their own establish policies. If indeed the DOJ and the IRS customarily disregard their stated policies and

*(over)*

7

lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, ...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continueing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was

8

reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the

level of public understanding of IRS misconduct, and how government within the IRS and DOJ is really working.  There should be little doubt requested records (this and other resqusts), when reported by RememberDenise.Org will significantly enhance the public's understanding, of how the IRS criminal division and DOJ works to investigate and prosecute tax matters (how government works), well beyond the public's currently understanding.

B.  The existence and magnitude of any commercial interest, is not greater in magnitude than a public interest when the public interest standard is satisfied.  A fee waiver is justified where the public interest standard is satisfied and the public interest in disclosure is greater in magnitude than that of any identified commercial interest.  (The government agency processing the request is to presume that where a news-media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure.)  RememberDenise.Org is non-profit and, along with its publisher, James Simon, has not profited from past FOIA disclosures and has no intention to commercially profit now from the disclosure (records/information) herein requested. Therefore, public interest exceeds non-existent commercial interest and RememberDenise.Org has satisfied the second fee waiver requirement.

C.  Conclusion.  Because RememberDenise.Org satisfies both the public interest standard, and there is no commercial interest, RememberDenise.Org should be granting fee waiver.

5.  We Commitment to Pay Fees If Fee Waiver Denied.

If you deny the fee waiver grant requested above, we  AGREE to pay fees up to $10 for search and copy fees to find and copy for us the described records in the Attached Schedule of this request.  If you reasonably estimate that fees will exceed this amount, we request you: (1) conduct up to two hours of searching for the narrowly described records in the Attached Schedule and provide to us copies of the first 100 responsive (and releasable) records you find, and (2) if you have not then completed a reasonable search, inform us expeditiously as to what is your considered and informed estimate (having then completed two hours of searching) of the number of hours required to complete your reasonable search and the number of remaining responsive records you believe you may find.  We will then consider increasing the amount of our commitment to pay search and copy fees.

We understand that payment for search fees may be required to be made even if no documents are located or released.  In the event documents are located and released, we understand we may be required to pay duplication fees charged in addition to search fees.  These statements are made so if you do deny the request for wavier of fees, your search, in response to this FOIA request, will expeditiously move forward, and NOT BE DELAYED because of a concern for payment of fees, a denial of fee wavier, an appeal of a denial of fee waiver, or any related litigation.

6.  Not Requesting Any and All Records.

Not any and ALL records in connection with the government investigation of James Simon and/or Denise Simon, and/or related to the prosecution of them, are herein being requested.  Nor is this request a request for any and ALL

(over)

records in his or her "criminal administrative file".

## 7. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 12 "If Records Are Electronic Records.), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

## 8. Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

## 9. Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if

responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

## 10. Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

## 11. Misdirected Request.

If you are not the official (or designee), inside of the DOJ or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

## 12. If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of

the DOJ's automated information system."

13

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

### 13.  Responsive Records May Be Found in Simon Criminal Files, or Elsewhere.

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RLM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files

related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

14

### 14.  Privacy of Denise J. Simon.

Denise J. Simon died in November of 2007.  Consequentially she is afforded no privacy in regard to this request.  Please find enclosed a copy of her death certificate.

### 15.  Redaction May Be Required If Exemptions Apply or Access to Records is Denied.

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance.  Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation.  Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

### 16.  Publicly Available Records Not Available to Simon.

Mr. Simon is incarcerated and not permitted access to publicly available records.  Therefore, you should not direct

(over)

15

us to public record sources to satisfy this request, but
rather provide directly to us all responsive paper records.

17.  Information Required if Records Denied.

If some records are denied, in whole or in part, please '
specify the city or other location where the requested records
are situation and so inform us in your letter denying
disclosure in compliance with the FOIA.  Additionally, please
provide us with an estimate volume count of the denied
records.

18.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address
shown at the top of page one of this request.  However, all
electronic, video, audio and other non-paper records should be
sent to: Mr. Craig Patterson, Beckman Lawson Attorneys at
Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

19.  Applicable Circuit Law.

If we seek judicial relief in connection with this request,
we will do so in the United States District Court of the
District of Columbia.  Consequently, when determining
application of exemptions, and applicable circuit law, you
should apply District of Columbia Circuit Court law when
circuit law differs.  Please inform us what circuit law you
are applying by specific determination, if you make
determinations by applying circuit law that differs from
District of Columbia circuit law.

16

If you contemplate withholding the requested records because
of grand jury secrecy (Fed. R. Crim P6(e)), please consider
paragraph 21 above and Murphy v. Executive Office for United
States Attorneys, 11F.Supp. 3d 1; 2013 U.S. Dist. Lexis
172149. "In this Circuit, the grand jury exception is limited
to material which, if disclosed would 'tend to reveal some
secret aspect of the grand jury's investigation, such ...as
the identities of witnesses or jurors, the substances of
testimony the strategy or direction of the investigation, the
deliberations or questions of jurors, and the like.' Senate
of P.R. v. U.S. Dep't of Justice, 823 F2d 574, 582, 262 U.S.
App D.C. 166 (D.C.Cir.1897).  Simply withholding records
because they are "grand jury records", as was done with 10s of
thousands of previously requested records (IRS F15090-0136,
pertaining to our March 26, 2015 request to the IRS) is
inappropriate. The government bears the burden of
"...demonstrating some 'nexus between disclosure and
revelation of a protected aspect of the grand jury's
investigation." Lopez v. Dep't of Justice, 393 F.3d 1345,
1350, 364 U.S. App. D.C.274 (D.C.Cir 2005)(quoting Senate of
Puerto Rico, 823 F.2d at 584).  "[T]here is no per se rule
against disclosure of any and all information which has
reached the grand jury chambers ..." Lopez 393 F.3d at 1349;
see also Stolt-Nielsen Transp. Grp. Ltd., 534 F.3d at 732
("[T]he government may not bring information into the
protection of Rule 6(e) and thereby into the protection
afforded by Exemption 3 simply by submitting it as a grand
jury exhibit.")

20,
2X.   Certification.                                                    17

   I certify that I am James A. Simon, I am the publisher of
RememberDenise.org, I was born on 12 July 1950 in Fort Wayne,
Allen County, Indiana, I am a U.S. Citizen, and my social
security number is 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.

Thank you for attending to this important matter.  We look
forward to quick resolution of any problems you encounter, and
receipt of all responsive records.

Respectfully,

James A. Simon
Publisher RememberDenise.org, and
Individual

Enclosures:
   - Attached Schedule
   - Authorizations


NOTARY PUBLIC                                                          18

IN WITNESS HEREOF, I hereunto set my hand and seal the date
forth in the acknowledgement below.

STATE OF MINNESOTA
                    :ss
COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me,
JAMES A. SIMON, the person who executed this instrument for
the purposes within, this 26 day of JAN 26, 2016.

Notary Public                               Seal:

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE                    *19*

Requested Records

FOIA/PA Request Number: *D18-60*

*NOV 13, 2016*
*JAN 26, 2016*

1.   Show any information (other than testimony by defense
witnesses) possessed by the DOJ that could be interpreted to
contradict or cast question about testimony given at trial by
a government witness, which was not given to Simon and/or his
attorney, or part of the court record, by the end of Simon's
trial.

Note:

   A.   When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.   The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

*20 =8*

(This Page Intentionally Blank)

21
79

Date 1/16/15

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

Rebecca Lynette Thomas
REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019
County of Wayne   1/16/15

Date: December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2016
Commission # 11803853

22

Date: 5/11/2016

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon

(OVER)

27 23

Date: May 14, 2015

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

Sandra L. Simon

Sandra Simon

Guardian



24

22 3

January ____, 2015

To whom it may concern:  I do hereby authorize any agency
body, or affiliated organization of any government to re
any and all information about, pertaining to, or concern
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency,
or affiliated organization of any government.

Richard Wilson

Managing Director

State of Washington

County of Pierce

Subscribed and sworn/affirmed to before me this 12th day of Jan

20 15  by  Richard Wilson

Notary Public

My Commission Expires: 02-25-2016

DYLAN SWENSON
COMMISSION EXPIRES
NOTARY
PUBLIC
02-25-16
STATE OF WASHINGTON

#3 25

#4 26

---

STATE OF INDIANA )
                 ) SS:
COUNTY OF ALLEN  )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP

OF

RACHEL A. SIMON, a minor.

**LETTERS OF GUARDIANSHIP**

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

**SANDRA SIMON**

the authority to administer the guardianship of

**RACHEL A. SIMON.**

Said guardian shall have all of the authority designated in IC §§ 29-3-8-1 and IC 29-3-8-4; however, the powers referred to in paragraph ten (10) under IC § 29-3-8-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this 15th day of June 2011.

_____
Clerk, Allen Superior Court

---

4.   Rachel is in need of a guardian because of her minority issue, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5.   The Petition for the appointment of a guardian filed in this matter is unconsented to by any interested party and is supported by the court-appointed Guardian of Litem for Rachel.

6.   Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7.   All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to her duties, responsibilities, or powers as set out in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

8.   It has been further determined that Rachel only has assets of nominal value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1.   Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2.   Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3.   Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and any serve without bond.

4.   Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitations as the guardian is

(OVER)

---

STATE OF INDIANA )
                 ) SS:
COUNTY OF ALLEN  )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP

OF

RACHEL A. SIMON, a minor.

**ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF A MINOR**

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of this Court's record.

And the Court, having reviewed the Petition and having heard sworn evidence thereon and the testimony of Tracy Troyer, Esq., the court-appointed Guardian of Litem for Rachel A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1.   Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2.   Notice required under the statute and by this Court have been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3.   Rachel, a resident of Allen County, Indiana, residing at 1922 Simons Road, Hometown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-1, IC 29-3-8-2, and IC 29-3-8-4.

5.   That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this 15 day of June 2011.

_____
Judge, Allen Superior Court

**NOTICE IS TO BE GIVEN:**
_____ COURT _____ CLERK __X__ PARTY _____ OTHER
**PROOF OF NOTICE REQUIRED PRIOR TO HEARING:**

A copy of this entry was served either by mail to the address of record, deposited in the Court's attorney's distribution box, distributed personally upon the person named below as follows:

Mark E. Wiener, Beckman Lawson, LLP, Box 57
Tracy L. Troyer, Beckman, Troyer & Gonzalez, PC, 1211 West Indiana Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE: _____
INITIALS OF PERSON WHO NOTICED PARTIES _____ COURT _____ CLERK _____ PARTY _____ OTHER

27 ~~25~~

28 ~~26~~

CERTIFIED COPY ISSUED BY ALLEN COUNTY 65797

ATTENTION ESTATE: Disclosure of the SS# we need to pursue our responsibilities is voluntary and there will be no penalty for refusal.

INDIANA STATE DEPARTMENT OF HEALTH

Local No. 002913

CERTIFICATE OF DEATH

State No. ....................

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1, 19-5 15

TYPE/PRINT IN PERMANENT BLACK INK

DECEDENT

1. Decedent's name (First, Middle, Last): Denise Jane Simon
2. Sex: Female
3a. Time of death: 10:22 pm
3b. Date of death (Month, Day, Yr): November 9, 2007
4. Social Security Number: [illegible]
5a. Age (Years): 50
6. Date of birth: April [illegible], 1957
7. Birthplace: Chicago Illinois
8. Was decedent ever in U.S. Armed Forces: [illegible]
9. Year last served in U.S. Armed Forces: N/A
10a. Facility name (if not institution, give street and number): 10607 Monte Vista Court
10b. City, town, or location of death: Fort Wayne
10c. County of death: Allen
11. Marital status: Married
12. Surviving spouse: James A. Simon
13a. Decedent's usual occupation: Homemaker Extraordinaire
13b. Kind of business/industry: Home
14a. Residence – State: Indiana
14b. County: Allen
14c. City, town or location: Fort Wayne
14d. Street and number: 10607 Monte Vista Court
14e. Zip code: [illegible]
14f. Inside city limits: ☒ No ☐ Yes
14g. City resident: ☒ No ☐ Yes
15. Citizen of what country: USA
16. Was decedent of Hispanic origin: ☒ No ☐ Yes
17. Race: White
18. Decedent's education: [illegible]

PARENTS

19. Father's name: Marvin Trovk
20. Mother's name (Maiden surname): Gisele Dupin

INFORMANT

21a. Informant's name: James A. Simon
21b. Mailing address: 10607 Monte Vista Ct. Ft. Wayne IN 46814
21c. Relationship: Husband

DISPOSITION

22a. Method of disposition: ☐ Burial ☒ Cremation ☐ Donation ☐ Entombment ☐ Removal from State ☐ Other (Specify)
22b. Date and place of disposition: November 19, 2007, Northern Indiana Crematory
22c. Location – City or Town, State: Fort Wayne, Indiana
23a. Embalmer's name: N/A
23b. Embalmer's license ID: N/A
23c. Was death reported to coroner: ☐ No ☒ Yes
24a. Signature of funeral director: [signature]
24b. License number: FD[illegible]
25. Name, address, and license number of funeral home: D.O. McComb & Sons, 8325 Covington Road, Fort Wayne, Indiana [illegible] FH[illegible]

CAUSE OF DEATH

26. Part I. Immediate cause: CARBON MONOXIDE POISONING
Due to (or as a consequence of): b.
Due to (or as a consequence of): c.
d.
Part II. Other significant conditions:
27. Was decedent pregnant in 12 months: NO
28a. Was an autopsy performed: [illegible]
28b. Were autopsy findings available to complete the cause of death: YES

CERTIFIER

29a. Certifier (Check only one): ☐ Certifying physician ☐ Health officer ☒ Coroner
29b. Signature and title of certifier: [signature] DEPUTY CORONER
29c. License number: N/A
29d. Date signed: NOVEMBER 15, 2007
30. Name and address of person who completed cause of death: REBECCA STUTTLE 1 E. SUPERIOR ST. ROOM B13 FORT WAYNE, INDIANA 46802
31. Health officer's signature: [signature]
32. Date filed: NOV 19 2007
33. Manner of death: ☐ Natural ☐ Accident ☒ Suicide ☐ Homicide ☐ Pending investigation ☐ Could not be determined
34a. Date of injury: 11/09/2007
34b. Time of injury: UNKNOWN
34c. Injury at work: NO
34d. Describe how injury occurred: SELF INFLICTED CARBON MONOXIDE POISONING
34e. Place of injury: RESIDENCE
34f. Location: 10607 MONTE VISTA CT. FORT WAYNE, INDIANA
34g. Motor vehicle accident: NO

THIS IS A CERTIFIED COPY OF AN ORIGINAL DOCUMENT. I hereby certify that this copy is an exact reproduction of the original record of death for the person named therein as it now appears in the permanent record of the Allen County Department of Health, Fort Wayne, Indiana. Not valid unless stamp with official raised seal.

