# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| James A. Simon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 1:16-cv-00671 (APM)** |
| | ) | |
| U.S. Department of Justice, Executive Office for United States Attorneys, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are Plaintiff's Motion to Process FOIA Requests Individually, ECF No. 18, and Plaintiff's Motion for Summary Judgment, ECF No. 23. For the reasons stated below, the court denies both Motions.

**Plaintiff's Motion to Process FOIA Requests Individually.** By way of background, Plaintiff, over a six-month period, sent 61 separate FOIA requests to Defendant Executive Office for United States Attorneys, seeking records relating to Plaintiff and his wife's prosecution for tax evasion. *See* Pl.'s Mot to Process FOIA Requests Individually, ECF No. 18 [hereinafter Pl.'s Mot. to Process], Exs. 1–35, ECF No. 18-1; Pl.'s Mot. to Process, Exs. 36–61, ECF No. 18-2, at 1–403. After efforts to negotiate a narrowing of the requests failed, Defendant decided to conduct a single search for "all records related to James or Denise Simon for the period of January 1, 1995 to June 15, 2015." Def.'s Opp'n to Pl's Mot. to Process, ECF No. 22, at 3. Defendant considered this approach to be the "least burdensome manner to search for responsive documents." *Id*. at 6. Plaintiff disagrees with that decision and asks the court to order that Defendant process each FOIA request individually. Pl.'s Mot. to Process at 17.

The court declines to do so. Plaintiff has cited no authority for the proposition that a court can dictate the manner of an agency's search when, as here, a requester makes dozens of related FOIA requests. FOIA merely requires an agency to conduct a search for responsive records that is "reasonably calculated to discover the requested documents." *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). Moreover, "[w]here the search terms are reasonably calculated to lead to responsive documents, a court should neither 'micromanage' nor second guess the agency's search." *Bigwood v. U.S. Dep't of Def.*, 132 F. Supp. 3d 124, 140–41 (D.D.C. 2015). Applying that standard here, the court will not "micromanage" Defendant's ongoing search for responsive records—the agency is responsible in the first instance for crafting the methods needed to identify and produce responsive records, subject only to future judicial review upon a motion for summary judgment. Furthermore, Defendant's regulations permit it to aggregate FOIA requests in circumstances like those present here. 28 C.F.R. § 16.10(h). Plaintiff has offered no valid basis for the court to "second guess" Defendant's decision to invoke that authority here. Accordingly, the court denies Plaintiff's Motion to Process Requests Individually.

**Motion for Summary Judgment.** Plaintiff also moves for summary judgment on similar grounds, asserting that Defendant's decision to aggregate Plaintiff's requests violates the requirements of FOIA. Pl.'s Mot. for Summ. J, ECF No. 23 [hereinafter Pl.'s Mot.], at 18–21. That issue, however, is not yet ripe for consideration. Plaintiff's argument seems to be that Defendant's search for responsive records, *which is still ongoing*, will ultimately prove inadequate. Maybe so. But, at this juncture, the court cannot anticipate, based solely on Defendant's adopted search strategy, that Plaintiff will not receive the materials that he seeks, or that Defendant's strategy for finding those materials is deficient. As the D.C. Circuit has clearly stated: "[t]he mere *potential* for future injury . . . is insufficient to render an issue ripe for review." *Gulf Oil Corp. v.*

*Brock*, 778 F.2d 834, 841 (D.C. Cir. 1985) (internal quotation marks omitted).  Thus, any challenge to the adequacy of Defendant's search in this case will not become ripe until Defendant has completed its search and produced the allegedly responsive records that its search uncovered. Accordingly, Plaintiff's Motion for Summary Judgment is denied.


Dated:  April 26, 2017                                      Amit P. Mehta
                                                                     United States District Judge