UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
JAMES A. SIMON,                      )
                                     )
    Plaintiffs,                     )
                                     )
    v.                               )        Case No. 16-cv-00671 (APM)
                                     )
UNITED STATES DEPARTMENT             )
OF JUSTICE, EXECUTIVE OFFICE FOR     )
UNITED STATES ATTORNEYS              )
                                     )
    Defendant.                       )
_____ )

**ORDER**

On March 30, 2018, Defendant United States Department for Justice Executive Office for United States Attorneys filed a Motion for Summary Judgment in this case. *See* ECF No. 43. The motion asks this court to render a judgment in favor of Defendant. Plaintiff James A. Simon is proceeding *pro se* in this case.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must notify a *pro se* party of the consequences of failing to respond to a motion that, if granted, would result in the end of the lawsuit. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. This court also advises Plaintiff that its local rules concerning dispositive motions require that "[w]ithin 14 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

On a motion for summary judgment, such as that which Defendant has filed here, "any factual assertion in the movant's affidavits will be accepted as being true unless [the opposing

1

party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F. 2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F. 2d 100, 102 (7th Cir. 1982)).  Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) Procedures.
>> (1) Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>> (2) Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>> (3) Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.
>> (4) Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
> . . . .
> (e) Failing to Properly Support or Address a Fact.  If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>> (1) give an opportunity to properly support or address the fact;
>> (2) consider the fact undisputed for purposes of the motion;
>> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>> (4) issue any other appropriate order.

Thus, parties such as Plaintiff, who are on the opposing side of a motion for summary judgment, must present evidence to rebut the moving party's affidavits, such as other affidavits or sworn statements; conclusory statements that the moving party's affidavits are inaccurate or incorrect are not sufficient.  For these purposes, a verified complaint may serve as an affidavit. *See Neal*, 963 F. 2d at 457-58.

Accordingly, the court orders the following:

Per the previously agreed-upon briefing schedule in this case, Plaintiff shall respond to the Defendant's Motion for Summary Judgment on or before **May 14, 2018**.  If Plaintiff neither responds to the Motion nor files a motion for additional time in which to respond, the court may treat the Motion as conceded and render a judgment in favor of Defendant.

Dated:  April 2, 2018

Amit P. Mehta
United States District Judge