UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES A. SIMON,

       Plaintiff,

   v.

U.S. DEPARTMENT OF JUSTICE,
EXCUTIVE OFFICE FOR
UNITED STATES ATTORNEYS,

       Defendant.

Civil Action No. 16-0671 (APM)

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

BACKGROUND ............................................................................................................ 1

LEGAL STANDARD...................................................................................................... 1

ARGUMENT .................................................................................................................. 3

     I.      The Agency Conducted a Reasonable Search and Review for Responsive
           Records. ................................................................................................. 3

     II.    From the Records Released, the Agency Withheld Only Exempt Information...... 6

          A.    The Agency Properly Withheld Information Pursuant to Exemption 3. .... 6

          B.    The Agency Properly Withheld Information Pursuant to Exemption 5. .... 8

          C.    The Agency Properly Withheld Information Pursuant to Exemption 6. .. 12

          D.    The Agency Properly Withheld Information Pursuant to Exemption 7. .. 15

     III.   The Agency Released All Reasonably Segregable Information........................... 21

conclusion ..................................................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**

*Access Reps. v. United States Dep't of Justice,*
926 F.2d 1192 (D.C. Cir. 1991) ................................................................................................ 11

*Adamowicz v. IRS,*
552 F. Supp. 2d 355 (S.D.N.Y. 2008) ...................................................................................... 14

*Am. Immigr. Council v. Dep't of Homeland Sec.,*
905 F. Supp. 2d 206 (D.D.C. 2012) .......................................................................................... 10

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) .................................................................................................................... 1

*Armstrong v. Exec. Office of the President,*
97 F.3d 575 (D.C. Cir. 1996) .................................................................................................... 21

*Bartko v. Dep't of Justice,*
Civ. A. No. 13-1135 (JEB), 2015 WL 9272833 (D.D.C. Dec. 18, 2015)................................. 17

*Bernegger v. EOUSA,*
334 F. Supp. 3d 74 (D.D.C. 2018) ............................................................................................ 14

*Blanton v. Dep't of Just.,*
63 F. Supp. 2d 35 (D.D.C. 1999) .............................................................................................. 15

*Boyd v. Criminal Division of U.S. Dep't of Justice,*
475 F.3d 381 (D.C. Cir. 2007) .................................................................................................. 16

*Brayton v. Office of U.S. Trade Rep.,*
641 F.3d 521 (D.C. Cir. 2011) .................................................................................................... 2

*Brown v. Dep't of Just.,*
724 F. Supp. 2d 126 (D.D.C. 2010) ............................................................................................ 4

*Butt v. Dep't of Just.,*
Civ. A. No. 19-0504 (JEB), 2020 WL 4436434 (D.D.C. Aug. 3, 2020) .................................... 10

*Canning v. Dep't of Just.,*
567 F. Supp. 2d 104 (D.D.C. 2008) .......................................................................................... 21

*CBP v. Abramson,*
456 U.S. 615 (1982) .................................................................................................................. 15

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) .................................................................................................................... 2

*Citizens for Resp. & Ethics in Wash. v. Dep't of Labor,*
478 F. Supp. 2d 77 (D.D.C. 2007) .............................................................................................. 2

*Coastal States Gas Corp. v. Dep't of Energy,*
617 F.2d 854 (D.C. Cir. 1980) ............................................................................................ 9, 11

*Consumers' Checkbook Ctr. for the Study of Servs. v. Dep't of Health & Hum. Servs.,*
554 F.3d 1046 (D.C. Cir. 2009) ................................................................................................ 13

ii

*Council on Am.-Islamic Relations v. FBI*,
749 F. Supp. 2d 1104 (S.D. Cal. 2010) ........................................................................ 14

*Davis v. Dep't of Just.*,
968 F.2d 1276 (D.C. Cir. 1992) ........................................................................... 15, 16

*Defenders of Wildlife v. Border Patrol*,
623 F. Supp. 2d 83 (D.D.C. 2009) ...................................................................... 2, 3, 4

*Dep't of Interior v. Klamath Water Users Protective Ass'n*,
532 U.S. 1 (2001) .............................................................................................. 9, 10

*Dep't of Just. v. Reporters Comm. for Freedom of Press*,
489 U.S. 749 (1989) ......................................................................................... 13, 16

*Dep't of State v. Wash. Post Co.*,
456 U.S. 595 (1982) ............................................................................................... 13

*FTC v. Boehringer Ingelheim Pharms., Inc.*,
778 F.3d 142 (D.C. Cir. 2015) ............................................................................... 10

*Founding Church of Scientology v. NSA*,
610 F.2d 824 (D.C. Cir. 1979) ................................................................................. 4

*Frontier Found. v. U.S. Dep't of Justice*,
739 F.3d 1 (D.C. Cir. 2014) ................................................................................... 11

*Greenberg v. Dep't of Treasury*,
10 F. Supp. 2d 3 (D.D.C. 1998) ............................................................................... 3

*In re Sealed Case*,
737 F.2d 94 (D.C. Cir. 1984) ................................................................................... 9

*James Madison Proj. v. CIA*,
607 F. Supp. 2d 109 (D.D.C. 2009) .......................................................................... 6

*Judicial Watch v. Rossotti*,
285 F. Supp. 2d 17 (D.D.C. 2003) ............................................................................ 3

*Keys v. Dep't of Just.*,
830 F. 2d 337 (D.C. Cir. 1987) ............................................................................... 15

*Kowalczyk v. Dep't of Just.*,
73 F.3d 386 (D.C. Cir. 1996) ............................................................................... 3, 5

*Larson v. Dep't of State*,
565 F.3d 857 (D.C. Cir. 2009) .................................................................................. 2

