UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES A. SIMON,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>EXECUTIVE OFFICE FOR<br>UNITED STATES ATTORNEYS,<br><br>   Defendant. | Civil Action No. 16-0671 (APM) |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h)(1), Defendant, the Executive Office for United States Attorneys ("EOUSA" or the "Agency"), by and through the undersigned counsel, respectfully submits this statement of material facts as to which there is no genuine dispute solely in support of Defendant's motion for summary judgment.

<u>Plaintiff's Request</u>

| **Defendant's Statement** | **Plaintiff's Response** |
|---|---|
| 1.   Plaintiff submitted sixty-one FOIA requests to the Agency, which relate to Plaintiff and his spouse's prosecution for tax evasion. Mem. Op. (ECF No. 29) at 1; Decl. of David Luczynski (Apr. 8, 2025) ¶ 4. | |

Agency's Search and Review

| **Defendant's Statement** | **Plaintiff's Response** |
|---|---|
| 2.      The Agency determined the only place likely to have responsive records, which was the U.S. Attorney's Office for Northern District of Indiana, which maintained the case file for the prosecution.  Luczynski Decl. ¶ 5. | |
| 3.      To search the records, the Agency (1) caused the case file to be scanned and uploaded into *Eclipse SE Desktop*, which is commonly used by the Agency to search for responsive records; and (2) ran searches, applying word for word a list of queries provided by Plaintiff; and (3) sorted the results by each query.  Luczynski Decl.  ¶¶ 5–7. | |
| 4.      The Agency requested a consult for certain records to the Internal Revenue Service.  Luczynski Decl.  ¶¶ 9, 10; Cummiskey Decl. ¶¶ 3, 4. | |

Agency's Response

| **Defendant's Statement** | **Plaintiff's Response** |
|---|---|
| 5.      The Agency completed its releases on January 21, 203 withholding in full pages pursuant to Exemptions 3, 5, 6, and 7C, D, and E.  Luczynski Decl.  ¶¶ 8, 15–34; Cummiskey Decl. ¶¶ 10, 13–17. | |
| 6.      On January 2, 2025, Plaintiff indicated that he only challenged the withholding of certain documents.  Jt. Status Rpt. (ECF No. 101) at 2. | |

DOC # 1; Bates 00001

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 7.    The Agency withheld 3 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges.  Luczynski Decl. ¶ 20. | |

DOC # 5; Bates 4224

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 8.    The Agency withheld 8 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges.  Luczynski Decl. ¶ 20. | |

DOC # 11; Bates 4406

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 9.    The Agency withheld 18 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges.  Luczynski Decl. ¶ 20. | |
| 10.    The Agency withheld information contained in the 8 pages pursuant to Exemption 7C.  Luczynski Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

DOC # 12; Bates 4430

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 11.    The Agency withheld 13 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges.  Luczynski Decl. ¶ 20. | |

| **Defendant's Statement** | **Plaintiff's Response** |
|---|---|
| 12. The Agency withheld information contained in the 8 pages pursuant to Exemption 7C. Luczynski Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

DOC # 20; Bates 7388

| **Defendant's Statement** | **Plaintiff's Response** |
|---|---|
| 13. The Agency withheld 36 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges. Luczynski Decl. ¶ 20. | |
| 14. The Agency withheld 36 pages in full pursuant to Exemption 3 under Federal Rule of Criminal Procedure 6(e). Luczynski Decl. ¶ 15. | |
| 15. The Agency withheld information contained in the 36 pages pursuant to Exemption 7C. Luczynski Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

DOC # 21; Bates 7471

| **Defendant's Statement** | **Plaintiff's Response** |
|---|---|
| 16. The Agency withheld 9 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges. Luczynski Decl. ¶ 20. | |
| 17. The Agency withheld information contained in the 9 pages pursuant to Exemption 7C. Luczynski Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

4

DOC # 22; Bates 8956 / Simon Referral Part 1 / Simon Referral Part 2

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 18.   The Agency withheld 308 pages in full pursuant to Exemption 5 under the attorney-work product, attorney-client, and deliberative process privileges.  Luczynski Decl. ¶ 20; Cummiskey Decl. ¶ 15. | |
| 19.   The Agency withheld 308 pages in full pursuant to Exemption 3 under Federal Rule of Criminal Procedure 6(e).  Luczynski Decl. ¶ 15. | |
| 20.   The Agency withheld information contained in the 308 pages pursuant to Exemption 7C.  Luczynski Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |
| 21.   The Agency withheld information contained in the 308 pages pursuant to Exemption 7E.  Cummiskey Decl. ¶ 15. | |
| 22.   The Agency withheld information contained in the 308 pages pursuant to Exemption 7D.  Cummiskey Decl. ¶ 16. | |

