Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES A. SIMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 16-671 (APM) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, EXECUTIVE OFFICE FOR | ) |
| UNITED STATES ATTORNEYS, | ) |
| | ) |
| Defendant. | ) |

## EOUSA DECLARATION

Pursuant to 28 U.S.C. § 1746, I, David Luczynski, declare the following to be a true and correct statement of facts:

1.      I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ").  In that capacity, my responsibilities include acting as liaison with other divisions and offices of DOJ in responding to requests and litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a ("PA"), reviewing FOIA/PA requests for access to records located in this office and the 94 United States Attorneys' Offices and the case files arising therefrom, reviewing correspondence related to requests, reviewing searches conducted in response to requests, locating responsive records, and preparing EOUSA responses to ensure that determinations to withhold or release such responsive records are in accordance with FOIA, PA, and DOJ regulations, 28 C.F.R. §§ 16.3 *et seq.* and §§ 16.40 *et seq.*

2.      As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA.  The statements I make in this

Declaration are based upon my review of the official files and records of EOUSA, my own personal knowledge, and information acquired by me through the performance of my official duties.

3.      Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA requests made to EOUSA by Plaintiff, James A. Simon ("Plaintiff"). I submit this declaration to respond to Plaintiff's challenge of the withholdings.

## SEARCH AND IDENTIFICATION OF RESPONSIVE RECORDS

4.      On June 25, 2015, Plaintiff submitted 17 FOIA requests asking for "ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since 1 Jan 95 to 15 Jun 15, related in any way to James A. Simon or Denise J. Simon." *See* Attach. 1. Following these initial requests, Plaintiff continued to file additional requests with EOUSA asking for similar type of information while changing the date range of the search. Ultimately, Plaintiff submitted 61 FOIA requests which were consolidated into a single request.

5.      All records processed in response to Plaintiff's request were located in the United States Attorney's Office for Northern Indiana ("district"). The district informed EOUSA there are tens of thousands of pages of documents related to Plaintiff's prosecution. Due to the amount of records in district's possession, it would be overly time consuming and possibly ineffective to search for responsive records by going through each box of records manually. To facilitate with the search and to ensure that no document was overlooked, the district uploaded Plaintiff's entire case file into a searchable electronic database. This electronic database system is called *Eclipse SE Desktop*. In the *Eclipse* system, documents are scanned and uploaded into a single location where individuals can remotely review and analyze documents related to the case. The Eclipse uses optical scanning technology to identify text from the document page. This is what makes complex searches of multiple documents possible, without a limit on the number of search terms.

The system is commonly used by USAOs due to its ability to create, run, and save a search.

6.      Plaintiff provided EOUSA with a list of queries which according to Plaintiff should "allow DOJ to conduct searches reasonably calculated to identify and process the information being sought in his 61 FOIA requests which are the subject of this case." There are a total of eleven (11) separate queries, ranging in complexity and length from two to four lines of text each. *See* Attach. 2 (List of Queries).

7.      The *Eclipse* system allowed USAO personnel to type in each of the search queries word-for-word as they were provided by Plaintiff. Each search query was saved as a separate search and numbered correspondingly with Plaintiff's list. This permits a search of the entire database for each of the saved entries just by clicking a corresponding number in the search window. Once completed, a click on a query provided search result based on the terms of that particular query.

## PRODUCTION OF RECORDS

8.      Due to the number of records located in the USAO for Northern Indiana, EOUSA released processed records to Plaintiff on a rolling basis at an approximate rate of 500 pages per month. *See* Attach 3 (First Release). Processing and production of records continued at the determined rate until final release of records was sent to Plaintiff on January 21, 2023. *See* Attach. 4 (Final Interim Release)

## REFERRAL OF RECORDS TO TAX DIVISION/IRS

9.      While processing responsive records, EOUSA encountered documents labelled Tax Division and IRS. When records originating from another agency are found to be relevant to the performed search, they are referred to that agency for processing and direct response to the requester. EOUSA has no expertise nor any equities in processing IRS records. For that reason

records that belong to another agency are best examined for content by the agency itself.

10.     Over the course of processing FOIA request, EOUSA has made several referrals of groups of documents to the IRS.  Each of the documents contained information such as a bold print header or a letterhead with a seal, identifying it as an IRS document.  Some of the referred records were determined to not belong to the IRS and were returned back to EOUSA for processing.  The returned documents are numbered 51-59, and 62-73, in the "Supplemental Vaughn Index for IRS records."

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE PRIVACY ACT

11.     EOUSA processes all requests by individuals for records pertaining to themselves under both the FOIA and PA in order to provide the requester with the maximum disclosure authorized by law.  Criminal case files maintained by U.S. Attorney's Offices are part of the DOJ Privacy Act System of Records.  The Attorney General has promulgated regulations at 28 C.F.R. §16.81(a)(1) which exempt U.S. Attorney's Office criminal case files (known as Justice/USA-007 files) from the PA's access provisions, as authorized by 5 U.S.C. §552a(j)(2).  Subsection (j)(2) exempts from mandatory disclosure all records maintained by an agency or component performing as its principal function any activity pertaining to the enforcement of criminal laws. Since Plaintiff's entire request pertains to criminal investigations, the materials were necessarily compiled for law enforcement purposes.  Therefore, EOUSA determined that the responsive records withheld were not disclosable under the PA.  Accordingly, EOUSA next reviewed the records responsive to Plaintiff's request under the provisions of the FOIA.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. §552(b)(3)

12.     Exemption (b)(3) exempts from mandatory release information specifically barred from disclosure by another statute.  This exemption permits the withholding of information prohibited from disclosure by another statute if that statute either (A) requires that the matters be withheld from the public without discretion, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.  5 U.S.C. §552(b)(3).

13.     Rule 6(e) of the Federal Rules of Criminal Procedure regulates the disclosure of matters occurring before a grand jury.  In order for a Federal Rule of Procedure to qualify as a "statute" for purposes of Exemption (b)(3), it must have been affirmatively enacted into law by Congress.  Rule 6(e) has been held to meet this "statute" requirement since it was affirmatively enacted by Congress in 1977.  Rule 6(e) embodies a broad, sweeping policy of preserving the secrecy of grand jury material regardless of the substance in which the material is contained.  Such material encompasses not only the direct revelation of grand jury transcripts, but also the disclosure of information that would reveal the identities of witnesses or jurors, the substance of the testimony given before the grand jury, the strategy or direction of the investigation, the deliberations or questions of the grand jurors, and any other matter, the disclosure of which would suggest a specific act, thought, or focus of the grand jury's deliberations.