DATE ISSUED: [illegible] 2007

[signature] HEALTH COMMISSIONER-REGISTRAR

[signature] DIRECTOR-REGISTRAR-VITAL RECORDS DIVISION

PERMISSION FOR CREMATION GRANTED
THE ALLEN COUNTY CORONER'S OFFICE

---

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

[signature] 9/5/2014

Adam J. Simon
Estate Administrator

[signature]

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 10, 2018

County of Wayne 9/5/14

29

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE )
OF )
DENISE J. SIMON, Deceased. )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21 ST

_____
Clerk, Allen Superior Court

38U6168

---

SS-30

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-0802-EU-97

IN THE MATTER OF THE ESTATE )
OF )
DENISE J. SIMON, Deceased. )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

_____
Judge, Allen Superior Court

38U6168

(OVER)

August 20, 2014

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body
of the U.S. Government (or representative thereof) to release
any and all information about or concerning J.S. Partners,
Ltd., a Colorado partnership, to James A. Simon in response to
a Freedom of Information Act (FOIA) or Privacy Act (PA)
request(s) that James A. Simon has submitted, or does submit
to any agency, body, or affiliated body of the U.S. Government
(or representative thereof).

James A. Simon
General Partner

December 11, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release any
and all information about or concerning Elekta Limited to
James A. Simon in response to a Freedom of Information Act
(FOIA) request that James A. Simon has submitted, or does
submit to any agency, body, or affiliated body of the U.S.
Government.

Sandra Simon  Dec 11. '12

Sandra Simon
Managing Director

December 17, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release an
and all information about or concerning ICHUA Limited to Jame
A. Simon in response to a Freedom of Information Act (FOIA)
request that James A. Simon has submitted, or does submit to
any agency, body, or affiliated body of the U.S. Government.

Roland Hopp
Managing Director

ID  45-3762228

December 3, 2012

To whom it may concern, I do hereby authorize any agency,
body, or affiliated body of the U.S. Government to release an
and all information about or concerning the Simon Family Trus
(ID 35-1982417) to James A. Simon in response to a Freedom of
Information Act (FOIA) request that James A. Simon has
submitted, or does submit, to any agency, body, or affiliated
body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 61

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Jan 26*, 201*6*

FOIA/PA Referral Official

FOIA/PA Mail Referral Unit (For Appropriate Referral)

Justice Management Division, DOJ

950 Pennsylvania Avenue, N.W.

Washington, DC 20530

Subject:   Our FOIA Request Number(s): *018-61*

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "FOIA Request Number" when corresponding, so there is no confusion about which request you are responding.

Dear FOIA/PA Official:

1.  FOIA/PA Request.

This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 Jan 04* to *15 Oct 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used:

A.  in the news reporting of RememberDenise.org,

B.  in legal proceedings to reverse and set aside the criminal conviction of James A. Simon (as well as secure his release from prison),

C.  in reinstating a dismissed Federal Tort Claim Act suit filed against the IRS, and

D.  in preserving and advancing a pending Bivens action filed against certain IRS agents and various other individuals.

3.  Release of Requested Records In Public Interest and Serves Desired Ends of Justice.

Release of the requested records will, directly and in conjunction with our other requests, substantially serve the public interest and the desired ends of justice.  Withholding the requested records will place the interests of government agencies, agents, and employees above the interests of the public and the desired ends of justice.  Placing the interests of government agencies, its agents and employees above the interest of the public and the desired ends of justice is exactly conduct the Freedom of Information Act intends to discourage.  You should consider the all the important uses to which we will put the requested records (see paragraph 2 above) when weighing application of exemptions afforded under the FOIA. (See paragraph 4 A. "Disclosure of the requested information is in the public interest." below.)

*(over)*

4. <u>News Media Status and Request for Fee Waiver.</u>

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)). RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience." RememberDenise.Org satisfies these requirements.  It gathers information of potential interest, uses it to turn it into a distinct work, and distributes the distinct work to an audience.  (Please review RememberDenise.org)  Because it uses the Internet to distribute its "distinct work" RememberDenise.Org qualifies as "alternative media" and "alternative media shall be considered to be news-media

entities" according to FOIA regulations.

To qualify for fee waiver, RememberDenise.Org must first show the disclosure of the requested information is in the public interest because disclosure is "likely to significantly contribute to public understanding of operations or activities of the government"; and second show "disclosure is not primarily in the commercial interest of the requester." RememberDenise.Org satisfies both of these requirements.

A. <u>Disclosure of the requested information is in the public interest.</u>

(1)  The subject records directly and clearly "concern the operations and the activities of the government," in particularly the operations of the federal government through the IRS and the DOJ.  The requested records are in the hands of the of government agency to which the request has been made, the agency generated or received the records in fulfilling its mission and conducting its day to day operations, and the agency maintains the records as part of its continuing operations and activities.  The requested records will show how government works.

(2)  The "informative value" of the information to be disclosed is "likely to contribute" to the understanding of government operations and activities.  Most Americans are not aware and do not understand how the DOJ functions, and works with other government agencies to achieve its and their objectives, how their objectives may contend and conflict with taxpayer/individual rights under the law, and how government may act wrongfully to achieve its ends.

The records requested are likely to provide "meaningful information" and "likely to contribute" to an "increased

understanding" of IRS and DOJ operations and activities. The records/information requested is meaningful because it is informative of, and related to, government operations, and a historical real life example of government operations that resulted in the death of a taxpayer (Denise Simon), and the vast majority of taxpayers are not informed about such operations, nor informed of the possible deadly consequences that can occur when armed flak jacketed IRS agents execute a search warrant. Disclosure of the facts surrounding the specific death of Denise Simon will enhance public understand of how the IRS and the DOJ investigate and prosecute tax related matters, how these agencies comply or fail to comply with stated public and/or agency policy, and how these agencies may regularly tread upon the rights of taxpayers.

(3) The records/information sought is likely to "contribute to an understanding" of how the DOJ and IRS work to prosecute tax cases and is "likely to contribute" to a "broad audience" of persons interested in the subject. The records/information requested relate to how government works and is not likely known, in general, by the public. Therefore, disclosure of the information, is likely to contribute to public understanding of how the IRS and DOJ works. RememberDenise will effectively convey the requested information to the public as has been its practice through its news website.

RememberDenise.Org first published news on its site in 2010 (before James Simon was indicted). Over more than four years its reporting (of how government works in tax investigations and prosecutions) has been read by 10s of thousands individuals, including readers from the IRS, the DOJ, the U.S.

Courts, national news media (some that later referenced the site in their own reporting), and institutions of higher learning, as well as individuals from foreign countries. RememberDenise.Org's reports continues to be read daily demonstrating a continued public interest in its reporting and the subject of its reports. Not only does RememberDenise.Org's informing of the public clearly have broad appeal, it has continuing and sustained appeal.

A requester's expertise in the subject area and ability and intention to convey information effectively to the public will be considered when considering the "significance of the contribution to the public understanding." RememberDenise.Org's publisher, James Simon, is the widower of Denise Simon and was prosecuted by the DOJ, at the recommendation of the IRS, only after he brought wrongful death litigation against the IRS and a number of its agents, only after he founded RememberDenise.org, and only after RememberDenise.org began publishing. Mr. Simon is particularly informed and able to communicate effectively, with RememberDenise.Org, to the public, why and how the IRS and the DOJ worked when investigating and prosecuting him. (Note: Under FOIA it will be presumed that a representative of the news media satisfies this consideration.)

(4) Disclosure of the requested records/information will significantly contribute to public understanding and will significantly enhance current public understanding. Although the public may generally dislike paying taxes, it believes the DOJ and the IRS protect citizens' Constitutional rights and comply with their own establish policies. If indeed the DOJ and the IRS customarily disregard their stated policies and

(over)

7

lash out with prosecution against those who criticize them, then disclosure of such will be significant and significantly contribute to public understanding of how government works. It is in the public interest that misconduct and wrongful acts by government agencies and their agents be exposed (disclosed and reported) and corrected so to establish better laws and better government.

The reporting focus of RememberDenise.Org is timely and important, and sadly parallels extensive national media reporting (2013-1015) surrounding the now exposed slow walking of conservative 501(c)(3) non-profit tax status determinations decided by the IRS, currently under Congressional investigation. The controversy erupted when TIGTA (Taxpayer Inspector General for Tax Administration), a government organization which regularly investigates wrong doing by the IRS and its agents, reported that the IRS employees deliberately slow walked applications of conservative groups requesting non-profit status. Moreover, early 2015 testimony before Congress revealed IRS employees intentionally erased blackberry text files of information pertinent to Congress' investigation, '...after the investigation began, suggesting obstruction of justice. Further, national and Internet media reported in 2014 that the same IRS employees accused of wrong doing in the 501(c)(3) controversy illegally provided a treasure trove of personal tax payer information to political operatives. The DOJ has yet to prosecute anyone involved.

In the last several years a large number of IRS employees were prosecuted for continueing to collect state unemployment benefits after returning to their IRS jobs having been recalled from agency layoff. And, in early 2015, it was

8

reported IRS employees involved in the 501(c)(3) controversy considered use of punitive prosecution to deal with certain individuals, a tactic that conceivably may have driven the prosecution of RememberDenise.Org's publisher James A. Simon, given RememberDenise.org was publishing its concerns about IRS criminal division employee wrong doing substantially before Simon was indicted.

The report is haunting because RememberDenise.Org's publisher, James Simon, is a registered Republican, and RememberDenise.Org believes the IRS Chief Counsel, one of only two presidential appointee to the IRS, who quickly resigned when the 501(c)(3) controversy exploded, is the same Chief Counsel who signed off on the IRS' recommendation to prosecute Simon.

Law makers have expressed grave concerns there may be a culture of wrong doing inside the IRS. It would not be the first time a "culture of wrong doing" existed in the IRS. We know today that the FBI (an agency within the DOJ) for years while led by J. Edgar Hoover, clandestinely requested and was illegally passed, by the IRS, personal taxpayer information on over 500,000 U.S. citizens, and the IRS even hid its illegal actions from its own Commissioners.

As despicable as the foregoing IRS wrong doing is, RememberDenise.org has no information to believe any prior wrong doing resulted in the death of a taxpayer. It is likely exposure of well documented IRS criminal division wrong doing that led to the death of a taxpayer, with records/information obtained through the FOIA, will capture the attention of law makers and Congressional investigators who are currently investigating IRS wrong doing; and will greatly raise the

9

level of public understanding of IRS misconduct, and how
government within the IRS and DOJ is really working.  There
should be little doubt requested records (this and other
resquests), when reported by RememberDenise.Org will
significantly enhance the public's understanding, of how the
IRS criminal division and DOJ works to investigate and
prosecute tax matters (how government works), well beyond the
public's currently understanding.

   B.   The existence and magnitude of any commercial interest,
is not greater in magnitude than a public interest when the
public interest standard is satisfied.  A fee waiver is
justified where the public interest standard is satisfied and
the public interest in disclosure is greater in magnitude than
that of any identified commercial interest.  (The government
agency processing the request is to presume that where a news-
media requester has satisfied the public interest standard,
the public interest will be the interest primarily served by
disclosure.)  RememberDenise.Org is non-profit and, along with
its publisher, James Simon, has not profited from past FOIA
disclosures and has no intention to commercially profit now
from the disclosure (records/information) herein requested.
Therefore, public interest exceeds non-existent commercial
interest and RememberDenise.Org has satisfied the second fee
waiver requirement.

   C.   Conclusion.  Because RememberDenise.Org satisfies both
the public interest standard, and there is no commercial
interest, RememberDenise.Org should be granting fee waiver.

5.   We Commitment to Pay Fees If Fee Waiver Denied.

   If you deny the fee waiver grant requested above, we  AGREE

10

to pay fees up to $10 for search and copy fees to find and
copy for us the described records in the Attached Schedule of
this request.  If you reasonably estimate that fees will
exceed this amount, we request you: (1) conduct up to two
hours of searching for the narrowly described records in the
Attached Schedule and provide to us copies of the first 100
responsive (and releasable) records you find, and (2) if you
have not then completed a reasonable search, inform us
expeditiously as to what is your considered and informed
estimate (having then completed two hours of searching) of the
number of hours required to complete your reasonable search
and the number of remaining responsive records you believe you
may find.  We will then consider increasing the amount of our
commitment to pay search and copy fees.

   We understand that payment for search fees may be required
to be made even if no documents are located or released.  In
the event documents are located and released, we understand we
may be required to pay duplication fees charged in addition to
search fees.  These statements are made so if you do deny the
request for wavier of fees, your search, in response to this
FOIA request, will expeditiously move forward, and NOT BE
DELAYED because of a concern for payment of fees, a denial of
fee wavier, an appeal of a denial of fee waiver, or any
related litigation.