*Leopold v. Dep't of Just.*,
94 F.4th 33 (D.C. Cir. 2024) ................................................................................... 21

*Lepelletier v. FDIC*,
164 F.3d 37 (D.C. Cir. 1999) ................................................................................. 13

*Machado Amadis v. Dep't of State*,
971 F.3d 364 (D.C. Cir. 2020) ............................................................................... 10

*Marks v. Dep't of Just.*,
578 F.2d 261 (9th Cir. 1978). ................................................................................................ 3

*McCutchen v. Dep't of Health & Human Servs.*,
30 F.3d 183 (D.C. Cir. 1994) ............................................................................................... 15

*McGehee v. CIA*,
697 F.2d 1095 (D.C. Cir. 1983) .............................................................................................. 2

*Mead Data Cent., Inc. v. Dep't of Air Force*,
566 F.2d 242 (D.C. Cir. 1977) ......................................................................................... 9, 21

*Media Research Ctr. v. Dep't of Just.*,
818 F. Supp. 2d 131 (D.D.C. 2011) ....................................................................................... 2

*Meeropol v. Meese*,
790 F.2d 942 (D.C. Cir. 1986) ............................................................................................... 5

*Military Audit Project v. Casey*,
656 F.2d 724 (D.C. Cir. 1981) ............................................................................................... 2

*Moore v. Bush*,
601 F. Supp. 2d 6 (D.D.C. 2009) ......................................................................................... 14

*Multi Ag Media LLC v. Dep't of Agric.*,
515 F.3d 1224 (D.C. Cir. 2008) ........................................................................................... 13

*Nation Magazine v. Customs Serv.*,
71 F.3d 885 (D.C. Cir. 1995) ............................................................................................... 16

*Nat'l Ass'n of Home Builders v. Norton*,
309 F.3d 26 (D.C. Cir. 2002) ............................................................................................... 13

*Nat'l Inst. of Mil. Just. v. Dep't of Def.*,
512 F.3d 677 (D.C. Cir. 2008) ............................................................................................... 9

*Nat'l Ass'n of Retired Fed. Employees v. Horner*,
879 F.2d 873 (D.C. Cir. 1989) ............................................................................................. 13

*NLRB v. Sears, Roebuck & Co.*,
421 U.S. 132 (1975) ................................................................................................... 9, 10, 11

*Oglesby v. Dep't of the Army*,
920 F.2d 57 (D.C. Cir. 1990) ................................................................................................. 3

*Perry v. Block*,
684 F.2d 121 (D.C. Cir. 1982) ............................................................................................... 3

*Petroleum Info. Corp. v. U.S. Dep't of Interior*,
976 F.2d 1429 (D.C. Cir. 1992) ........................................................................................... 10

*Pratt v. Webster*,
673 F.2d 408 (D.C. Cir. 1982) ............................................................................................. 15

*Quinon v. CBP*,
86 F.3d 1222 (D.C. Cir. 1996) ............................................................................................. 15

*Renegotiation Bd. v. Grumman Aircraft*,
421 U.S. 168 (1975) ................................................................................ 11

*SafeCard Servs., Inc., v. SEC*,
926 F.2d 1197 (D.C. Cir. 1991) ................................................. 3, 4, 16. 17

*Sai v. TSA*,
315 F. Supp. 3d 218 (D.D.C. 2018) ........................................................ 14

*Schrecker v. Dep't of Just.*,
349 F.3d 657 (D.C. Cir. 2003) ........................................................... 4, 17

*Skinner v. Dep't of Just.*,
744 F. Supp. 2d 185 (D.D.C. 2010) ........................................................ 14

*Smith v. CIA*,
246 F. Supp. 3d 117 (D.D.C. 2017) ........................................................ 13

*Spirko v. U.S. Postal Serv.*,
147 F.3d 992 (D.C. Cir. 1998) .............................................................. 17

*Sussman v. Marshals Serv.*,
494 F.3d 1106 (D.C. Cir. 2007) ............................................................ 21

*Tax Analysts v. IRS*,
117 F.3d 607 (D.C. Cir. 1997) ............................................................ 5, 9

*Taxation With Representation Fund v. IRS*,
646 F.2d 666 (D.C. Cir. 1981) ............................................................... 9

*Truitt v. Dep't of State*,
897 F.2d 540 (D.C. Cir. 1990) ............................................................... 3

*United States Fish & Wildlife Serv. v. Sierra Club, Inc.*,
592 U.S. 261 (2021) ............................................................................ 11

*Valencia-Lucena v. Coast Guard*,
180 F.3d 321 (D.C. Cir. 1999) ............................................................... 3

*Weisberg v. Dep't of Just.*,
627 F.2d 365 (D.C. Cir. 1980) ............................................................... 4

*Weisberg v. Dep't of Just.*,
705 F.2d 1344 (D.C. Cir. 1983) ........................................................... 3, 4

*Williams v. Ashcroft*,
30 Fed. Appx. 5 (D.C. Cir. 2002) ............................................................ 5

*Zemansky v. EPA*,
767 F.2d 569 (9th Cir. 1985) ................................................................. 5

**Statutes**

5 U.S.C. § 552(a)(3)(A) ........................................................................ 5

5 U.S.C. § 552(b) ............................................................................... 21

5 U.S.C. § 552(b)(3) ............................................................................ 6

5 U.S.C. § 552(b)(5) ................................................................................................................. 8

5 U.S.C. § 552(b)(6) ............................................................................................................... 12

5 U.S.C. § 552(b)(7) ............................................................................................................... 15

Defendant, the Executive Office for United States Attorneys ("EOUSA" or the "Agency"), by and through the undersigned counsel, respectfully submits this Memorandum in Support of Its Motion for Summary Judgment. For the reasons stated below, judgment should be entered in favor of EOUSA pursuant to Rule 56 of the Federal Rules of Civil Procedure in this Freedom of Information Act ("FOIA") matter.