DOC # 23; Bates 58118

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 23.   The Agency withheld 38 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges.  Luczynski Decl. ¶ 20. | |
| 24.   The Agency withheld information contained in the 38 pages pursuant to Exemption 7C.  Luczynski Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

5

DOC # 29; Bates 60490

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 25.     The Agency withheld 4 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges. Luczynski Decl. ¶ 20. | |

DOC # 35; Bates 1089

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 26.     The Agency withheld 31 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges. Luczynski Decl. ¶ 20. | |
| 27.     The Agency withheld information contained in the 31 pages pursuant to Exemption 7C. Luczynski Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

DOC # 37; Bates 59421

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 28.     The Agency withheld 4 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges. Luczynski Decl. ¶ 20. | |
| 29.     The Agency withheld information contained in the 4 pages pursuant to Exemption 6. Luczynski Decl. ¶ 27; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 30. The Agency withheld information contained in the 4 pages pursuant to Exemption 7C. Luczynski Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

DOC # 38; Bates 4239

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 31. The Agency withheld 3 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges. Luczynski Decl. ¶¶ 20. | |
| 32. The Agency withheld information contained in the 3 pages pursuant to Exemption 7C. Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

DOC # 53; Bates 11615 / 00011615 27pg IRS / Simon Referral Part 2

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 33. The Agency withheld 27 pages in full pursuant to Exemption 5 under the attorney-work product, attorney-client, and deliberative process privileges. Luczynski Decl. ¶ 20; Cummiskey Decl. ¶ 13. | |
| 34. The Agency withheld 27 pages in full pursuant to Exemption 3 under Federal Rule of Criminal Procedure 6(e). Luczynski Decl. ¶ 15. | |
| 35. The Agency withheld information contained in the 27 pages pursuant to Exemption 6. Luczynski Decl. ¶ 27; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 36.    The Agency withheld information contained in the 27 pages pursuant to Exemption 7C.  Luczynski Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |
| 37.    The Agency withheld information contained in the 27 pages pursuant to Exemption 7E.  Cummiskey Decl. ¶¶ 13, 16. | |

DOC # 57; Bates 7898

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 38.    The Agency withheld 33 pages in full pursuant to Exemption 5 under the attorney-work product and deliberative process privileges.  Luczynski Decl. ¶ 20. | |
| 39.    The Agency withheld 33 pages in full pursuant to Exemption 3 under Federal Rule of Criminal Procedure 6(e).  Luczynski Decl. ¶ 15. | |
| 40.    The Agency withheld information contained in the 33 pages pursuant to Exemption 7C.  Luczynski Decl. ¶ 31; Jt. Status Rpt. (ECF No. 101), Ex. A (*Vaughn* index). | |

Doc 4651 44pg IRS

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 41.    The Agency withheld 44 pages in full pursuant to Exemption 3 under 26 U.S.C. § 6103(e).  Cummiskey Decl. ¶ 14. | |

Simon Han Review Redacted F17187-0081

| **Defendant's Statement** | **Plaintiff's Response** |
|---|---|
| 42. The Agency withheld 51 pages in full pursuant to Exemption 5 under the deliberative process and attorney-work product privileges. Cummiskey Decl. ¶ 17. | |
| 43. The Agency withheld information contained in the 51 pages pursuant to Exemption 7D. Cummiskey Decl. ¶ 17. | |
| 44. The Agency withheld information contained in the 51 pages pursuant to Exemption 7E. Cummiskey Decl. ¶ 17. | |
| 45. The Service withheld 3 pages in full pursuant to Exemption 5 under the attorney-client and attorney-work product privileges. Cummiskey Decl. ¶ 17. | |

\*   \*   \*

Segregability Analysis

| Defendant's Statement | Plaintiff's Response |
|---|---|
| 46.     The Agency conducted a page by page review.  Luczynski Decl. ¶ 37. | |
| 47.     The Service conducted a line by line review.  Luczynski Decl. ¶ 9. | |

Dated:  April 8, 2025
            Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:            /s/ Joseph F. Carilli, Jr.
       JOSEPH F. CARILLI, JR.
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 252-2525

*Attorneys for United States of America*