14.     EOUSA categorically applied Exemption (b)(3) in conjunction with Rule 6(e) of the Federal Rules of Criminal Procedure to deny parts of the request submitted by Plaintiff.  The reasons these records were withheld was because some of the materials requested were specifically identified as grand jury materials, which, if released, would impermissibly reveal the scope of the grand jury's inquiry and the direction of the investigation by providing the identities of the targets

of the investigation, the source of the evidence, as well as the actual evidence produced before the grand jury. Release of this information would provide the requester with the scope of the grand jury's investigation by setting forth where the Government sought evidence to develop its case, how the Government developed its case, and whom the Government relied upon to develop the elements of the alleged crimes. Accordingly, relevant parts of Plaintiff's FOIA request were denied in full.

15. Plaintiff challenges withholdings of the following documents under this exemption:

Document no. 20 (Bates 7388) – This is a Pre Sentence Investigative Report referred to as a "PSR". It provides theories of the investigation, discusses preparation of records, recommended charges, elements of the offenses, and provides a factual background as they relate to Plaintiff. Each page of the document is marked "CAUTION: This Page Contains Secret Grand Jury Information. Disseminate Only Pursuant To Rule 6(e), Fed.R, Crim.P." Under Exemption (b)(3), Federal Rules of Criminal Procedure 6(e) prohibit against disclosure records related to matters occurring before the Grand Jury.

Document no. 22 (Bates 8956) – Detailed documentation of the prosecution's case against the Plaintiff. It contains information used to prepare a PSR utilizing information obtained by Special Agents, IRS Tax Agents, various financial records related to Plaintiff that were obtained during the course of the investigation. A number of pages contains heading "CAUTION: This Page Contains Secret Grand Jury Information. Disseminate Only Pursuant To Rule 6(e), Fed.R, Crim.P," while some supporting documentation in the form of financial records does not have that heading, the information within has been compiled to be presented in front of Grand Jury making it exempt under Federal Rules of Criminal Procedure 6(e).

Document no. 53 (Bates 11615) – Communication between USAO personnel with Tax

Division concerning Plaintiff. It is a memorandum for the Deputy Assistant Attorney General regarding a proposed Grand Jury investigation. Records discuss the merits of the case, results of audits and connections to international persons and organizations. Each portion of the document was prepared for presentation before the Grand Jury.

Document no. 57 (Bates 7898) – This is an unsigned, draft memorandum prepared by a Special Agent of the Internal Revenue Service. Statements therein are used in the application for a search warrant prepared by Special Agent involved in the investigation. It contains information about areas to be searched, general principles and tax offender characteristics, explanations and reasons for further law enforcement action to be taken with respect to tax fraud and other financial crimes concerning Plaintiff. In addition to b(3), exemptions b(5) and b(7)c have also been applied to the entire document.

## EXEMPTION 5 U.S.C. §552(b)(5)

16.     Exemption (b)(5) protects from disclosure privileged documents which are not ordinarily available to a party in litigation. Principally, there are three such privileged documents or communications protected by this exemption: attorney work product, deliberative process, and attorney-client.

17.     EOUSA asserted exemption (b)(5) to protect information subject to the attorney work product and deliberative process privileges.

18.     The records or portions of records to which the attorney work product privilege was applied contained information related to trial preparation, trial strategy, and various forms used by the USAO. The records in question contain deliberations concerning possible strategies as they relate to the prosecution of Plaintiff. The records were prepared by, or at the request or direction of an attorney, and made in anticipation of, or during litigation of Plaintiff's criminal case. The

substance of the records withheld in part or in their entirety are exempt from disclosure pursuant to exemption (b)(5).

19.     In addition, the records in question, in certain instances, contain the deliberative process of the United States Attorney's Office and other federal and state agencies in their consideration of possible criminal actions against Plaintiff.  Disclosure of this information would reveal pre-decisional communications among government personnel such as discussions of various litigation issues, alternatives, and strategies such as whom to prosecute and on what charges.  Disclosure would jeopardize the candid and comprehensive considerations essential for efficient and effective agency decision-making.  The attorney work product and deliberative process are so interwoven as to make it all, in essence, attorney work product.

20.     Plaintiff challenges withholdings of the following documents under this exemption:

Document no. 1 (Bates 00001) – Document is a brief overview of the case, facts, statement of issues and jurisdictional aspects with relation to Plaintiff's case.  Document contains factual background, discussion of evidence, and legal analysis of charges potentially to be brought, as well as proposed course of action to be taken.  Thoughts and impressions of aspects of the case are shared among IRS and DOJ attorneys and investigators.  All pages withheld by application of exemption (b)(5) to protect privileged attorney work product and deliberative process within.

Document no. 5 (Bates 4224) – Document from an investigative agent, addressed to AUSA assigned to the case.  It contains background of prospective defendant(s), brief description of the investigation and offense.  This is titled "Indictment Approval Form" and discuses statutes and considerations to be charged.

Document no. 11 (Bates 4406) – This is a Memorandum from AUSA to a U.S. Probation Officer providing responses to objections to the Presentence Investigation Report.  Document

contains factual background, discussion of evidence, and legal analysis of charges potentially to be brought, as well as proposed course of action to be taken. All pages withheld by application of exemption (b)(5) to protect privileged attorney work product and deliberative process within.

In addition, portions of memo containing names and identifiers of law enforcement officials (state/local/federal) as well as third party individuals, withheld by application of exemption (b)(7)(C) to protect each person from unwarranted invasion of personal privacy.

Document no. 12 (Bates 4430) - Sentencing Outline prepared and shared among attorneys assigned to Plaintiff's case. It contains witness testimony and government's considerations of offenses. Portions of document discuss Base Offense Level, FBAR Counts, Fraud, Tax, as well as other aspects relevant to prosecution of Plaintiff. All pages withheld by application of exemption (b)(5) to protect privileged attorney work product and deliberative process within.

Document no. 21 (Bates 7471) - Memo from investigating agent to Senior Attorney containing Special Agent's recommendations. Contains Grand Jury Information. Document withheld by application of exemption (b)(5) to protect privileged attorney work product and deliberative process intertwined. In addition, all third party individual names and identifiers withheld by application of exemption (b)(7)(C) to protect each from unwarranted invasion of personal privacy.