6.   Not Requesting Any and All Records.

   Not any and ALL records in connection with the government
investigation of James Simon and/or Denise Simon, and/or
related to the prosecution of them, are herein being
requested.  Nor is this request a request for any and ALL

(over)

records in his or her "criminal administrative file".

## 7. Not Seeking Research, Analysis of Data or Creation of Records.

We understand that the FOIA does not require the IRS to research, analyze data or create paper records, but only to release EXISTING records. Nevertheless we understand that there is an EXCEPTION, as noted above (See paragraph 12 "If Records Are Electronic Records."), applies when searching and producing electronic records.

We request that if your search does not find responsive records that you will plainly inform us that you failed to find responsive records and not respond with declaration that you are not required to research, analyze data, or create records. We make this request so there is no misunderstanding as to exactly why responsive records are not being provided.

## 8. Prior Requests.

This request is not intended to duplicate any prior request considered by us to be satisfied. Moreover, we understand the existence of a prior request is not grounds for refusing to treat this request as a new request and to conduct an appropriate search for the requested records.

## 9. Not All Responsive Records Have Been Provided During Discovery Phase of Criminal Prosecution.

We do not believe Mr. Simon was provided, during the discovery phase of his criminal trial, all records now sought with this FOIA request. Nevertheless, it makes makes NO difference (regarding what must be disclosed via the FOIA) if

responsive records have or have not been previously provided during the discovery phase of a criminal proceeding, or through some other way, because such prior production does not exempt such records from search and disclosure under FOIA.

## 10. Records Created by Another Agency or Constituent Unit of the Department of Justice.

If your agency is in possession of a copy of a requested record (or information) that was originated by another Agency or constituent unit of the Department of Justice, we request that, in compliance with FOIA regulations, you immediately forward this request to the agency or constituent unit which originated the record (or information) for direct reply to us, and we promptly be notified of such referral by you.

## 11. Misdirected Request.

If you are not the official (or designee), inside of the DOJ or otherwise, responsible for the requested records (or information therein), according to FOIA regulations, please immediately forward this request to the responsible official for direct reply to us, AND so notify us of the referral.

## 12. If responsive Records Are Electronic Records.

It may be requested records are maintained in one or more computers and such "electronic" records are not considered "paper" records by the DOJ. The DOJ, must make reasonable efforts to search for records. With respect to electronic records, this may require the application of codes or some form of programming to retrieve the information, unless such efforts would significantly interfere with the operation of

the DOJ's automated information system."

*13*

Consequently, we understand the DOJ does not have a FOIA obligation to research, analyze data or create paper records. However, we further understand computer records are not exempt from FOIA searches and that during proper FOIA searches electronic records are searched, and it is ordinary that some computer coding and/or programming may be required, and customary that computer records in the form of new paper records are created and provided to the requester.

13. <u>Responsive Records May Be Found in Simon Criminal Files,</u>
<u>or Elsewhere.</u>

Mr. Simon has been convicted of filing false tax returns (United States v. James A. Simon, 10 Cr. 56(RIM), U.S. Dist. Ct. for the Northern District of Indiana) and is incarcerated in the Federal Medical Center in Rochester, MN. The court is currently considering a motion for re-trial. The records sought by this request, if not related purely to policy, might be found in Mr. Simon's criminal files, OR they may be located elsewhere in possession and/or control of DOJ employees or agents, or IRS attorneys.

Further, responsive records may be related to civil suits filed against the IRS, Agent Paul Muschell, Agent Linda Porter, and Manager Alvin Patton by me, the estate of Denise J. Simon, and Rachel Simon (in U.S. Dist. Ct. for the Northern District of Indiana) and MAY be in the possession, or control, of the before listed IRS employees, their government attorneys, or attorneys representing the IRS.

Your search in response to this request should NOT be restricted to a search of the Simon criminal files, or files

*14*

related to the civil suits, but should encompass ALL files in which responsive records may reasonably be found.

14. <u>Privacy of Denise J. Simon.</u>

Denise J. Simon died in November of 2007. Consequentially she is afforded no privacy in regard to this request. Please find enclosed a copy of her death certificate.

15. <u>Redaction May Be Required If Exemptions Apply or Access</u>
<u>to Records is Denied.</u>

In the event exemptions apply and/or access to any of the requested records is denied, please note the FOIA provides, if only portions of a requested file or record are exempt from release, that you provide all non-exempt records or portions of records that can be reasonably segregated.

Please describe any withheld, redacted or deleted material in detail and specify the statutory basis for withholding that information by itemized detail of material withheld, redacted or deleted, as well as your specific reasons for believing that the alleged statutory justification applies in each specific instance. Your statements will help us and our counsel to decide whether to appeal an adverse determination. Thus, your agency's written justification might help avoid unnecessary litigation. Notwithstanding the foregoing, our right to appeal your withholding or redaction of any information is reserved.

16. <u>Publicly Available Records Not Available to Simon.</u>

Mr. Simon is incarcerated and not permitted access to publicly available records. Therefore, you should not direct

*(over)*

15

us to public record sources to satisfy this request, but rather provide directly to us all responsive paper records.

17.  Information Required if Records Denied.

If some records are denied, in whole or in part, please specify the city or other location where the requested records are situation and so inform us in your letter denying disclosure in compliance with the FOIA.  Additionally, please provide us with an estimate volume count of the denied records.

18.  Address to Send Non-Paper Records.

Copies of responsive record should be sent to the address shown at the top of page one of this request.  However, all electronic, video, audio and other non-paper records should be sent to:  Mr. Craig Patterson, Beckman Lawson Attorneys at Law, 201 W. Wayne Street, Fort Wayne, IN 46802.

19.  Applicable Circuit Law.

If we seek judicial relief in connection with this request, we will do so in the United States District Court of the District of Columbia.  Consequently, when determining application of exemptions, and applicable circuit law, you should apply District of Columbia Circuit Court law when circuit law differs.  Please inform us what circuit law you are applying by specific determination, if you make determinations by applying circuit law that differs from District of Columbia circuit law.

16

If you contemplate withholding the requested records because of grand jury secrecy (Fed. R. Crim P6(e)), please consider paragraph 21 above and Murphy v. Executive Office for United States Attorneys, 11F.Supp. 3d 1; 2013 U.S. Dist. Lexis 172149. "In this Circuit, the grand jury exception is limited to material which, if disclosed would 'tend to reveal some secret aspect of the grand jury's investigation, such ...as the identities of witnesses or jurors, the substances of testimony the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.' Senate of P.R. v. U.S. Dep't of Justice, 823 F2d 574, 582, 262 U.S. App D.C. 166 (D.C.Cir.1897).  Simply withholding records because they are "grand jury records", as was done with 10s of thousands of previously requested records (IRS F15090-0136, pertaining to our March 26, 2015 request to the IRS) is inappropriate. The government bears the burden of "...demonstrating some 'nexus between disclosure and revelation of a protected aspect of the grand jury's investigation." Lopez v. Dep't of Justice, 393 F.3d 1345, 1350, 364 U.S. App. D.C.274 (D.C.Cir 2005)(quoting Senate of Puerto Rico, 823 F.2d at 584).  "[T]here is no per se rule against disclosure of any and all information which has reached the grand jury chambers ..." Lopez 393 F.3d at 1349; see also Stolt-Nielsen Transp. Grp. Ltd., 534 F.3d at 732 ("[T]he government may not bring information into the protection of Rule 6(e) and thereby into the protection afforded by Exemption 3 simply by submitting it as a grand jury exhibit.")

*20,*

*21.* Certification.

    I certify that I am James A. Simon, I am the publisher of RememberDenise.org, I was born on 12 July 1950 in Fort Wayne, Allen County, Indiana, I am a U.S. Citizen, and my social security number is 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.

    Thank you for attending to this important matter.  We look forward to quick resolution of any problems you encounter, and receipt of all responsive records.

Respectfully,

James A. Simon

Publisher RememberDenise.org, and

Individual

Enclosures:

  - Attached Schedule

  - Authorizations

*17*

*18*

NOTARY PUBLIC

IN WITNESS HEREOF, I hereunto set my hand and seal the date forth in the acknowledgement below.

STATE OF MINNESOTA

           :ss

COUNTY OF OLMSTED

Before me, the undersigned Notary Public, appeared to me, JAMES A. SIMON, the person who executed this instrument for the purposes within, this *26* day of *Jan 26* 2016.

Notary Public      Seal:

Executor

SHELLEY S. HAAG
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2017

ATTACHED SCHEDULE

*19*

Requested Records

FOIA/PA Request Number: *'D.15-61*
*Nov /13*  ,  ~~2015~~
*VAN 26,2016*

1.  Show the time sheet of DOJ  employees that reflect time
and/or tasked performed in connection with matters concerning
James A. Simon and/or Denise J. Simon.  (We expect that
personal identifying information will be, to the extent
appropriate under the law, redacted from responsive records.)

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
(deleted) from responsive records so to segregate exempt
portions from non-exempt portions, the non-exempt portions of
the responsive records disclosed, and no responsive record be
withheld solely because it contains exempted information, and
that the amount of information deleted shall be indicated on
the released portion of the record.

*20 FT*

(This Page Intentionally Blank)

Date  1/16/15

I, Adam Simon, do hereby authorize any and all government agencies and/or organizations, to release any and all information about me, and/or information pertaining to me, to James A. Simon, my father, in response to any and all Freedom of Information Act / Privacy Act requests he has made, or may make to any government agencies and/or organizations.

Adam Simon

Rebecca Lynette Thomas
REBECCA LYNETTE THOMAS
Notary Public - Seal
State of Indiana
My Commission Expires Nov 18, 2019

County of Wayne     1/16/15

Date:  December 27, 2012

I, Amanda Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release any and all information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act requests, that have been or may be filed by James A. Simon, my father.

Amanda Simon

12-27-12

GLENNA R. TREVINO
Notary Public-Notary Seal
STATE OF MISSOURI
Cass County
My Commission Expires Jan. 26, 2016
Commission # 11083653

21
#9

Date:  5/11/2016

I, Rachel Simon, do hereby authorize any and all US government organizations/agencies, and/or associated/affiliated organizations, to release to James A. Simon any and all records and information of any and all nature, about me or pertaining to me, in response to any and all Freedom of Information Act / Privacy Act request, that have been or may be filed by James A. Simon, my father.

Rachel Simon

22
#8

(OVER)

ZF23

Date: _May 14, 2015_

I, Sandra Simon, legal guardian for Rachel Simon, do hereby
authorize any and all US government organizations/agencies,
and/or associated/affiliated organizations, to release to
James A. Simon any and all records and information of any and
all nature, about Rachel Simon or pertaining to Rachel Simon,
in response to any and all Freedom of Information Act /
Privacy Act request(s), that have been or may be filed by
James A. Simon, Rachel Simon's father.

_Sandra L Simon_

Sandra Simon

Guardian



---

24

January ___, 2015

To whom it may concern:  I do hereby authorize any agency
body, or affiliated organization of any government to rel
any and all information about, pertaining to, or concerni
J.S. Elekta, Ltd. (ID: 75-2984331), to James A. Simon in
response to any Freedom of Information Act / Privacy Act
request he has submitted, or does submit, to any agency,
or affiliated organization of any government.

_Richard Wilson_

Richard Wilson

Managing Director

State of _Washington_

County of _Pierce_

Subscribed and sworn/affirmed to before me this _1st_ day of _Jan_
20 _15_ by _Richard Wilson_

_Notary Public_

My Commission Expires: _Oc 25 - 2016_

DYLAN SWENSON
COMMISSION EXPIRES
NOTARY
PUBLIC
02-25-18
STATE OF WASHINGTON

#5 25

#26

---

STATE OF INDIANA, )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP

OF

RACHEL A. SIMON, a minor.

**ORDER APPOINTING GUARDIAN OVER PERSON AND ESTATE OF MINOR**

COMES NOW Sandra Simon ("Sandy"), Petitioner, who has filed her verified Petition for Appointment of Guardian Over Person and Estate of Minor, which Petition is on file with the Court and part of the Court's record.

And the Court, having reviewed the Petition and having heard evidence thereon and the testimony of Troy Troyer, Esq., the court-appointed Guardian ad Litem for Rachael A. Simon ("Rachel"), and being fully advised in the premises, now finds that the allegations contained in said petition are true, and that:

1. Rachel is over 14 years of age and has consented to the guardianship proceedings as evidenced by her consent on file with the Court.

2. Notice required under the statute and by this Court has been waived by all interested parties as evidenced by the written Waiver and Consents filed with the Court.

3. Rachel, a resident of Allen County, Indiana, residing at 1922 Simon Road, Hometown, Indiana, is incapable of handling her person and financial affairs due to her minority status and is hereby found to be an incapacitated person under Indiana law.

4. Rachel is in need of a guardian because of her minority status, and it is in Rachel's best interests that a guardian be appointed over her person and estate, and no other petition for the appointment of a guardian has been filed.

5. The Petition for the appointment of a guardian filed in this matter is unconsented to by any interested party and is supported by the court-appointed Guardian ad Litem for Rachel.

6. Sandy is a suitable person to serve as guardian and is fully qualified and willing to assume the duties and responsibilities of the guardianship.

7. All of the requirements for the appointment of a guardian as set forth in the Indiana Code have been satisfied and Sandy is entitled to be guardian of Rachel's person and estate, and is so appointed without any limitations as to the duties, responsibilities, or powers as set out in IC §§ 29-3-8-4, IC 29-3-8-4, and IC 29-3-8-4.

8. It has been further determined that Rachel only has estate of parental value.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that:

1. Rachel, by reason of her minority status, is unable to care for her person and estate and is, therefore, adjudicated to be an incapacitated person, and the appointment of a guardian over her person and estate is necessary.