## BACKGROUND

Defendant respectfully refers the Court to the accompanying Statement of Material Facts Not in Genuine Dispute ("Def.'s Stmt."), ECF No. 107-2, for a complete statement of the factual background of this matter.

Plaintiff submitted sixty-one FOIA requests to the Agency, which relate to Plaintiff and his spouse's prosecution for tax evasion. Mem. Op. (ECF No. 29) at 1. On April 26, 2016, the Court denied Plaintiff's request to require the Agency to conduct separate searches for each request and allowed the Agency to aggregate the requests and conduct a single search for "all records related to James or Denise Simon for the period of January 1, 1995 to June 15, 2015." *Id*. at 1–2.

Subsequently, the Agency, in good faith and at great effort, conducted a reasonable search, applying 11 search queries provided by Plaintiff. Decl. of David Luczynski (Apr. 8, 2025) ¶¶ 5–7 (attached hereto as Ex. A). After a review of the results of the queries, the Agency responded to Plaintiff's requests, releasing several thousand pages and withholding in full, certain pages pursuant to Exemptions 3, 5, 6, and 7C, D, and E. *Id*. ¶¶ 12–34; Decl. of Kevin Cummiskey (Apr. 8, 2025) ¶¶ 12–17 (attached hereto as Ex. B).

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence "show[] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986). It is up to the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. A genuine issue is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.*

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *see also Media Rsch. Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment.") (quoting *Defenders of Wildlife v. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009)). A government agency may obtain summary judgment in a FOIA case by relying on "relatively detailed" and "nonconclusory" declarations. *McGehee v. CIA.*, 697 F.2d 1095, 1102 (D.C. Cir. 1983). "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Lab.*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch.*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

Once the court determines that an agency has released all non-exempt material, it has no further judicial function to perform under FOIA and the FOIA claim is moot. *See Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

## ARGUMENT

## I.    <u>The Agency Conducted a Reasonable Search and Review for Responsive Records.</u>

Under the FOIA, an agency must undertake a search that is "reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *see Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) (noting that "[p]erfection is not the standard by which the reasonableness of a FOIA search is measured"). It is appropriate for an agency to search for responsive records in accordance with the manner in which its records systems are indexed. *Greenberg v. Dep't of Treasury*, 10 F. Supp. 2d 3, 13 (D.D.C. 1998).

Where an agency affidavit attests that a reasonable search was conducted, the agency is entitled to a presumption of good faith. *Defenders of Wildlife*, 314 F. Supp. 2d at 8. "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). The FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request if responsive documents are likely to be located in a particular place. *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978). Nor does the FOIA require that an agency search every record system. *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

"To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search." *Defs. of Wildlife*, 623 F. Supp. 2d at 91. However, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg*, 745 F.2d at 1485. The process of conducting an adequate search for documents requires "both systemic and case-specific exercises of discretion and administrative judgment and expertise," and it is "hardly an area in which the courts should attempt to micromanage the executive branch." *Schrecker v. Dep't of Just.*, 349 F.3d 657, 662 (D.C. Cir. 2003) (internal quotation marks and citation omitted).

"[T]he sufficiency of the agency's identification or retrieval procedure" must be "genuinely in issue" for summary judgment in the agency's favor to be inappropriate based on the adequacy of the search. *Weisberg v. Dep't of Just.*, 627 F.2d 365, 370 (D.C. Cir. 1980) (quoting *Founding Church of Scientology v. NSA*, 610 F.2d 824, 836 (D.C. Cir. 1979)). A plaintiff "cannot rebut the good faith presumption" afforded to an agency's supporting affidavits "through purely speculative claims about the existence and discoverability of other documents." *Brown v. Dep't of Just.*, 724 F. Supp. 2d 126, 129 (D.D.C. 2010) (citation omitted); *accord Steinberg v. Dep't of Just.*, 23 F.3d 548, 552 (D.C. Cir. 1994) (a plaintiff's "mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them"); *SafeCard Servs.*, 926 F.2d at 1201 ("When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant.").

Moreover, in responding to a FOIA request, an agency looks to the "reasonabl[e] descri[ption]" of the records sought. 5 U.S.C. § 552(a)(3)(A). That is, a professional agency employee familiar with the subject area must, in light of the FOIA request framed by the requestor, be able to locate the requested records with a "reasonable amount of effort." H.R. Rep. No. 93-876, at 6 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6271. The agency must be able to determine "precisely" which records are being requested. *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997) (citation and internal quotation marks omitted). The agency then is obligated to perform a "reasonable" search in response to the request framed by the requestor. *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986); *Zemansky v. EPA*, 767 F.2d 569, 571–73 (9th Cir. 1985). An agency, however, is "not obligated to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk*, 73 F.3d at 389; *see also Williams v. Ashcroft*, 30 F. App'x 5, 6 (D.C. Cir. 2002) (agency need not look for records not sought in initial FOIA request).

Here, there is no material doubt that the Agency's search and review was reasonable. The records sought by Plaintiff concerned his criminal prosecution. Luczynski Decl. ¶ 4; *see also* Mem. Op. (ECF No. 29) at 1. The Agency determined the only place likely to have responsive records, which was the U.S. Attorney's Office for Northern District of Indiana, which maintained the case file for the prosecution. *Id*. ¶ 5. To search the records, the Agency (1) caused the case file to be scanned and uploaded into *Eclipse SE Desktop*, which is commonly used by the Agency to search for responsive records; and (2) ran searches, applying word for word a list of queries provided by Plaintiff; and (3) sorted the results by each query. *Id*. ¶¶ 5–7.