Document no. 23 (Bates 58118) - Memorandum from Professional Responsibility Advisory Office Attorneys to Department of Justice Attorneys, labelled "For Use Of Department Of Justice Attorneys Only." Document discusses issues of ethics, privilege, and provides guidance. All pages withheld by application of exemption (b)(5) to protect privileged attorney work product and deliberative process within.

In addition, portions of memo containing names and identifiers of law enforcement officials

(state/local/federal) as well as third party individuals, withheld by application of exemption (b)(7)(C) to protect each person from unwarranted invasion of personal privacy.

Document no. 29 (Bates 60490) - List of important issues prepared by attorney in anticipation of litigation related to mail and tax fraud.  All relevant aspects are presented in a bullet point format.   Contains deliberations concerning vital aspects and issues related to the investigation.  All pages withheld by application of exemption (b)(5) to protect privileged attorney work product and deliberative process within.

Document no. 35 (Bates 1089) - Government's memo regarding sentencing, including reasons specific to the case.  Memo was prepared by an attorney, discusses insights and concerns as they apply to investigation and prosecution of the Plaintiff.  All pages withheld by application of exemption (b)(5) to protect privileged attorney work product and deliberative process within. In addition, portions of memo containing names and identifiers, as well as third party individuals, withheld by application of exemption (b)(7)(C) to protect each person from unwarranted invasion of personal privacy.

Document no. 37 (Bates 59421) - Document titled "Statement of Reasons",provided by the court to attorneys involved in the prosecution.  It is labelled "Not For Public Disclosure" contains court findings regarding issues in Simon's case.  All pages withheld by application of exemption (b)(5) to protect privileged attorney work product and deliberative process within.  In addition, portions of memo containing names and identifiers, as well as third party individuals, withheld by application of exemption (b)(7)(C) to protect each person from unwarranted invasion of personal privacy

Document no. 38 (Bates 4239) - Government's memorandum regarding fees relating to the PSR.  Document prepared by AUSA for U.S. Probation officer, contains discussion of applicable

and objectionable aspects of the Presentence Investigation Report. All pages withheld by application of exemption (b)(5) to protect privileged attorney work product and deliberative process within.

In addition, portions of memo containing names and identifiers, as well as third party individuals, withheld by application of exemption (b)(7)(C) to protect each person from unwarranted invasion of personal privacy.

21.    There is a foreseeable harm under Exemption 5 regarding the withheld documents. The information withheld is predecisional and discusses how the investigation process is handled as it relates to cases involving financial fraud. This information is deliberative and predecisional because it shows the chain of decision discussions and how they are handled. Disclosing these details would show draft decisions and opinions that may or may not have been final and would provide information and internal collaborations that could be used by others to avoid detection by law enforcement.

22.    A release of the (b)(5) exempt information would discourage both communications between personnel and chief counsel regarding investigation of the case. It would inhibit personnel from providing recommendations that are proposed during the deliberative process before final decisions are made. A release of this information would prevent open and honest discussions between USAO employees and the expression of opinions that are not ultimately final decisions.

23.    The foreseeable harm in releasing email records is high as a release would allow the Plaintiff to get a peek at the investigation discussions. Releasing attorney email communications would force attorneys to limit and eliminate discussions about how to handle similar investigations and/or what to avoid during these investigations. Due to this, it is clear if the attorney discussions related to the investigations are released to the Plaintiff, the foreseeable harm to the investigative

process would be outstanding, as others would have an opportunity to be able to avoid investigations.

24.    A release of attorney and investigator communications would cause foreseeable harm because it would also make personnel less likely to discuss and provide confidential opinions and advice via email.  Release of these attorney-client email discussions would also reveal substantive information on how law enforcement agencies handle investigations.

<u>EXEMPTION 5 U.S.C. §552(b)(6)</u>

25.    Exemption (b)(6) permits withholding personnel, medical, and similar files which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy.  This exemption has been interpreted broadly to qualify all information pertaining to a particular individual.  In particular, this exemption was applied to prevent disclosure of such information as social security numbers, addresses, telephone numbers, and other highly personal material.

26.    Where names and identifying information pertaining to persons whose right to personal privacy outweighs the public's right to know were contained within responsive documents, the document was either withheld in full or such information was redacted from the document released.  Release of this information was determined to constitute a clearly unwarranted invasion of personal privacy of other third-party individuals in a manner that could subject these persons to harassment.

27.    EOUSA applied this exemption in conjunction with exemption (b)(7)(C) to all records reviewed to withhold the names and other identifiable information  of witnesses, investigators, Special Agents, Probation Officers and other DOJ personnel to protect their personal privacy interests.  The application was appropriate because no consent or authorization to release this information was provided by the requester to EOUSA in connection with his request.

28.     Release of the information in the responsive records would serve no public benefit or shed any light on the operations and activities of the agency, but instead would expose the individuals to potential harassment and an invasion of privacy. As such, the privacy interests of the individuals identified in the responsive records outweigh any public interest in their release.

29.     For the reasons mentioned above, releasing the identities and other personally identifiable information of the individuals would cause a foreseeable harm.  A release would allow these individuals to be targeted for reprisal or could lead to harassment, intimidation, physical harm, or even death. The identification of an individual in association with the performance of their duties at a law enforcement agency creates a safety threat and risks unwarranted attribution and attention to the employee beyond the confines of his or her job and into his or her personal life.

<u>EXEMPTION 5 U.S.C. §552(b)(7)(C)</u>

30.     The records withheld were also deemed to be exempt under FOIA Exemption (b)(7)(C), which protects from public disclosure information compiled for law enforcement purposes if such disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. All the information at issue was compiled for law enforcement purposes – namely, to facilitate the investigation and criminal prosecution of Plaintiff.

31.     EOUSA applied Exemption (b)(7)(C) to withhold the names, positions, and titles of investigators, financial experts, forensic accountants, prosecuting attorneys and Special Agents who provided research and support in building a case against Plaintiff..  The release of the information would result in unwarranted efforts to gain further access to such persons or to personal information about them – or subject them to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences – all to their detriment.

32.     Pursuant to 5 U.S.C. § 552a(b), "[n]o agency [may] disclose any record . . . contained in a

system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless otherwise authorized by law. Plaintiff failed to provide any authorization from those third-parties permitting EOUSA to release their records to Plaintiff. Consequently, EOUSA determined that such information is exempt from disclosure under Exemption (b)(7)(C), and that there was no countervailing public interest in the release of this privacy-protected information because its dissemination would not help explain government activities and operations nor does the public's interest in the disclosure of this information outweigh the third-party individuals' privacy rights in the information withheld under this exemption.