2. Sandy is the most qualified and suitable person available to serve as guardian and is hereby appointed as the guardian of Rachel's person and estate.

3. Sandy shall serve as guardian upon taking an oath before the Clerk of this Court and any serve without bond.

4. Upon taking such an oath, the Clerk of this Court is directed to issue Letters of Guardianship of the Person and Estate to Sandy without any limitation as the guardian is

authorized to exercise all powers granted a guardian of the person and estate of a minor as set forth in IC §§ 29-3-8-4, IC 29-3-8-4, and IC 29-3-8-4.

5. That the requirement to supply to this Court an inventory and regular accountings is suspended until such time as Rachel's assets exceed $1,500.00 at the conclusion of a calendar year or her annual income substantially exceeds her annual cost of care and living expenses.

SO ORDERED this ___ day of June 2011.

_____
Judge, Allen Superior Court

**NOTICE TO BE GIVEN:**
COURT ___ CLERK X PARTY ___ OTHER
**PROOF OF NOTICE/NON-TRIAL RULE 72(D):**

A copy of this entry was served other by mail in the address of record, deposited in the Court's attorney's distribution box, distributed personally upon the persons under/the as listed below:

Mark E. Wissert, Indianan Lawyers, LLP, Box 67
Troy L. Troyer, Esquire, Troyer & Gentzius, PC, 1211 West Jefferson Boulevard, Fort Wayne, IN 46804

DATE OF NOTICE: _____
INITIALS OF PERSON WHO NOTIFIED PARTIES ___ COURT ___ CLERK ___ PARTY ___ OTHER

---

STATE OF INDIANA )
) SS:
COUNTY OF ALLEN )

IN THE ALLEN SUPERIOR COURT
PROBATE DIVISION
CAUSE NO. 02D01-1106-GU-97

IN THE MATTER OF THE GUARDIANSHIP

OF

RACHEL A. SIMON, a minor.

**LETTERS OF GUARDIANSHIP**

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

SANDRA SIMON

the authority to administer the guardianship of

RACHEL A. SIMON.

Said guardian shall have all of the authority designated in IC §§ 29-3-8-4 and IC 29-3-8-4-(4); however, the powers referred to in paragraph ten (10) under IC § 29-3-4-4 shall require prior written approval of this Court. Further limitations of the guardian's authority are as follows:

(SEE ATTACHED ORDER)

WITNESS my hand and the seal of this Court this ___ day of June 2011.

_____
Clerk, Allen Superior Court

27

28

CERTIFIED COPY ISSUED BY ALLEN COUNTY

65797

INDIANA STATE DEPARTMENT OF HEALTH
CERTIFICATE OF DEATH

Local No. 002913

State No. _____

THE RECORDS IN THIS SERIES ARE CONFIDENTIAL PER IC 16-1, 16-2   15

| Denise | Jane | Simon, | Female | 10:22 pm | November 9, 2007 |

10607 Monte Vista Court | Fort Wayne | Allen

Married | James A. Simon | Homemaker Extraordinaire | Home

Indiana | Allen | Fort Wayne | 10607 Monte Vista Court

Thomas ... Simon | 10607 Monte Vista Ct | Fort Wayne | IN 46814 Married

November 19, 2007

Northern Indiana Crematory | Fort Wayne, Indiana

N/A

CARBON MONOXIDE POISONING

REBECCA STUTTLE | 1 W. SUPERIOR ST. ROOM 313 FORT WAYNE, INDIANA 468021

NOV 15 2007

DEPUTY CORONER | NOVEMBER 15, 2007

10607 MONTE VISTA CT.
FORT WAYNE, INDIANA

I do hereby authorize any government agency to release to James A. Simon, in response to any Freedom of Information Act (FOIA) request made by him, any and all information in its custody or control concerning or pertaining to Denise J. Simon.

9/5/2014

Adam J. Simon
Estate Administrator

REBECCA LYNETTE THOMAS
Notary Public- Seal
State of Indiana
My Commission Expires Nov 18, 2019,

County of Wayne

29

STATE OF INDIANA      )
                      ) SS:      IN THE ALLEN SUPERIOR COURT
COUNTY OF ALLEN       )          PROBATE DIVISION
                                 CAUSE NO. 02D01-0302-EU-97

IN THE MATTER OF THE ESTATE   )
                              )
            OF                )
                              )
DENISE J. SIMON, Deceased.    )

### PERSONAL REPRESENTATIVE'S LETTERS

This is to certify that the Probate Judge of the Allen Superior Court, Allen County, Indiana, has this day granted to:

Adam J. Simon,

the authority to administer the estate of

Denise J. Simon,

who died testate, as an unsupervised estate, according to law.

WITNESS my hand and the seal of this Court this 21ST

Clerk, Allen Superior Court

---

30

STATE OF INDIANA      )
                      ) SS:      IN THE ALLEN SUPERIOR COURT
COUNTY OF ALLEN       )          PROBATE DIVISION
                                 CAUSE NO. 02D01-0302-EU-97

IN THE MATTER OF THE ESTATE   )
                              )
            OF                )
                              )
DENISE J. SIMON, Deceased.    )

### ORDER APPOINTING PERSONAL REPRESENTATIVE

Petition for Appointment of Personal Representative is approved. The Court orders the appointment of Adam J. Simon as personal representative to administer the estate of Denise J. Simon, who died testate, as an unsupervised estate. The Clerk is directed to issue letters to the personal representative upon the filing of an oath.

Dated: March 21, 2014.

Judge, Allen Superior Court

(OVER)

August 20, 2014

*31*
*29*

To whom it may concern:

I do hereby authorize any agency, body, or affiliated body of the U.S. Government (or representative thereof) to release any and all information about or concerning J.S. Partners, Ltd, a Colorado partnership, to James A. Simon in response to a Freedom of Information Act (FOIA) or Privacy Act (PA) request(s) that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government (or representative thereof).

James A. Simon
General Partner

---

December 11, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning Elekta Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Sandra Simon Dec 11, '12
Sandra Simon
Managing Director

---

December 17, 2012

*434*
*72*

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning ICHUA Limited to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit to any agency, body, or affiliated body of the U.S. Government.

Roland Hopp    ID 45-3762289
Managing Director

---

December 3, 2012

To whom it may concern, I do hereby authorize any agency, body, or affiliated body of the U.S. Government to release any and all information about or concerning the Simon Family Trust (ID 35-1923454) to James A. Simon in response to a Freedom of Information Act (FOIA) request that James A. Simon has submitted, or does submit, to any agency, body, or affiliated body of the U.S. Government.

Douglas Miller
Trustee

Exhibit 62

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 252-6020   FAX: 252-6047   (www.usdoj.gov/usao)*

August 10, 2016

Requester:            James Simon

Request Number:       FOIA 2016-00796

Date of Receipt:      December 17, 2015

Subject of Request:   Self (Specific records)

Dear Mr. Simon:

We are currently searching for documents responsive to your FOIA/PA request, and we have reached the point in our search efforts where we can estimate the number of pages potentially responsive to your request. The FOIA point of contact at the Northern District of Indiana has informed us that they have approximately three boxes of materials, and approximately 104,000 pages of electronic material that are potentially responsive to your request. Normally, a box contains between 2,000 and 4,000 pages of records. In your Objection to Defendant's Status Report filed July 14, 2016, you indicated that to avoid copying fees, you would like to receive the records in electronic format. EOUSA cannot send records on electronic media to individuals who are incarcerated. If you are not incarcerated at the time of the release, EOUSA will provide the records electronically, or you may designate a third party authorized to receive the records on your behalf.

In your July 6, 2016, letter you clarified that you have not requested "all records" and would prefer to have each of your 67 submitted requests processed separately. The United States Attorney's Office for the Northern District of Indiana has informed us that they estimate it will take approximately 3 hours of search time to locate information responsive to your requests. Although not all of these records are likely to be released to you, you should note that we charge $40.00 per hour of search time. Based on the estimate of 3 hours expended on each of the 67 requests, your estimated search costs will be $8,040.00.

Department of Justice Regulations, specifically 28 CFR 16.10(i), provide that our office may collect an advance payment **before we continue processing your request** if we estimate fees will exceed $250.00. Accordingly, an advance payment of $8,040.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request. **Please indicate on the face of the check the above request number and mail it to the above address.**

*Ex 62-1*

If you wish to reduce your fees, you may reformulate your request by limiting the documents to a specific category or categories—for example, you may request all records about yourself—or, if you specify that you will only pay up to a certain amount, we will process your case up to that amount. Finally, keeping in mind that the first two hours were free, you may direct that we terminate your search.

**Per 28 C.F.R. 16.10(i), your request is not considered received until we receive a response from you. Please respond within 30 days of the date of this letter, or this matter will be closed.** Please use the attached form to indicate your wishes.
In order for your request to be processed, we must hear from you within 30 days of the date of this letter or we will close your request. Please complete the attached form and return to the above address.

You also requested a waiver of all fees in connection with your FOIA request based on public interest grounds, because you argued that you should be considered a member of the news media. We have carefully assessed your fee waiver request, and have determined that it does not meet the criteria for a waiver of fees pursuant to Department of Justice ("DOJ") regulations set forth in 28 CFR §16.10 (2014) (the "regulations").

<u>Status as a Member of News Media</u>

DOJ is authorized to charge FOIA requesters fees for searches for, duplication of, and review of documents. *See* 28 C.F.R. § 16.10(c)(1)-(3). However, members of the news media are not subject to search fees. *See id.* § 16.10(d)(1).[1]

You state in your requests that you are seeking a fee waiver because you will be acting as a member of the news media when you seek to publish information regarding your FOIA request on the internet. Pursuant to DOJ regulations, a representative of the news media or news media requestor is defined in relevant part as follows:

> [a]ny person or entity organized and operated to publish or broadcast news to the public that [1] actively gathers information of potential interest to a segment of

---

[1] The DOJ FOIA regulations prohibit components from charging search fees if the component fails to comply with applicable time limits, unless "unusual or exceptional circumstances," as defined by FOIA, apply. *See* 28 C.F.R. § 16.10(d)(2). The term "unusual circumstances" is in turn defined by FOIA to include, inter alia, "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request," and "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request." 5 U.S.C. § 552(a)(6)(B)(iii)(I) & (II). Both of these conditions apply to the instant search, since the records are located offsite in another office, and search will require, among other things, a page-by-page examination of approximately 36 boxes of material. *See Davis v. U.S. Dep't of Homeland Sec.*, No. 11-CV-203 ARR VMS, 2013 WL 6145749, at *2 (E.D.N.Y. Nov. 20, 2013) (noting that search fees would apply to voluminous searches and searches that required offsite records, notwithstanding agency's failure to comply with time limits).

Ex 62-2

the public, [2] uses its editorial skills to turn the raw materials into a distinct work, and [3] distributes that work to an audience.

28 C.F.R. §16.10(b)(6) (numbering added). The regulations further provide that a "freelance" journalist may qualify as a member of the news media only under certain circumstances:

> "Freelance" journalists who demonstrate a solid basis for expecting publication through a news media entity shall be considered as a representative of the news media. A publishing contract would provide the clearest evidence that publication is expected; however, components shall also consider a requester's past publication record in making this determination.

*Id.* A requestor who qualifies as a "representative of the news media" is exempt from paying for fees relating to the search for records. *Id.* at § 16.10(c)(1). You have the burden of establishing yourself as a member of news media. *See Cause of Action v. FTC*, 961 F.Supp.2d 142, 161 (D.D.C. 2013).

Here, you have not satisfied (at least) the third element of this standard. Although you did not state in your fee waiver request which organization you intend to use to share this information with the public, you have indicated that you may seek to publish information for www.RememberDenise.org. However, this claim does not satisfy the third criterion for being a member of the news media—the demonstration of your intent and ability to distribute your distinct work to the public. Specifically, you have not stated how many people view this website, or provided any other support to show your intent and ability to circulate this information widely to the public. *See Cause of Action*, 961 F.Supp.2d at 162 (to meet the third element for a news media fee waiver, one must show an intent and ability to disseminate its work to the public, rather than merely make it available). Further, because you do not claim to be an employee of a news media organization, you must meet the regulations' additional guidance for freelance journalists. Thus, you must show a "solid basis for expecting publication through a news media entity," demonstrating your ability to satisfy the third element by "distributing your work to an audience." 28 C.F.R. § 16.10(b)(6). In contrast to the regulations' examples—a contract for publication, or a past history of similar publications—you have not provided any information from which DOJ can assess your claimed ability to publish, let alone conclude that you have shown you will distribute your work to an audience.

Accordingly, you have not demonstrated that you are a member of the news media. Therefore, you are not entitled to a waiver of search fees on this basis.

Public Interest Factors

In order to qualify for a waiver or reduction of fees, your request must demonstrate that the "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii). In determining whether you have satisfied this statutory standard, we consider the six factors set forth in 28 C.F.R. § 16.10(k)(2)(i)-(iv) and (3)(i)-(ii). The first four of these factors concern the

Ex 62-3

"public interest" requirement; the fifth and sixth factors concern whether your interest in the records is primarily commercial.

Failure to satisfy *any* one of the "public interest" requirements results in the denial of either a reduction of fees or a complete waiver of fees, and it dispenses with the need to consider whether your interest in the records is primarily commercial in nature. We have determined that you have not satisfied factors two, three, and four of the "public interest" requirements set forth in the applicable regulations.