Moreover, there is no material doubt that the Agency and the Internal Revenue Service ("IRS" or the "Service") properly identified certain records as non-responsive. The Agency

reviewed the records and determined that certain records were non-responsive.  Luczynski Decl. ¶¶ 34, 35.  In addition, after determining certain records required consultation with the Service, the Agency provided the records to the Service for review for responsiveness and for withholding. Cummiskey Decl. ¶ 19.  The Service then conducted a review of the records, applying the relevant search query, and determined that certain records were not responsive to the query.  *Id*. ¶¶ 19–23.

Therefore, the Court should grant summary judgment in favor of Defendant on the sufficiency of the search.

## II.    <u>From the Records Released, the Agency Withheld Only Exempt Information.</u>

In assessing whether the Agency properly withheld information, the Court must consider that the foreseeable harm standard does not apply.  See *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 357–58 (D.C. Cir. 2021) ("This rule applies only to requests for records under FOIA made after June 30, 2016.").  Here, Plaintiff submitted his requests prior to June 30, 2016. Luczynski Decl. ¶ 4; *see also* Mem. Op. (ECF No. 29) at 1..

### A.    The Agency Properly Withheld Information Pursuant to Exemption 3.

Exemption 3 permits an agency to withhold information that is "specifically exempted from disclosure by statute (other than section 552b of this title), if that statute—(A) (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph."  5 U.S.C. § 552(b)(3).  "When analyzing whether the defendant is entitled to invoke Exemption 3, the court need not examine the detailed factual contents of specific documents withheld; rather, the sole issue for decision is the existence of a relevant statute and the inclusion of withheld material within the statute's coverage."  *James Madison Proj. v. CIA*, 607 F. Supp. 2d 109, 126 (D.D.C. 2009) (internal quotation marks omitted).

1.    <u>Grand Jury Records</u>

Congress affirmatively enacted Federal Rule of Criminal Procedure 6(e) ("Rule 6(e)") in such a way as to qualify it as a provision under which an agency may claim Exemption 3 withholdings. *Labow v. Dep't of Just.*, 278 F. Supp. 3d 431, 442 (D.D.C. 2017). The law of this Circuit has long settled that "the rule's ban on disclosure is for FOIA purposes absolute" because the Rule satisfies the first of the two subparts of the FOIA that allow for such withholdings. *Fund for Const'l Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 868 (D.C. Cir. 1981) ("[Rule 6(e)] makes quite clear that disclosure of matters occurring before the grand jury is the exception and not the rule. It further sets forth in precise terms to whom, under what circumstances and on what conditions grand jury information may be disclosed."). Any disclosure to persons outside of the government may be made only pursuant to a court order. Fed. R. Crim. P. 6(e)(3)(C). In other words, Rule 6(e) requires that grand jury matters "be withheld from the public in such a manner as to leave no discretion." 5 U.S.C. § 552(b)(3)(A)(i); *Borda v. Dep't of Just.*, 306 F. Supp. 3d 306, 317 (D.D.C. 2018).

Here, the Agency withheld grand jury material contained within the case file. Luczynski Decl. ¶ 15; Cummiskey Decl. ¶ 15, The Agency determined that disclosure of the information withheld would (1) impermissibly reveal the scope of the grand jury's inquiry and the direction of the investigation by providing the identities of the targets of the investigation, the source of the evidence, as well as the actual evidence produced before the grand jury; and (2) provide Plaintiff the scope of the grand jury's investigation by setting forth where the government sought evidence to develop its case, how the government developed its case, and whom the government relied upon to develop the elements of the alleged crimes. Luczynski Decl. ¶ 15; Cummiskey Decl. ¶ 15. This is quintessential Rule 6(e) material that must not be disclosed. *See Fund for Const'l Gov't*, 656 F.2d at 868.

Accordingly, the Agency properly withheld this information pursuant to Exemption 3.

2.    Tax Records

26 U.S.C. § 6103 of the Internal Revenue Code is a qualifying statute under FOIA Exemption 3. *See Castro v. IRS*, Civ. A. No. 20-1843 (CKK), 2022 WL 1085245, at *11 (D.D.C. Mar. 22, 2022) ("That [section] 6103 is the sort of nondisclosure statute contemplated by FOIA exemption 3 is beyond dispute.") (quoting *Sea Shepherd Conserv. Soc'y v. IRS*, 89 F. Supp. 3d 81, 98 (D.D.C. 2015)). The taxpayer return information is defined as one of the materials protected from disclosure by I.R.C. § 6103. *See* 26 U.S.C. §§ 6103(a) (prohibiting disclosure of "return or return information"); 6103(b)(2) (defining return information).

Here, the Service withheld return information contained within the case file protected from disclosure under section 6103(e)(7). Cummiskey Decl. ¶ 14. The Service determined that disclosure of the reports would impair federal tax administration. *Id*. In addition, the records withheld contained Bank Secrecy Act reports, which are also protected from disclosure under 31 U.S.C. § 5319. *Id*.; 31 U.S.C. § 5319 ("[A] report and records of reports are exempt from search and disclosure under section 552 of title 5.").

Accordingly, the Service properly withheld this information pursuant to Exemption 3.

\*    \*    \*

Therefore, the Court should grant summary judgment in favor of Defendant on whether the Agency and the Service properly withheld information under Exemption 3.