33.    Release of the information in the responsive records would serve no public benefit or shed any light on the operations and activities of the agency, but instead would expose the individuals to potential harassment and an invasion of privacy. As such, the privacy interests of the individuals in the responsive records outweigh any public interest in their release.

34.    For the reasons mentioned above, releasing the identities and other personally identifiable information of the individuals would cause a foreseeable harm. A release would allow these individuals to be targeted for reprisal or could lead to harassment, intimidation, physical harm, or even death. The identification of an individual in association with the performance of their duties at a law enforcement agency creates a safety threat and risks unwarranted attribution and attention to the employee beyond the confines of his or her job and into his or her personal life.

## NON-RESPONSIVE RECORDS

35.    Plaintiff challenges EOUSA's classification of 6 documents as non-responsive. Document No. 62 in *Vaughn* index is a 212 page document which came out as a result of search for records responsive to Query 3 which seeks "All records created between 1995-2015, inclusive, which discuss questions of tax harm, including, but not limited to, the existence or nonexistence thereof

and/or the effect that payments made by JAS Partners to Simon would have on his tax liability."
Document 62 does not contain any mention of tax harm nor payments made specifically by JAS
Partners to Simon.  Majority of the document is made up of financial statements, bills, and
transactional information such as electronic deposit slip.  Portion of the document contains
information about several learning institutions along with costs and bills associated with the
institution.  Due to the nature of the electronic search, records containing name "Simon" show as
a result of a search, however, the actual content of the documents does not produce records
consistent with language in Query 3.

36.     Remaining 5 documents Plaintiff challenges are Document Nos. 65-69.  These are actually
a single document that was broken down into 150pg sections for ease of attachment to electronic
communications.  Documents 65-69 were also the result of Query 3 search.  This document
contains various financial statements, billing records, transaction details, as well as phone
contracts.  While the name Simon is on majority of the pages, monthly records from banking
institutions, telephone providers, painting services, and other businesses does not discuss or even
cover payments made to Simon by any entity nor does it contain information about tax harm.

**<u>SEGREGABILITY</u>**

37.     All information withheld was exempt from disclosure pursuant to a FOIA exemption.
After EOUSA considered, page-by-page, the segregability of the requested records, no reasonably

segregable non-exempt information was withheld from Plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through E attached hereto are true and correct copies.

Executed 8th of April, 2025.

*David Luczynski*
_____
DAVID LUCZYNSKI
Attorney Advisor
Executive Office for United States Attorneys
United States Department of Justice

Attachment 1

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*June 2*δ, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: *Ø/5-/*

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since / *JAN 95* to *15 JuN 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

*2*

2.  Use of Records.

The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)). RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

/7                                                            /8

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *015-1*

June *15*, 2015

1.  Are sufficient to show the initial date the DOJ became
concerned about the activities of James A. Simon and/or Denise
J. Simon.


Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, the FOIA
requires, "The amount of information deleted shall be
indicated on the released portion of the record ..."

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

June 25, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: D15-2

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since 1 Jan 95 to 15 Jan 15, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)).  RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *015 -2*

June *25*, 2015

1.  Are sufficient to show the instances the DOJ indicted a
U.S. citizen for failing to file an FBAR, when the defendant
had no financial interest in the reportable account(s), the
account(s) were not the fruit of criminal activity, and there
was not tax harm to any government related to the
accounts(s).


Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, the FOIA
requires, "The amount of information deleted shall be
indicated on the released portion of the record ..."

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*June 25*, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: *√015 -3*

IMPORTANT: Other FOIA requests submitted by us may bear the same date as this request. Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.   This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act. Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 Jan 1915* to *15 Jun 2015*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

*2*

2.   Use of Records.

The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.   News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)). RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved. It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works. When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

*17*                              *18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *5015-3*

June *25*, 2015

1.  Are sufficient to show the instances a defendant was
indicted for violation of mail fraud statue(s) when the
alleged deprivation of property or money was financial aid
awarded by a private institution.


Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, the FOIA
requires, "The amount of information deleted shall be
indicated on the released portion of the record ..."

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*June 25*, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject: Our FOIA Request Number: *D/S - 4*

     IMPORTANT: Other FOIA requests submitted by us may bear the same date as this request. Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1. This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act. Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 JAN 00* to *15 JUN 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

*2*

2. Use of Records.

    The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3. News Media Status and Request for Fee Waiver.

    RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)). RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved. It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works. When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

    To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

*17*

*18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *D15 - 4*

June *15*, 2015

1.   Are sufficient to show what government agencies (foreign
and domestic), other than the IRS and the DOJ, were
interested, and/or expressed interest, in the results of the
November 2007 raid on the home of James A. Simon and Denise
J. Simon, and/or the results of the IRS investigation.


Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, the FOIA
requires, "The amount of information deleted shall be
indicated on the released portion of the record ..."

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

‾J‾u‾n‾e‾ ‾2‾5‾ , 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: _DNS-5_

        IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "Request FOIA Number" when corresponding, so
there is no confusion about which FOIA/PA request you are
responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since _1 Nov 07_ to _15 Jun 15_, related in any way
to James A. Simon or Denise J. Simon, which:

                (SEE ATTACHED SCHEDULE)

_2_

2.  Use of Records.

    The requested records will be used in the news reporting of
RememberDenise.org and potentially could be used in legal
proceedings connected with the criminal conviction of James A.
Simon and civil proceedings against IRS agents and the United
States Government.

3.  News Media Status and Request for Fee Waiver.

    RememberDenise.org is a "news media" requester and seeks fee
wavier as provided for under the FOIA (§ 304.9 (Fees)).
RememberDenise.Org is focused, reporting, and informing on,
how government works in investigating and prosecuting criminal
tax cases, the horror that can occur when government acts
wrongfully, and how law and government can be improved.  It is
currently investigating and reporting on the IRS's November
2007 search of James and Denise Simon's home and the resulting
death of taxpayer Denise Simon, subsequent wrongful death
litigation against the IRS (and various individuals), and the
following IRS/DOJ criminal prosecution of James Simon; all to
show the public government activities and how government
works.  When its investigation is complete, RememberDenise.org
will report and inform the public on the IRS's compliance,
and/or non-compliance, with its own search warrant policy (how
government works), which has concerned Constitution rights
advocates and Congress for more than a decade.