As was previously discussed, you have not demonstrated, as required by the third factor of the "public interest" standard, your ability to disseminate the requested records to the public, which is necessary to "contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester." 28 C.F.R. § 16.10(k)(2)(iii). Specifically, you have not established how publishing this information on www.RememberDenise.org will result in widespread circulation of a distinct work that results from the requested information. *See Judicial Watch v. U.S. Department of Justice*, 185 F.Supp.2d 54, 60 (D.D.C. 2002) (denying a plaintiff's request for a fee waiver, where the plaintiff failed to show an intent to disseminate records received pursuant to FOIA, but engaged in activity that amounted to merely making the requested information available by acting as a "private library, information vendor, or middleman"); *Van Fripp v. Parks*, No. 97-0159, slip op. at 12 (D.D.C. March 16, 2000) (use of passive methods of distribution does not establish entitlement to a fee waiver). Therefore, your failure to meet this factor is itself a sufficient basis for denying your request for a fee waiver. *See Larson v. CIA*, 843 F.2d 1481, 1483 (D.C. Cir. 1989).

Additionally, you have not demonstrated that you meet the second factor of the public interest standard, because you have not shown that "[d]isclosure of the requested records [would] be meaningfully informative about government operations or activities." 28 C.F.R. § 16.10(k)(2)(ii). Although you state in your FOIA request that the subject of the request is in the public's interest and is likely to contribute significantly to public's understanding of the operations or activities of the government, you have not shown with any specificity what, if any, informative value is contained in the records you are seeking and how that information is likely to contribute to the public's understanding of a specific operation or activity of the government. For example, you have not explained what specifically the sought records—as opposed to the information already available about your prosecution, including from your own personal experience—would add to the public's understanding. *See National Security Counselors v. Dept. of Justice*, 80 F.Supp.3d 40, 53 (D.D.C. 2015) (holding that "the informative value of a request depends . . . on the requesting party having explained with reasonable specificity how those documents would increase public knowledge of the functions of the government.") (quoting *Citizens for Responsibility and Ethics in Washington v. U.S. Department of Health and Human Services*, 481 F.Supp.2d 99, 109 (D.D.C. 2006)).

For similar reasons, you also have not met the fourth factor of this test, which requires you to show how the records you are seeking will contribute, in a "significant" way, to the public's understanding of an operation or activity of the government. *See* 28 C.F.R. § 16.10(k)(2)(iv).

*Ex 62-4*

If you are not satisfied with my response to your request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following website: https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within sixty (60) days from the date of this letter. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."  Because your FOIA request is the subject of litigation in the U.S. District Court for the District of Columbia, OIP, in its discretion, may decline to review your request for an appeal. *See* 28 CFR § 16(b)(2) (an appeal ordinarily will not be acted upon if the request becomes a matter of FOIA litigation).  Accordingly, you may seek review in the United States District Court. *See* 28 CFR §16.9.

Sincerely,

Thomas D. Anderson
Acting Assistant Director

Ex 62-15

J. Simon          2016-00796

## CHOOSE ONE

____Please do not search any longer.  **I understand that I am entitled to the first 100 pages free.**  If you have found releasable documents, send me the free documents and close my case.

____Please do not search any longer.  I wish to withdraw my request.

____I agree to pay the duplication fee of $5,495.00 as indicated above.

____I wish to reformulate my request in an attempt to reduce duplication fees.  Please limit my request to the following documents, and notify me of any revised fee amount:_____

_____

_____

_____

_____

(Please note that a search for specific records may require more search time and fees).


_____                    _____
Signature                                           Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington, DC 20530

*Ex 62 - 8*

Exhibit 63

*Copy*

# JAMES A. SIMON

1922 Simon Road
Huntertown, IN 46748
Tel: 1-260-210-2428   Email: JamesSimon3@GMail.Com

September 1, 2016
Mr. Thomas D. Anderson
Acting Assistant Director
Executive Office for United States Attorneys
600 East Street N.W.
Suite 7300
Bicentennial Building
Washington, DC 20530-0001

Subject: FOIA 2016-00796

Dear Mr. Anderson:

I am in receipt of your letter dated August 10, 2016, copy attached.

Please keep in mind I continue to object, administratively and judicially, to your agency's attempt to combine all the requests I sent to your office during 2015 into one FOIA request.  Combining my requests presents several problems.  First, had my requests been processed separately as they arrived, each would have been entitled to two hours of research at no cost to me.  By combining all requests, you strip from me of over 120 hours of cost benefit afforded me under the FOIA.  Second, I am disadvantaged in being able to make informed decisions on how to reduce the scope of my request to reduce cost to me, which you suggest in your letter I do if I want to reduce cost.  If I were to choose to eliminate one of my requests, how do I know how much financial impact it would have,  or if it would have any at all.  Third,  I assume your strategy is to simply look at all documents, apply exemptions, and deliver the rest.  Such treatment potentially piles onto me the responsibility to search for the documents I want that may be buried in thousands of unwanted documents.  Certainly this is not what legislators envisioned when they drafted the FOIA.  Fourth, your estimate is calculated at $40 per hour, times three hours per request, times 67 requests, equaling $8,040.  Such an estimate is without reasonable precision.  Some request will likely take more than three hours and some less.  In any best case, give the first point above, your cost estimate by this approach is off by a factor of three.

I request your agency provide me a cost estimate on a FOIA by FOIA basis, essentially on the basis the requests were submitted and received.  Had the requests been processed when and as received, we would not be in this discussion ...or even litigation for that matter.  Only then can I make an informed intelligent decision regarding reduction of the request based prohibitive cost considerations.

Regarding fee waiver, I am pleased to provide you more information.  Please be advised:

1.   As the publisher I have control of RememberDenise.Org and assure you that publication will occur over that site of records and comment based upon the records received in response to my requests.
2.   I can report to you that RememberDenise.org receives an average of six to seven per day, or 2,000 visits per year.  Specifically, in the last 90 days the site has received 606 visitors who

*Ex 62-1*

performed 1,342 actions.  The average visitors spent three minutes fifteen seconds on the site. In some past months the site received over 10,000 visits in a 30 day period. I am guessing the total number of visits to the site over the last 10 years exceeds 70,000. Advertising dramatically affects the number of visits. With new content derived from research and editing of the records responsive to my requests, I expect visits will increase significantly.

3. Visits to the site come from all over the United States. Site analytics provide this information and it is easily verifiable. There are some international visits, but certainly over 95% of the visits originate from within the U.S..

4. I am pleased to report to you that well-known news agencies, i.e. Fox News, have visited the site. To the extent they have utilized the information shown on RememberDensie.org for their own reporting is unknown.

5. I have not claimed to be a free-lance journalist, nor claimed fee waiver on that basis as you suggest in you denial.

6. I have claimed to be the publisher of RememberDenise.org., and as a publisher qualify for fee waiver.

7. Because I am the publisher of RememberDenise.org, publication of how the government works over RememberDenise.org , based upon the records requested, is not speculation but, bar calamity, a certainty.

8. The fact RememberDenise.org has published records and editorial comment based on records received from the government is evidence of prior publication of how the government works, and the serious nature of the site is evidence there is much more than a simple intent to publish.

9. The records requested, and the editorial comments related to them, is a topic of public interest shown not only by the past and continued visitations to RememberDenise.org, but by the news coverage and publication of both the death of Denise Simon as a result of the IRS raid on our home, the prosecution of me, and the publication in independent tax journals about how government is working specifically in my case.

10. I object to your characterization that I have "not provided any information from which the DOJ can assess [my] claimed ability to publish, let alone conclude that [I] have shown [I] will distribute [my] work to an audience."  A careful read of my FOIA requests will show there was much information provided.  Your mention of RememberDenise.org is evidencing the phrase "not provided any information" is unwarranted.

I do understand that much of your text was likely boiler plate. I understand that the DOJ risks sever embarrassment if it provides the requested record. And, I understand that you personally may face retribution if you don't fight my requests tooth and nail. But nonetheless, the FOIA is the FOIA and a look forward to your agency's compliance. I request you reassess you denial of fee warier.

Lastly, I want to point out that it is not beyond possibility that the records produced in response to my requests will reveal cause for awarding me a new trial and ultimate exoneration.

Sincerely,

James A. Simon
Requester and Publisher of RememberDenise.org

Copy: Johnny Walker

Ex  63-2

Exhibit 64

 Gmail                    **James Simon <jamessimon3@gmail.com>**

# Simon v. EOUSA, No. 16-671-APM (D.D.C.)
8 messages

**Walker, Johnny (USADC)** <Johnny.Walker@usdoj.gov>          Fri, Oct 7, 2016 at 3:19 PM
To: James Simon <jamessimon3@gmail.com>

Mr. Simon,

This email is to confirm the product of our email and telephone discussions over the past couple of
days.

You agree to reformulate the 67 FOIA requests that you submitted to EOUSA into to one request
as follows: "Please provide all existing records (including, but not limited to, written, photographic,
electronic, audio and video), since January 1, 1995, to June 15, 2015, related in any way to James
A. Simon or Denise J. Simon." This language is taken from paragraph 1 of your June 15, 2015,
letter to EOUSA. Given that the many specific requests in the schedule attached to that letter are
all subgroups of that general request, it is my understanding that the reformulated single request is
broader than the specific requests.

In exchange, the agency agrees that it will not charge you any search fees in responding to the
reformulated request. The agency does, however, reserve its right to charge reproduction fees. But
given that you have requested electronic records, the agency anticipates that the only reproduction
fees will be that of the storage media—i.e., optical discs—used to deliver the records to you.

Please confirm by reply email that this accurately reflects our agreement.

Johnny Walker

Assistant United States Attorney

United States Attorney's Office, Civil Division

555 Fourth Street NW

*Ex 64 - 1*

Washington, District of Columbia 20530

202 252 2575 | johnny.walker@usdoj.gov

---

**James Simon** <jamessimon3@gmail.com>                    Fri, Oct 7, 2016 at 4:25 PM
To: "Walker, Johnny (USADC)" <Johnny.Walker@usdoj.gov>

Mr. Walker:

You've **not** gotten it right, I cannot confirm we have an agreement. I do not agree to a "reformulation" of the 67 requests. I am agreeable to EOUSA proceeding with a search for all records that relate in anyway to James A. Simon and Denise J. Simon as methodology to comply with the 67 requests, which I understand from you would be a broader search resulting in more responsive records, and would reasonably seek out the records described in the 67 requests with the same thoroughness and accuracy as if the documents were searched for on an individual request basis. I am further agreeable to there being only one response, so long as any exemptions claimed are so written that one can read both an original request record description and the exemption language in the response and know if the exemption is being claimed applies or does not apply to the original record description. However, I require that the records received be well organized (logical categories, complete and accurate descriptions, no misclassifications, etc) for easy searching, given such a search would provide me with thousands of unwanted documents which I would be required to wade through.

I remain agreeable to no fees, but payment for transfer media, which I believe is the current state of affairs given EOUSA failed to response to any of my 67 requests until after the litigation was filed ...quite sometime after statutory deadlines had passed.

I am agreeable to use of a broader search because you tell me it is merely administratively helpful to EOUSA and there is no "trick" up your or your client's sleeve.

It seems we may be further apart than I thought.

Respectfully,

Jim Simon
[Quoted text hidden]
--
Email: JamesSimon3@gmail.com
Mobile Phone: 1-260-210-2428

*Ex 64-2*

---

**Walker, Johnny (USADC)** <Johnny.Walker@usdoj.gov>         Fri, Oct 7, 2016 at 6:18 PM
To: James Simon <jamessimon3@gmail.com>

I'm confused. It does not sound like you are agreeing to a modification of the search at all if you are insisting that the agency "seek out the records described in the 67 requests with the same thoroughness and accuracy as if the documents were searched for on an individual request basis."


**From:** James Simon [mailto:jamessimon3@gmail.com]
**Sent:** Friday, October 7, 2016 4:25 PM
**To:** Walker, Johnny (USADC) <JWalker3@usa.doj.gov>
**Subject:** Re: Simon v. EOUSA, No. 16-671-APM (D.D.C.)

[Quoted text hidden]

---

**James Simon** <jamessimon3@gmail.com>                    Sat, Oct 8, 2016 at 9:44 AM
To: "Walker, Johnny (USADC)" <Johnny.Walker@usdoj.gov>

Mr. Walker:

No intention to confuse you.  Believe the phrase "modification of the search" is new to our conversations.  My understanding is that you and your client were seeking a "consolidation" for administrative ease, and the "consolidation" was not intended, or likely, to exclude any of the records described in the 67 requests, but likely to produce even records.  Am I now to understand that if I agree to your proposal I will likely not receive some of the records already requested?

Jim Simon
[Quoted text hidden]

---

**Walker, Johnny (USADC)** <Johnny.Walker@usdoj.gov>       Fri, Nov 4, 2016 at 4:56 PM
To: James Simon <jamessimon3@gmail.com>

Mr. Simon,


We have a status report due on Monday, so I want to inquire again to see if we can reach an agreement on the path forward. The requests at issue in our case currently read as follows:


"Please provide all existing records (including, but not limited to, written, photographic, electronic, audio and video), since January 1, 1995, to June 15, 2015, related in any way to James A. Simon or Denise J. Simon, which:

*Ex 64-3*

(SEE ATTACHED SCHEDULE)."

And then there is a schedule with dozens of subcategories.

I am requesting that you reformulate all of your outstanding requests to read as follows:

"Please provide all existing records (including, but not limited to, written, photographic, electronic, audio and video), since January 1, 1995, to June 15, 2015, related in any way to James A. Simon or Denise J. Simon."

In other words, eliminate the schedule and just request all files about yourself and Denise Simon within the time period. In exchange, the agency will not charge fees.

Will you agree to that?

Johnny

**From:** James Simon [mailto:jamessimon3@gmail.com]
**Sent:** Saturday, October 8, 2016 9:45 AM

[Quoted text hidden]

[Quoted text hidden]

---

**James Simon** <jamessimon3@gmail.com>                    Mon, Nov 7, 2016 at 3:30 AM
To: "Walker, Johnny (USADC)" <Johnny.Walker@usdoj.gov>

Mr. Walker:

It seems the only time I hear from you is shortly before you need file a report with the Court.