**B.    The Agency Properly Withheld Information Pursuant to Exemption 5.**

Exemption 5 protects disclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Courts have "construed this exemption to encompass the protections

8

traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery context," *Taxation With Representation Fund v. IRS*, 646 F.2d 666, 676 (D.C. Cir. 1981), including two privileges relevant here: attorney work product and attorney-client. *See N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149–50, 155 (1975) (discussing the attorney-client and deliberative process privileges); *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 252–55 (D.C. Cir. 1977) (discussing the attorney-client privilege). For a document to qualify for Exemption 5, "its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001); *see also Nat'l Inst. of Mil. Just. v. Dep't of Def.*, 512 F.3d 677, 680, n.4 (D.C. Cir. 2008) (noting that records withheld under Exemption 5 must be inter- or intra-agency records "'unavailable by law' under one of the established civil discovery privileges").

1.    Attorney-Client Privilege

The attorney-client privilege covers "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." *Mead Data Cent., Inc.*, 566 F.2d at 252. This privilege protects "communications from attorneys to their clients if the communications 'rest on confidential information obtained from the client.'" *Tax Analysts v. IRS*, 117 F.3d 607, 618 (D.C. Cir. 1997) (quoting *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984)). Courts may infer confidentiality where communications suggest that "the Government is dealing with its attorneys as would any private party seeking advice to protect personal interests," *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 863 (D.C. Cir. 1980). *See Tax Analysts*, 117 F.3d at 618 ("In the government context, the 'client' may be the agency and the attorney may be an agency lawyer."). The privilege "protects only those

9

disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976).

     2.    <u>Attorney Work Product Privilege</u>

Exemption 5 also encompasses the attorney work product privilege. *See Am. Immigr. Council v. Dep't of Homeland Sec.*, 905 F. Supp. 2d 206, 216 (D.D.C. 2012). The attorney work product privilege protects documents and tangible things that are prepared in anticipation of litigation or for trial by an attorney. *Id.* at 221 (citing Fed. R. Civ. P. 26(b)(3)). The attorney work product privilege "is relatively broad, encompassing documents prepared for litigation that is 'foreseeable' even if not necessarily imminent." *Butt v. Dep't of Just.*, Civ. A. No. 19-0504 (JEB), 2020 WL 4436434, at \*9 (D.D.C. Aug. 3, 2020). When reviewing a withholding under the work product privilege, courts inquire whether, in light of the nature of the document and factual situation in a particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. *Id.* (citing *FTC v. Boehringer Ingelheim Pharms., Inc.*, 778 F.3d 142, 149 (D.C. Cir. 2015)).

     3.    <u>Deliberative Process Privilege</u>

The Supreme Court stated that Exemption 5 covers civil discovery privileges, including the deliberative process privilege, a form of executive privilege. *Id.* The deliberative process privilege permits the agency to withhold "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Sears*, 421 U.S. at 150. To be covered by this privilege, the agency must show that the withheld documents are both predecisional and deliberative. *Machado, 971 F.3d at 370.*

"A document is predecisional if it was 'prepared in order to assist an agency decision maker in arriving at his decision,' rather than to support a decision already made." *Petroleum Info. Corp.*

*v. U.S. Dep't of Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (quoting *Renegotiation Bd. v. Grumman Aircraft*, 421 U.S. 168, 184 (1975)).  The agency's categorization of a document as predecisional is not dispositive: courts should undertake a functional analysis of "whether the agency treats the document as its final view on the matter."  *Sierra Club*, 592 U.S. at 268.  Predecisional documents can lose that status if adopted as the agency's final position on the matter, but the privilege still protects information that was part of the agency's "group thinking in the process of working out its policy."  *Elec. Frontier Found. v. U.S. Dep't of Justice*, 739 F.3d 1, 8 (D.C. Cir. 2014); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).  To show that a document is predecisional, the agency does not need to identify a specific final decision on the subject, if one exists at all, but should explain the role the contested document played in the deliberative process.  *Access Reps. v. United States Dep't of Justice*, 926 F.2d 1192, 1196 (D.C. Cir. 1991); *see Sears*, 421 U.S. at 151 n.18 (noting that not all recommendations will ripen into agency decisions).

\*     \*     \*

Here, the Agency properly withheld records in full protected by the attorney-client, attorney work product, and deliberative process privileges.  The Agency withheld the information under both the attorney-client and deliberative process privileges or the attorney-work product and deliberative process privileges.

First, the records are intra-agency or inter-agency communications.  Luczynski Decl. ¶ 20; Cummiskey Decl. ¶¶ 13–17.

Second, the records withheld under the attorney-client privilege were communications between Service Special Agents and Service counsel about legal advice on how to proceed with Plaintiff's tax evasion case.  Cummiskey Decl. ¶¶ 13–17.

Third, the records withheld under the attorney-work product privilege were records created in anticipation of or during the prosecution of Plaintiff. Luczynski Decl. ¶ 20; Cummiskey Decl. ¶¶ 13–17. Indeed, the records are part of the case file for the government's prosecution of Plaintiff's tax evasion case. Luczynski Decl. ¶ 4.

Fourth, the records withheld under the deliberative process privilege are both pre-decisional and deliberative. The records are pre-decisional because the records reflect preliminary decisions on the course of the government's litigation. Luczynski Decl. ¶ 20; Cummiskey Decl. ¶¶ 13, 15–17. The records are deliberative because the records reflect the give and take between an attorney and/or a federal law enforcement agent associated with Plaintiff's prosecution on litigation decisions. Luczynski Decl. ¶ 15; Cummiskey Decl. ¶¶ 13, 15–17. In addition, the Agency and the Service determined that any factual material contained in the records was intertwined with the information protected under the privilege. Luczynski Decl. ¶ 15; Cummiskey Decl. ¶¶ 13, 15–17.