    To qualify as "news media" the requester must show the
requester is "person or entity that gathers information of
potential interest to a segment of the public, uses its
editorial skills to turn the raw materials into a distinct
work and distributes that work to an audience."

*17*                                                                    *18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *015-5*

June *25*. 2015

1.  Are sufficient to show what government agencies (foreign
and domestic), were informed as to ~~the~~ results of the November
2007 raid on the home of James A. Simon and Denise J. Simon,
and/or ~~the~~ results of the IRS investigation.


Note:

A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, the FOIA
requires, "The amount of information deleted shall be
indicated on the released portion of the record ..."

*2*

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*June 25*, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: *DIS-6*

          IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 Jan 95* to *15 Jun 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

   The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.  News Media Status and Request for Fee Waiver.

   RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)).  RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

   To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

*17*                                                         *18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: 2015-6

June 15, 2015

1.  Are sufficient to show the date the IRS criminal division
began looking into (inclusive of dates prior to formal
investigation) matters related to James A. Simon and/or Denise
J. Simon.


Note:

  A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

  B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, the FOIA
requires, "The amount of information deleted shall be
indicated on the released portion of the record ..."

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*June 25*, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: *D/5-7*

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 Jan 00* to *15 Jun 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)). RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

*17*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *O15-7*

June *15*, 2015

1.  Show IRS awareness that if the payments made by JAS
Partners ("JASP") to James A. Simon (and/or Denise J. Simon)
during the years 2003-2006 (the "Payments"), if treated as
income, as opposed to loan proceeds, by the Simons on their
joint income tax return(s) may, could, should, or would be
offset by a corresponding reduction of JASP net income (or
increase in JASP loss), (which consolidated onto the Simons'
joint return(s)), resulting in no change to the Simons' total
gross income or taxable income.

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, § 601.702
(c)(9)(iv)(B) requires, "The amount of information deleted
shall be indicated on the released portion of the record ..."

   C.  This request is for "all" narrowly described records
above, not only records "sufficient to show".  Consequently,

*18*

your search should include searching all files (in all
locations) in which the responsive records may reasonably be
found.

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*June 25*, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: *2015-8*

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 Jan 03* to *15 Jun 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

.2

2.  Use of Records.

The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)). RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

*17*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *Dis - 8*

June 25, 2015

1.  Show DOJ awareness that if the payments made by JAS
Partners ("JASP") to James A. Simon (and/or Denise J. Simon)
during the years 2003-2006 (the "Payments"), if treated as
income, as opposed to loan proceeds, by the Simons on their
joint income tax return(s) may, could, should, or would be
offset by a corresponding reduction of JASP net income (or
increase in JASP loss), (which consolidated onto the Simons'
joint return(s)), resulting in no change to the Simons' total
gross income or taxable income.

Note:

A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, § 601.702
(c)(9)(iv)(B) requires, "The amount of information deleted
shall be indicated on the released portion of the record ..."

C.  This request is for "all" narrowly described records
above. not only records "sufficient to show".  Consequently,

*18*

your search should include searching all files (in all
locations) in which the responsive records may reasonably be
found.

2

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*June 15,* 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: *D15-9*

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 JAN 00* to *15 JUN 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)). RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

*17*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: ○/5-9

June 15, 2015

1.  Show, reflect, and/or refer to the first instance James A. Simon came to the attention of the DOJ in connection with any matter(s) that ultimately led to, or resulted in, his criminal prosecution.

2,  Show suggestion, concern, and/or accussal that James A. Simon may be, or was, involved in money laundering.

3.  Show the first instances James A. Simon came to the attention of the DOJ in connection with any matters other than in "1" and/or "2" above.

Note:

A.  When reasonable to read an item (or items) above, narrowly or broadly, it (or they) should be read broadly, and in the way that produces the highest number of responsive records.

B.  The FOIA requires exempt information, to be redacted from responsive records so to segregate exempt portions from non-exempt portions, the non-exempt portions of the responsive records disclosed, and no responsive record be withheld solely because it contains exempted information. Further, § 601.702 (c)(9)(iv)(B) requires, "The amount of information deleted shall be indicated on the released portion of the record ..."

C.  This request is for "all" narrowly described records above, not only records "sufficient to show". Consequently, your search should include searching all files (in all locations) in which the responsive records may reasonably be found.

*18*

2

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*Vune 25* 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: *015-10*

        IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "Request FOIA Number" when corresponding, so
there is no confusion about which FOIA/PA request you are
responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since *1 Jan 00* to *15 Jun 15*, related in any way
⌐ James A. Simon or Denise J. Simon, which:

                (SEE ATTACHED SCHEDULE)

2.  Use of Records.

  The requested records will be used in the news reporting of
RememberDenise.org and potentially could be used in legal
proceedings connected with the criminal conviction of James A.
Simon and civil proceedings against IRS agents and the United
States Government.

3.  News Media Status and Request for Fee Waiver.

  RememberDenise.org is a "news media" requester and seeks fee
wavier as provided for under the FOIA (§ 304.9 (Fees)).
RememberDenise.Org is focused, reporting, and informing on,
how government works in investigating and prosecuting criminal
tax cases, the horror that can occur when government acts
wrongfully, and how law and government can be improved.  It is
currently investigating and reporting on the IRS's November
2007 search of James and Denise Simon's home and the resulting
death of taxpayer Denise Simon, subsequent wrongful death
litigation against the IRS (and various individuals), and the
following IRS/DOJ criminal prosecution of James Simon; all to
show the public government activities and how government
works.  When its investigation is complete, RememberDenise.org
will report and inform the public on the IRS's compliance,
and/or non-compliance, with its own search warrant policy (how
government works), which has concerned Constitution rights
advocates and Congress for more than a decade.

  To qualify as "news media" the requester must show the
requester is "person or entity that gathers information of
potential interest to a segment of the public, uses its
editorial skills to turn the raw materials into a distinct
work and distributes that work to an audience."

*17*                                                                    *18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: D15-10

June 25, 2015

1.  Show any and all "referral letters" as to matters,
circumstances or events involving or surrounding James A.
Simon.

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, § 601.702
(c)(9)(iv)(B) requires, "The amount of information deleted
shall be indicated on the released portion of the record ..."

   C.  This request is for "all" narrowly described records
above, not only records "sufficient to show".  Consequently,
your search should include searching all files (in all
locations) in which the responsive records may reasonably be
found.