That be as it may, I am fearful your substitution proposal will not provide me the same information as individual processing. For example if exemptions are claimed with regard

EX 64-4

to an individual request, I would at least learn how many records are being withheld pertaining to the limited subject matter.  Your broader approach would, as I perceive it, will not disclose that information to me ...and there is the fact you've refused to warrant that the information I received under the consolidated approach would include the same as would be provided from individual processing.  Additionally, your proposal would flood me with information I have not requested, likely tens of thousands of records I would need sift through to find the specific records sought.  Further, as mentioned before, I don't see your "no charge" offer as offering any real consideration because your client is obligated to process the requests at no costs anyways, having failed to meet FOIA deadlines.  (I acknowledge you communicated to me your client holds a different opinion.)

It is now over a yar and a half since I sent my first subject request to the DOJ and no searches have been conducted.  My repeated attempts to solicit responses, like the requests themselves, appear to have been deliberately ignored.  Only the filing of litigation caused you to appear and open up communications with me on behalf of your client.  Even my response to your client's one letter sent to me after filing of the suit is not being answered.  I was hopeful our discussions would result in forward movement, but it appears delay is the only clear result.

On a related matter, I noticed in your last report to the court you stated the pending litigation does not cover all the sixty some requests I've submitted.  I find your statement to be interesting because I have not received any responses to the requests you assert are not encompassed by the litigation.  Does this mean I must amend the current suit, or bring an additional suit, to inspire response to those particular requests?  Either way, it appears clear your client has decided to continue a "no processing" policy when it comes to my requests until required to do so, or until I make a concession, wittingly or otherwise, that sufficiently excites.

I no longer believe we can reach agreement on substituting a single request for the 60 plus requests your client has failed, and continues to fail, to process and request you not represent to the court there is a reasonable prospect we will become of one mind on this issue.  I must request your client comply with the FOIA and process my requests as submitted and refrain from further delay.

Respectfully,

Jim Simon


[Quoted text hidden]

---

**Walker, Johnny (USADC)** <Johnny.Walker@usdoj.gov>        Mon, Nov 7, 2016 at 8:22 AM
To: James Simon <jamessimon3@gmail.com>

Ex 64-5

Mr. Simon,

I agree that it does not look like we can come to an agreement. I will inform the court and the agency will proceed with processing your requests in an appropriate manner.

Johnny

**From:** James Simon [mailto:jamessimon3@gmail.com]
**Sent:** Monday, November 7, 2016 3:31 AM

[Quoted text hidden]

[Quoted text hidden]

James Simon <jamessimon3@gmail.com>                Mon, Nov 7, 2016 at 10:08 AM
To: "Walker, Johnny (USADC)" <Johnny.Walker@usdoj.gov>

Mr. Walker:

If the government decides the "appropriate manner" to proceed is to require prepayment of fees, please inform me exactly why the government takes such position given it has failed to timely process the requests and the requests were filed on behalf of RememberDenise.Org, a publisher.  Further, (if the government requires fees) please provide fee estimates by individual request so I can adequately consider a narrowing of specific requests in response to a demand for payment.  Please note I've requested records be produced electronically and it would be inappropriate for the government to estimate copy charges on a per paper copy basis.

Additionally, please inform me what the government intends to do about the requests you contend are not encompassed by the present litigation.  Like those you concede are included in the current suit, they too (to my knowledge) have not been processed.  To me it seems quite inconsistent that your client asserts some requests are not included in the litigation on the one hand, and then assert assert on the other hand it is permitted to process all those conceded to be in the litigation as if they were submitted as a singular request.

Lastly, I request the government respond to my last letter.

Respectfully,

Jim Simon                                        Ex 64-6

PS:  Am I permitted to object to your report if I disagree with it?


Please inform me if
[Quoted text hidden]

*Ex 64-7*

Exhibit 65

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES A. SIMON

       *Plaintiff*

       v.

UNITED STATES DEPARTMENT
OF JUSTICE, EXECUTIVE OFFICE
FOR UNITED STATES ATTORNEYS

       *Defendant*

Case No. 16-cv-671-APM

## DEFENDANT'S STATUS REPORT

Pursuant to this Court's minute order dated October 12, 2016, Defendant, the United States Department of Justice, Executive Office for United States Attorneys, by undersigned counsel, respectfully submits this status report.

1.    On April 5, 2016, Plaintiff *pro se* James Simon filed a complaint alleging that Defendant had failed to respond to his FOIA request. [ECF No. 1.] On June 13, 2016, Defendant filed an answer. [ECF No. 3.]

2.    On July 1, 2016, Defendant filed a status report [ECF No. 6] stating that it was searching for documents responsive to Plaintiff's request and that it may have approximately 110,000 pages of potentially responsive records. Defendant had informed Plaintiff that the estimated duplication costs would be $5,495.00 and inquired whether he elected to prepay the costs, reformulate his requests, or terminate the search.

3.    On July 14, 2016, Plaintiff filed an objection to Defendant's status report [ECF No. 9]. He took issue with Defendant's use of the singular in referring to his "request," and insisted

$Fx\ 65-1$

that there were 49 separate requests at issue in this case. He attached a July 6, 2016, letter he had

sent Defendant in which he declined to reformulate his request and insisted that all 67 of his

requests (including some that are not the subject of this case) be processed "as submitted,

separately." He also asked that records be produced to him electronically and inquired about the

cost of electronic production.

4.     On August 10, 2016, Defendant reported to the Court [ECF No. 11] that it had

responded to Plaintiff's July 6, 2016, letter by stating that it would produce any records

electronically. With respect to Plaintiff's demand that his 67 requests be separately processed,

Defendant noted that this would increase the time required to search for documents and would

result in fees estimated at $8,040.00. Defendant invited Plaintiff to consolidate his requests—for

example, by requesting all records about himself—to mitigate those search efforts and

corresponding fees.

5.     As of Defendant's last status report dated October 7, 2016 [ECF No. 15], Defendant

was hopeful that it would soon reach an agreement with Plaintiff about a path forward for his FOIA

request. Unfortunately, Plaintiff and Defendant were unable to reach an agreement.

6.     Having exhausted its efforts to reach an agreement with Plaintiff, Defendant will

now begin processing Plaintiff's requests in an appropriate manner. Plaintiff's request in this case

states as follows:

> Please provide all existing records (including, but not limited to,
> written, photographic, electronic, audio and video), since January 1,
> 1995, to June 15, 2015, related in any way to James A. Simon or
> Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

[*See* Pl.'s Compl., Ex. H pages 19–32, ECF No. 1-1 pages 86–99.] The "attached schedule"

contains a list of 49 subcategories of documents. [*Id.*] To ease administrative burden and reduce

Ex 65-2

the costs that would otherwise be charged to Plaintiff, Defendant will not conduct a separate, independent search for each of the items in Plaintiff's schedule. Instead, Defendant will search for and produce to Plaintiff "all existing records (including, but not limited to, written, photographic, electronic, audio and video), since January 1, 1995, to June 15, 2015, related in any way to James A. Simon or Denise J. Simon." Based on the formulation of Plaintiff's request, this method should capture all the documents specified in Plaintiff's schedule because it corresponds to his master request of which the schedule merely provides subcategories. It will, however, be more administratively feasible to execute.

7.    Defendant will conduct the search described above, begin processing potentially responsive records, and release nonexempt responsive information to Plaintiff on a rolling basis. Defendant requests that the Court order it to file another status report in 60 days updating the Court on the status of these efforts.

For the forgoing reasons, Defendant respectfully requests that the Court order Defendant to submit a status report on or before **January 6, 2017**. A proposed order is filed with this motion.

Dated: November 7, 2016

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:  /s/ Johnny Walker
    JOHNNY H. WALKER, D.C. Bar #991325
    Assistant United States Attorney
    555 4th Street, N.W.
    Washington, District of Columbia 20530
    Telephone: 202 252 2575
    Email: johnny.walker@usdoj.gov

*Counsel for Defendant*

Ex 65-3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES A. SIMON

                    *Plaintiff*

              v.                                    Case No. 16-cv-671-APM

UNITED STATES DEPARTMENT
OF JUSTICE, EXECUTIVE OFFICE
FOR UNITED STATES ATTORNEYS

                    *Defendant*

## [PROPOSED] ORDER

Upon consideration of Defendant's status report, it is hereby **ORDERED** that Defendant

shall file another status report by **January 6, 2017**, informing the Court of the status of Plaintiff's

FOIA requests and proposing a schedule for further proceedings.

It is **SO ORDERED**.


Dated: _____            _____
                                  The Honorable Amit P. Mehta
                                  United States District Judge


Ex 65-4

## CERTIFICATE OF SERVICE

I hereby certify that on this day, November 7, 2016, a copy of **Defendant's Status Report**

was served by mailing it, postage prepaid, to Plaintiff at the following address:

> James A. Simon
> 1922 Simon Road
> Huntertown, Indiana 46748

> /s/ Johnny Walker
> JOHNNY H. WALKER
> Assistant United States Attorney

*Ex 65-5*

Exhibit 66



# Office of the Attorney General

## Washington, D.C. 20530

March 19, 2009

MEMORANDUM FOR HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES

FROM:     THE ATTORNEY GENERAL

SUBJECT:     The Freedom of Information Act (FOIA)

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, reflects our nation's fundamental commitment to open government. This memorandum is meant to underscore that commitment and to ensure that it is realized in practice.

## A Presumption of Openness

As President Obama instructed in his January 21 FOIA Memorandum, "The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails." This presumption has two important implications.

First, an agency should not withhold information simply because it may do so legally. I strongly encourage agencies to make discretionary disclosures of information. An agency should not withhold records merely because it can demonstrate, as a technical matter, that the records fall within the scope of a FOIA exemption.

Second, whenever an agency determines that it cannot make full disclosure of a requested record, it must consider whether it can make partial disclosure. Agencies should always be mindful that the FOIA requires them to take reasonable steps to segregate and release nonexempt information. Even if some parts of a record must be withheld, other parts either may not be covered by a statutory exemption, or may be covered only in a technical sense unrelated to the actual impact of disclosure.

At the same time, the disclosure obligation under the FOIA is not absolute. The Act provides exemptions to protect, for example, national security, personal privacy, privileged records, and law enforcement interests. But as the President stated in his memorandum, "The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears."

Pursuant to the President's directive that I issue new FOIA guidelines, I hereby rescind the Attorney General's FOIA Memorandum of October 12, 2001, which stated that the Department of Justice would defend decisions to withhold records "unless they lack a sound

Ex 6B-1

legal basis or present an unwarranted risk of adverse impact on the ability of other agencies to protect other important records."

Instead, the Department of Justice will defend a denial of a FOIA request only if (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the statutory exemptions, or (2) disclosure is prohibited by law. With regard to litigation pending on the date of the issuance of this memorandum, this guidance should be taken into account and applied if practicable when, in the judgment of the Department of Justice lawyers handling the matter and the relevant agency defendants, there is a substantial likelihood that application of the guidance would result in a material disclosure of additional information.

<u>FOIA Is Everyone's Responsibility</u>

Application of the proper disclosure standard is only one part of ensuring transparency. Open government requires not just a presumption of disclosure but also an effective system for responding to FOIA requests. Each agency must be fully accountable for its administration of the FOIA.

I would like to emphasize that responsibility for effective FOIA administration belongs to all of us—it is not merely a task assigned to an agency's FOIA staff. We all must do our part to ensure open government. In recent reports to the Attorney General, agencies have noted that competing agency priorities and insufficient technological support have hindered their ability to implement fully the FOIA Improvement Plans that they prepared pursuant to Executive Order 13392 of December 14, 2005. To improve FOIA performance, agencies must address the key roles played by a broad spectrum of agency personnel who work with agency FOIA professionals in responding to requests.

Improving FOIA performance requires the active participation of agency Chief FOIA Officers. Each agency is required by law to designate a senior official at the Assistant Secretary level or its equivalent who has direct responsibility for ensuring that the agency efficiently and appropriately complies with the FOIA. That official must recommend adjustments to agency practices, personnel, and funding as may be necessary.

Equally important, of course, are the FOIA professionals in the agency who directly interact with FOIA requesters and are responsible for the day-to-day implementation of the Act. I ask that you transmit this memorandum to all such personnel. Those professionals deserve the full support of the agency's Chief FOIA Officer to ensure that they have the tools they need to respond promptly and efficiently to FOIA requests. FOIA professionals should be mindful of their obligation to work "in a spirit of cooperation" with FOIA requesters, as President Obama has directed. Unnecessary bureaucratic hurdles have no place in the "new era of open Government" that the President has proclaimed.

Ex 66-2

Working Proactively and Promptly

Open government requires agencies to work proactively and respond to requests promptly. The President's memorandum instructs agencies to "use modern technology to inform citizens what is known and done by their Government." Accordingly, agencies should readily and systematically post information online in advance of any public request. Providing more information online reduces the need for individualized requests and may help reduce existing backlogs. When information not previously disclosed is requested, agencies should make it a priority to respond in a timely manner. Timely disclosure of information is an essential component of transparency. Long delays should not be viewed as an inevitable and insurmountable consequence of high demand.

In that regard, I would like to remind you of a new requirement that went into effect on December 31, 2008, pursuant to Section 7 of the OPEN Government Act of 2007, Pub. L. No. 110-175. For all requests filed on or after that date, agencies must assign an individualized tracking number to requests that will take longer than ten days to process, and provide that tracking number to the requester. In addition, agencies must establish a telephone line or Internet service that requesters can use to inquire about the status of their requests using the request's assigned tracking number, including the date on which the agency received the request and an estimated date on which the agency will complete action on the request. Further information on these requirements is available on the Department of Justice's website at www.usdoj.gov/oip/foiapost/2008foiapost30.htm.