In sum, the Agency properly withheld information protected under the attorney-client and attorney work product privilege. Therefore, the Court should grant summary judgment in favor of Defendant on whether the Agency and the Service properly withheld information under Exemption 5.

## C.    The Agency Properly Withheld Information Pursuant to Exemption 6.

Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). It "requires a court to 'pursue two lines of inquiry,' first determining whether the records at issues are personnel, medical, or similar files, and then determining whether their disclosure would 'constitute a clearly invasion of personal privacy,' which requires balancing 'the privacy interest that would be compromised by disclosure against any public interest in the

requested information.'" *Smith v. CIA*, 246 F. Supp. 3d 117, 128 (D.D.C. 2017) (quoting *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1228 (D.C. Cir. 2008)). "The Supreme Court has stated that the term 'similar files' is to be construed broadly, and includes any 'disclosure of information which applies to a particular individual.'" *Id.* (quoting *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 600 (1982)). If the threshold requirement of "personnel and medical files and similar files" is met, the Court must weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." *Lepelletier v. FDIC*, 164 F.3d 37, 47 (D.C. Cir. 1999). If the requesting party cannot demonstrate a public interest in disclosure, then the court will not order disclosure, because "something, even a modest privacy interest, outweighs nothing every time." *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989). Thus, "unless a FOIA request advances 'the citizens' right to be informed about what their government is up to,' no relevant public interest is at issue." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 34 (D.C. Cir. 2002) (quoting *Dep't of Just. v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989)). Absent a public interest of the sort FOIA was intended to serve, the Court's inquiry ends, and the exemption must be upheld. *Consumers' Checkbook Ctr. for the Study of Servs. v. Dep't of Health & Hum. Servs.*, 554 F.3d 1046, 1056 (D.C. Cir. 2009) ("[W]e need not balance the non-existent public interest against every physician's substantial privacy interest in the Medicare payments he receives.").

Courts inside this Circuit and elsewhere have repeatedly upheld agencies' redaction of the identities of personnel who perform law enforcement duties, as courts recognize that the access these employees have to law enforcement and other sensitive information creates a unique privacy interest. *See, e.g.*, *Council on Am.-Islamic Relations v. FBI*, 749 F. Supp. 2d 1104, 1120 (S.D.

Cal. 2010) (upholding agency's redaction of support personnel identifying information); *Skinner v. Dep't of Just.*, 744 F. Supp. 2d 185, 210–11 (D.D.C. 2010) (concluding that names and identification of law enforcement support staff were properly withheld); *Adamowicz v. IRS*, 552 F. Supp. 2d 355, 370 (S.D.N.Y. 2008) (characterizing privacy interest of IRS personnel as "well-recognized"); *Sai v. TSA*, 315 F. Supp. 3d 218, 262 (D.D.C. 2018) (protecting "personal information" regarding two TSA employees for which there was no public interest in disclosure). Courts have also upheld agencies' redactions of law enforcement agents' names. *See*, *e.g.*, *Bernegger v. EOUSA*, 334 F. Supp. 3d 74, 89 (D.D.C. 2018) (finding names, addresses, and telephone numbers of law enforcement officers properly subject to withholding under Exemptions 6 and 7(C), as "there is reason to believe" that plaintiff will harass or retaliate against those individuals); *Moore v. Bush*, 601 F. Supp. 2d 6, 14 (D.D.C. 2009) (concluding that release of name and phone number of an FBI support employee and the name of a Special Agent "could subject the Agent and employee to harassment").

Here, the Agency properly withheld information under Exemption 6 contained in the records withheld in full. The Agency withheld the n names and other identifiable information of witnesses, investigators, Special Agents, Probation Officers and other Department of Justice personnel to protect their personal privacy. Luczynski Decl. ¶ 27. The Agency determined that disclosure of this information would expose the individuals to potential harassment and cause the individuals to be targeted for reprisal. *Id*. ¶ 29.

In sum, the Agency properly withheld information that could identify law enforcement and third-party individuals. Therefore, the Court should grant summary judgment in favor of Defendant on whether the Agency properly withheld information under Exemption 6.

**D.      The Agency Properly Withheld Information Pursuant to Exemption 7.**

FOIA Exemption 7 protects from mandatory disclosure "records or information compiled for law enforcement purposes," to the extent that disclosure could result in one of the six harms enumerated in subparts (A) through (F) of the exemption.  5 U.S.C. § 552(b)(7).  As such, judicial review of an agency's withholding under FOIA Exemption 7 "requires a two-part inquiry." *Customs & Border Prot. v. Abramson*, 456 U.S. 615, 622 (1982).  First, the relevant information must have been "compiled for law enforcement purposes."  *Abramson*, 456 U.S. at 622; *see Quinon v. Customs & Border Prot.*, 86 F.3d 1222, 1228 (D.C. Cir. 1996).  A record is compiled for law enforcement purposes if: (1) the activity that gives rise to the documents is related to the enforcement of federal laws or the maintenance of national security; and (2) the nexus between the activity and one of the agency's law enforcement duties is based on information sufficient to support at least a "colorable claim" of its rationality.  *See Keys v. Dep't of Just.*, 830 F. 2d 337, 340 (D.C. Cir. 1987); *Pratt v. Webster*, 673 F.2d 408, 420–21 (D.C. Cir. 1982); *Blanton v. Dep't of Just.*, 63 F. Supp. 2d 35, 44 (D.D.C. 1999).

Here, the records are law enforcement records because they were contained in the case file for the government's prosecution of Plaintiff's tax evasion case.  Luczynski Decl. ¶ 4.