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

_June 25_, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: _D15-11_

　　　　　IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since _1 Jan 00_ to _15 Jan 15_, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)).  RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

*17*                                                                    *18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *V015-11*

June *25*, 2015

1.  Show letters, correspondence or other communications of
any kind that referred matters, regarding James A. Simon
and/or Denise J. Simon, to other agencies, persons, or
entities.


Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, § 601.702
(c)(9)(iv)(B) requires, "The amount of information deleted
shall be indicated on the released portion of the record ..."

   C.  This request is for "all" narrowly described records
above, not only records "sufficient to show".  Consequently,
your search should include searching all files (in all
locations) in which the responsive records may reasonably be
found.



JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

~~Vine 25~~ , 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: ~~D15-12~~

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since ~~1 Jan 00~~ to ~~15 Jun 15~~, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

.2

2.  Use of Records.

The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)). RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

/7                                                                          /8

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: _DXS-12_

June _25_, 2015


1.  Show letters, correspondence or other communications of
any kind that referred matters, regarding James A. Simon
and/or Denise J. Simon, to the DOJ.


Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, § 601.702
(c)(9)(iv)(B) requires, "The amount of information deleted
shall be indicated on the released portion of the record ..."

   C.  This request is for "all" narrowly described records
above, not only records "sufficient to show".  Consequently,
your search should include searching all files (in all
locations) in which the responsive records may reasonably be
found.

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

_June 25_ , 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: _015-13_

        IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since _1 Jan 00_ to _15 Jun 15_ , related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

_2_

2.  Use of Records.

The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)).  RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

*17*                                                        *18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *D15-13*

June *25*, 2015

1.  Show the U.S. Government had interest in, and/or concerns
about, James A. Simon and/or Denise J. Simon, besides, in
addition to, and/or other than, the assessment and collection
of tax.

Note:

A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, § 601.702
(c)(9)(iv)(B) requires, "The amount of information deleted
shall be indicated on the released portion of the record ..."

C.  This request is for "all" narrowly described records
above, not only records "sufficient to show".  Consequently,
your search should include searching all files (in all
locations) in which the responsive records may reasonably be
found.



JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*June 25* , 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: $\mathcal{D}$ /.5 - /4

IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "Request FOIA Number" when corresponding, so
there is no confusion about which FOIA/PA request you are
responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since *1 Jan 03* to *15 Jun 15* , related in any way
to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

.2

2.  Use of Records.

The requested records will be used in the news reporting of
RememberDenise.org and potentially could be used in legal
proceedings connected with the criminal conviction of James A.
Simon and civil proceedings against IRS agents and the United
States Government.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee
wavier as provided for under the FOIA (§ 304.9 (Fees)).
RememberDenise.Org is focused, reporting, and informing on,
how government works in investigating and prosecuting criminal
tax cases, the horror that can occur when government acts
wrongfully, and how law and government can be improved.  It is
currently investigating and reporting on the IRS's November
2007 search of James and Denise Simon's home and the resulting
death of taxpayer Denise Simon, subsequent wrongful death
litigation against the IRS (and various individuals), and the
following IRS/DOJ criminal prosecution of James Simon; all to
show the public government activities and how government
works.  When its investigation is complete, RememberDenise.org
will report and inform the public on the IRS's compliance,
and/or non-compliance, with its own search warrant policy (how
government works), which has concerned Constitution rights
advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the
requester is "person or entity that gathers information of
potential interest to a segment of the public, uses its
editorial skills to turn the raw materials into a distinct
work and distributes that work to an audience."

*19*                                                      *18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *D15-14*

June *25*, 2015

1.  Show the U.S. Government (including, but not limited to,
the DOJ) and/or persons working for, or associated with, the
U.S. Government, communicated concerns about any IRS agent who
participated in, supervised, and/or managed any aspect of the
investigation of, and/or the prosecution of, James A. Simon.

Note:

A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, § 601.702
(c)(9)(iv)(B) requires, "The amount of information deleted
shall be indicated on the released portion of the record ..."

C.  This request is for "all" narrowly described records
above, not only records "sufficient to show".  Consequently,
your search should include searching all files (in all
locations) in which the responsive records may reasonably be
found.



_2

JAMES A. SIMON

10711-027   2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

_June 25_, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:   Our FOIA Request Number: _√15-15_

            IMPORTANT:  Other FOIA requests submitted by us may

bear the same date as this request.  Consequently, please

refer to our "Request FOIA Number" when corresponding, so

there is no confusion about which FOIA/PA request you are

responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5

U.S.C. sec. 552/552A, Freedom of Information Act and Privacy

Act.  Please provide ALL existing records (including, but not

limited to, written, photographic, electronic, audio and

video), since _1 Jan 00_ to _15 Jun 15_, related in any way

to James A. Simon or Denise J. Simon, which:

            (SEE ATTACHED SCHEDULE)

2.  Use of Records.

   The requested records will be used in the news reporting of

RememberDenise.org and potentially could be used in legal

proceedings connected with the criminal conviction of James A.

Simon and civil proceedings against IRS agents and the United

States Government.

3.  News Media Status and Request for Fee Waiver.

   RememberDenise.org is a "news media" requester and seeks fee

wavier as provided for under the FOIA (§ 304.9 (Fees)).

RememberDenise.Org is focused, reporting, and informing on,

how government works in investigating and prosecuting criminal

tax cases, the horror that can occur when government acts

wrongfully, and how law and government can be improved.  It is

currently investigating and reporting on the IRS's November

2007 search of James and Denise Simon's home and the resulting

death of taxpayer Denise Simon, subsequent wrongful death

litigation against the IRS (and various individuals), and the

following IRS/DOJ criminal prosecution of James Simon; all to

show the public government activities and how government

works.  When its investigation is complete, RememberDenise.org

will report and inform the public on the IRS's compliance,

and/or non-compliance, with its own search warrant policy (how

government works), which has concerned Constitution rights

advocates and Congress for more than a decade.

   To qualify as "news media" the requester must show the

requester is "person or entity that gathers information of

potential interest to a segment of the public, uses its

editorial skills to turn the raw materials into a distinct

work and distributes that work to an audience."

*17*                                                        *18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: _D15-15_

June _25_, 2015

1.  Show the true trigger of each and every government
investigation of James A. Simon and/or Denise J. Simon,
inclusive of those that proceeded, paralleled, or followed the
investigation(s) that resulted in the prosecution of James A.
Simon.