*****

Agency Chief FOIA Officers should review all aspects of their agencies' FOIA administration, with particular focus on the concerns highlighted in this memorandum, and report to the Department of Justice each year on the steps that have been taken to improve FOIA operations and facilitate information disclosure at their agencies. The Department of Justice's Office of Information Policy (OIP) will offer specific guidance on the content and timing of such reports.

I encourage agencies to take advantage of Department of Justice FOIA resources. OIP will provide training and additional guidance on implementing these guidelines. In addition, agencies should feel free to consult with OIP when making difficult FOIA decisions. With regard to specific FOIA litigation, agencies should consult with the relevant Civil Division, Tax Division, or U.S. Attorney's Office lawyer assigned to the case.

This memorandum is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or equity by any party against the United States, its departments, agencies, instrumentalities or entities, its officers, employees, agents, or any other person.

Ex 66-3

Exhibit 67

**United States Department of Justice**

OFFICES *of* THE
# UNITED STATES ATTORNEYS

U.S. Attorneys » Resources » Making a FOIA Request

## FOIA Frequently Asked Questions

- Getting Started
- Where should I send my request?
- What can I request?
- Is there a special form I have to use to make a FOIA request?
- What are the requirements to get records on myself?
- What are the requirements for obtaining records on someone else?
- What happens after I submit my request?
- How long will it take before I get a response?
- Can my request be processed faster?
- Are there any fees?
- Can I ask that any fees be waived?
- What can I expect in response to my request?
- Can I appeal the response to my request?
- If I'm still dissatisfied, are there other options?
- What does the presumption of openness mean?
- What if I still have questions?

### Getting Started

Under the Freedom of Information Act (5 U.S.C. 552) and the Department's FOIA Guide and rules at 28 CFR 16.1 et seq. (Subpart A), one may request access to public, nonexempt records maintained by the Executive Office for United States Attorneys (EOUSA) and/or individual United States Attorneys' Offices (USAOs). Before submitting a request, please visit our "FOIA Libraries", as such records may be available, on-line, at no cost.

### Where Should I Send My Request?

If you believe that any of the 94 USAOs or EOUSA maintains the records you are seeking, you may send your request to:

FOIA/Privacy Staff
Executive Office for United States Attorneys
600 E Street, N.W. (BICN Room 7300)
Department of Justice
Washington, DC 20530-0001
(202) 252-6020

Email: USAEO.FOIA.REQUESTS@usdoj.gov    *Ex 60-1*

### What can I request?

A FOIA request can be made for any agency record. You can also specify the format in which you wish to receive the records. You should be aware that the FOIA does not require agencies to do research for you, to analyze data, to answer written questions, or to create records in response to a request.

## Is There a Special Form I Have to Use to Make a FOIA Request?

There is not a specific form that must be used to make a request. The request simply must be in writing, must reasonably describe the records you seek, and must also provide any other specific information that the component requires. We now accept FOIA requests submitted electronically, either by email and/or facsimile. In making your request you should be as specific as possible when describing the records you are seeking. It is not necessary for you to provide the name or title of a requested record, but the more specific you are about the records or types of records that you seek, the more likely it will be that EOUSA or the USAOs will be able to locate those records.

A FOIA request should sufficiently describe the specific records sought, so as to enable our staff to conduct a search for the requested records with a reasonable amount of effort (e.g., specific case files, etc.). Likewise — to minimize processing delays and fees — please specify which particular USAO or EOUSA office you are inquiring about. While certain administrative records are maintained by EOUSA, case files are not centralized in Washington, and local USAOs maintain copies of certain court and case materials. All requests for case records should thus identify a case name, judicial district, filing date/location, and/or specific USAO(s) where responsive records may exist.

## What are the requirements to get records on myself?

If you are seeking records on yourself, you will be required to verify your identity. This verification is required in order to protect your privacy and to ensure that private information about you is not disclosed inappropriately to someone else. Whenever you request information about yourself you will be asked to provide either a notarized statement or a statement signed under penalty of perjury stating that you are the person who you say you are. You may fulfill this requirement by completing and signing Form DOJ-361. Alternatively, you may provide your full name, current address, and date and place of birth and either (1) have your signature on your request letter witnessed by a notary, or (2) include the following statement immediately above the signature on your request letter: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]." If you request information about yourself and do not follow one of these procedures, your request cannot be processed.

## What about requirements for obtaining records on someone else?

If you request records relating to another person, and disclosure of the records could invade that person's privacy, they ordinarily will not be disclosed to you. For example, if you seek information that would show that someone else (including your spouse or another member of your immediate family) has ever been the subject of a criminal investigation or was even mentioned in a criminal file and you do not provide the subject's consent or proof of their death, in almost all cases DOJ will respond by stating that it will "neither confirm nor deny" the existence of responsive law enforcement records. Law enforcement information about a living person is released without that person's consent only when no personal privacy interest would be invaded by disclosing the information, such as when the information is already public or required to be made public, or in cases where the individual's privacy interest is outweighed by a strong public interest in disclosure.

## What happens after I submit my request?

When EOUSA/FOIA receives your FOIA request, we will send you a letter acknowledging the request and assigning it a tracking number. If additional information is required from you so that it can begin processing your request, we will contact you. You should always feel free to contact our office if you have any question

Ex 67-2

about your request. We are available to explain the FOIA process to you, provide information about the status of your request, and to otherwise assist you in understanding how your request is being handled.

## How long will it take before I get a response?

The time it takes to respond to each request varies depending on the complexity of the request itself and the backlog of requests already pending at EOUSA/FOIA. In some circumstances we will be able to respond to the request within the standard time limit established by the FOIA, which is twenty working days, or approximately one month. In most other instances there might be a longer period of time needed before the request can be handled. We receive thousands of requests each year. Many of these requests require a line-by-line review of hundreds or even thousands of pages of documents. Although we make every effort to respond to FOIA requests as quickly as possible, in some cases we simply cannot do so within the twenty-day time period specified in the FOIA. Generally, if you make a request for a small volume of material, we will be able to process the request more quickly as a "simple" request.

When we need an extension of time to respond to your request we will notify you in writing and offer you the opportunity to modify or limit the scope of your request. Alternatively, you may agree to a different timetable for the processing of your request.

## Can my request be processed faster?

Under certain conditions you may be entitled to have your request processed on an expedited basis. At the Department of Justice, there are four specific situations where a request will be expedited, which means that it is handled as soon as practicable.

- First, a request will be expedited if the lack of expedited treatment could reasonably be expected to pose a threat to someone's life or physical safety.
- Second, a request will be expedited if the information requested is urgently needed to inform the public concerning some actual or alleged federal government activity, and if it is made by a person primarily engaged in disseminating information to the public.
- Third, if an individual will suffer the loss of substantial due process rights, his or her request will be expedited. A request will not normally be expedited merely because the requester is facing a court deadline in a judicial proceeding.
- Finally, a request will be expedited if the subject of the request is of widespread and exceptional media interest and the information sought involves possible questions about the government's integrity which affect public confidence. Decisions to expedite under this fourth standard are made by DOJ's Director of Public Affairs.

If you believe that your request might qualify for expedited processing under one of these four standards, you must specifically ask EOUSA/FOIA for expedited handling of your request. When you do, you should provide a certified statement explaining why you believe that your request qualifies under one of the four standards.

## Are there any fees?

There is no initial fee required to submit a FOIA request, but the FOIA does provide for the charging of certain types of fees in some instances.

For a typical requester the component can charge for the time it takes to search for records and for duplication of those records. For a typical requester there is no change for the first two hours of search time or for the first 100 pages of duplication.

You may always include in your request letter a specific statement limiting the amount that you are willing to pay in fees. If you do not do so, DOJ will assume that you are willing to pay fees of up to a certain amount, currently $25. If EOUSA/FOIA estimates that the total fees for processing your request will exceed $25, we

will notify you in writing of the estimate and offer you an opportunity to narrow your request in order to reduce the fees. If you agree to pay fees for a records search, be aware that you may be required to pay such fees even if the search does not locate any responsive records or, if records are located, even if they are determined to be entirely exempt from disclosure.

## Can I ask that any fees be waived?

You may request a waiver of fees.  Under the FOIA fee waivers are limited to situations in which a requester can show that the disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester. Requests for fee waivers from individuals who are seeking records pertaining to themselves usually do not meet this standard. In addition, a requester's inability to pay fees is not a legal basis for granting a fee waiver.

## What can I expect in response to my request?

Once we have processed your request and any fee issues have been resolved, we will send you a written response and will usually include all documents that can be disclosed to you.  The response letter will advise you of whether any information is being withheld pursuant to one or more of the <u>nine exemptions to the FOIA</u>.  The letter might also include a notification that Congress provided special protection for three narrow categories of law enforcement records that are <u>excluded</u> from the FOIA and so are not part of the agency's response.  The provisions protecting those records are known as "exclusions." The first exclusion protects the existence of an ongoing criminal law enforcement investigation when the subject of the investigation is unaware that it is pending and disclosure could reasonably be expected to interfere with enforcement proceedings. The second exclusion is limited to criminal law enforcement agencies and protects the existence of informant records when the informant's status has not been officially confirmed. The third exclusion is limited to the FBI and protects the existence of foreign intelligence or counterintelligence, or international terrorism records when the existence of such records is classified. Records falling within an exclusion are not subject to the requirements of the FOIA. So, when a component responds to your request it will limit its response to those records that are subject to the FOIA.  If pages of information have been withheld in full, the component ordinarily will specify the number of pages being withheld or make a reasonable effort to estimate the volume of the withheld information.  Where a page of a record is being withheld in part, the withheld portions of the page will ordinarily be specifically marked with the applicable exemptions.

## Can I appeal the response to my request?

You may file an administrative appeal if you are not satisfied with our initial response.  You will be advised of your right to file an administrative appeal in the component's response if it contains an adverse determination.  All appeals must be made in writing and addressed to the <u>Office of Information Policy</u>.

There is no specific form or particular language needed to file an administrative appeal.  You should identify EOUSA/FOIA has denied your request and include the initial request number that we assigned to your request and the date of the component's action.  There is no need to attach copies of released documents unless they pertain to some specific point you are raising in your administrative appeal.  You should explain what specific action by the component that you are appealing, but you need not explain the reason for your disagreement with the component's action unless your explanation will assist the appeal decision-maker in reaching a decision.

Administrative appeals from EOUSA/FOIA are reviewed by an attorney in the Office of Information Policy.  The attorney ordinarily will have available all of the files pertaining to the processing of your request and will make an independent determination as to whether the component has properly handled your request.

Ex 67-4

The Office of Information Policy may take one of several actions on your administrative appeal. It may affirm our action in full, in which case it will often identify the reason why our action was proper. Alternatively, it may affirm part of our action, but otherwise "remand" the request in part for us to take some further action. Finally, under some circumstances, it may remand the request to us in its entirety for further action. When a case is remanded, you will have an opportunity to appeal again to the Office of Information Policy if you are dissatisfied in any respect with our action on remand.

## If I'm still dissatisfied, are there other options?

During the course of the request process, our FOIA contacts can assist you in a variety of ways, from working with you on the scope of your request and the searches that will be done, to arranging an alternative time frame for processing your request, to providing information on the status of your request, and increasing your understanding of the request process. Once you have received a response, you can file an administrative appeal and have the action of our office independently reviewed by OIP.

In addition, there is now an office established within the National Archives and Records Administration called the Office of Government Information Services (OGIS), which offers mediation services to FOIA requesters as an alternative to litigation. Using OGIS's services does not preclude you from filing a FOIA lawsuit.

Finally, the FOIA provides requesters with the right to challenge an agency's action in federal court. A federal judge will conduct an independent review of the agency's action on your request. Before filing a lawsuit, you ordinarily will be required to have first filed an administrative appeal.

## What does the presumption of openness mean?

President Obama and Attorney General Holder have directed agencies to apply a presumption of openness in responding to FOIA requests. The Attorney General specifically called on agencies not to withhold information just because it technically falls within an exemption and he also encouraged agencies to make discretionary releases of records. The Attorney General emphasized that the President has called on agencies to work in a spirit of cooperation with FOIA requesters. The Office of Information Policy (OIP) oversees agency compliance with these directives and encourages all agencies to fully comply with both the letter and the spirit of the FOIA. President Obama has pledged to make this the most transparent Administration in history.

## What if I still have questions?

If you still have questions regarding the processing of FOIA requests at the Department of Justice, additional information can be found in the Department of Justice Freedom of Information Act Reference Guide.

Updated December 9, 2014

Ex 67-5

Exhibit  68

*the* WHITE HOUSE   PRESIDENT BARACK OBAMA

Contact Us ‣

Search

*Home • Freedom of Information Act*

# Freedom of Information Act

MEMORANDUM FOR THE HEADS OF EXECUTIVE DEPARTMENTS AND
AGENCIES

SUBJECT:    Freedom of Information Act

A democracy requires accountability, and accountability requires
transparency. As Justice Louis Brandeis wrote, "sunlight is said to be the best of
disinfectants." In our democracy, the Freedom of Information Act (FOIA), which
encourages accountability through transparency, is the most prominent
expression of a profound national commitment to ensuring an
open Government. At the heart of that commitment is the idea that accountability
is in the interest of the Government and the citizenry alike.