1.      Exemption 7C

Under FOIA Exemption 7C, assuming information was compiled for law enforcement purposes, then it must be determined if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  Like FOIA Exemption 6, Exemption 7(C) "call[s] for a balancing of the privacy interests that would be compromised by disclosure against the public interest in release of the requested information."  *McCutchen v. Dep't of Health & Hum. Servs.*, 30 F.3d 183, 185 (D.C. Cir. 1994); *Davis v. Dep't of Just.*, 968 F.2d 1276, 1281 (D.C. Cir. 1992); *Reps. Comm.*, 489 U.S. at 776–780.  "Exemption 7(C)'s privacy

language is broader than [that of] . . . Exemption 6 in two respects.  First, whereas Exemption 6 requires that the invasion of privacy be 'clearly unwarranted,' the adverb 'clearly' is omitted from Exemption 7(C) . . . .  Second, whereas Exemption 6 refers to disclosures that 'would constitute' an invasion of privacy, Exemption 7(C) encompasses any disclosure that 'could reasonably be expected to constitute' such an invasion." *Reporters' Comm.*, 489 U.S. at 756 (quoting 5 U.S.C. §§ 552(b)(6), (7)(C)).

"In order to trigger the balancing of public interests against private interests, a FOIA requestor must (1) 'show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,' and (2) 'show the information is likely to advance that interest." *Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381, 387 (D.C. Cir. 2007) (citing *Favish*, 541 U.S. at 172).  Courts have construed the public interest component narrowly, noting that the public interest "must be assessed in light of FOIA's central purpose," and that purpose "is not fostered by disclosure about private individuals that is accumulated in various government files but that reveals little or nothing about an agency's conduct." *Nation Magazine v. Customs Serv.*, 71 F.3d 885, 894 (D.C. Cir. 1995) (quotation marks and citation omitted).  "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis*, 968 F.2d at 1282 (quoting *Reporters Comm*, 489 U.S. at 773).  Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7(C).  *Blanton v. Dep't of Just.*, 63 F. Supp. 2d 35, 41 (D.D.C. 1999) (quoting *Davis*, 968 F.2d at 1282); *cf. SafeCard Servs. Inc.*, 926 F.2d at 1206 (public interest in disclosure of third party identities is "insubstantial").  In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure.  *Spirko v. Postal*

*Serv.*, 147 F.3d 992, 999 (D.C. Cir. 1998).  Regarding the public interest, the D.C. Circuit has "'adopted a categorical rule permitting an agency to withhold information identifying private citizens mentioned in law enforcement records, unless disclosure is 'necessary in order to confirm or refute compelling evidence that the agency is engaged in illegal activity.'"  *Bartko v. Dep't of Just.*, Civ. A. No. 13-1135 (JEB), 2015 WL 9272833, at *6 (D.D.C. Dec. 18, 2015) (quoting *Schrecker*, 349 F.3d at 661, in turn quoting *SafeCard Servs., Inc.*, 926 F.2d at 1206).

Here, the Agency properly withheld information under Exemption 7C contained in the records withheld in full.  The Agency withheld the names, positions, and titles of investigators, financial experts, forensic accountants, prosecuting attorneys and Special Agents who provided research and support in building a case against Plaintiff.  Luczynski Decl. ¶ 31.  The Agency determined that disclosure of this information would expose the individuals to potential harassment and cause the individuals to be targeted for reprisal.  *Id*. ¶ 34.

In sum, the Agency properly withheld information that could identify law enforcement and third-party individuals.  Therefore, the Court should grant summary judgment in favor of Defendant on whether the Agency properly withheld information under Exemption 7C.

> 2.   Exemption 7D

Exemption 7D permits the withholding of records or information "compiled by criminal law enforcement authorit[ies] in the course of a criminal investigation" if producing the records "could reasonably be expected to disclose the identity of a confidential source" or "information furnished" by such a source.  5 U.S.C. § 552(b)(7)(D).  "Exemption 7(D) has long been recognized as affording the most comprehensive protection of all of FOIA's law enforcement exemptions."  *Billington v. Dep't of Just.*, 301 F. Supp. 2d 15, 21 (D.D.C. 2004) (citing *Voinche v. FBI*, 940 F. Supp. 323, 331 (D.D.C. 1996)).  Courts that have examined Exemption 7(D) emphasize that the exemption must remain "robust" to ensure that "confidential sources are not lost because of

17

retaliation against the sources for past disclosure or because of the sources' fear of future disclosure." *Barkett v. Dep't of Just.*, Civ. A. No. 86-2029, 1989 WL 930993, at *4 (D.D.C. July 18, 1989) (quoting *Brant Constr. Co. v. EPA*, 778 F.2d 1258, 1262 (7th Cir. 1985)); *see Kele v. Dep't of Just.*, Civ. A. No. 86-1795, 1988 WL 21705, at *3 (D.D.C. Feb. 29, 1988) ("The policy of 7(D) is to assure continued cooperation from confidential sources by eliminating the potential risk of embarrassment, harassment, and ridicule that exposure would entail.").

Significantly, Exemption 7D applies not only to information obviously identifying the source, such as name and address, but to all information that would tend to reveal the source's identity. *See Stone v. Def. Investigative Serv.*, 816 F. Supp. 782, 788 (D.D.C. 1993) (protecting information "so singular that to release it would likely identify the individual"). The exemption's protections also extend to the "information furnished by a confidential source" to law enforcement authorities during a criminal investigation. *See Fischer v. Dep't of Just.*, 596 F. Supp. 2d 34, 48 (D.D.C. 2009); *Albuquerque Pub. Co. v. Dep't of Just.*, 726 F. Supp. 851, 857 (D.D.C. 1989) (holding that Exemption 7(D) "obviously" applied to protect from disclosure "two tape recordings, which consist entirely of information obtained from a confidential, wired informant"); *Parker v. Dep't of Just.*, 934 F.2d 375, 380 (D.C. Cir. 1991) ("[O]nce the agency receives information from a 'confidential source' during the course of a legitimate criminal investigation . . . *all* such information obtained from the confidential source receives protection.") (emphasis in original) (internal citation and quotation omitted). Moreover, Exemption 7D continues to apply even after an investigation has been closed, *Ortiz v. Dep't of Health & Human Servs.*, 70 F.3d 729, 733 (2d Cir. 1995), and after the death of the source, *Campbell v. Dep't of Just.*, 164 F.3d 20, 33 n.14 (D.C. Cir. 1998).