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, § 601.702
(c)(9)(iv)(B) requires, "The amount of information deleted
shall be indicated on the released portion of the record ..."

   C.  This request is for "all" narrowly described records
above, not only records "sufficient to show".  Consequently,
your search should include searching all files (in all
locations) in which the responsive records may reasonably be
found.

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

*June 25*, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: *D15-16*

IMPORTANT:  Other FOIA requests submitted by us may bear the same date as this request.  Consequently, please refer to our "Request FOIA Number" when corresponding, so there is no confusion about which FOIA/PA request you are responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5 U.S.C. sec. 552/552A, Freedom of Information Act and Privacy Act.  Please provide ALL existing records (including, but not limited to, written, photographic, electronic, audio and video), since *1 Jan 03* to *15 Jan 15*, related in any way to James A. Simon or Denise J. Simon, which:

(SEE ATTACHED SCHEDULE)

2.  Use of Records.

The requested records will be used in the news reporting of RememberDenise.org and potentially could be used in legal proceedings connected with the criminal conviction of James A. Simon and civil proceedings against IRS agents and the United States Government.

3.  News Media Status and Request for Fee Waiver.

RememberDenise.org is a "news media" requester and seeks fee wavier as provided for under the FOIA (§ 304.9 (Fees)). RememberDenise.Org is focused, reporting, and informing on, how government works in investigating and prosecuting criminal tax cases, the horror that can occur when government acts wrongfully, and how law and government can be improved.  It is currently investigating and reporting on the IRS's November 2007 search of James and Denise Simon's home and the resulting death of taxpayer Denise Simon, subsequent wrongful death litigation against the IRS (and various individuals), and the following IRS/DOJ criminal prosecution of James Simon; all to show the public government activities and how government works.  When its investigation is complete, RememberDenise.org will report and inform the public on the IRS's compliance, and/or non-compliance, with its own search warrant policy (how government works), which has concerned Constitution rights advocates and Congress for more than a decade.

To qualify as "news media" the requester must show the requester is "person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work and distributes that work to an audience."

*17*                                                                              *18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: *VDIS-16*

June *25*, 2015

1.  Are sufficient to show what interviews, pertaining to
James A. Simon, were conducted by a representative(s) of the
DOJ.

2.  Are sufficient to identify the position(s) of the DOJ
representative(s) in "1." above.

3.  Are sufficient to identify the name(s) of the DOJ
representative(s) in "1." above.

Note:

   A.  When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

   B.  The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information.  Further, the FOIA
requires, "The amount of information deleted shall be
indicated on the released portion of the record ..."

.2

JAMES A. SIMON

10711-027    2/2

Federal Medical Center

P.O. Box 4000

Rochester, MN 55903-4000

June 25, 2015

FOIA/PA Official

Department of Justice

Executive Office for United States Attorneys

600 E Street, N.W., Bicentennial Building, Suite 7300

Washington, DC 20530-6020

Subject:  Our FOIA Request Number: D15-17

          IMPORTANT:  Other FOIA requests submitted by us may
bear the same date as this request.  Consequently, please
refer to our "Request FOIA Number" when corresponding, so
there is no confusion about which FOIA/PA request you are
responding.

Dear FOIA/PA Official:

1.  This is a FOIA and PA request, being filed pursuant to 5
U.S.C. sec. 552/552A, Freedom of Information Act and Privacy
Act.  Please provide ALL existing records (including, but not
limited to, written, photographic, electronic, audio and
video), since 1 JAN 03 to 15 JUN 15 , related in any way
to James A. Simon or Denise J. Simon, which:

2.  Use of Records.

    The requested records will be used in the news reporting of
RememberDenise.org and potentially could be used in legal
proceedings connected with the criminal conviction of James A.
Simon and civil proceedings against IRS agents and the United
States Government.

3.  News Media Status and Request for Fee Waiver.

    RememberDenise.org is a "news media" requester and seeks fee
wavier as provided for under the FOIA (§ 304.9 (Fees)).
RememberDenise.Org is focused, reporting, and informing on,
how government works in investigating and prosecuting criminal
tax cases, the horror that can occur when government acts
wrongfully, and how law and government can be improved.  It is
currently investigating and reporting on the IRS's November
2007 search of James and Denise Simon's home and the resulting
death of taxpayer Denise Simon, subsequent wrongful death
litigation against the IRS (and various individuals), and the
following IRS/DOJ criminal prosecution of James Simon; all to
show the public government activities and how government
works.  When its investigation is complete, RememberDenise.org
will report and inform the public on the IRS's compliance,
and/or non-compliance, with its own search warrant policy (how
government works), which has concerned Constitution rights
advocates and Congress for more than a decade.

    To qualify as "news media" the requester must show the
requester is "person or entity that gathers information of
potential interest to a segment of the public, uses its
editorial skills to turn the raw materials into a distinct

*17*                                          *18*

ATTACHED SCHEDULE

Requested Records

FOIA/PA Request Number: _DAS-17_

June *25*, 2015

1. Are sufficient to show what interviews, conducted by a
person or persons not representing the DOJ, pertaining to
James A. Simon, were attended by a representative(s) of the
DOJ.

2. Are sufficient to identify the position(s) of the DOJ
representative(s) in "1." above.

3. Are sufficient to identify the name(s) of the DOJ
representative(s) in "1." above.

Note:

A. When reasonable to read an item (or items) above,
narrowly or broadly, it (or they) should be read broadly, and
in the way that produces the highest number of responsive
records.

B. The FOIA requires exempt information, to be redacted
from responsive records so to segregate exempt portions from
non-exempt portions, the non-exempt portions of the responsive
records disclosed, and no responsive record be withheld solely
because it contains exempted information. Further, the FOIA
requires, "The amount of information deleted shall be
indicated on the released portion of the record ..."

Attachment 2

# NATIONAL SECURITY COUNSELORS

4702 LEVADA TERRACE
ROCKVILLE, MD 20853
⸺

TELEPHONE: (301) 728-5908
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in NY, DC)
EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in IL, DC)
EMAIL: BRAD@NATIONALSECURITYLAW.ORG

8 May 2019

Melanie D. Hendry
Assistant United States Attorney
Department of Justice
555 Fourth Street, NW
Washington, DC 20530

Re:    Revised search criteria for *Simon v. EOUSA*, No. 16-671 (D.D.C.)