The Freedom of Information Act should be administered with a
clear presumption: In the face of doubt, openness prevails. The Government
should not keep information confidential merely because public officials might be
embarrassed by disclosure, because errors and failures might be revealed, or
because of speculative or abstract fears. Nondisclosure should never be based on
an effort to protect the personal interests of Government officials at the expense
of those they are supposed to serve. In responding to requests under the FOIA,
executive branch agencies (agencies) should act promptly and in a spirit
of cooperation, recognizing that such agencies are servants of the public.

All agencies should adopt a presumption in favor of disclosure, in order to renew
their commitment to the principles embodied in FOIA, and to usher in a new era
of open Government. The presumption of disclosure should be applied to all
decisions involving FOIA.

The presumption of disclosure also means that agencies should take affirmative
steps to make information public. They should not wait for specific requests from
the public. All agencies should use modern technology to inform citizens about
what is known and done by their Government. Disclosure should be timely.

I direct the Attorney General to issue new guidelines governing the FOIA to the
heads of executive departments and agencies, reaffirming the commitment to
accountability and transparency, and to publish such guidelines in the *Federal
Register*. In doing so, the Attorney General should review FOIA reports produced
by the agencies under Executive Order 13392 of December 14, 2005. I also direct
the Director of the Office of Management and Budget to update guidance to the
agencies to increase and improve information dissemination to the public,
including through the use of new technologies, and to publish such guidance in
the *Federal Register*.

This memorandum does not create any right or benefit, substantive or procedural,
enforceable at law or in equity by any party against the United States, its
departments, agencies, or entities, its officers, employees, or agents, or any other
person.

The Director of the Office of Management and Budget is hereby authorized and
directed to publish this memorandum in the *Federal  Register*.

BARACK OBAMA

Ex  68-1

Exhibit 69

<u>**Department of Justice Guide to the Freedom of Information Act**</u>



# President Obama's FOIA Memorandum
# and Attorney General Holder's FOIA Guidelines

On his first full day in office, January 21, 2009, the President issued a memorandum to all executive departments and agencies emphasizing that the FOIA reflects a "profound national commitment to ensuring an open Government."[1] President Obama called for federal executive departments and agencies to administer the FOIA with "a clear presumption: [i]n the face of doubt, openness prevails."[2] The President directed departments and agencies not to withhold information "merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears."[3] He instructed agencies to respond to requests "promptly and in a spirit of cooperation."[4] The President further directed agencies to adopt a presumption in favor of disclosure with regard to all FOIA decisions.[5] That presumption requires agencies to proactively release records, without waiting for specific requests, and use technology to inform citizens "about what is known and done by their [g]overnment."[6] The President directed the Attorney General to issue FOIA Guidelines for the Executive Branch that "reaffirm[] the commitment to accountability and transparency."[7]

---

[1] <u>Presidential Memorandum for Heads of Executive Departments and Agencies Concerning the Freedom of Information Act</u>, 74 Fed. Reg. 4683 (Jan. 21, 2009) [hereinafter President Obama's FOIA Memorandum].

[2] <u>Id.</u>

[3] <u>Id.</u>

[4] <u>Id.</u>

[5] <u>Id.</u>

[6] <u>Id.</u>

[7] <u>Id.</u>

*Ex 69-1*

On March 19, 2009, Attorney General Eric H. Holder, Jr. issued new FOIA guidelines for the Executive Branch.[8] Reiterating the President's commitment to open government, Attorney General Holder encouraged agencies to make discretionary releases when appropriate, and to make partial disclosures of records when full disclosures are not possible.[9] In issuing these guidelines, Attorney General Holder rescinded the October 12, 2001 Attorney General Memorandum on the FOIA,[10] and established a "foreseeable harm" standard for defending agency decisions to withhold information.[11] Under this standard, the Department of Justice will defend an agency's denial of a FOIA request "only if (1) the agency reasonably foresees that disclosure would harm an interest protected by one of the statutory exemptions, or (2) disclosure is prohibited by law."[12] In keeping with the President's commitment to openness and with the Attorney General's FOIA Guidelines, agencies must now include the "foreseeable harm" standard as part of their FOIA analysis at both the initial request and the administrative appeal stages.[13]

The Attorney General also emphasized that "the responsibility for effective FOIA administration belongs to all of us – it is not merely a task assigned to an agency's FOIA staff."[14] He noted that "[i]mproving FOIA performance requires the active participation of agency Chief FOIA Officers." [15]  The Attorney General also recognized the FOIA professionals who carry out the day-to-day work of implementing the FOIA and declared that they "deserve the full support of the agency's Chief FOIA Officer to ensure

---

[8] Attorney General Holder's Memorandum for Heads of Executive Departments and Agencies Concerning the Freedom of Information Act, 74 Fed. Reg. 51879 (Oct. 8, 2009) [hereinafter Attorney General Holder's FOIA Guidelines]; *see FOIA Post*, "OIP Guidance: President Obama's FOIA Memorandum and Attorney General Holder's FOIA Guidelines – Creating a New Era of Open Government" (posted 4/17/09).

[9] Attorney General Holder's FOIA Guidelines, 74 Fed. Reg. at 51879-01.

[10] Id.

[11] Id. at 51879-02.

[12] Id.

[13] See Id. at 51879-01 (stating that "[a]n agency should not withhold records merely because it can demonstrate, as a technical matter, that the records fall within the scope of a FOIA exemption"); *FOIA Post*, "OIP Guidance:  President Obama's FOIA Memorandum and Attorney General Holder's FOIA Guidelines – Creating a New Era of Open Government" (posted 4/17/09) (providing guidance to agencies on implementing new transparency standards).

[14] Attorney General Holder's FOIA Guidelines, 74 Fed. Reg. at 51879-02.

[15] Id.

Ex 69 - 2

that they have the tools they need to respond promptly and efficiently to FOIA requests."[16]

The Attorney General reminded FOIA professionals "of their obligation to work 'in a spirit of cooperation' with FOIA requesters," noting that "[u]nnecessary bureaucratic hurdles have no place in the 'new era of open [g]overnment' that the President has proclaimed."[17] Finally, the Attorney General instructed agencies "to work proactively and to respond to requests promptly."[18] He called on agencies to "readily and systematically post information online in advance of any public request," and reiterated that "[t]imely disclosure of information is an essential component of transparency."[19]

To ensure more effective FOIA administration, the Attorney General directed agency Chief FOIA Officers to "review all aspects of their agencies FOIA administration, with particular focus on the concerns highlighted" by his guidelines, and to "report to the Department of Justice each year on the steps that have been taken to improve FOIA operations and facilitate information disclosure at their agencies."[20] The Attorney General directed the Office of Information Policy (OIP) to establish guidelines for those reports.[21] Agencies' Chief FOIA Officer Reports are made available online by each agency and OIP in turn posts them in a central location on OIP's website.[22] OIP prepares summaries of the reports and conducts assessments of agency implementation of the FOIA which are also made publicly available on OIP's website.[23] Finally, on the Department of Justice website FOIA.gov, detailed data regarding agency's implementation of the FOIA is displayed graphically and educational material about the FOIA is provided.[24]

---

[16] Id.

[17] Id.

[18] Id. at 51879-03.

[19] Id.

[20] Id.

[21] Id.

[22] See OIP, Reports, http://www.justice.gov/oip/reports.html.

[23] See id.

[24] See FOIA.gov, http://www.foia.gov.

*Ex 69-3*

Exhibit 70

# JAMES A. SIMON

1922 Simon Road
Huntertown, IN 46748
Tel: 1-260-210-2428   Email: JamesSimon3@GMail.Com
September 19, 2016

Commissioner John Koskinen
Internal Revenue Service
1111 Constitution Ave, NW
Washington, DC 20224

Subject:  Unanswered Correspondence

Commissioner Koskinen:

I wrote you on June 13, 2016 (copy of letter enclosed), about amending my personal tax returns to be consistent with the DOJ position taken in my criminal trial.  I have not received a response.  Did you write me?  If not, do you intend to respond?  If you did not write and intend to respond, when can I expect to receive your response?

Will appreciate anything you can do to remove the absurdity pertaining to my IRS indebtedness.

Sincerely,

James A. Simon
Taxpayer

Enclosed:  Copy of June 13, 2016 letter to Commissioner John Koskinen.

P.S.  My contact information has changed.  Please use the information above to contact me.

Ex 70.1

JAMES A. SIMON

10711-027

Federal Medical Center

PMB 4000

Rochester, MN 55903

June 13, 2016

Commissioner John Koskinen

Internal Revenue Service

1111 Constitution Ave, NW

Washington, DC  20224

Subject:  Request to Amend Tax Returns

Dear Commissioner Koskinen:

I am a 65 year old federal prisoner having served 60 months
of a 72 month sentence imposed upon conviction of filing false
tax returns and associated offenses.  I've been ordered to pay
approximately $1,000,000 restitution, upon which payments are
scheduled to begin in September 2016.  I am writing to you
requesting permission to amend 10 years of tax returns to
render them consistent with the government's position taken at
trial.  Here is why.

Approximately $800,000 of the $1,000,000 court ordered
restitution was computed on payments received by me from a
partnership (JAS Partners) that consolidated 100% onto my
joint returns.  I characterized and documented the payments as
loan proceeds.  The government contended at trial there was no
true loan and the payments were really unreported personal

*Ex 70-2*

income. After being found guilty by a jury, the court adopted the government's "income" contentions when computing restitution.

Had the loan proceeds payments been characterized as income to me, under rules of "consistency" and partnership reporting, the payments would have had to been previously characterized as expense in the partnership. As expense in the partnership, the partnership "expense" payments, when consolidated 100% onto my return, would exactly offset recognition of the payments received as "personal income." Consequently, total income and taxable income would not have changed a single penny if I reported the payments received as income. This "offset" effect, between personal income and partnership expense when consolidated onto my return, was not included in the government's presentations at trial or sentencing, or brought to the attention of the jury or court by my counsel.

I repaid the single payment ten year loan in 2009-2010, prior to my indictment, causing nearly ten years of accumulated interest to be realized as personal interest expense to me, and as interest income in the partnership. The partnership recognition of the interest income increased my 2009-2010 taxable income when consolidated (100%) onto my personal returns. But, this consolidated interest income from the partnership could not be offset, in the majority, with my personal interest expense because the majority of the loan proceeds had been used for non-business purposes and consequently not deductible. As a result I incurred hundreds of thousands of dollars in tax liability for years 2009-2010 because I characterized the payments as loan proceeds, tax

2

Ex 70-3

liability I would not have incurred if I had treated the payments as argued by the government.  This 2009-2010 tax liability caused by me reporting the payments as loan proceeds and repaying the loan with interest (interest income to the partnership, interest expense not deductible) remains outstanding today, boosted with penalty and interest, because defending against the criminal charges left me financially exhausted and unable to pay.

Although I firmly believe the partnership payments to me were intended to be, were properly characterized as, were properly documented as, and were properly reported as, loan proceeds; I now request your permission to amend my personal returns and the partnership returns, for the years 2001-2010 to characterize the partnership payments as income to me (and expense to the partnership), so to be consistent with the government's position argued at trial and adopted by the court, ...that the payments I received were income to me.  IRS acceptance of the amended returns, will show the court the appropriateness of the offset effect (partnership payments reported as personal income are offset by corresponding consolidated partnership expense) and as a result, there was no under reporting of taxable income that justifies restitution pertaining to the partnership payments.  Amendment would also eliminate my unpaid tax liability for 2009-2010.

I appeal to your sense of fairness:  As it stands today, I owe the IRS under two conflicting government determinations; first, as if the partnership payments to me were properly classified as loans (2009-2010); AND second, as if the payments were classified as income WITHOUT benefit of a

3

Ex JD-4

statutorily required consistent corresponding expense offset via the partnership (2001-2008). How absurd is it my characterization of the payments as loan proceeds was the only way the government could receive a tax benefit from the payments, I have spent years in prison for doing so, and I now must pay twice without the benefit of partnership offset under conflicting government characterizations and determination?

For your further information, in November 2007, the IRS raided my Fort Wayne home while I was working in Europe. My wife was so effected by the events she committed suicide three days later. (See RememberDenise.Org.) It was only on the heals of me filing two wrongful death suits, a Bivens action against various IRS agents and a tort claim action against the IRS, that I was indicted. Quickly upon indictment, at the government's request, the wrongful death suits were stayed. The government argued civil discovery would provide me an "unfair advantage" in the criminal case.

More recently, the government won dismissal of the tort claim suit, arguing I was convicted in a jury trial, and the court lacked jurisdiction because the Tort Claim Act excepts claims arising out of the "assessment and collection of tax." Then, the government attempted to dismiss the Bivens action based upon the Tort Claim Act "judgment bar" that provides judgments under the act bars other actions arising out of the same subject matter. The government's attempt to dismiss the Bivens suit was stayed pending Supreme Court ruling in a similar case. Just last week, the Supreme Court did rule on the similar case and opined the judgment bar does not apply to other actions when the Tort Claim Act judgment was based on

4

Ex 7D-5

exceptions to the act as opposed to a judgment on the merits. So, it appears the Bivens suit will go forward after being stayed for over six years.

Additionally, I have a motion pending in the criminal court requesting a new trial, reason "ineffectiveness of counsel," based in large part upon Seventh Circuit Court of Appeals criticism of my attorney's performance, and, as described above, his failure to present at trial the fact I reported the partnership payments in the only way the government could benefit.  References for the civil cases are 1:07-cv-301-JTM and 1:10-cv-00058-JTM-APR; the criminal case 3:10-cr-56-RLM.

Thank you for your attention to this important matter.  IRS permission to amend personal and partnership returns will allow filing of returns consistent with the government's position taken at trial, and relieve me of obligations to pay tax twice under conflicting government determinations.  Again, I appeal to your sense of fairness.  Please help.

Respectfully,

James A. Simon

SSN:  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

Copy (without SSN) to:

- United States Senator Dan Coats (R-IN).

5

Ex 40-6