In determining the applicability of the exemption, "the question is . . . whether the particular *source* spoke with an understanding that the communication would remain confidential." *Dep't of Just. v. Landano*, 508 U.S. 165, 172 (1993); *see Miller v. Dep't of Just.*, 872 F. Supp. 2d 12, 26 (D.D.C. 2012) ("[T]he focus should always be on whether the *source* of the information spoke with the understanding of confidentiality, not whether the *document* is generally thought to be confidential."). Confidentiality exists, for the purpose of Exemption 7D, when "the source furnished information with the understanding that the [agency] would not divulge the communication except to the extent the [agency] thought necessary for law enforcement purposes." *Miller*, 872 F. Supp. at 26 (internal citation and quotation omitted); *see Roth v. Dep't of Just.*, 642 F.3d 1161, 1184-85 (D.C. Cir. 2011).

The most important factor in determining whether implied confidentiality exists is the nature of the crime investigated and source's relation to it. *Dent v. EOUSA*, 926 F. Supp. 2d 257, 271 (D.D.C. 2013). The D.C. Circuit has held that whatever the source's relation to the crime was, the source is at risk to the extent that the criminal enterprise he exposes is "of a type inclined toward violent retaliation." *Owens v. Dep't of Just.*, Civ. A. No. 04-1701, 2007 WL 778980, *11 (D.D.C. Mar. 9, 2007).

Once an agency establishes confidentiality of a source, a FOIA requester faces a heavy burden in overcoming that promise of confidentiality. To meet this burden, a requester must come forward with "'absolutely solid evidence showing that the source . . . in a law enforcement investigation has manifested complete disregard for confidentiality.'" *Parker*, 934 F.2d at 378; *see also, Dow Jones & Co., Inc. v. Dep't of Just.*, 917 F.2d 571, 577 (D.C. Cir. 1990) ("[O]nly the starkest and most conclusive evidence of non-confidentiality will rebut the presumption.").

Here, the Service properly withheld information under Exemption 7D contained in the records withheld in full.  The Agency withheld the names of confidential informants, which had been provided an implied promise of confidentiality. Cummiskey Decl. ¶¶ 16, 17.

In sum, the Agency properly withheld information that could identify an informant. Therefore, the Court should grant summary judgment in favor of Defendant on whether the Agency properly withheld information under Exemption 7D.

3.    Exemption 7E

Under Exemption 7E, agencies may withhold records or information which "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  This exemption applies broadly and allows agencies to withhold information that "would provide insight into [their] investigatory or procedural techniques."  *Techserve Alliance v. Napolitano*, 803 F. Supp. 2d 16, 28–29 (D.D.C. 2011); *see also Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (noting that Exemption 7(E) sets "a relatively low bar for the agency to justify withholding" information).  This exemption is so broad "even commonly known procedures may be protected from disclosure if the disclosure could reduce or nullify their effectiveness." *Jud. Watch, Inc. v. Dep't of Com.*, 337 F. Supp. 2d 146, 181 (D.D.C. 2004) (internal citation and quotation omitted).

Here, the Service properly withheld information under Exemption 7E contained in the records withheld in full.  The Service withheld its techniques for identifying tax fraud, the disclosure of which provide third-parties the ability to evade detection by law enforcement. Cummiskey Decl. ¶¶ 13, 15–17.

20

In sum, the Service properly withheld information that could reveal the Service's investigatory techniques.  Therefore, the Court should grant summary judgment in favor of Defendant on whether the Agency properly withheld information under Exemption 7E.

## III.   **The Agency Released All Reasonably Segregable Information.**

If a responsive record contains information exempt from disclosure, any "reasonably segregable" nonexempt information must be disclosed.  5 U.S.C. § 552(b).  Nonexempt portions of records need not be disclosed, however, if they are "inextricably intertwined with exempt portions."  *Mead Data Cent., Inc.*, 566 F.2d at 260.

To establish that all reasonably segregable, nonexempt information has been disclosed, an agency must show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated.  *Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578–79 (D.C. Cir. 1996); *Canning v. Dep't of Just.*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008).  The agency also "must specifically and thoughtfully" consider whether otherwise exempt information can be released without foreseeable harm to the interests protected by the particular exemption.  *Leopold v. Dep't of Just.*, 94 F.4th 33, 37–38 (D.C. Cir. 2024).  Nonetheless, "[a]gencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester.  *Sussman v. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

Here, wherever exempt information was reasonably segregable from nonexempt information, the Agency and the Service conducted a page by page or line by line review and redacted only the exempt information and released the rest.  Luczynski Decl. ¶ 37; Cummiskey Decl. ¶ 9.

As such, the Agency released all reasonably segregable information, being cognizant of its duty to do so.  Therefore, the Court should grant summary judgment in favor of Defendant as to whether the Agency released all reasonably segregable information.

## CONCLUSION

For the foregoing reasons, Defendant should be granted summary judgment.

Dated:  April 8, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By: _____*/s/ Joseph F. Carilli, Jr.*_____
     JOSEPH F. CARILLI, JR.
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2525

*Attorneys for the United States of America*