Ms. Hendry:

As discussed in the 20 February 2019 motion hearing, Mr. Simon and I have worked to construct a series of queries which should allow DOJ to conduct searches reasonably calculated to identify and process the information being sought in his 61 FOIA requests which are the subject of this case. The queries are as follows:

1.    All records referencing Simon which predate the initiation of any investigation of which they played a role in the decision to investigate.

2.    All records created between 2001-2015, inclusive, describing the conduct of any investigations into Simon.

3.    All records created between 1995-2015, inclusive, which discuss questions of tax harm, including, but not limited to, the existence or nonexistence thereof and/or the effect that payments made by JAS Partners to Simon would have on his tax liability.

4.    All records discussing actual or potential searches of property associated with Simon.

5.    All records about Simon created between 2000-2015, inclusive, pertaining to communications between DOJ and any person or office outside DOJ, including, but not limited to, records (such as phone logs or notes) which simply indicate that such a communication took place.

6.    All records about Simon created between 2007-2015, inclusive, pertaining to the "money or property" element of mail fraud.

7.      All records created between 2008-2015, inclusive, including the URL RememberDenise.org.

8.      All records created between 2005-2015, inclusive, discussing the effect that criminal prosecution of Simon would or did have on him.

9.      All records about Simon created between 1995-2016, inclusive, which discuss previous instances of comparable prosecutions of other individuals.

10.     All records about Simon created between 2011-2014, inclusive, which were not included in the court record in his criminal case.

11.     All records about Simon which mention the Department of the Treasury Inspector General for Tax Administration ("TIGTA").

The following general principles apply to all of these queries:

- Please provide all records in electronic form.
- DOJ may exclude any records which were included in the court record. However, this provision is intended to *simplify* the searches, and if doing so would make the searches more difficult or delay the processing, please do not exclude any records based on this provision.
- Searching outside the records already located may be necessary for some of these queries.
- Please keep track of which records correspond to which queries. In order for us to intelligently evaluate the adequacy of DOJ's searches, we will need to know which records pertain to Query 1, which ones pertain to Query 2, etc., just as if they were separate FOIA requests.
- If information within a document is responsive, please process the entire document for release.
- Please make interim releases of records as they are processed in reasonable increments.

Lastly, these queries were not written using the precise language common to complex FOIA requests; they were written in plain English as an attempt to assist DOJ in its searches. Therefore, if DOJ does not understand a query or has questions about what information we are actually seeking, please ask us, and we will do our best to explain. Because these are not actually FOIA requests, but instead an attempt to resolve the controversy without unnecessary litigation, DOJ may not interpret the queries as narrowly as it might a FOIA request, limiting the scope to "the four corners of the request."

Similarly, if DOJ finds that a query is yielding an unexpectedly high number of records, please inform us, and we will, if possible, engage in a dialogue to limit the scope of the query, since it serves neither party for DOJ to spend a lot of time processing a large number of records that Simon does not actually want, simply because they were technically responsive to a particular query.

I look forward to working with you to resolve this matter, and please contact me if you have any questions.

Sincerely,

Kel McClanahan

Attachment 3



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff          *Suite 5.400, 3CON Building*          *(202) 252-6020*
                                                  *175 N Street, NE*                    *FAX (202) 252-6048*
                                                  *Washington, DC 20530*

December 9, 2019

Kelly B. McClanahan, Esq.
National Security Counselors
4702 Levada Terrace
Rockville, MD
20853

Request Number:  <u>FOIA-2016-00796</u>
Subject of Request:  <u>Self</u>

Dear Requester:

      Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys.

      Per earlier discussions, EOUSA has processed records relating to query #8 from the May 8, 2019, letter explaining in further detail the search criteria.  Search for records related to query #8 resulted in a total of 775 pages of records.

      To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

      The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [ **X** ] partial denial.

      Enclosed please find:

<u>  497 </u>page(s) are being released in full (RIF);
<u>  0   </u>page(s) are being released in part (RIP);

____47____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(3)
(b)(5)
(b)(6)
(b)(7)C

[ **X** ]    A review of the material revealed:

[ **X** ]    Our office located records that originated with another government component. These records were found in the U.S. Attorney's Office files.  These records will be referred to the following component(s) listed for review and direct response to you:  Tax Division, Internal Revenue Service (IRS).

[ **X** ]    A portion of your request concerned Grand Jury records. Grand jury material is exempt from mandatory release pursuant to 5 U.S.C. § 552(b)(3), which exempts from release "matters specifically exempted from disclosure by statute."  Since Rule 6(e) of the Federal Rules of Criminal Procedure (Pub. L. 95-78, 91 Stat. 319(1977)) provides that grand jury proceedings shall be secret, disclosure of grand jury information is prohibited by law. Therefore, the portion of the request asking for Grand Jury records has been denied.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site:  https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the telephone number listed above for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.                                                    Sincerely,

Kevin Krebs
Assistant Director

Attachment 4



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff

*Suite 5.400, 3CON Building*          (202) 252-6020
*175 N Street, NE*                    FAX (202) 252-6048
*Washington, DC  20530*

January 21, 2023

Kelly B. McClanahan, Esq.
National Security Counselors
kel@nationalsecuritylaw.org
4702 Levada Terrace
Rockville, MD
20853

Request Number:  FOIA-2016-00796
Subject of Request:  James Simon/Self

Dear Requester:

     Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes the interim release of records pursuant to your FOIA request, from the Executive Office for United States Attorneys – the official record-keeper for all records located in this office and the various United States Attorneys. Due to the volume of records that we received from the U.S. Attorney's Offices from the Northern District of Indiana, we will continue to review potentially responsive records we received from the district and notify of you of additional releases on an ongoing basis.

     To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

     The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  As part of review of remaining responsive records EOUSA processed  364  pages of records.  This letter is a partial release.
NOTE:  EOUSA has concluded processing of records responsive to the request.

     Enclosed please find:

    38   page(s) are being released in full (RIF);
    38   page(s) are being released in part (RIP);
   288   page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below.  An enclosure to this letter explains the exemptions in more detail.

(b)5
(b)6
(b)7C

[  ]    A review of the material revealed:

[  ]    ___pages of records were deemed not responsive (NR);

[  ]    Our office located records that originated with another government component.  **These records were found in the U.S. Attorney's Office files.**  These records will be referred to the following component(s) listed for review and direct response to you: Department of the Treasury/Internal Revenue Service (IRS).

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the telephone number listed above for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)